Rachel Matteo-Boehm (SBN 195492)
rachel.matteo-boehm@bryancave.com
Roger Myers (SBN 146164)
roger.myers@bryancave.com
Goli Mahdavi (SBN 245705)
goli.mahdavi@bryancave.com
BRYAN CAVE LLP
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111
Telephone: (415) 675-3400
Facsimile: (415) 675-3434

Attorneys for Plaintiff
COURTHOUSE NEWS SERVICE

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| Courthouse News Service,<br><br>               Plaintiff,<br><br>vs.<br><br>David Yamasaki, in his official capacity as Court Executive Officer/Clerk of the Orange County Superior Court,<br><br>               Defendant. | Case No. __8:17-cv-126_____<br><br>**NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS**<br><br>[Central District Local Rule 83-1.4] |

z

295929.2
NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS    CASE NO. 8:17-CV-126

TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Central District Local Rule 83-1.4, this action for declaratory and injunctive relief brought against the Clerk and Court Executive Officer of the Orange County Superior Court ("OSC") in his official capacity involves all or a material part of the subject matter of another action filed pursuant to 42 U.S.C. § 1983 in this District by Plaintiff Courthouse News Service ("CNS") against Michael Planet, the Clerk and Court Executive Officer of the Ventura County Superior Court ("VSC"), which resulted in a judgment and permanent injunction entered by the Honorable S. James Otero in favor of CNS and against Planet following cross summary judgment motions and is currently the subject of cross appeals pending before the Ninth Circuit.

### A. Description of Other Actions

In September 2011, CNS sued Planet, in his official capacity at VSC, for declaratory and injunctive relief under the First Amendment and 42 U.S.C. § 1983. CNS's complaint alleged that Planet's policy of denying access to new civil complaints until after they were "processed," and the resulting delays before CNS could see the complaints, violated CNS's right of access guaranteed by the First Amendment. *Courthouse News Service v. Planet*, Central District of California Case No. CV11-08083 SJO (FFMx). The case was initially assigned to the Honorable Manuel Real, who twice granted motions to dismiss filed by Defendant, both of which were reversed by the United States Court of Appeals for the Ninth Circuit. *Courthouse News Service v. Planet*, 750 F.3d 776, 787-88 (9th Cir. 2014) ("*Planet I*"), *Courthouse News Service v. Planet*, 614 Fed App'x 912 (9th Cir. 2015) ("*Planet II*"). In *Planet II*, the Ninth Circuit also granted CNS's request to have the case assigned to a different district judge, and on remand the case was assigned to Judge Otero.

In a 30-page order issued on May 26, 2016, Judge Otero granted in part CNS's motion for summary judgment and denied Planet's cross-motion in full.

Applying the Ninth Circuit's two prior decisions, Judge Otero held that there is a First Amendment right of timely access to newly filed civil complaints. Judge Otero also found that the right of timely access attaches upon receipt – before processing – and that the practice by Planet of withholding access to new complaints until after processing violated that right. ECF 195 at 18-27. And Judge Otero ruled that Planet had violated that right by receiving complaints for filing after public access was terminated for the day, which created "a distinct possibility that complaints filed late in the day may not be viewable by the public until the next day." *Id*. at 28-30. On June 14, 2016, Judge Otero entered judgment for declaratory relief and a permanent injunction in favor of CNS and against the Clerk/CEO of VSC, ECF 199, which enjoined Planet "from refusing to make newly filed unlimited civil complaints and their associated exhibits available to the public and the press until after such complaints and associated exhibits are 'processed,' regardless of whether such complaints are filed in paper form or e-filed." On July 8, Planet noticed Ninth Circuit Appeal No. 16-55977 (the "Merits Appeal"), arising from the judgment entered in favor of CNS.

On October 17, 2016, Judge Otero granted in part CNS's motion to set the amount of attorneys' fees and costs to be awarded to it pursuant to 42 U.S.C. § 1988. ECF 212 (the "Fee Order"). After CNS's motion for reconsideration was granted in part, ECF 213, and a clerical mistake was corrected, ECF 223, CNS noticed Ninth Circuit Appeal No. 16-56714 (the "Fee Appeal") on November 15, 2016. Planet noticed a cross-appeal, Ninth Circuit Appeal No. 16-56862 (the "Cross Appeal") on December 16 "solely for the purpose of preserving [his] ability to seek a stay of the enforcement of the Fee Order under Federal Rule of Civil Procedure 62 pending the outcome of [the Merits Appeal]." ECF 225.

On January 18, 2017, the Ninth Circuit granted CNS's unopposed motion to consolidate the Merits Appeal with the Fee Appeal and Cross-Appeal.

**B. Parties and Attorneys In *Planet* Action**

The names of the parties and participants in the other actions, and the names, addresses and telephone numbers of their attorneys, are as follows:

**District Court Action**

1. Courthouse News Service is represented by the following attorneys:

> Rachel Matteo-Boehm
> Roger Myers
> Jonathan Fetterly
> Leila Knox
> Bryan Cave LLP
> 3 Embarcadero Center, 7th Floor
> San Francisco, CA 94111
> Telephone: (415) 675-3400

2. Michael D. Planet, in his official capacity as Court Executive Officer of the Ventura County Superior Court, is represented by the following attorneys:

Robert A. Naeve
Erica L. Reilley
Nathaniel P. Garrett
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939

Frederick B. Hayes
Hayes Law Office
2447 Pacific Coast Highway, 2nd Floor
Hermosa Beach, CA 90254
Telephone: (310) 698-8729

3. *Amici Curiae* the Reporters Committee for Freedom of the Press is represented by the following attorney:

> Katie Lynn Townsend
> Reporters Committee For Freedom Of The Press
> 1101 Wilson Boulevard, Suite 1100
> Arlington, VA, 22209
> Telephone: (703) 807-2101

**Merits and Fee Appeals**

1. Courthouse News Service is represented by the following attorneys:

    Rachel Matteo-Boehm
    Roger Myers
    Jonathan Fetterly
    Leila Knox
    Bryan Cave LLP
    3 Embarcadero Center, 7th Floor
    San Francisco, CA 94111
    Telephone: (415) 675-3400

2. Michael D. Planet, in his official capacity as Court Executive Officer of the Ventura County Superior Court, is represented by the following attorneys:

    | | |
    |---|---|
    | Robert A. Naeve | Frederick B. Hayes |
    | Erica L. Reilley | Hayes Law Office |
    | Nathaniel P. Garrett | 2447 Pacific Coast Highway 2nd Floor |
    | Charlotte Wasserstein | Hermosa Beach, CA 90254 |
    | 3161 Michelson Drive, Suite 800 | Telephone: (310) 698-8729 |
    | Irvine, CA 92612 | |
    | Telephone: (949) 851-3939 | |

**C.     The Instant Action Involves Similar Subject Matter As The Planet Case**

As in *Planet*, this action arises from a state court clerk's practice and policy of denying access to newly filed civil unlimited complaints until after they have been administratively processed. Despite Judge Otero's May 26, 2016 order and June 16, 2016 judgment in *Planet*, a few state court clerks, including a handful in California, continue to take the position that new civil complaints should not be made public until after processing, and to withhold complaints from public or press review until after administrative processing, the result of which is delays in access that deny the right of timely access. OSC, a court in which the majority of complaints are now e-filed, adheres to this practice and policy even after being notified of the Order and Judgment in *Planet* and even though new paper filed complaints were historically made available for press review prior to administrative processing. Moreover, OSC

continues to receive complaints for e-filing after public access is terminated for the day.  The result is ongoing denials of timely access: between October 1 and December 31, 2016, nearly half of newly filed civil unlimited cases were withheld from the press and public for at least one and up to nine days after the court received them for filing.

CNS thus brings the instant action against David Yamasaki, in his official capacity as OSC Clerk and Court Executive Officer, seeking the same relief granted in *Planet* – timely access to new civil unlimited jurisdiction complaints upon receipt for filing, prior to processing.  In light of the similar positions taken by *Planet* and the clerk of OSC, and because both actions involve California court clerks and may involve some of the same California state law, including its statutes and Rules of Court, CNS believes this action and the *Planet* action involve all or a material part of the same subject matter.

The instant action is also similar to another 42 U.S.C. § 1983 action pending in the Southern District of New York, which CNS brought against the Clerk of the New York Supreme Court for New York County challenging his practice and policy of withholding access to e-filed complaints until after administrative processing, resulting in one out of every three complaints, on average, being withheld from viewing on the day they were received for filing.  Prior to the adoption of e-filing by New York Supreme, CNS and other media were able to review new civil actions shortly after their receipt and before full processing.  In a ruling from the bench after a hearing on December 16, 2016, the Honorable Edgardo Ramos issued a preliminary injunction in CNS's favor and against the Clerk, finding that access may not be withheld while complaints are being administratively processed.  *Courthouse News Service v. Tingling*, 16 CV 8742 (ER), Hearing RT and Order Granting Prelim. Injunction (ECF 22, at 1) (copies attached hereto as Exh. A).  At a status conference held on January 12, 2017, the Clerk's counsel advised Judge Ramos that the clerk intended to modify its e-filing system "to permit the immediate public

1  online viewing of case initiating electronic filings in New York County including
2  new complaints without prior county Clerk staff review." *Tingling*, Status Conf.
3  RT, at 3 (copy attached hereto as Exh. B).  The New York Clerk's counsel further
4  indicated he hoped to be able to resolve the action with CNS without the need for
5  further litigation, and asked Judge Ramos to stay discovery in the case, which Judge
6  Ramos granted for a period of 90 days, observing that "as long as the injunction
7  stays in place I don't know how [CNS] is prejudiced in any way." *Id.* at 9.

8  Because of the similarities between the *Tingling* action and this action, CNS
9  brings it to this Court's attention; however, the defense in *Tingling* relied in part on
10 New York statutes and rules, and as such it is not clear whether the *Tingling* action
11 involves all or a material part of the subject matter as the instant proceeding for the
12 purposes of Central District of California Local Rule 83-1.4.  In the *Tingling* action,
13 Plaintiff Courthouse News Service is represented by Rachel Matteo-Boehm,
14 William J. Hibsher, and Jacquelyn Schell of Bryan Cave, LLP, and Defendant
15 Tingling is represented by Lee A. Adlerstein, deputy counsel for New York's Office
16 of Court Administration.

18 Dated:  January 24, 2017            BRYAN CAVE LLP
19                                     Rachel Matteo-Boehm
20                                     Roger Myers
                                       Goli Mahdavi

22                                     By:   /s/ Rachel Matteo-Boehm
23                                           Rachel Matteo-Boehm
                                             Attorneys for Plaintiff
24                                           COURTHOUSE NEWS SERVICE