Rachel Matteo-Boehm (SBN 195492)
rachel.matteo-boehm@bryancave.com
Roger Myers (SBN 146164)
roger.myers@bryancave.com
Goli Mahdavi (SBN 245705)
goli.mahdavi@bryancave.com
BRYAN CAVE LLP
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111
Telephone:  (415) 675-3400
Facsimile: (415) 675-3434

Attorneys for Plaintiff
COURTHOUSE NEWS SERVICE

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| Courthouse News Service,<br><br>            Plaintiff,<br><br>   v.<br><br>David Yamasaki, in his official capacity as Court Executive Officer/Clerk of the Orange County Superior Court.<br><br>            Defendant. | CASE NO. 8:17-CV-00126-AG (KESx)<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION OF PLAINTIFF COURTHOUSE NEWS SERVICE**<br><br>Date:         February 27, 2017<br>Time:        10:00 a.m.<br>Courtroom: 10D, Santa Ana Division<br>Judge:       Hon. Andrew J. Guilford |

1    The Motion of Plaintiff Courthouse News Service ("CNS") for a preliminary injunction against Defendant David Yamasaki, in his official capacity as Court Executive Officer/Clerk of the Orange County Superior Court, came on for hearing on February 27, 2017.  After full consideration of the arguments of counsel and the papers and evidence presented, the Court hereby ORDERS as follows:

(1)    CNS's motion for a preliminary injunction is GRANTED.

(2)    To be entitled to a preliminary injunction, a plaintiff must demonstrate (a) a likelihood of success on the merits; (b) that plaintiff is likely to suffer irreparable injury in the absence of injunctive relief; (c) the balance of equities tips in plaintiff's favor; and (d) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).  For the reasons noted below, CNS has clearly met this standard, and thus the Court need not address the alternative standard for obtaining a preliminary injunction.

(a)    To prevail on its single claim for relief, under 42 U.S.C. § 1983, CNS must prove that conduct by a person acting under color of state law proximately caused a violation of CNS's First Amendment right of access.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The Court finds that Defendant was acting in his official capacity under color of state law when he implemented and/or enforced a policy, custom or longstanding practice of denying timely access to new complaints promptly upon their receipt by OSC for filing by refusing to make newly filed civil unlimited complaints available to the public and press until after such complaints are "processed," including but not limited to refusing to provide timely access to new unlimited civil complaints processed or received for filing after 4 p.m., which pursuant to OSC local rules are given a filing date as of the date of receipt as long as they are filed before midnight on court days.

(b)    As the Ninth Circuit has held, "the First Amendment right of access … extends to civil proceedings and associated records and documents," *Courthouse News Serv. v. Planet* 750 F.3d 776, 787-88 (9th Cir. 2014) ("*Planet I*"),

which includes a right of "timely access to newly filed complaints." *Id*. at 788; *see Courthouse News Serv. v. Planet*, 2016 WL 4157210, *12 (C.D. Cal. 2016) ("*Planet III*"); *Doe v. JFB RAK LLC*, 2014 U.S. Dist. LEXIS 98688, *16 (D. Nev. July 18, 2014) (noting "Ninth Circuit's recognition of a qualified First Amendment right of access to newly filed complaints"); *see also, e.g.*, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 136 (2d Cir. 2016) ("complaint is a judicial document subject to a presumption of public access under the First Amendment and the common law").

    (c)    As *Planet III* held in granting in part CNS's motion for preliminary injunction and denying the clerk's motion, the qualified First Amendment right of access to civil complaints "arises when a complaint is received by a court, rather than after it is 'processed.'" *Planet III*, 2016 WL 4157210 at *13. Moreover, "[t]his qualified right of timely access attaches on receipt regardless of whether courts use paper filing or e-filing systems." *Courthouse News Serv. v. Planet*, 2016 WL 4157354, *1 (C.D. Cal. June 14, 2016) (Judgment for Declaratory Relief and Permanent Injunction); *accord Courthouse News Serv. v. Jackson*, 2009 WL 2163609, *4 (S.D. Tex. July 20, 2009) (entering preliminary injunction after rejecting a Houston court clerk's contention that delaying access to new paper and e-filed petitions until after clerical processing was not the "'functional equivalent' of an access denial" and was "thus unconstitutional"); *Courthouse News Serv. v. Tingling*, 16 Civ. 8742 (ER), Trans. of Order Granting Prelim. Inj. ("*Tingling* Order") at 46 (S.D.N.Y. Dec. 16, 2016) (entering preliminary injunction after finding that New York County Clerk "may not prevent the press from accessing" newly filed complaints at New York Supreme Court "because of its review and logging procedures.").

    (d)    This conclusion is confirmed by analysis of the twin pillars of a First Amendment right of access – "'experience and logic.'" *Planet III*, 2016 WL 4157210 at *8 (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 9 (1986) ("*Press-Enterprise II*")). The evidence submitted by CNS, including the declarations

from CNS reporters and editors around the country in the *Planet* case, attest to a history of timely access once complaints are received for filing.[1] Those declarations are also supported by the Declaration of William Girdner in this case and by numerous cases recognizing complaints are public documents once they are received for filing. As in *Planet III*, this Court also finds that "[l]ogic likewise demands that the qualified right of timely access must arise the moment a complaint is received by the court, rather than after 'processing' is completed," since Defendant cannot "meaningfully dispute that timing is a critical element of a story's newsworthiness." 2016 WL 4157210 at *13. Indeed, "it would be nonsensical for a qualified right of access to arise only after a complaint has been 'processed,' for such a rule would run contrary to the text of and purpose underlying" the rules of court, including Rule of Court 1.20(a), which requires that complaints be "'deemed filed on the date [they are] received by the court clerk,'" *id.*, as well as local rules relevant to this case, such as OSC Local Rule 352, which provides that "[e]lectronically filed document filed prior to midnight on a court day will be deemed filed as of that day."

      (e)    As was the case with the clerks in the *Jackson*, *Planet*, and *Tingling* cases, CNS has presented evidence showing that Defendant is denying access to newly filed complaints until after processing, in violation of the First Amendment right of timely access to new complaints upon their receipt by OSC. CNS presented evidence based on OSC's own records demonstrating that access to nearly half of the new complaints received by OSC during the last three months of 2016 was delayed for between one and nine court days. These delays primarily result from Defendant's

---

[1] The Court grants CNS's request that it take judicial notice of the declarations filed in the *Planet* case, including but not limited to those cited in the *Planet III* ruling, and treats those declarations as if they had been filed in this case. *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978); *see also Ellingson v. Burlington N., Inc.*, 653 F.2d 1327, 1330 (9th Cir. 1981), superseded by rule on other grounds as stated in, *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 n.3 (9th Cir. 2007).

practice of denying access until after processing.  In addition, as in *Planet* and *Tingling*, Defendant continues to accept new complaints for filing even after access to view those complaints at the courthouse is terminated for the day.  Although Defendant provides online access to some of those complaints through its web site, the court finds such access inadequate because (1) it only provides access to those complaints Defendant and his staff process before the clerk's office closes for the day and (2) the fees charged by Defendant to view court records on its web site are prohibitive, at least for any member of the press or public seeking to review more than a small handful of new filings.

(f) While CNS has "'the general burden of establishing the elements necessary to obtain injunctive relief,'" it is "'the [government that] has the burden of justifying the restriction'" imposed on the First Amendment right of access.  *Klein v. City of Laguna Beach*, 381 Fed. App'x 723, 725 (9th Cir. 2010) (quoting *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009)).  To do so, OSC must "overcome" the right of timely access by showing that denying access until after processing is necessary to protect "an 'overriding [governmental] interest based on findings that closure is essential to preserve higher values.'"  *Planet I*, 750 F.3d at 793 n.9.  Alternatively, Defendant can attempt to argue that its "delay in making the complaints available [are] … analogous to a permissible 'reasonable restriction[] on the time, place, or manner of protected speech.'"  *Id.*  Defendant has not met his burden as to either.

(g) Defendant has not demonstrated an overriding interest for which it is "essential" to deny access until after processing, or to deny access to late-filed cases.  Moreover, as in *Jackson*, *Planet* and *Yamasaki*, OSC has a "variety of simple measures" available for providing timely access prior to processing.  *Planet I*, 750 F.3d at 791.  For example, Defendant's predecessor conceded there is no technological reason why OSC could not allow access to the electronic in-box of newly filed complaints, in the same manner that other courts do and the New York

County Clerk is doing to comply with the preliminary injunction issued in *Tingling*, Status Conf. RT 3 (Jan. 12, 2017) ("What [defendant] expects to do … [is] to have the … E-filing system modified to permit the immediate public online viewing of case initiating electronic filings in New York County including new complaints without prior … staff review.") . Alternatively, complaints can easily be made available on the computer terminals – on which they can currently be viewed at the courthouse – upon receipt and before they are administratively processed, and terminals could be put in a press room or other spaces where reporters can work after the court closes for the day.

        (h)    Defendant's policies and practices also cannot be upheld as a reasonable time, place and manner restriction.  To be valid, Defendant "must demonstrate" that the restriction is "'narrowly tailored to serve a significant governmental interest, and … leave[s] open ample alternative channels for communication of the information.'"  *Planet III*, 2016 WL 4157210 at *8 (quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)).   Defendant cannot carry his burden of demonstrating that denying access until after processing is "narrowly tailored" for the reasons noted above.  In addition, he cannot demonstrate his policies leave open ample alternative channels for communication of information about newly filed complaints.  The Ninth Circuit has held that "[t]o comport with the First Amendment, a permitting ordinance must provide some alternative for expression concerning fast-breaking events." *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1047 (9th Cir. 2006).  "Under [O]SC's processing policy, however, a CNS reporter interested in seeing a newly filed complaint that they consider 'newsworthy' would be subject to the whims and turnaround times of [Defendant] and his inferiors, who could reject such access on the departmental policy that a complaint is not a 'public record' until it is 'processed.'" *Planet III*, 2016 WL 4157210 at *19.

(i) For the reasons set out above, CNS has shown a likelihood of success on the merits.

(j) In addition, "CNS would be irreparably harmed without the injunctive relief" because "'the loss of First Amendment freedoms even for minimal periods of time unquestionably constitute irreparable injury.'" *Tingling* Order at 52-53 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 127 (2d Cir. 2006)) (further quotations omitted); *accord, e.g., Jacobsen v. U.S. Postal Service*, 812 F.2d 1151, 1154 (9th Cir. 1987); *Jackson*, 2009 WL 2163609 at *4.

(k) The balance of equities also supports an injunction. "'The vital public interest in preserving the media's ability to monitor the government's activities" outweighs any limited harm to Defendant, who as noted, "has available a variety of simple measures to comply with an injunction granting CNS … the relief requested." *Planet III*, 2016 WL 4157210 at *13; *accord, e.g., Tingling* Order at 53; *Jackson*, 2009 WL 2163609 at *5; *see also Planet I*, 750 F.3d at 788-89 & 791.

(l) In addition, "injunctive relief would serve the public interest. There is, of course, an important First Amendment interest in providing timely access to new case-initiating documents." *Tingling* Order at 53; *accord Planet III*, 2016 WL 4157210 at *13; *Jackson*, 2009 WL 2163609 at *5.

(3) Accordingly, Defendant David Yamasaki, in his official capacity as Court Executive Officer and Clerk of the Superior Court of California, County of Orange, and his agents, employees and all persons acting at his direction, shall be enjoined preliminarily, during the pendency of this action, from refusing to make newly filed civil unlimited complaints available to the public and press until after such complaints are "processed," and from refusing to provide timely access to new unlimited civil complaints processed or received for filing after 4 p.m., which pursuant to OSC local rules are given a filing date as of the date of receipt as long as they are filed before midnight on court days. Defendant is further directed to make such complaints accessible to the public and press in a timely manner from the

1 moment they are received by the court. The foregoing relief is not sought in those
2 instances where the filing party has properly moved to place the complaint under seal.
3 In light of the nature of this case and the relief granted, bond under Federal Rule of
4 Civil Procedure 65(c) is waived. *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir.
5 2003).
6 IT IS SO ORDERED.

8 Dated: _____
9                                    Hon. Andrew J. Guilford
                                   Judge of the U.S. District Court