Mary-Christine Sungaila (#156795)
mc.sungaila@haynesboone.com
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Telephone: (949) 202-3062
Facsimile: (949) 202-3162

Attorney for *Amici Curiae*
Orange County Bar Association, Family Violence Appellate Project, Legal Aid of Orange County, Public Law Center, and Veterans Legal Institute

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| COURTHOUSE NEWS SERVICE,<br><br>Plaintiff,<br><br>v.<br><br>DAVID YAMASAKI, IN HIS OFFICIAL CAPACITY AS COURT EXECUTIVE OFFICER/CLERK OF THE ORANGE COUNTY SUPERIOR COURT,<br><br>Defendant. | Case No. 8-17-CV-126 AG (KESx)<br><br>**APPLICATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF AND BRIEF OF *AMICI CURIAE* ORANGE COUNTY BAR ASSOCIATION, FAMILY VIOLENCE APPELLATE PROJECT, LEGAL AID OF ORANGE COUNTY, PUBLIC LAW CENTER, AND VETERANS LEGAL INSTITUTE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:       March 20, 2017<br>Time:      10:00 a.m.<br>Courtroom: Court 10D, Santa Ana Division |

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................2

TABLE OF AUTHORITIES .........................................................................................3

APPLICATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF .........................5

BRIEF OF *AMICI CURIAE* ....................................................................................11

    INTRODUCTION ........................................................................................12

    ARGUMENT.................................................................................................12

    I.   Releasing complaints to the public before they are reviewed for confidentiality would place litigants' federal and state constitutional right to privacy at risk. ................................................................................12

    II.  Any qualified right of CNS to timely access complaints should be weighed against litigants' constitutional and statutory right to privacy. ............................................................................................................14

    III. Litigants' constitutional and statutory right to privacy outweighs any qualified right of CNS to timely access complaints before they are reviewed to protect private, confidential information. .............................17

    CONCLUSION.............................................................................................19

PROOF OF SERVICE..................................................................................................20

2

Case No. 8:17-CV-126-AG
APPLICATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF AND BRIEF OF *AMICI CURIAE* ORANGE COUNTY BAR ASSOCIATION, FAMILY VIOLENCE APPELLATE PROJECT, LEGAL AID OF ORANGE COUNTY, PUBLIC LAW CENTER, AND VETERANS LEGAL INSTITUTE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Trucking Ass'ns, Inc. v. City of Los Angeles*,
   No. CV 08-04920 CAS, 2008 WL 4381644 (C.D. Cal. Sept. 4, 2008) ................. 6

*Center for Biological Diversity v. U.S. Bureau of Land Mgmt.*,
   No. 09-CV-8011, 2010 WL 1452863 (C.D. Ariz. Apr. 12, 2010) ........................ 6

*Courthouse News Serv. v. Planet* (Planet III),
   No. 11-08083, 2016 WL 4157210 (C.D. Cal. May 26, 2016) ............................ 14

*Davies v. Broadcom Corp.*,
   130 F. Supp. 3d 1343 (C.D. Cal. 2015) ................................................................ 6

*Hill v. Nat'l Collegiate Athletic Ass'n*,
   865 P.2d 633 (Cal. 1994) ............................................................................... 11, 12

*Hoptowit v. Ray*,
   682 F.2d 1237 (9th Cir.1982) ............................................................................... 6

*IMDb.com, Inc. v. Becerra*,
   No. 3:16-cv-6535-VC (N.D. Cal.) ........................................................................ 7

*In re Crawford*,
   194 F.3d 954 (9th Cir. 1999) .......................................................................... 11, 14

*International Ass'n of Machinists & Aerospace Workers v. Org. of Petroleum
   Exporting Countries*,
   477 F. Supp. 553 (C.D. Cal. 1979)
   *aff'd*, 649 F.2d 1354 (9th Cir. 1981) .................................................................... 6

*NBC Subsidiary v. Superior Court*,
   980 P.2d 337 (Cal. 1999) .................................................................................... 15

*NGV Gaming, Ltd. v. Upstream Point Molate, LLC*,
   355 F. Supp. 2d 1061 (N.D. Cal. 2005) ................................................................ 7

*Oiye v. Fox*,
   151 Cal. Rptr. 3d 65 (Cal. Ct. App. 2012) .......................................................... 15

*Overstock.com v. Goldman Sachs Grp.*,
   180 Cal. Rptr. 3d 234 (Cal. Ct. App. 2014) ........................................................ 15

*Sander v. State Bar of Cal.*,
   314 P.3d 488 (Cal. 2013) .................................................................................... 15

3

Case No. 8:17-CV-126-AG
APPLICATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF AND BRIEF OF *AMICI CURIAE* ORANGE COUNTY BAR ASSOCIATION, FAMILY VIOLENCE APPELLATE PROJECT, LEGAL AID OF ORANGE COUNTY, PUBLIC LAW CENTER, AND VETERANS LEGAL INSTITUTE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

*Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*,
    272 F. Supp. 2d 919 (N.D. Cal. 2003) ................................................................... 7

*Times Mirror Co. v. United States*,
    873 F.2d 1210 (9th Cir. 1989) .............................................................................. 14

*United States v. Kaczynski*,
    154 F.3d 930 (9th Cir. 1998) ................................................................................ 14

*USA v. In the Matter of the Search of an Apple iPhone Seized During the Execution of a Search Warrant on a Black Lexus IS300, Cal. License Plate #35KGD203*,
    No. 5:16-cm-0010-SP (C.D. Cal.) ........................................................................... 7

**Statutes and Rules**

CAL. CIVIL PROC. CODE § 1161.2(a) ........................................................................ 12

CAL. CIVIL PROC. CODE § 1277(b) ........................................................................... 12

CAL. CIVIL PROC. CODE §§ 85-89 ............................................................................ 12

CAL. CONST. art. 1, § 1 .............................................................................................. 11

CAL. RULES OF COURT, RULE 2.550(d)(1) ................................................................. 15

CAL. RULES OF COURT, RULE 2.5550(a)(2) ............................................................... 15

CAL. RULES OF COURT, RULE 2.575 .......................................................................... 12

CAL. RULES OF COURT, RULE 5.552 .......................................................................... 12

**Secondary Sources**

Cases for Over $25,000, CALIFORNIA COURTS,
    http://www.courts.ca.gov/1065.htm .................................................................... 12

Chart of Initial Filing Fees in Civil Cases, SUPERIOR COURT OF CALIFORNIA,
    COUNTY OF ORANGE, http://www.occourts.org/general-public/fee-schedule/12, 13

Preparing the Unlawful Detainer Complaint, SUPERIOR COURT OF CALIFORNIA,
    COUNTY OF ORANGE, http://www.occourts.org/self-
    help/landlordtenant/preparingyourcomplaint.html ............................................ 12

*Task Force on Self-Represented Litigants*, REPORT TO THE JUDICIAL COUNCIL
    OF CALIFORNIA, Attachment A (Oct. 2014),
    http://www.courts.ca.gov/partners/documents/EA-
    SRLTaskForce_FinalReport.pdf ................................................................... 16, 17

4

Case No. 8:17-CV-126-AG
APPLICATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF AND BRIEF OF *AMICI CURIAE* ORANGE COUNTY BAR ASSOCIATION, FAMILY VIOLENCE APPELLATE PROJECT, LEGAL AID OF ORANGE COUNTY, PUBLIC LAW CENTER, AND VETERANS LEGAL INSTITUTE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Mary-Christine Sungaila (#156795)
mc.sungaila@haynesboone.com
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Telephone: (949) 202-3062
Facsimile: (949) 202-3162

Attorney for *Amici Curiae*
Orange County Bar Association, Family Violence Appellate Project, Legal Aid of Orange County, Public Law Center, and Veterans Legal Institute

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| COURTHOUSE NEWS SERVICE, | Case No. 8-17-CV-126 AG (KESx) |
| Plaintiff, | **APPLICATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF** |
| v. | |
| DAVID YAMASAKI, IN HIS OFFICIAL CAPACITY AS COURT EXECUTIVE OFFICER/CLERK OF THE ORANGE COUNTY SUPERIOR COURT, | Date: March 20, 2017<br>Time: 10:00 a.m.<br>Courtroom: Court 10D, Santa Ana Division |
| Defendant. | |

5

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT proposed *amici curiae*, the Orange County Bar Association, Family Violence Appellate Project, Legal Aid of Orange County, Public Law Center, and Veterans Legal Institute, request permission to file the attached *amici curiae* brief in support of Defendant David Yamasaki, in his official capacity as Court Executive Officer/Clerk of the Orange County Superior Court.

District courts have broad discretion to permit third parties to participate in an action as *amicus curiae*. *See Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. 09-CV-8011, 2010 WL 1452863, at *2 (C.D. Ariz. Apr. 12, 2010) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir.1982)). This Court and other courts in the Central District have routinely granted applications for leave to file an amicus brief. *Davies v. Broadcom Corp.*, 130 F. Supp. 3d 1343, 1347 (C.D. Cal. 2015) (granting Securities and Exchange Commission leave to file an *amicus* brief); *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, No. CV 08-04920 CAS, 2008 WL 4381644, at *2 (C.D. Cal. Sept. 4, 2008) (finding that "amicus brief may be of assistance to the Court in determination of the substantive issues" and granting leave to participate as amicus curiae); *Int'l Ass'n of Machinists & Aerospace Workers v. Org. of Petroleum Exporting Countries*, 477 F. Supp. 553, 575 (C.D. Cal. 1979) ("With the persistent initiative of plaintiff, aided by the outstanding Amicus curiae briefs . . . , the Court has been able to arrive at a just and legally unassailable position here."), *aff'd*, 649 F.2d 1354 (9th Cir. 1981).

The role of *amicus curiae* is to "provide assistance in a case of general interest, supplement the efforts of counsel in the case, and draw the court's attention to legal arguments that have escaped consideration." *Ctr. for Biological Diversity*, 2010 WL 1452863, at *2. *Amicus curiae* briefs are particularly appropriate when the legal issues in a case "have potential ramifications beyond the parties directly involved." *Sonoma Falls Developers, LLC v. Nevada Gold &*

6

Case No. 8:17-CV-126-AG
APPLICATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF AND BRIEF OF *AMICI CURIAE* ORANGE COUNTY BAR ASSOCIATION, FAMILY VIOLENCE APPELLATE PROJECT, LEGAL AID OF ORANGE COUNTY, PUBLIC LAW CENTER, AND VETERANS LEGAL INSTITUTE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

*Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005). District courts have accepted *amicus curiae* briefs for filing in cases like this, which implicate the First Amendment and privacy considerations. *See, e.g.*, *USA v. In the Matter of the Search of an Apple iPhone Seized During the Execution of a Search Warrant on a Black Lexus IS300, Cal. License Plate #35KGD203*, No. 5:16-cm-0010-SP (C.D. Cal.); *IMDb.com, Inc. v. Becerra*, No. 3:16-cv-6535-VC (N.D. Cal.).

The *amici curiae* brief here will assist the Court in assessing the privacy interests of litigants when determining whether complaints must be released before Orange County Superior Court ("OCSC") completes its confidentiality review of them. Specifically, this brief addresses (1) litigants' constitutional right to privacy under both the United States and California Constitutions, (2) cases in which courts have weighed an individual's right to privacy against the public's right to access judicial information when determining whether to allow disclosure of the information, and (3) how Orange County litigants' constitutional and statutory right of privacy should be weighed in determining whether to issue a preliminary injunction in this case. The arguments *amici curiae* present are complementary to, but not duplicative of, the briefing submitted by the parties.

*Interest of amici curiae.* The Orange County Bar Association ("the Bar") is one of the largest voluntary bar associations in California, with over 8,500 members. It provides a wide variety of programs, services, and opportunities for its attorney members, the judiciary, and the community. The Bar's mission includes enhancing the system of justice and assisting the community served by the Bar. The Bar is a leader in the legal community in Orange County, dedicated to engaging with the community and promoting access to justice for all Orange County residents. Accordingly, the Bar is interested in the impact the preliminary

7

Case No. 8:17-CV-126-AG
APPLICATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF AND BRIEF OF *AMICI CURIAE* ORANGE COUNTY BAR ASSOCIATION, FAMILY VIOLENCE APPELLATE PROJECT, LEGAL AID OF ORANGE COUNTY, PUBLIC LAW CENTER, AND VETERANS LEGAL INSTITUTE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

injunction requested by Plaintiff Courthouse News Service ("CNS") would have on the litigants that members of the Bar serve.

Family Violence Appellate Project ("FVAP") is a nonprofit organization dedicated to ensuring, through the appellate legal system, the safety and well-being of domestic violence survivors and their children. FVAP provides legal assistance to domestic violence survivors at the appellate level through direct representation, collaborating with pro bono attorneys, offering training to those who practice family law, and advocating for domestic violence survivors on important appellate issues. FVAP monitors California family law litigation and has identified this case as one that has the potential to impact the interests of domestic violence victims.

Legal Aid of Society of Orange County ("LASOC") has provided free legal services to low-income residents in Orange County and Southeast Los Angeles since 1958. With limited resources, LASOC focuses its legal programs and services on the community's most vulnerable population and tries to end clients' cycle of poverty. Within those priority areas, two areas of legal services that LASOC prioritizes is the representation of victims of domestic violence and tenants facing unlawful detainer proceedings. The Orange County Superior Court's confidentiality policy allows for victims to keep their contact or home address confidential for their own safety, and, in unlawful detainer matters, allows tenants to defend their case without the eviction visible to future landlords. In particular, LASOC has a client who recently benefited from this policy. LASOC's client had been married to her husband for nine years. Her husband sponsored her to immigrate from India. The marriage quickly turned, and her husband began to control and abuse her. Her husband has been arrested multiple times and has at least two criminal protective orders. Eventually, she was able to obtain a domestic violence restraining order and able to keep her contact information confidential so

8

Case No. 8:17-CV-126-AG
APPLICATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF AND BRIEF OF *AMICI CURIAE* ORANGE COUNTY BAR ASSOCIATION, FAMILY VIOLENCE APPELLATE PROJECT, LEGAL AID OF ORANGE COUNTY, PUBLIC LAW CENTER, AND VETERANS LEGAL INSTITUTE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1  he could not find her.  As a result, she was able to obtain a car, find a full-time job,
2  and will soon be looking for her own place to live.

3    Public Law Center ("PLC") is Orange County's pro bono law firm.  PLC
4  staff and volunteers provide free civil legal services to low-income Orange County
5  residents in the areas of consumer, veterans, small business, immigration, health,
6  housing, and family law.  In its work, PLC represents many of the most vulnerable
7  members of our community, including tenants defending unlawful detainer actions
8  and victims of domestic violence in all types of cases.  PLC staff and volunteers
9  regularly appear in both limited and unlimited civil cases in Orange County
10 Superior Court.  We believe that the preliminary injunction requested by
11 Courthouse News Service would significantly impact our clients and could lead to
12 the disclosure of our clients' protected information.

13   Veterans Legal Institute ("VLI") provides pro bono legal assistance to
14 current and former members of the United States military who are homeless, at risk,
15 disabled, or low income. VLI strives to fulfill two critical objectives.  First, it seeks
16 to remove barriers to housing, healthcare, education, and employment by providing
17 legal services.  Second, VLI advocates for increased protections for veterans and
18 military members by educating concerned civilians, decision-makers, and attorneys
19 as to veterans-related issues. VLI is located in Santa Ana, California.

20   For the foregoing reasons, *amici curiae* request that the Court permit the
21 filing of the attached *amici curiae* brief in support of OCSC.

9

Case No. 8:17-CV-126-AG
APPLICATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF AND BRIEF OF *AMICI CURIAE* ORANGE COUNTY BAR ASSOCIATION, FAMILY VIOLENCE APPELLATE PROJECT, LEGAL AID OF ORANGE COUNTY, PUBLIC LAW CENTER, AND VETERANS LEGAL INSTITUTE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 10, 2017 | HAYNES AND BOONE, LLP |
|  | By: /s/ Mary-Christine Sungaila |
|  | Mary-Christine Sungaila<br>Counsel for *Amici Curiae*<br>Orange County Bar Association |

10

Mary-Christine Sungaila (#156795)
mc.sungaila@haynesboone.com
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Telephone: (949) 202-3062
Facsimile: (949) 202-3162

Attorney for *Amici Curiae*
Orange County Bar Association, Family Violence Appellate Project, Legal Aid of Orange County, Public Law Center, and Veterans Legal Institute

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| COURTHOUSE NEWS SERVICE,<br><br>Plaintiff,<br><br>v.<br><br>DAVID YAMASAKI, IN HIS OFFICIAL CAPACITY AS COURT EXECUTIVE OFFICER/CLERK OF THE ORANGE COUNTY SUPERIOR COURT,<br><br>Defendant. | Case No. 8-17-CV-126 AG (KESx)<br><br>**BRIEF OF *AMICI CURIAE* ORANGE COUNTY BAR ASSOCIATION, FAMILY VIOLENCE APPELLATE PROJECT, LEGAL AID OF ORANGE COUNTY, PUBLIC LAW CENTER, AND VETERANS LEGAL INSTITUTE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:       March 20, 2017<br>Time:      10:00 a.m.<br>Courtroom: Court 10D, Santa Ana Division |

11

# INTRODUCTION

Certain litigants have both a federal and state constitutional right to privacy over all or some of the information in complaints filed by or against them—in addition to a statutory right to privacy over this information. Releasing complaints to the public before Orange County Superior Court ("OCSC") completes its review of the complaints for confidential information would place these litigants' constitutional and statutory right to privacy at risk. Any qualified right of Courthouse News Service ("CNS") to timely access complaints should be weighed against litigants' right to privacy, and *amici curiae* urge the Court to hold that the litigants' right to privacy outweighs any qualified right to access complaints before they are reviewed for privacy concerns. Accordingly, CNS's request for a preliminary injunction that requires OCSC to release complaints before confidentiality review should be denied.

# ARGUMENT

**I. Releasing complaints to the public before they are reviewed for confidentiality would place litigants' federal and state constitutional right to privacy at risk.**

The right to privacy is protected by both the United States and California Constitutions. *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999); *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 641 (Cal. 1994). "[United States] Supreme Court precedents delineate . . . distinct kinds of constitutionally-protected privacy interests" under the United States Constitution, one being "the individual interest in avoiding disclosure of personal matters," which is "referred to as the right of 'informational privacy.'" *In re Crawford*, 194 F.3d at 958 (citations omitted). Similarly, the California Constitution enumerates "'privacy'" as one "of the 'inalienable rights' of all Californians." *Hill*, 865 P.2d at 641 (quoting CAL. CONST. art. 1, § 1). A cause of action for invasion of the state constitutional right

12

Case No. 8:17-CV-126-AG
APPLICATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF AND BRIEF OF *AMICI CURIAE* ORANGE COUNTY BAR ASSOCIATION, FAMILY VIOLENCE APPELLATE PROJECT, LEGAL AID OF ORANGE COUNTY, PUBLIC LAW CENTER, AND VETERANS LEGAL INSTITUTE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

to privacy has three elements: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Id.* at 675.

These constitutional privacy rights are independent of—yet reflected in—numerous California statutes and rules of court that forbid public disclosure of certain types of complaints or information therein, in both limited and unlimited civil cases.[1] For example, the California Code of Civil Procedure provides that the current legal name of a petitioner in a petition for name change under the address protection program, who is the victim of domestic violence, stalking, or sexual assault, "shall be kept confidential by the court." CAL. CIVIL PROC. CODE § 1277(b); *see also* CAL. RULES OF COURT, RULE 2.575.[2] As another example, the California Rules of Court prohibit all documents in a juvenile court case from being disclosed to the general public. CAL. RULES OF COURT, RULE 5.552. As a final example, the California Code of Civil Procedure restricts disclosure of certain unlawful detainer court files to the general public during the first sixty days of suit. CAL. CIVIL PROC. CODE § 1161.2(a).[3]

---

[1] *See* Def.'s Opp'n Pl.'s Mot. Prelim. Inj. at 5-6 (listing numerous California statutes and rules of court that provide for confidentiality); CAL. CIVIL PROC. CODE §§ 85-89 (defining a limited civil case and unlimited civil case).

[2] A petition for name change is an unlimited civil case. Cases for Over $25,000, CALIFORNIA COURTS, http://www.courts.ca.gov/1065.htm (last visited March 8, 2017); Chart of Initial Filing Fees in Civil Cases, SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE, http://www.occourts.org/general-public/fee-schedule/ (last visited March 8, 2017). In its reply brief, CNS indicates that the privacy of name changes pursuant to the address protection program are protected because they are not required to be e-filed; however, CNS's preliminary injunction, as requested, would apply to all unlimited civil cases, regardless of whether they are e-filed or not.

[3] An unlawful detainer case in which the amount in controversy exceeds $25,000 is an unlimited civil case. Preparing the Unlawful Detainer Complaint, SUPERIOR

13

Thus, domestic violence, stalking, and sexual assault victims have a legally protected privacy interest in their current legal name in petitions; juveniles have a legally protected privacy interest in entire complaints against them; and defendants sued for unlawful detainer have a legally protected privacy interest in complaints against them. And these are only some examples of litigants' legally protected privacy interests, which CNS does not dispute.

These litigants have a reasonable expectation that the private information legally forbidden to be disclosed will not be disclosed, whether they or their opposing party correctly designates the complaint as confidential or not. If OCSC is not allowed to ensure compliance with confidentiality statutes and rules of court before releasing complaints to the public, then legally protected private information might be released to the public. Such revelations would be particularly serious if the private information is then electronically published by the media to a large audience. Accordingly, all of the elements of invasion of the state constitutional right to privacy will likely be met, and a violation of the federal constitutional right to privacy will likely occur, if complaints are released to the public before a confidentiality review can be done by the court.

**II.  Any qualified right of CNS to timely access complaints should be weighed against litigants' constitutional and statutory right to privacy.**

CNS contends it has a right to access complaints before OCSC completes its confidentiality review. Not so. As CNS itself admits in its motion, any right to

---

COURT OF CALIFORNIA, COUNTY OF ORANGE, http://www.occourts.org/self-help/landlordtenant/preparingyourcomplaint.html; Chart of Initial Filing Fees in Civil Cases, SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE, http://www.occourts.org/general-public/fee-schedule/ (last visited March 8, 2017). In its reply brief, CNS states that only limited unlawful detainer cases are entitled to privacy protection. Even if true, only a review by OCSC can determine whether unlawful detainer cases are properly filed as limited (and thus entitled to privacy protection) or unlimited.

14

access is "'a **qualified** right.'"  CNS's Mem. Supp. Mot. Prelim. Inj. at 10 (emphasis added) (quoting *Courthouse News Serv. v. Planet* (Planet III), No. 11-08083, 2016 WL 4157210, at *12 (C.D. Cal. May 26, 2016)).  Indeed, in cases in which the public's right to access judicial information competes against an individual's right to privacy, courts routinely weigh the two rights against one another to determine whether to allow public disclosure of the information.

For example, in a dispute over whether to publicly disclose a defendant's psychiatric competency report, the Ninth Circuit "balanced the competing interests of the parties," specifically weighing "the media's need for disclosure" against "[the defendant]'s privacy interests."  *United States v. Kaczynski*, 154 F.3d 930, 931-32 (9th Cir. 1998).  The Ninth Circuit explained that, in cases involving "the common-law right of access" and "the public's and the media's common-law right to inspect and copy judicial records and documents," "the court must balance the media's asserted need against any asserted reasons for confidentiality."  *Id.* at 931.

Similarly, in a dispute brought by the media to obtain search warrants and affidavits during a pre-indictment investigation, the Ninth Circuit held that the privacy interests of the people identified in the warrants and affidavits was a "factor weighing against public access."  *Times Mirror Co. v. United States*, 873 F.2d 1210, 1211, 1216 (9th Cir. 1989).  The Ninth Circuit observed that "[o]ther courts have also taken account of the privacy rights of individuals when considering access requests to judicial documents."  *Id.* at 1216; *see also In re Crawford*, 194 F.3d at 958-960 ("weighing" the public's right to access judicial documents against the litigant's informational privacy).

Like the Ninth Circuit, California state courts also weigh these competing rights.  For example, the California Supreme Court held that information contained in the State Bar of California's bar admissions database had to be publicly disclosed because of the right of public access, but only if, among other things, the

15

information could be provided in a form that protected the privacy of applicants. *Sander v. State Bar of Cal.*, 314 P.3d 488, 491, 494-95 (Cal. 2013). Also, when deciding whether to seal a court record, California courts must determine whether "[t]here exists an overriding interest that overcomes the right of public access to the record," and privacy is one such potential overriding interest. CAL. RULES OF COURT, RULE 2.550(d)(1) & advisory committee cmt. (citing *NBC Subsidiary v. Superior Court*, 980 P.2d 337, 368 n.46 (Cal. 1999)).[4] For instance, in a dispute over sealing financial information, the California Court of Appeal for the First Appellate District, Division One, conducted a "balancing inquiry" to determine "whether the state-recognized privacy interest in financial information overrides the federal constitutional right of access to court records." *Overstock.com v. Goldman Sachs Grp.*, 180 Cal. Rptr. 3d 234, 246-48, 262 (Cal. Ct. App. 2014). Likewise, in a dispute over sealing medical records, the California Court of Appeal for the Sixth Appellate District "conclude[d] that the public's general right of access to court records . . . must give way to the public's concern about the privacy of medical information," which is protected by the federal constitution, state constitution, and state statute. *Oiye v. Fox*, 151 Cal. Rptr. 3d 65, 86, 90-92 (Cal. Ct. App. 2012). The Court of Appeal further stated that "surely the courts are not powerless to prevent court files from becoming the conduits of disclosure of sensitive private information," and "[t]he court's files and records are also subject to the court's control." *Id.* at 91-92.

---

[4] To be clear, CNS does not claim that it should have access to any sealed records, and the standard for sealing court records does "not apply to records that are required to be kept confidential by law." CAL. RULES OF COURT, RULE 2.5550(a)(2). Further, permanently sealing a complaint is much different than postponing access to a complaint in order to review it for confidential, private information. *Amici curiae* discuss authority about sealing records only to show examples of how courts weigh the right to access against the right to privacy in other scenarios.

16

Just as courts have weighed the right to access various judicial information against the litigant's right to privacy in these cases, this Court should weigh any qualified right of CNS to timely access complaints against litigant's constitutional and statutory right to privacy. To not do so would disregard a valuable constitutional right, and treat the right to access as an absolute right when it is at best a qualified right.

**III. Litigants' constitutional and statutory right to privacy outweighs any qualified right of CNS to timely access complaints before they are reviewed to protect private, confidential information.**

Here, the significant privacy interests at stake make the timing of access to complaints reasonable. Timing is particularly reasonable given that, according to OCSC's data, over 98% of complaints are publicly available within the first two business days they are filed.[5]

OCSC postpones the public's access to complaints, including CNS's access, in order to complete a review that ensures litigants' privacy rights are not violated. As mentioned above, the litigants whose privacy rights are at stake include, among others, victims of domestic violence, stalking, and sexual assault; juveniles; and defendants in unlawful detainer suits. These types of litigants are generally some of the most vulnerable of all litigants. If OCSC is not allowed to complete a confidentiality review before releasing complaints involving these litigants, then these litigants' private information might be released to the public. Such a constitutional and statutory privacy violation would be particularly serious if CNS electronically publishes the litigants' private information to a large audience.

CNS seems to assert that it is the plaintiff's responsibility—not OCSC's—to ensure privacy interests are not violated when filing a complaint. However, many plaintiffs, especially those whose privacy rights are at stake, are self-represented

---

[5] *See* Def.'s Opp'n Pl.'s Mot. Prelim. Inj. at 7-8.

17

and thus less equipped to navigate privacy and filing rules.  *See Task Force on Self-Represented Litigants*, REPORT TO THE JUDICIAL COUNCIL OF CALIFORNIA, Attachment A at 1-3 (Oct. 2014), http://www.courts.ca.gov/partners/ documents/EA-SRLTaskForce_FinalReport.pdf   (explaining that the majority of litigants in civil cases are self-represented and that, for example, ninety percent of tenants in unlawful detainer suits were self-represented in 2003 in California). Moreover, the privacy of **defendants** is at risk too, and should not be entrusted to the care of plaintiffs.

For these reasons, the brief postponement of CNS's alleged right to access is outweighed by the harm to litigants that could occur if their privacy rights are violated.  The seriousness of the federal and state constitutional right to privacy at stake makes relief at the preliminary injunction stage—particularly when the preliminary injunction would upend the status quo and require OCSC to remove privacy protections currently in place—unsuitable.

18

Case No. 8:17-CV-126-AG
APPLICATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF AND BRIEF OF *AMICI CURIAE* ORANGE COUNTY BAR ASSOCIATION, FAMILY VIOLENCE APPELLATE PROJECT, LEGAL AID OF ORANGE COUNTY, PUBLIC LAW CENTER, AND VETERANS LEGAL INSTITUTE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

# CONCLUSION

For the foregoing reasons, and the reasons expressed in OCSC's briefing, the Court should deny CNS's request for a preliminary injunction.

Dated: March 10, 2017                              HAYNES AND BOONE, LLP

                                                   By:   /s/ Mary-Christine Sungaila

                                                         Mary-Christine Sungaila
                                                         Counsel for *Amici Curiae*
                                                         Orange County Bar Association

19

Case No. 8:17-CV-126-AG
APPLICATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF AND BRIEF OF *AMICI CURIAE* ORANGE COUNTY BAR ASSOCIATION, FAMILY VIOLENCE APPELLATE PROJECT, LEGAL AID OF ORANGE COUNTY, PUBLIC LAW CENTER, AND VETERANS LEGAL INSTITUTE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

# PROOF OF SERVICE

I hereby certify that on March 10, 2017, I filed the forgoing **APPLICATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF AND BRIEF OF *AMICI CURIAE* ORANGE COUNTY BAR IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** with the Court through this district's CM/ECF system. Pursuant to Local Rule 5 – 3.3, the "Notice of Electronic Filing" automatically generated by the CM/ECF at the time the document is filed with the system constitutes automatic service of the document on counsel of record who have consented to electronic service.

Dated: March 10, 2017

By:   /s/ Mary-Christine Sungaila
        Mary-Christine Sungaila

20

Case No. 8:17-CV-126-AG
APPLICATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF AND BRIEF OF *AMICI CURIAE* ORANGE COUNTY BAR ASSOCIATION, FAMILY VIOLENCE APPELLATE PROJECT, LEGAL AID OF ORANGE COUNTY, PUBLIC LAW CENTER, AND VETERANS LEGAL INSTITUTE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION