1  Rachel Matteo-Boehm (SBN 195492)
   rachel.matteo-boehm@bryancave.com
2  Roger Myers (SBN 146164)
3  roger.myers@bryancave.com
   Katherine Keating (SBN 217908)
4  katherine.keating@bryancave.com
5  Goli Mahdavi (SBN 245705)
   goli.mahdavi@bryancave.com
6  BRYAN CAVE LLP
7  3 Embarcadero Center, 7th Floor
   San Francisco, CA 94111
8  Telephone:  (415) 675-3400
9  Facsimile: (415) 675-3434

10
11  Attorneys for Plaintiff
    COURTHOUSE NEWS SERVICE
12

13
14        IN THE UNITED STATES DISTRICT COURT
15      FOR THE CENTRAL DISTRICT OF CALIFORNIA
            SOUTHERN DIVISION
16

17
   Courthouse News Service,              Case No. 8:17-cv-00126 AG (KESx)
18
19              Plaintiff,               **DECLARATION OF WILLIAM
                                         GIRDNER IN RESPONSE TO
20         vs.                           MARCH 22, 2017 ORDER
                                         REGARDING ADDITIONAL
21  David Yamasaki, in his official capacity   BRIEFING**
    as Court Executive Officer/Clerk of the
22  Orange County Superior Court,
23                                       Courtroom:  10D, Santa Ana Division
              Defendant.                 Judge:      Hon. Andrew J. Guilford
24

25

26

27

28

I, William ("Bill") Girdner, declare and state as follows:

1.      I am the editor and publisher of Courthouse News Service ("CNS"), a nationwide news service based in Pasadena, California, and the Plaintiff in the above-captioned action.  I make this declaration in response to the March 20, 2017 Order Regarding Additional Briefing (ECF No. 30), which directs CNS to provide responses by March 31, 2017 to five questions set forth in the Order.  I have personal knowledge of the following facts and could testify to them if called as a witness.

**Question No. 1**

2.      Question No. 1 asks: "In Orange County, California, and nationwide, what is the distribution of CNS subscribers among law firms and lawyers, news agencies, law schools, libraries, and any other categories?"

3.      CNS has 2,220 subscribers, including law firms, media entities, private companies, educational institutions and government entities.  Of those, 2,049 are law firms and lawyers; 101 are non-law firm business entities including large publicly traded companies; 29 are media entities; 18 are academic institutions, primarily law schools; 17 are government individuals or entities; 4 are non-profit entities; and 2 are libraries not affiliated with schools.

4.      Of CNS's 2,220 subscribers, 537 are located in California, with the breakdown by category as follows: 488 law firms and lawyers; 26 non-law firm business entities; 7 media entities; 3 academic institutions; 12 government individuals or entities; and 1 non-profit entity.  CNS has 85 Orange County subscribers.  Of those, 78 are law firms and lawyers and 7 are non-law firm business entities.

5.      The regional categorizations noted above are made on the basis of CNS's records, namely where the subscriber's billing office is located, which is normally the home office.  As reflected in the answer to Question 4, 119 law firms that subscribe to CNS have offices in Orange County, but the Orange County office is not necessarily the billing office used in connection with the subscription.

6.      As explained in paragraph 9 of my January 30, 2017 declaration in support of CNS's motion for a preliminary injunction in this action (ECF No. 11-2) ("January 30 Declaration"), among the publications CNS offers is a web site, www.courthousenews.com, that is updated daily and available to subscribers and non-subscribers alike free of charge.  CNS does not know the identities of the persons who access that web site.  However, CNS does know that many media outlets check CNS's web site, as evidenced by the number of news outlets that have cited reports on CNS's web site as the original source of reporting, including *The Orange County Register* and *The Los Angeles Times*, among many others that are identified in paragraph 18, below.  CNS has the ability to monitor traffic on its web site, and from February 26 to March 27, 2017, there were 162,868 users of CNS's web site.

**Question No. 2**

7.       Question No. 2 asks: "What profits does CNS make from each of the categories listed?"

8.      CNS does not allocate costs based on subscriber category or in a manner that would allow it to reasonably approximate and allocate them based on different categories of subscribers.  Additionally, the cost and scope of individual subscriptions varies per subscriber based on any number of different variables, including but not limited to the size of the subscribing company and the number of different publications to which it subscribes, with each publication having a different cost basis.  Accordingly, CNS does not have profit information for each subscriber category.

9.      However, in an effort to respond to Question No. 2, and subject to the limitations identified in the preceding paragraph:

a)  In 2016, CNS had net income (gross profit) of $4,290,250, as reflected in the company's 2016 profit and loss statement.

b)  Based on the subscriber breakdown in my response to Question 1, we calculated the ratio of the number of subscribers in each category to the total

number of CNS's subscribers, and for each category multiplied CNS's total 2016 net income by that percentage.

c) According to this calculation, on a national level law firms and lawyers accounted for $3,959,785, non-law firm business entities accounted for $195,187, media entities accounted for $56,044, academic institutions accounted for $34,786, government entities accounted for $32,853, non-profit entities accounted for $7,730, and law schools not affiliated with an academic institution accounted for $3,865 of CNS's total profits in 2016. In California, private law firms and lawyers accounted for $943,082, non-law firm business entities accounted for $50,246, media entities accounted for $13,528, academic institutions accounted for $5,798, government entities accounted for $23,191; and non-profit entities accounted for $1,933 of CNS's total profits in 2016. In Orange County, private law firms and lawyers accounted for $150,739 and non-law firm business entities accounted for $13,528 of CNS's total profits in 2016.

**Question  No. 3**

10.    Question No. 3 asks: "What news agencies serving Orange County are subscribers?"

11.    The *Los Angeles Times*, which is a CNS subscriber, has an Orange County edition. The *Los Angeles Business Journal* subscribes, and it has a sister publication that can be accessed directly from its web site called the *Orange County Business Journal*. In addition, several national news entities that serve Orange County as part of their larger reach also subscribe to CNS, including *The Wall Street Journal*, *Buzzfeed*, and *Variety*. In the past this group has also included the Associated Press, the *New York Times*, and AOL Inc./Huffington Post.

**Question No. 4**

12.    Question No. 4 asks: "What law firms with an office in Orange County are subscribers?"

13.     While CNS does not maintain records on all of the office locations of each its law firm subscribers, the following is a list of CNS subscribers that, according to their web sites, have offices in Orange County:  Aegis Law Firm; Akin Gump Strauss Hauer & Feld LLP; Aldrich & Bonnefin; Allen Matkins; Archer Norris, PLC; Atkinson, Andelson, Loya, Ruud & Romo; Baker & Hostetler LLP; Best Best & Krieger LLP; Borton Petrini, LLP; Bremer Whyte Brown & O'Meara LLP; Browner Wegner McNamara LLP; Brownstein Hyatt Farber Schreck, LLP; Bryan Cave LLP; Buchalter; Burke, Williams & Sorensen, LLP; Calabria Law Group, PC; California Justice Alliance, APC; Call & Jensen; Callahan & Blaine; Carlson Jayakumar LLP; Carothers DiSante & Freudenberger LLP; Chapman Glucksman Dean Roeb and Barger APC; Clyde & Co.; Clyde Snow; Cox, Castle & Nicholson LLP; Crosner Legal, P.C.; Crowell & Moring LLP; Daily Aljian LLP; Dechert LLP; Dentons US LLP; Dorsey & Whitney LLP; Emilio Law Group; Enenstein Ribakoff Laviña & Pham APC; Fisher & Phillips LLP; Foran Glennon Palandech Ponzi & Rudloff PC; Freeman, Freeman & Smiley LLP; Freeman Mathis & Gary, LLP; Gibson, Dunn & Crutcher LLP; Godes & Preis LLP; Gordee, Nowicki & Blakeney LLP; Gordon Rees Scully Mansukhani, LLP; Grant Thornton LLP; Green & Hall, LLP; Green LLP; Greenberg Gross LLP; Greenberg Traurig, LLP; Harbottle Law Group; Harrison & Bodell, LLP; Haynes and Boone, LLP; Hinshaw & Culbertson LLP; Irell & Manella, LLP; Jackson Lewis P.C.; Jeffer Mangels Butler & Mitchell LLP; Johnson & Bertram, LLP; Jones Day; K&L Gates LLP; Kahana & Feld, P.C.; Karish & Bjorgum PC; Kasdan Lipp Smith Weber Turner, LLP; Katten Muchin Rosenman LLP; Kimball Tirey & St. John LLP; Kitagawa Ebert, P.C.; Klatte, Budensiek & Young-Agriesti, LLP; Klinedinst PC; Knobbe, Martens, Olson & Bear, LLP; Koeller, Nebeker, Carlson, & Haluck, LLP; Kutak Rock LLP; Latham & Watkins LLP; Lee, Hong, Degerman, Kang & Waimey; Lewis Brisbois Bisgaard & Smith LLP; Littler Mendelson, P.C.; LTL Attorneys LLP; Manatt, Phelps & Phillips, LLP; Marshack Hays LLP; McDermott Will & Emery; Michelman & Robinson, LLP; Morgan, Lewis

4

& Bockius LLP; Morris Law Group; Musick, Peeler & Garrett LLP; Newmeyer & Dillion LLP; Nexio, PC; Nossaman LLP; Ogletree, Deakins, Nash, Smoak & Stewart, P.C.; O'Melveny & Myers LLP; One LLP; Orbach Huff Suarez & Henderson LLP; Orrick, Herrington & Sutcliffe LLP; Outwater & Pinckes, LLP; Paul Hastings LLP; Payne & Fears LLP; Pearlman, Borska & Wax, LLP; Pepper Hamilton LLP; Plante Leibovic LLP; Robinson Calcagnie, Inc.; The Rodolff Law Firm, APC; Ruggerello Law Group L.L.P.; Rutan & Tucker, LLP; Scott & Whitehead; Sedgwick LLP; Severson & Werson; Sheppard, Mullin, Richter & Hampton LLP; Shook, Hardy & Bacon L.L.P.; Shulman Hodges & Bastian LLP; Smith Ellison; Snell & Wilmer L.L.P.; Songstad Randall Coffee & Humphrey LLP; Stephens Friedland LLP; Stradling Yocca Carlson & Rauth, P.C.; Stuart Kane LLP; Sutton & Murphy; Theodora Oringher PC; Troutman Sanders LLP; Umber Zipser LLP; Walsworth, Franklin, Bevins & McCall, LLP; Watt, Tieder, Hoffar & Fitzgerald L.L.P.; Weintraub Tobin Chediak Coleman Grodin Law Corporation; Wesierski & Zurek, LLP; Winthrop Couchot; Wolfe & Wyman LLP; Wood Smith Henning & Berman LLP; Wright, Finlay & Zak, LLP; and Zfaty Burns.

14.     Each of the 119 law firms identified above subscribes to one or more CNS publications, though not all subscribe to CNS's Orange County Report.

**Question 5**

15.     Question 5 asks: "If available, what are some stories locally or beyond involving lives saved or demonstrating other First Amendment values?"

16.     My response to this question has several parts.  As a preliminary matter, I believe news reporting about civil litigation is in furtherance of First Amendment values as a general matter.  This is not just my view, but the view of the Ninth Circuit Court of Appeals in its 2014 decision in *Courthouse News v. Planet*.

17.     As set forth in paragraphs 8 and 9 of my January 30 Declaration, CNS offers a variety of electronic and print publications through which it provides comprehensive reporting of civil litigation in our nation's federal and state courts, in

all 50 states, from the filing of a new civil action on through appeal, including to the U.S. Supreme Court.  As the Ninth Circuit held in *Planet,* this reporting is in furtherance of First Amendment values as a general matter because it informs our subscribers and the public (through CNS's web site) of the business of our nation's courts, including newly-filed civil complaints.  Examples of this reporting include:

a)  Recent Orange County Reports reporting on new complaints filed at Orange County Superior Court covering a range of issues of public health, safety and interest, including publications reporting on: elder abuse claims against a retirement home that allegedly failed to provide proper care to a patient (10/18/16); dental malpractice claims against a dentist who allegedly performed unnecessary procedures on children and allegedly infected at least 57 patients with mycobacterial infections (11/7/16); product liability claims against an auto manufacturer by a plaintiff who was rendered a quadriplegic when his car rolled over (11/9/16); negligence claims against a local high school whose basketball coach allegedly failed to remove a student from a game after a student was struck in the head and displayed signs of injury (11/23/16); negligence class action claims brought by a former NFL player against his physicians for allegedly failing to protect confidential medical information (12/8/16); elder abuse and wrongful death claims against a hospice care center (12/8/16); claims against a local school district involving a teacher with an alleged history of sexual misconduct who allegedly touched a minor inappropriately (12/15/16); a writ of mandate against the City of Tustin brought by a historical society claiming the city failed to conduct a proper environmental review relative to a condominium project (12/19/16); and wrongful death claims against a substance abuse treatment center that allegedly failed to provide 24-hour care to a resident who died of an overdose (1/9/17).  True and correct copies of the Orange County Reports in which these stories were published are attached as **Exhibit 1**, and the stories identified above by publication date are highlighted in the reports in which they appear.  The reports include additional newsworthy stories not mentioned in this paragraph.

b)  The *Four Districts Almanac*, a bi-weekly print publication summarizing decisions from the United States District Court for the Central, Eastern, Northern and Southern Districts of California.  A true and correct copy of the March 20, 2017 edition of the *Four Districts Almanac* is attached as **Exhibit 2**.

c)  The *Daily Brief Report*, a daily publication reporting on the orders and opinions issued by federal district courts and state and federal appellate courts across the nation.  A true and correct copy of the February 17, 2017 edition of *Daily Brief Report* is attached as **Exhibit 3**.

d)  News reports and commentary published on CNS's web site at www.courthousenews.com.  The web site is updated daily with staff-written articles reporting on a wide range of political and legal events.  True and correct copies of screen shots of the CNS web site home page from January 12, 2017, March 27, 2017, and March 30, 2017 are attached as **Exhibit 4**.  True and correct copies of stories published on CNS's web site, including stories reporting on new complaints filed at Orange County Superior Court, are attached as **Exhibit 5**.

18.    As explained in Paragraphs 11 and 12 of my January 30 Declaration, CNS effectively serves as a pool reporter for the nation's press corps and has been credited as the original source of reporting by a wide range of publications.  These publications include local publications such as *The Orange County Register*, the *Los Angeles Daily News*, Long Beach's *Press-Telegram*, and the *Los Angeles Times*. They also include the *ABA Journal*, ABC News, *The Atlanta Journal-Constitution*, *The Atlantic*, *Austin American Statesman*, Black Christian News Network, *California Bar Journal*, CBS News, The Daily Beast, *The Christian Science Monitor*, *The Dallas Morning News*, *Forbes*, Fox News, *The Guardian*, The Hill, *Houston Chronicle*, The Huffington Post, *Long Island Press*, *Mother Jones*, NBC News, *New York Daily News*, *New York Magazine*, *The New York Times*, *The New Yorker*, NPR, Politico, Reuters, *Rolling Stone*, *San Antonio Express-News*, Slate, *Salt Lake City Tribune*, *The Telegraph* (UK), *The Washington Post*, *The Washington Times*, *Women's Health*

1   *Policy Report*, *U.S. News and World Report*, *USA Today*, *The Wall Street Journal*,

2   *The Washington Post*, UPI, and others.  In addition, radio shows in the U.S., Canada

3   and New Zealand have interviewed CNS reporters.   True and correct copies of some

4   of these stories published by *The Orange County Register* are attached as **Exhibit 6**,

5   and some of the stories published by news agencies other than *The Orange County*

6   *Register* are attached as **Exhibit 7**.  The relevant portions of these stories in which

7   CNS is credited are highlighted to assist the Court.

8   19.    As for CNS's Orange County Reports themselves, their First Amendment

9   value is no better illustrated than by the fact that *The Orange County Register* – which

10   does not subscribe to CNS – regularly reports on the same new complaints reported on

11   by CNS.  For instance, on October 4, 2016, the Orange County District Attorney filed

12   a lawsuit in Orange County Superior Court against Abbott Laboratories, Teva

13   Pharmaceuticals and other defendants captioned *People v. Abbott Laboratories*, *et al.*,

14   Case No. 30-2016-00879117, asserting claims based on the defendants' alleged

15   scheme to keep generic version of the brand name drug Niaspan off the market,

16   resulting in higher prices to consumers and an illegal monopoly by which defendants

17   were able to market and sell more than $6.7 billion of Niaspan.  After the complaint

18   became publicly available on October 6, both CNS and *The Orange County Register*

19   published stories that day summarizing the lawsuit.  CNS published its story in the

20   Orange County Report.

21   20.    This and other recent examples where CNS reported on new complaints

22   filed in Orange County Superior that were also reported by *The Orange County*

23   *Register* are included in **Exhibit 8**, which is comprised of the following:

24   a)  CNS's Orange County Report dated Thursday, October 8, 2015,

25   *The Orange County Register* article dated Friday, October 9, 2015, the complaint filed

26   on October 8, 2015 at 8:01 a.m. in Case No. 30-2015-00813636 and accompanying

27   payment receipt dated October 8, 2015.

28

8

b)  CNS's Orange County Report dated Tuesday, August 30, 2016, *The Orange County Register* article dated Thursday, August 31, 2016 and the complaint filed on Monday, August 29, 2016 at 4:32 p.m., in Case No. 30-2016-00872051.  No payment receipt is available for this complaint.

c)  CNS's Orange County Report dated Thursday, October 6, 2016, *The Orange County Register* article also dated October 6, 2016 and the complaint filed on Monday, October 4, 2016 at 1:53 p.m. in Case No. 30-2016-00879117.  No payment receipt is available for this complaint.

d)  CNS's Orange County Report dated Friday, October 7, 2016, *The Orange County Register* article also dated October 7, 2016, the complaint filed on Thursday, October 6, 2017 at 2:59 p.m., in Case No.  30-2016-00879477.  No payment receipt is available for this complaint.

e)  CNS's Orange County Report dated Tuesday, January 10, 2017, *The Orange County Register* article also dated January 10, 2017, the complaint filed on Friday, January 6, 2017 at 5:58 p.m. in Case No. 30-2017-00896448 and accompanying payment receipt dated January 10, 2017.

f)  CNS's Orange County Report dated Tuesday, March 14, 2017, *The Orange County Register* article dated Monday, March 20, 2017, the Complaint filed Monday, March 13, 2017 at 5:13 p.m. in Case No. 30-2017-00908329 and accompanying payment receipt dated March 14, 2017.

21.   The documents comprising **Exhibit 8** include true and correct copies of CNS Orange County Reports, articles published by *The Orange County Register* and condensed copies of the complaints, without exhibits, on which they both report.  The relevant portions of each Orange County Report have been highlighted to assist the Court.  Each article from *The Orange County Register* was obtained from www.ocregister.com by persons acting under my direction and pursuant to my instruction.  Each complaint and accompanying payment receipt, if available, was obtained from Orange County Superior's web site (www.occourt.org) by persons

acting under and pursuant to my direction.  As explained in paragraphs 12-14 of the January 30, 2017 declaration of Joanna Mendoza in support of CNS's motion for a preliminary injunction in this action (ECF No. 11-3), complaints are typically made available to the public and media about 15 minutes after the date and time shown in the payment receipt for each complaint.  The three complaints for which no payment receipt is available were all filed by the district attorney on behalf of The People of the State of California.

22.     Additionally, the First Amendment value in timely access to new complaints is demonstrated by instances where news agencies, including *The Los Angeles Times* and *The Orange County Register*, reported on newly filed complaints after they were filed but before they had been made available to the public and press at large (including CNS), suggesting those other agencies were provided advance or preferential access to the complaints on which they reported by plaintiff or its counsel.  When court officials keep the new complaints away from the press, the power to control news about the initiation of litigation is held by the plaintiff alone.  The plaintiff is able to feed the news to a friendly publication, which in my experience as a practicing journalist for almost 30 years can result in more prominent and favorable coverage in exchange for exclusive access.  When a single news outlet is the only media that can report on a newly filed complaint, the public is deprived of competing coverage and impartial viewpoints.

23.     For example, on May 21, 2014, the Orange County District Attorney and the Santa Clara County Counsel filed an action against major drug makers including Johnson & Johnson and Purdue Pharma LLC.  The action, captioned *People v. Purdue Pharma*, Case No. 30-14-00725287, alleged a sophisticated and deceptive campaign to create blockbuster profits by reversing the common and correct understanding that opioids are addictive, in order to sell medication for chronic pain.  That complaint bore a file stamp of Wednesday, May 21, 2014, but access to the complaint was withheld by the clerk's office at Orange County Superior until May 29, 2014, more

than a week later.  CNS then reported on the case in its Orange County Report.  The *Los Angeles Times*, in the meantime, published a story on its web site on May 21, the day the complaint was filed, including a copy of the complaint without any file-stamps but with the signature of Orange County District Attorney Tony Rackauckas, who apparently provided the complaint to the newspaper.  True and correct copies of the complaint CNS eventually received from the clerk's office, the *Los Angeles Times*' story on the complaint dated May 21, CNS's Orange County Report from May 29, 2014, and the copy of the complaint we obtained from the *Times*' web site are attached as **Exhibit 9**.  The relevant portion of the May 21 Orange County Report is highlighted to assist the Court.  The *Los Angeles Times* documents were obtained from the *Times'* web site by persons acting under my direction and supervision, and the filed copy of the complaint was obtained from the Orange County Superior Court web site in the manner described in paragraph 21.

24.   Recent examples of  instances where *The Orange County Register* was able to report on new complaints filed at Orange County Superior after they were filed but before they were made available to the public and media at large are included in **Exhibit 10**, which is comprised of the following:

a)  *The Orange County Register* article dated Wednesday, August 9, 2016, the complaint filed in Case No. 30-2016-00868485 on Wednesday, August 9, 2016 at 6:39 p.m. and accompanying payment receipt dated August 10, 2016, and CNS Orange County Report dated Thursday, August 10, 2016.

b)  *The Orange County Register* article dated Tuesday, August 11, 2016, the complaint filed in Case No. 30-2016-00880665 on Tuesday, October 11, 2016 at 6:35 p.m., and CNS Orange County Report dated October 14, 2016.  No payment receipt is available for this Complaint filed by the Orange County District Attorney.

/ / /

/ / /

c)  *The Orange County Register* article dated Friday, November 4, 2016, the complaint filed in Case No. 30-2016-00885114 on November 4, 2016 at 2:41 p.m. and accompanying payment receipt dated November 4 at 4:01 p.m., and CNS Orange County Report dated Monday, November 7, 2016.

25.    The documents comprising **Exhibit 10** are true and correct copies of stories published by *The Orange County Register*, CNS's Orange County Reports, and condensed copies of the complaints, without exhibits, on which they both report.  The manner and method of collecting these articles and complains was the same as described in paragraph 21.  They were obtained by persons acting under my direction and pursuant to my instruction, and the relevant portions of each Orange County Reports are again highlighted to assist the Court.

26.    Finally, although CNS focuses its coverage on civil litigation, in recent years it has expanded its coverage to include other matters, including among other subjects coverage of Congress (where CNS reporters are credentialed as members of the media by the United States Senate Periodical Press Gallery, the rules for which require applicants to be "giving their chief attention to the gathering and reporting of news," http://www.periodicalpress.senate.gov/gallery-rules/), matters pending before federal and state agencies, judicial profiles, and the administrative and business affairs of courts.  This latter category includes coverage of the California Judicial Council, the administrative arm of the California courts.  Of the many stories CNS has written about the Judicial Council, some of those I believe had the most impact, and implicate First Amendment values, involved the California Court Case Management System ("CCMS"), the electronic case management system that became an enormous financial drain on the California court system.  Although the CCMS project was terminated in 2012, a few courts that were early adopters of the system, including Orange County Superior, still use it.  Attached hereto as **Exhibit 11** are true and correct copies of two of those articles: a July 11, 2011 article titled "OC Judge Delivers Broadside to Top Brass of California Courts," which reported on a searing

# EXHIBIT 1

EXHIBIT 1
PAGE 14

**From:** CNS Santa Ana <orangecounty@courthousenews.com>
**Sent:** Tuesday, October 18, 2016 6:13 PM
**To:** CNS Circulation
**Subject:** CNS Orange County Report Oct 18, 2016
**Attachments:** BlackBerry Version - CNS Orange County Report Oct 18, 2016 (2118352).txt; CNS Orange County Report Oct 18, 2016 (2118352).rtf

Courthouse News Service      Dingers    Database Search

## Orange County Report
October 18, 2016

The report below and its attendant dings and download links may not be transmitted outside the subscribing office location, or accessed from a non-subscribing office. A separate subscription is required for each office that receives the report or its dings and download links, unless your firm has signed up for firm-wide distribution. If you need help finding underlying documents, please call or email Joanna Mendoza at orangecounty@courthousenews.com or 714-972-2765. The summaries below describe allegations only and should not be taken as fact.

### USDC Central District of California - Santa Ana Division
### Southern Division - Santa Ana

| | | |
|---|---|---|
| Claudia Sicairos, on behalf of herself and all others similarly situated<br>v.<br>Western Dental Services Inc.;<br>Does<br>10/18/2016 8:16 cv 1905<br>(Southern Division - Santa Ana) | Telephone Consumer Protection Act class action. Defendants sent a text message to plaintiff's cellphone in an attempt to advertise its dental services.<br>Download<br>Beta Download | John Kristensen<br>Kristenen Weisberg LLP |
| Andrea Griffiths<br>v.<br>Credit One Bank<br>10/18/2016 8:16 cv 1904 Carney<br>(Southern Division - Santa Ana) | Telephone Consumer Protection Act. Defendant used an automatic telephone dialing system to contract plaintiff's cellphone.<br>Download<br>Beta Download | Amy Lynn Bennecoff Ginsburg<br>Kimmel and Silverman |
| Amco Insurance Company<br>v.<br>Rockin' Crepes, Inc.; Martha Bennett; Frank Pestarino; Does<br>10/17/2016 8:16 cv 1901<br>(Southern Division - Santa Ana) | Insurance. Defendants submitted fraudulent claims, which plaintiff paid, for loss of business due to a water leak.<br>Download<br>Beta Download | Stephen Liberatore<br>Lewis Brisbois Bisgaard & Smith |
| John Ho<br>v.<br>Kay Mendoza, individually and as trustee of the Mendoza Kay Family Trust | Americans With Disabilities Act.<br>Download<br>Beta Download | Pamela Tsao<br>Ascension Law Group |

**EXHIBIT 1**
**PAGE 15**

10/17/2016 8:16 cv 1902
(Southern Division - Santa Ana)

| | | |
|---|---|---|
| Shary Said<br>v.<br>McCune and Harbe; Jessica Gillettel; Regents of The University of California UCI Medical Center; UCI School of Medicine; Terry Belmont; Terry Haigler; Marla Gain; Emitt Raitt; Orange County Superior County; Judicial Council of California; David McEachen; Walter Schwarm; Court of Appeal Fourth Appellate District, Division Three; Kathleen O Leary; William Rylarsdaam, An Individual; Richard Fybel; Does<br>10/18/2016 8:16 CV 1907 Carter<br>(Southern Division - Santa Ana) | Racketeering Act.<br>Download<br>Beta Download | Pro se |
| Jezowski & Markel Contractors Inc.<br>v.<br>Zurich American Insurance Company<br>10/18/2016 8:16 cv 1906<br>(Southern Division - Santa Ana) | Removal from Orange County Superior Court. Insurance | p: Mark Palin<br>Atkinson Andelson<br>d: Elisabeth M D'Agostino<br>Selman Breitman LLP |

### Orange County Superior Court

| | | |
|---|---|---|
| Calvin Richmond. individually and on behalf of all others similarly situated<br>v.<br>Cerritos Auto Retail Company; Cerritos Auto Retail Company 3: Does<br>10/13/2016 00881389CXC<br>Dunning | Employment class action. Defendant fails to pay overtime wages, provide accurate itemized wage statements and fails to pay all wages due upon separation.<br>Download<br>Beta Download | Kashif Haque<br>Aegis Law Firm |
| Amilcar A. Morales, individually and on behalf of all others similarly situated<br>v.<br>Southern California Pizza LLC; Does<br>10/17/2016 00881545CXC<br>Colaw | Employment class action. Defendant failed to pay overtime wages, provide accurate wage statements and pay all wages upon separation.<br>Download<br>Beta Download | Ari Moss<br>Moss Bollinger LLP |
| Rohna Ramos, individually and on behalf of all aggrieved | Employment and wrongful termination. After an investigation, the Department of Labor awarded plaintiff | Sanford Parke |

2

EXHIBIT 1
PAGE 16

| | | |
|---|---|---|
| employees<br>v.<br>Agape Cottage Care Partners LLC; Joseph Alvarez; Does<br>10/14/2016 00881367CXC Claster | $18,000 in unpaid wages for being wrongfully classified as an independent contractor. Defendants gave plaintiff's the money and then threatened to fire her if she did not return. Plaintiff was fired for refusing to sign a 1099 tax form.<br>Download<br>Beta Download | |
| Agustin Sanchez<br>v.<br>West Pauma Valley Ranch Inc.; Does<br>10/14/2016 00881393CJC Crandall | Employment, disability discrimination and wrongful termination. Plaintiff sustained a work-related injury which required accommodations. Defendant failed to provide plaintiff with modified duties and instead fired him.<br>Download<br>Beta Download | Joseph Lovretovich<br>JML Law |
| Susan Curtan<br>v.<br>Casa Colina Hospitals and Centers For Healthcare; Does<br>10/17/2016 00881551CJC Glass | Employment, retaliation and wrongful termination. Plaintiff was fired for internally reporting and opposing dangerous patient practices and repeated regulatory violations.<br>Download<br>Beta Download | Janeen Carlberg |
| Erwin Schmidt<br>v.<br>Zimmer Medizinsystems Corp.; Does<br>10/17/2016 00881563CJC Schulte | Employment, age discrimination and retaliation. Plaintiff was referred to as "old man" and asked "when are you going to retire?' Defendant failed to pay plaintiff all of his earned bonuses and when he complained, he was demoted twice. Plaintiff had no other choice but to quit.<br>Download<br>Beta Download | Joseph Lovretovich<br>JML Law |
| Martha Del Rio<br>v.<br>Real Staffing Services Inc.; Braiform Enterprises Inc.; Does<br>10/17/2016 00881576CJC Gooding | Employment, pregnancy discrimination and wrongful termination. Plaintiff was fired in retaliation for her pregnancy.<br>Download<br>Beta Download | Ali Moghaddami<br>Moghaddami & Issapour LLP |
| Melody Fathi<br>v.<br>Hotel California By The Sea LLC; Carl Mosen; Kevin Mello; Bryan Burke; Keith Miller; Roman Sugden; Does<br>10/17/2016 00881592CJC Wilson | Employment, retaliation and wrongful termination. Plaintiff received several complaints from her patients about defendants billing practices and when she voiced her concern, defendants responded "It is the patient's disease talking, we are saving his life. He does not understand that. He has a one-hundred thousand dollar car, he can afford it." Soon after plaintiff's hours were dramatically cut and then she was fired.<br>Download<br>Beta Download | Kaveh Elihu<br>Employee Justice Legal Group LLP |
| ABM Onsite Services-West Inc.<br>v.<br>Steven Picard; Chris Acsanyi; Laz Parking California LLC, dba Laz Parking; Does<br>10/14/2016 00881380CJC Fell | Trade secrets. Prior to quitting, defendant Picard used plaintiff's confidential information to solicit plaintiff's employees and customers for the gain of defendant Laz Parking.<br>Download<br>Beta Download | Eric Wersching<br>Ross Wersching & Wolcott LLP |

EXHIBIT 1
PAGE 17

| | | |
|---|---|---|
| Mychoice Software LLC<br>v.<br>Ryan McCauley; Does<br>10/14/2016 00881438CJC Bauer | Trade secrets and conversion. Defendant, just prior to quitting, downloaded and emailed himself plaintiff's Microsoft Excel spreadsheet with all of the software key codes with a retail of $92,000.<br>Download<br>Beta Download | Richard Quintilone II<br>Quintilone & Assoc. |
| Schutz Container Systems Inc.<br>v.<br>Anthony J. Bergman; Freedom Container LLC; Does<br>10/17/2016 00881548CJC Bauer | Trade secrets. While working for plaintiff, defendant Bergman secretly set up his own competing company, Freedom, to which he sold plaintiff's products at discounted prices. Bergman also performed significant work for his company while being paid by plaintiff and poached plaintiff's customers.<br>Download<br>Beta Download | Kate Gold<br>Drinker Biddle & Reath |
| Quentin Pullen<br>v.<br>Young Men's Christian Assoc. of Orange County, aka YMCA of Orange County; Ron Erickson; Does<br>10/14/2016 00881418CJC Banks | Contract. Defendants used plaintiff, a veteran, to develop and construct a six-figure military obstacle, The PlayPen, at its property which increased its own membership and revenue. Defendants then used plaintiff's back injury to kick him out of the partnership and claimed his efforts were a "donation." Plaintiff has been damaged in excess of $500,000.<br>Download<br>Beta Download | Timothy Joens |
| Mike Collins<br>v.<br>Gerson Bakar Foundation Inc., dba Gerson Bakar & Assoc.; Park Newport Apartment Community; Does<br>10/14/2016 00881405CJC Gooding | Negligence. On numerous occasions, defendants failed to properly remedy mold in plaintiff's apartment which ended up sending him to the hospital for two weeks. Plaintiff requested to break his lease because of his medical condition caused by the mold and defendant refused.<br>Download<br>Beta Download | Joel Baruch |
| Evan Chemers<br>v.<br>Quail Hill Community Assoc.; Neema Aghamohammadi; Albert Ng; Himanshu Surti; Amy Wang Liao; Bob Dougherty; Does<br>10/11/2016 00881609CJC Lewis | Contract. Defendants violated the governing documents by removing plaintiff from the board under the guise of a vacancy and by improperly appointing a board member to replace plaintiff instead of holding an election. | James Ulwelling<br>Ulwelling Siddiqui LLP |
| Ronnie Alcaraz<br>v.<br>Francisco P. Esparza; Esparza Real Estate Inc.; Does<br>10/17/2016 00881259CJC Horn | Contract. Defendants failed to invest the funds plaintiff loaned him. | Mark Holmes |
| Armstrong Oil Inc.<br>v.<br>Pieco Inc.; SA Athnassia LLC; Does<br>10/17/2016 00881376CJC Servino | Negligence. Defendants damaged plaintiff's oil well while performing underground drilling. Plaintiff has spent $500,00 attempting to repair the well. | John Grijalva<br>Grijalva Law Group |

4

**EXHIBIT 1**
**PAGE 18**

| | | |
|---|---|---|
| Robin Borders<br>v.<br>Allen Oldsmobile-Cadillac Inc.,<br>dba Allen Cadillac; Does<br>10/14/2016 00881412CJC<br>Wilson | Negligence. The front left wheel on plaintiff's car fell off her vehicle while she was driving it after the vehicle was serviced by defendants. | Stephen Counts<br>Russell & Lazarus |
| Mahboubeh Afjei<br>v.<br>The Irvine Company; Does<br>10/17/2016 00881476CJC<br>DiCesare | Premises liability. Plaintiff was injured after being thrown off defendant's defective treadmill. | Gregory Bosse |
| Robert Hale<br>v.<br>City of Huntington Beach; Does<br>10/14/2016 00881315CJC Griffin | Trip and fall on uneven walkway. | Gene Goldsman |
| Tunc R. Elmas<br>v.<br>USA Gasoline; Tesoro Corp.; R<br>& M Pacific Rim Inc.; Does<br>10/17/2016 00881498CJC<br>Servino | Slip and fall on wet floor. | Mauro Fiore Jr. |
| Adriana Prentoulis, trustee of<br>The Tataki Memorial Trust<br>v.<br>Ocean Hills Homeowners Assoc.;<br>Lordon Enterprises Inc., dba<br>Lordon Management Co.; Does<br>10/14/2016 00881379CJC Glass | Property damage. Defendants failed to maintain the common areas resulting in damage to plaintiff's townhouse. | Gregory Robinson<br>Robinson & Robinson<br>LLP |
| Andrew Kopf<br>v.<br>Nelson Brothers Venice Alf<br>Management LLC; Nelson<br>Brothers Professional Real Estate<br>LLC; Does<br>10/14/2016 00881449CJC<br>Crandall | Collections. Defendants owe $833,000 for an unpaid loan. | Maria Pum<br>Henderson Caverly |
| Royal Plywood Company LLC<br>v.<br>Display Works LLC; Does<br>10/14/2016 00881399CJC Scott | Collections. Defendant owes $30,000 for wood. | Robert Dewberry<br>theDewberryfirm |
| Sam Inc., dba Sam Chang Foods<br>v.<br>Hansik Inc., dba Moodaepo<br>Fullerton; Christine Son, dba<br>Korea House; Does<br>10/17/2016 00881469CJC<br>Schulte | Collections. Defendants owe $45,000 for goods. | S. Calvin Myung |
| American President Lines Ltd. | Collections. Defendants owe $43,000 for goods. | Michael Sayer |

5

EXHIBIT 1<br>PAGE 19

| | | |
|---|---|---|
| v.<br>Amira Foods Inc.; Amira Grand I Foods Inc.; Karan Chanana; Does<br>10/17/2016 00881495CJC Chaffee | | Debt Recovery Attorneys |
| National Union Fire Insurance Company of Pittsburgh, PA, administered by Liberty Mutual Insurance<br>v.<br>Monique Marie Parra; Curtis Pines; James Albert Bradley; Murrieta Automotive Co.; Does<br>10/17/2016 00881489CJC Gastelum | Subrogation. Recovery of workers' compensation benefits. | Jeff Marsilio<br>Stockwell Harris |
| Stoney-Miller Consultants Inc. dba Geofirm<br>v.<br>Faith 5 Property Owner LLC; Does<br>10/14/2016 00881486CJC Griffin | Foreclosure of mechanics' lien. | Michael Wroniak<br>Collins Collins |
| D'Alessio Investments LLC<br>v.<br>Real Properties Network LLC; Does<br>10/14/2016 00881429CJC Glass | Foreclosure of deed of trust. | Bradley Knypstra<br>Knypstra Hermes LLP |
| Denis J.A. Poulin; Linda Schweers-Hunn<br>v.<br>Kozy Quarters 4 Seniors Inc., dba Kozy Quarters 4 Seniors; Does<br>10/12/2016 00881512CJC Aguirre | Elder abuse. Defendants failed to provide proper care and placed a child safety lock on the interior doorknob of Poulin's room, leaving him with feces all over the bed, walls and furniture. Plaintiff was also deprived of his medications and had several bruises on his body. | James Morgan<br>Lanzone Morgan LLP |
| Ronald D. Christian; Linda Sue Christian, by and through her successor in interest, Ronald D. Christian<br>v.<br>Thc- Orange County Inc, dba Kindred Hospital Brea; Does<br>10/14/2016 00881269CJC Marks | Elder abuse and wrongful death. Defendants failed to provide proper care resulting in plaintiff falling, suffering injures which eventually led to her death. | Steven Peck<br>Peck Law Group |
| Deborah Ann McCann; Mary Ellen Russell; Jennifer McCann; Diana Viguri; William T. McCann<br>v.<br>Orange Coast Memorial Medical Center; Quy Viethong Le MD; Memorial Care; Thomas Joseph | Medical malpractice and wrongful death. Plaintiffs' family member died of respiratory failure from septic shock due to abdominal abscess. | Steven Weinberg |

EXHIBIT 1
PAGE 20

Asciuto MD; Does
10/17/2016 00881187CJC
Aguirre

| | | |
|---|---|---|
| Michael R. Ellis<br>v.<br>Anaheim Police Department<br>10/17/2016 00881535CJC Horn | Public Records Act. Defendant denied plaintiff's request for records pertaining to a police report which resulted in plaintiff being searched and his property being confiscated. | Kevin Carey<br>Webb & Carey |
| Jim Boehm; Stephen Handler<br>v.<br>Monarch Bay Terrace Property Owners Assoc. Inc.; Chris Neria; Stacy Neria; Does<br>10/14/2016 00881414CJC Howard | Declaratory relief. Defendants breached the CC&R's by failing to enforce and comply with the restrictive covenant which prohibits building or other improvements that interferes with the view from another lot. | Daniel Levison<br>Levinson Stockton LLP |
| MacArthur Village Homeowners Assoc.<br>v.<br>Dove Real Estate and Assoc. LLC; Does<br>10/17/2016 00881561CJC Scott | Writ of mandate to compel defendant to respond to plaintiff's request for records. | Larry Mikelson<br>Mikelson & Mikelson |
| Larry Ray Houck Jr., aka Larry R. Houck Jr.<br>v.<br>Elizabeth M. Rios; Nydia Houck; Georgina E. Bautista, dba GB Haccienda Real Estate; Does<br>10/14/2016 00881369CJC Bauer | Quiet title. | Karel Rocha<br>Prenovost Normandin |
| Gainquick LLC<br>v.<br>Val-Chris Investments Inc.; Alan Rothman; Misty Rouchard; Ronald Rouchard; Does<br>10/14/2016 00881410CJC Sherman | Quiet title. | Jeffrey Gwynn<br>Ardent Law Group |
| James Taebok Kim<br>v.<br>The Wolf Firm; The Bank of New York Mellon; Mortgage Electronic Registration Systems Inc.; Bank of America<br>10/17/2016 00881542CJC Marks | Wrongful foreclosure. | Pro se |
| Shirin Alizadeh<br>v.<br>Nationstar Mortgage LLC; Barrett Daffin Frappier Treder & Weiss LLP; Does<br>10/14/2016 00881334CJC Horn | Wrongful foreclosure. | Bobby Samini<br>Samini Scheinberg |
| Darren Colbert | Wrongful foreclosure. | Deborah Gutierr3ez |

EXHIBIT 1
PAGE 21

|  |  |  |
|---|---|---|
| v.<br>Niguel Ranch Homeowners Assoc.; McIntyre Law Group Inc.; Does<br>10/17/2016 00881599CJC DiCesare |  | Thrive Law |
| Craig Peterson<br>v.<br>Nationstar Mortgage LLC; Quality Loan Service Corp.; US Bank; Does<br>10/17/2016 00881631CJC Gastelum | Wrongful foreclosure. | Julias Stewart<br>Stewart-Reed Law Group |
| Dove Canyon Recovery Acquisition LLC<br>v.<br>RSM Fitness LLC<br>10/17/2016 00881404CJC | Unlawful detainer. | John Dineen<br>Sheppard Mullin |
| C & S LLC<br>v.<br>California Furniture Outlet; Does<br>10/14/2016 00881316CJC | Unlawful detainer. | Steven Silverstein |
| David Sepulveda<br>v.<br>Ford Motor Company; Does<br>10/17/2016 00881480CJC Schwarm | Auto warranty. Plaintiff purchased a defective 2014 Ford Focus. | Mark Romano<br>Romano Stancroff |
| Adrian N. Miclea<br>v.<br>BMW of North America LLC; Crevier BMW; Does<br>10/17/2016 00881628CJC Griffin | Auto warranty. Plaintiff purchased a defective 2013 BMW M5 | Jim Whitworth |
| Louie Rincon; Rosa Rincon<br>v.<br>Ford Motor Company; Theodore Robins Inc.; Does<br>10/14/2016 00881353CJC Marks | Auto warranty. Plaintiffs purchased a defective 2012 Ford Fiesta. | Christopher Lovasz<br>Consumer Legal Services |
| Sean Carroll<br>v.<br>General Motors LLC; Does<br>10/17/2016 00881466CJC Gooding | Auto warranty. Plaintiff purchased a defective 2011 Chevrolet Equinox. | Mark Romano<br>Romano Stancroff |
| Pari Azari<br>v.<br>Elite Machines LLC; Penske Truck Leasing Co. LP; Joel Wiezzorka; Does<br>10/17/2016 00881497CJC | Car collision. | Gene Goldsman |

EXHIBIT 1
PAGE 22

Aguirre

Christopher Barrett                    Car collision.                                    Mark Plummer
v.
California Highway Patrol; Does
10/17/2016 00881135CJC Bauer

Marisela Rosales                       Car collision.                                    Mark Plummer
v.
Supra National Express; Manuel
Zelaya; Does
10/17/2016 00881472CJC
Wilson

If you have any questions about subscriptions or need a re-send, please contact our home office at (626) 577-6700.

9

**EXHIBIT 1**
**PAGE 23**

| From: | CNS Santa Ana <orangecounty@courthousenews.com> |
|---|---|
| Sent: | Monday, November 07, 2016 5:06 PM |
| To: | CNS Circulation |
| Subject: | CNS Orange County Report Nov 07, 2016 |
| Attachments: | BlackBerry Version - CNS Orange County Report Nov 07, 2016 (2136178).txt; CNS Orange County Report Nov 07, 2016 (2136178).rtf |

Courthouse News Service      Dingers      Database Search

## Orange County Report
November 07, 2016

The report below and its attendant dings and download links may not be transmitted outside the subscribing office location, or accessed from a non-subscribing office. A separate subscription is required for each office that receives the report or its dings and download links, unless your firm has signed up for firm-wide distribution. If you need help finding underlying documents, please call or email Joanna Mendoza at orangecounty@courthousenews.com or 714-972-2765. The summaries below describe allegations only and should not be taken as fact.

### USDC Central District of California - Santa Ana Division
### Southern Division - Santa Ana

| | | |
|---|---|---|
| Cheyenne Gray, individually and on behalf of all others similarly situated<br>v.<br>Collection Consultants of California<br>11/7/2016 8:16 cv 2022<br>(Southern Division - Santa Ana) | Fair Debt Collection Act class action. Defendant attempted to collect debts by systematically sending mail based collection correspondence that failed to advise the consumers and debtors of the original creditors.<br>Download<br>Beta Download | Todd Friedman |
| California Faucets Inc.<br>v.<br>Infinity Drain Ltd<br>11/7/2016 8:16 cv 2023<br>(Southern Division - Santa Ana) | Trademark. Defendant sells decorative shower drains that infringe upon plaintiffs StyleDrain mark.<br>Download<br>Beta Download | Larry Russ<br>Russ August and Kabat |
| Kristen S Speer<br>v.<br>Unum Life Insurance Company of America; UNUM Group; The Travelor Corporation; The Travelor Corporation Long Term Disability Plan; The Travelor Corporation Life Insurance Plan<br>11/7/2016 8:16 cv 2020<br>(Southern Division - Santa Ana) | E.R.I.S.A.<br>Download<br>Beta Download | Stuart Sandhaus |
| James "Barry" Hawkins | Removal from Orange County Superior Court. | p: Darren Campbell |

EXHIBIT 1
PAGE 24

| | | |
|---|---|---|
| v.<br>Biotronik Inc.<br>11/7/2016 8:16 cv 2021<br>(Southern Division - Santa Ana) | Employment. | Aitken Campbell<br>d: Anthony Decristoforo<br>Stoel Rives LLP |

**Orange County Superior Court**

| | | |
|---|---|---|
| Juan Manuel Ruvalcaba Quiroz,<br>individually and on behalf of all<br>others similarly situated<br>v.<br>Circle M Contractors, Inc.; Does<br>11/3/2016 00885065CXC Claster | Employment class action. Plaintiff worked as a framer and<br>was paid a flat rate per day, in cash, regardless of how<br>many hours he worked. Defendants also fail to provide<br>breaks and issue wage statement.<br>Download<br>Beta Download | Paul Haines<br>Haines Law Group |
| Felipe Tejero, an individual, on<br>behalf of himself and on behalf<br>of all persons similarly situated<br>v.<br>Firstmed Ambulance Services<br>Inc.;<br>11/4/2016 00885355CXC Colaw | Employment class action. Defendant fails to pay overtime<br>wages, provide duty-free breaks, pay all wages when due<br>and provide accurate wage statements.<br>Download<br>Beta Download | Alexander Dychter<br>Blumenthal Nordehaug<br>& Bhowmik |
| Peter Chen<br>v.<br>St. Jude Medical Inc.; St. Jude<br>Medical Cardiology Division<br>Inc.; Does<br>11/7/2016 00885316CJC Chaffee | Employment and wrongful termination. Plaintiff was fired<br>without cause and induced to stay on defendants' payroll,<br>via a six month paid leave in exchange for executing a<br>separation agreement. Defendants then spent the next few<br>months looking for something to justify plaintiff's<br>termination so they could "claw back" over $2 million in<br>stock options which a majority were vested.<br>Download<br>Beta Download | Jeff Augustini |
| Lucy Rosanna<br>v.<br>Schoolsfirst Federal Credit<br>Union; Does<br>11/4/2016 00885111CJC Banks | Employment, disability discrimination and wrongful<br>termination. Plaintiff faced discrimination and retaliation<br>when she returned from medical leave. Defendant changed<br>her job duties and failed to provide accommodations and<br>when plaintiff announced her intention to go back on<br>leave, she was fired.<br>Download<br>Beta Download | Aaron Olsen<br>Zeldes & Haeggquist &<br>Eck LLP |
| Christopher Pelayo<br>v.<br>Scott English Plumbing Inc.;<br>Does<br>11/7/2016 00885258CJC<br>Schwarm | Employment and wrongful termination. Plaintiff was<br>subjected to retaliation after voicing his concerns about<br>defendant's pattern of OSHA and other labor violations.<br>Plaintiff was not promoted, not given pay increases and<br>was fired. Defendant also fails to pay overtime wages,<br>provide breaks and issue accurate wages statements.<br>Download<br>Beta Download | Abraham Tang |
| Maria Antonia Ramirez<br>v.<br>Arroyo Packaging, aka Arroyo | Employment. Plaintiff was not paid overtime wages or<br>given breaks.<br>Download | John Edwards |

EXHIBIT 1<br>PAGE 25

Plastics; Does
11/4/2016 00885282CJC
Gastelum

Beta Download

Newport Banning Ranch LLC;
Cherokee Newport Beach LLC;
Aera Energy LLC
v.
California Coastal Commission;
Does
11/4/2016 00885114CXC
Dunning

Writ of mandate and inverse condemnation. Action challenging defendants decision to deny the application of Newport Banning Ranch for a coastal development permit to undertake environmental cleanup, habitat restoration and new development at a site known as the Newport Banning Ranch. Plaintiffs are seeking $490 million in damages.
Download
Beta Download

Steven Kaufmann
Richards Watson &
Gershon

Sergio Sanchez, individually and as guardian at litem, for Leonel Sanchez; Lorena Sanchez
v.
Jerry Minksy DDS; Dental Corp., dba Children's Dental Group; Jerry Minsky DDS; Rita Y. Chuang DDS; Gabriel Mizraji DDS; Lillian Ho DDS; Karla Thomposn DDS; David Han DDS; Does
11/4/2016 00885144CJC Fell

Dental malpractice. In order to maximize profits, defendants perform unnecessary procedures on young children without consent, perform painful extractions without local anesthesia, restrain children through a barbaric straightjacket-like device. At least 57 of defendants' patients were infected with mycobacterial infections, as a result of defendants' infected water and irrigation systems.
Download
Beta Download

Alexnder Napolin
Napolin Law Firm

Miranda McLemore, individually and as successor in interest of Mary McLemore; Greyson McLemore, a minor by and through his guardian ad litem, Miranda McLemore, individually and as successor in interest of Mary McLemore
v.
Roque Center Inc.; Morningside Recovery LLC; Nishant Kumar; Does
11/4/2016 00885188CJC Schulte

Wrongful death. Plaintiff Mary died while in defendants care for substance abuse treatment.
Download
Beta Download

Daniel Gibalevich
Dag Law Firm

Radiant Properties LLC
v.
Douglas Wiens; Douglas Wiens, dba Orange Coast Wiery; Orange Coast Winery LLC; Does
11/4/2016 00885086CJC
Schwarm

Contract. Defendants abandoned the property and failed to pay rent.

Adam Rossman

Jacoma Out fitters LLC;
Elizabeth Barnes
v.
Anajet Inc.
11/4/2016 00885138CJC Aguirre

Contract. Defendant failed to deliver a working garment printer.

Dimitri Gross

Continuing Life Communities

Contract. Defendants failed to complete the construction

Don Fisher

3

EXHIBIT 1
PAGE 26

| | | |
|---|---|---|
| Thousand Oaks LLC<br>v.<br>Hensel Phelps Construction Co.;<br>H.L. Moe Co. Inc.; Does<br>11/7/2016 00885267CJC Schulte | project in a workmanlike manner. | Palmieri Tyler |
| Faris Lee Investments Inc.<br>v.<br>Matthew Mousavi; M. Mousavi<br>Inc.; Patrick Luther; Does<br>11/4/2016 00885215CJC Lewis | Contract. Defendants breached the independent contractor<br>agreement by failing to procure listings, by disclosing<br>plaintiff's proprietary information to direct competitors<br>and by soliciting plaintiff's employees and agents. | Vasko Mitzev<br>Ferruzzo & Ferruzzo<br>LLP |
| Microsemi Corp.<br>v.<br>Semix Engineering and<br>Marketing Ltd; Does<br>11/4/2016 00885162CJC Horn | Declaratory relief. Plaintiff contends that under the<br>termination of the sales representative agreement,<br>defendant is not entitled to any compensation. | Mark Yocca<br>The Yocca Law Firm |
| Peter Aguilar<br>v.<br>Steven Larry Andre; Corner<br>Bakery Inc.; Does<br>11/7/2016 00885309CJC<br>Gastelum | Premises liability. Plaintiff was assaulted by defendant<br>Andrew while he was at Corner Bakery. | Hetinder "Raja" Gill<br>Gill Law Group |
| Mark Knight Rabbit MD<br>v.<br>Target Inc.; Does<br>11/4/2016 00885142CJC Lewis | Premises liability. | Arun Dayalan<br>Shawn Steel Law Firm |
| Magdalena Gomez Garcia<br>v.<br>Apartment Investment and<br>Management Company; OP<br>Property Management LP; Does<br>11/7/2016 00885253CJC Fell | Trip and fall on uneven pavement. | Ted Wacker |
| Adela Reyes-Ibarra<br>v.<br>Fresh Choice Marketplace; Does<br>11/7/2016 00885186CJC<br>Gooding | Slip and fall on liquid. | Patricia Salcedo<br>The Dominguez Firm |
| Joseph D'Agostino; Margaret<br>Miglietta D'Agostino; both<br>individually and as trustees of the<br>Miglietta-D'Agostino Family<br>Trust<br>v.<br>Canyon Estates Community<br>Assoc.; Does<br>11/4/2016 00885171CJC Bauer | Property damage. Defendant failed to maintain the<br>common areas resulting in damage to plaintiffs' property. | Serge Tomassian<br>Tomassian<br>Throckmorton & Inouye<br>LLP |
| Ceramiche Atlas Concorde Spa<br>v.<br>Anastone Quarry and Sculpture | Collections. Defendant owes $76,000 for goods. | Alan Brodkin |

EXHIBIT 1<br>PAGE 27

LLC
11/4/2016 00885082CJC Scott

| | | |
|---|---|---|
| Balboa Capital Corp.<br>v.<br>Nationwide Telecom Inc.; Nikoo Inc.; Omid Shekarchian; Does<br>11/4/2016 00885161CJC Sherman | Collections. Defendants failed to make payments under the equipment finance agreement. | Michelle Chiongson<br>Balboa Capital Corp. |
| JC&Company Law Corp.<br>v.<br>Chosun Refractories US Inc.; GRE Management LLC; Does<br>11/7/2016 00885226CJC Horn | Collections. Defendants owe $104,000 for legal services. | June Cutter<br>Reden & Reden |
| Enterprise Counsel Group<br>v.<br>Jeffrey A. Diehl; Nitro 2 Go Inc.; Nitro Rocks Inc.; ETC Distributing Inc.; Nevada Nitro 2 Go; Does<br>11/4/2016 00885196CJC Griffin | Collections. Defendants owe $100,000 for legal services. | James Azadian<br>Enterprise Counsel Group |
| JC&Company PC<br>v.<br>Chosun Refractories US Inc.; GRE Management LLC; Does<br>11/7/2016 00885257CJC Scott | Collections. Defendants owe $192,000 for consulting services. | June Cutter<br>Reden & Reden |
| Gravitational Solutions Inc., dba Eventvibe<br>v.<br>Identity Management Group LLC; Does<br>11/7/2016 00885261CJC Gooding | Collections. Defendant owes $71,000 for services. | Nick Iezza<br>Spiwak & Iezza LLP |
| Sfadia Inc.<br>v.<br>R and T Oil Inc.; Does<br>11/7/2016 00885279CJC Howard | Collections. Defendant owe $36,000 for goods and services. | Henry Hwang<br>Gramercy Law Group |
| Endurance American Specialty Insurance Company<br>v.<br>Mark Scott Cunningham; Commercial Realty Group, aka CRG Investments Inc.<br>11/7/2016 00885325CJC Servino | Subrogation. Recovery of insurance benefits. | Teresa Ponder<br>Berger Kahn |
| Fred Sakurai<br>v.<br>Bay Crest Center LLC; Geesis Healthcare LLC; Genesis Administrative Services LLC; | Elder abuse. Defendants failed to provide proper care to plaintiff. | Stephen Garcia<br>Garcia Artigliere & Medby |

**EXHIBIT 1**
**PAGE 28**

Cynthia Jackson Geraldine
Garcia; Does
11/7/2016 00885334CJC Aguirre

| | | |
|---|---|---|
| Gregg Abel Construction Inc.<br>v.<br>Mario Melendez; Rasta Taco<br>Laguna Beach Inc.<br>11/4/2016 00885243CJC | Petition to compel arbitration. | Laurence Nokes<br>Nokes & Quinn |
| Nationstar Mortgage LLC<br>v.<br>Meridian Pacific Builders Inc.;<br>Does<br>11/4/2016 00885222CJC<br>Sherman | Quiet title. | Erica Loftis<br>Buckley Madole |
| Westcore So-Cal II LLC<br>v.<br>Invents Company LLC; Does<br>11/7/2016 00885307CJC | Unlawful detainer. | Jennifer Freedman |
| Andres Chavez<br>v.<br>JP Morgan Chase Bank; US<br>Bank; HSBC Mortgage Services<br>Inc.; Mortgage Electronic<br>Registration Systems Inc.; Does<br>11/7/2016 00885270CJC<br>DiCesare | Wrongful foreclosure. | Tony Cara<br>CDLG |
| Theresa Heatley<br>v.<br>Ford Motor Company; Does<br>11/7/2016 00885181CJC<br>Crandall | Auto warranty. Plaintiff purchased a defective 2012 Ford Focus. | Mark Romano<br>Romano Stancroff |
| Lorri Aguilar<br>v.<br>General Motors LLC; Does<br>11/7/2016 00885189CJC<br>DiCesare | Auto warranty. Plaintiff purchased a defective 2008 GMC Acadia. | Mark Romano<br>Romano Stancroff |
| Jonathan Wijono<br>v.<br>BMW of North America LLC;<br>PAG Santa Ana B1 Inc., dba<br>Crevier BMW; Does<br>11/4/2016 00885122CJC<br>Gastelum | Auto warranty. Plaintiff purchased a defective 2016 BMW X5. | Christopher Lovasz<br>Consumer Legal<br>Services |
| Cheryl Sellers; Kenneth Sellers<br>v.<br>Nissan North America Inc.; Does<br>11/4/2016 00885205CJC Chaffee | Auto warranty. Plaintiff purchased a defective 2013 Nissan Leaf. | Steven Marchbanks<br>Premier Legal Center |

EXHIBIT 1
PAGE 29

If you have any questions about subscriptions or need a re-send, please contact our home office at (626) 577-6700.

EXHIBIT 1
PAGE 30

| | | |
|---|---|---|
| **From:** | CNS Santa Ana <orangecounty@courthousenews.com> | |
| **Sent:** | Wednesday, November 09, 2016 5:41 PM | |
| **To:** | CNS Circulation | |
| **Subject:** | CNS Orange County Report Nov 09, 2016 | |
| **Attachments:** | BlackBerry Version - CNS Orange County Report Nov 09, 2016 (2138553).txt; CNS Orange County Report Nov 09, 2016 (2138553).rtf | |

Courthouse News Service      Dingers      Database Search

### Orange County Report
November 09, 2016

The report below and its attendant dings and download links may not be transmitted outside the subscribing office location, or accessed from a non-subscribing office. A separate subscription is required for each office that receives the report or its dings and download links, unless your firm has signed up for firm-wide distribution. If you need help finding underlying documents, please call or email Joanna Mendoza at orangecounty@courthousenews.com or 714-972-2765. The summaries below describe allegations only and should not be taken as fact.

**USDC Central District of California - Santa Ana Division**
**Southern Division - Santa Ana**

| | | |
|---|---|---|
| Kasem Cares Inc.; Kerri Kasem<br>v.<br>Cameron Glenar; Rose Street Productions LLC<br>11/9/2016 8:16 cv 2033<br>(Southern Division - Santa Ana) | Declaratory relief as to copyright ownership. Plaintiff, Casey Kasem's daughter, and defendant agreed to make a documentary to create awareness about elder abuse. During the process, defendant Glenar no longer was interested in using the documentary for humanitarian purposes, but instead for a quick paycheck and is now holding the footage hostage with a $100,000 price tag.<br>Download<br>Beta Download | Bryan Freedman<br>Freedman and Taitelman LLP |
| Jay Sherman<br>v.<br>American Express Company; Gatestone & Co. International Inc.<br>11/9/2016 8:16 cv 2034<br>(Southern Division - Santa Ana) | Fair Debt Collection Act.<br>Download<br>Beta Download | Jared Hartman<br>Semnar and Hartman Llp |
| Hestan Commercial Corporation<br>v.<br>Jade Range LLC<br>11/9/2016 8:16 cv 2036<br>(Southern Division - Santa Ana) | Trademark Infringement -Lanham Act. Defendant is selling cooking and culinary products with designs that infringe upon plaintiff's registered marks.<br>Download<br>Beta Download | Joshua Mandell<br>Akerman LLP |
| John Ho<br>v.<br>Anthony Le | Americans With Disabilities Act. Defendant fails to provide accessible parking spaces at its premises.<br>Download | Pamela Tsao<br>Ascension Law Group |

1

**EXHIBIT 1**
**PAGE 31**

| | | |
|---|---|---|
| 11/9/2016 8:16 cv 2032<br>(Southern Division - Santa Ana) | Beta Download | |
| Eduardo Figueroa<br>v.<br>Allied Building Products Corp.<br>11/9/2016 8:16 cv 2037<br>(Southern Division - Santa Ana) | Removal from Orange County Superior Court.<br>Employment. | p: Sofonio &<br>Associates, Inc.<br>d: Karin Morgan<br>Cogbill<br>Littler Mendelson Pc |

**Orange County Superior Court**

| | | |
|---|---|---|
| Abdul Malik, individually and on<br>behalf of all others similarly<br>situated<br>v.<br>Caribou Coffee Inc.; Does<br>11/7/2016 00885630CXC Claster | Business tort class action. Defendant's "Gourmet Coffee<br>of the Month Club" fails to comply with California's<br>Automatic Renewal Law by failing to provide compliant<br>notices and disclosures.<br>Download<br>Beta Download | Gene Stonebarger<br>Stonebarger Law |
| Jernimo Lucano, an individual<br>and on behalf of all others<br>similarly situated<br>v.<br>Umpco Inc.<br>11/9/2016 00885837CXC<br>Dunning | Employment class action. Because of defendant's<br>impermissible "rounding" policy and their failure to pay<br>for work done before the start of the employees' shifts, the<br>wage statements issued do not accurately reflect the hours<br>worked or the wages earned.<br>Download<br>Beta Download | Haines Law Group |
| Juan Carlos Huezo Murcia<br>v.<br>G & M Mattress and Form Corp.;<br>Does<br>11/9/2016 00885758CJC Glass | Employment, disability discrimination and wrongful<br>termination. Defendant refused to allow plaintiff to return<br>to work following medical leave.<br>Download<br>Beta Download | A. Jacob Nalbandyan<br>Employees' Legal<br>Advocates LLP |
| David Assarian<br>v.<br>Lux Technology Group Inc.;<br>Aaron Green; Michelle Green;<br>Does<br>11/8/2016 00885645CJC Howard | Employment. Defendants failed to pay plaintiff's wages<br>when he was laid off.<br>Download<br>Beta Download | David Bobadilla<br>Oracle Law Firm |
| David Reed<br>v.<br>Progress Advocates Group LLC;<br>John Dachroeden; Does<br>11/9/2016 00885773CJC Scott | Employment. Plaintiff was passed over for promotions<br>and not given the same level support as his non-African-<br>American co-workers. Plaintiff was subjected to abusive<br>and harassing behavior by defendant Dachroeden who<br>often used the word "n-gger" and wore a KKK mask to a<br>meeting. Defendant failed to take any corrective action<br>and instead fired plaintiff.<br>Download<br>Beta Download | Howard Magee<br>Diversity Law Group |
| Lyle Gross<br>v.<br>Fisher & Paykel Heathcare Inc.;<br>Fisher & Paykel Distribution | Employment. Instead of providing additional training and<br>guidance to assist plaintiff with his ADD, defendants<br>instead put him on a performance improvement plan<br>which was designed to make him fail so defendants could | Sandra Bauer<br>The Bauer Law Group |

**EXHIBIT 1<br>PAGE 32**

| | | |
|---|---|---|
| Inc.; Steve Lacke; Does<br>11/9/2016 00885809CJC Wilson | fire him.<br>Download<br>Beta Download | |
| John C. Marcos, individually and on behalf of all others similarly situated<br>v.<br>The Wolf Firm, a law corp.; RCO Legal PS, fka Routh, Crabtree & Olsen; Northwest Trustee Services Inc. JP Morgan Chase Bank; Chase Hme Finance-Tx; Select Portfolio Services Inc.; Does<br>11/7/2016 00885625CJC Crandall | Tort. Defendants enacted a scheme to increase their profits by assessing unearned fees, new debts and impermissible kickbacks while collecting delinquent debts and enforcing security interests in real property. Defendants either provided no services, duplicative or illusory services in exchange for adding the grossly inflated fees to the accounts of plaintiff and other similarly situated individuals.<br>Download<br>Beta Download | Larry Glazer |
| Sonny James Morgan; Kenna Kaylee Morgan<br>v.<br>General Motors LLC; Simpson Garden Grove Inc., dba Simpson Chevrolet of Garden Grove; Does<br>11/8/2016 00885641CJC Wilson | Product liability. Because of the vehicle's high center of gravity and insufficient strength in its pillars, windshield headers and roof rails, plaintiff was crushed and rendered a quadriplegic when the vehicle rolled over.<br>Download<br>Beta Download | Brian Chase<br>Bisnar Chase |
| Leslie Noel; Leeanne Lacorazza; Pamela Posner<br>v.<br>W. Rod Stern; Murtaugh Meyer Nelson & Treglia LLP; Does<br>11/9/2016 00885764CJC Crandall | Legal malpractice.<br>Download<br>Beta Download | Robert Legate<br>Legate Law Corp. |
| Cynthia Toste; Jennifer Toste<br>v.<br>William West Seegmiller Esq, dba The Seegmiller Law Firm; Leticia Ostler<br>11/8/2016 00885668CJC Fell | Professional negligence.<br>Download<br>Beta Download | Pro se |
| Summer Huang<br>v.<br>Ross Stores Inc.; Sensormatic Electronic LLC; Does<br>11/8/2016 00885657CJC Banks | Negligence. Defendants' negligently placed a security tag on a pair of shoes resulting in plaintiff injuring her foot while trying on the shoes.<br>Download<br>Beta Download | Martin Jerisat<br>Jerisat Firm |
| Wilbert Hicks<br>v.<br>AHMC Anaheim Regional Medical Center LP; Mohamad El-Nachef MD; Does<br>11/9/2016 00885811CJC DiCesare | Medical malpractice. Plaintiff was informed he had HIV and was prescribed medications that he took for a year only to find out he was not HIV positive.<br>Download<br>Beta Download | Koorosh Shahrokh<br>National Choice Lawyers |
| PC Group Retail LLC | Contract. Defendants abandoned the premises and was | Richard Seide |

3

EXHIBIT 1
PAGE 33

| | | |
|---|---|---|
| v.<br>Ocean Blue Art & Design LLC;<br>John Guzman; Does<br>11/8/2016 00885600CJC Aguirre | delinquent in rent. | |
| Libertad Terrazas; Cesar<br>Manzano<br>v.<br>First Choice Auto Center Inc.,<br>dba Itamax Motors; F.C.A.C.<br>Inc., dba First Choice Auto<br>Center Inc.; Luis Razo; Does<br>11/9/2016 00885803CJC Schulte | Contract. Defendants failed to make payments under the<br>settlement agreement. | Kasra Sadr<br>The Sadr Law Firm |
| Byrnes & Kiefer Company, dba<br>Chefmaster<br>v.<br>Bershtel Enterprises LLC, dba<br>Wepackitall<br>11/9/2016 00885819CJC Banks | Contract. Defendants refused to repay the equipment<br>advance or turn over the equipment. | Marc Schneider<br>Stradling Yocca |
| Larry Gonzalez Sr.; Brenda L.<br>Wallace<br>v.<br>Sean Aziz; Cynthia Marie Aziz,<br>aka Cynthia Pinkney; City Light<br>Investments Corp., dba City<br>Light Realty; Does<br>11/8/2016 00885608CJC<br>Sherman | Fraud. Defendants induced plaintiffs into a partnership in<br>a house flipping venture and then failed to perform under<br>the agreement. | Saman Behnam |
| Ashley Burnett<br>v.<br>Kea Lani LLC; Fairmont Hotels<br>& Resorts US Inc.; HMC Kea<br>Lani LP; Host Kea Lani GP LLC;<br>Does<br>11/8/2016 00885612CJC Horn | Premises liability. Plaintiff fractured her collarbone while<br>riding defendant's waterslide. | Jonathan Hersey<br>Slater Hersey &<br>Liberman |
| Hannah Kim<br>v.<br>Shea/Baker Ranch Assoc.; LLC;<br>Does<br>11/8/2016 00885636CJC<br>Gooding | Premises liability. Plaintiff fractured her tibula after riding<br>defendant's tubular playground slide. | David Solo |
| Alice Vaz<br>v.<br>Buie Stoddard Group LLC;<br>Pacific West Asset Management<br>Corp.; Does<br>11/9/2016 00885755CJC Bauer | Trip and fall on uneven walkway. | Robert Gibson<br>Gibson & Hughes |
| Security National Insurance<br>Company<br>v. | Collections. Defendants owe $118,000 for workers'<br>compensation premiums. | Timothy Aires<br>Airess Law Firm |

4

EXHIBIT 1<br>PAGE 34

Pit Fire Pizza Co. Inc., dba
Deluxe Foods; Pit Fire Marina
Inc.; Superba Rose LLC, dba
Superba Snack Bar; Deluxe
Foods LLC, dba Pitfire Artisan
Pizza, dba Pitfire Artisan Pizza,
dba Pitfire Pizza Company;
Fireworks Pizza LLC; Pitfire
Executives LLC; Pit Fire
Westwood LLC; Superba FB
Venice LLC; Pitfire Marina LP;
Pit Fire Manhattan Beach LLC;
Pit Fire Fairfax LLC; East
Borough Culver City LLC; Pit
Fire Costa Mesa LLC; Does
11/8/2016 00885606CJC Lewis

| | | |
|---|---|---|
| Balboa Capital Corp.<br>v.<br>Georgia Metal Enterprises Inc.;<br>Vishal Sharma; Does<br>11/8/2016 00885624CJC Fell | Collections. Defendants owe $32,000 for leased equipment. | Michelle Chiongson<br>Balboa Capital Corp. |
| Michael Fitkin; Molly Fitkin<br>v.<br>Grant W. Robicheaux MD; Does<br>11/8/2016 00885640CJC Schulte | Medical malpractice. | Richard Cohn<br>Aitken Aitken Cohn |
| Steven Scovill; Chris Scovill<br>v.<br>Joseph Mayo MD; Does<br>11/9/2016 00885762CJC Fell | Medical malpractice. | Craig Walkon |
| Zohreh Ghasemi<br>v.<br>Kathy Maasoumi; Kathy<br>Maasoumi DDS Inc.<br>11/9/2016 00885738CJC<br>Sherman | Dental malpractice. Defendants negligently performed a root canal. | Kasra Torabi<br>Inhouse Co. |
| Anselmo M. Cruz<br>v.<br>Wells Fargo Bank; Mortgage<br>Registration System; Does<br>11/9/2016 00885821CJC Griffin | Wrongful foreclosure. | Tony Cara<br>CDLG |
| David Miranda<br>v.<br>American Honda Motor Co. In.;<br>Ocean of San Juan Capistrano;<br>Does<br>11/9/2016 00885827CJC<br>Gastelum | Auto warranty. Plaintiff purchased a defective 2016 Honda Civic. | Stephen Barnes<br>Barnes Law Firm |

EXHIBIT 1
PAGE 35

If you have any questions about subscriptions or need a re-send, please contact our home office at (626) 577-6700.

EXHIBIT 1
PAGE 36

| | | |
|---|---|---|
| **From:** | CNS Santa Ana <orangecounty@courthousenews.com> | |
| **Sent:** | Wednesday, November 23, 2016 4:32 PM | |
| **To:** | CNS Circulation | |
| **Subject:** | CNS Orange County Report Nov 23, 2016 | |
| **Attachments:** | BlackBerry Version - CNS Orange County Report Nov 23, 2016 (2150323).txt; CNS Orange County Report Nov 23, 2016 (2150323).rtf | |

Courthouse News Service      Dingers      Database Search

## Orange County Report
November 23, 2016

The report below and its attendant dings and download links may not be transmitted outside the subscribing office location, or accessed from a non-subscribing office. A separate subscription is required for each office that receives the report or its dings and download links, unless your firm has signed up for firm-wide distribution. If you need help finding underlying documents, please call or email Joanna Mendoza at orangecounty@courthousenews.com or 714-972-2765. The summaries below describe allegations only and should not be taken as fact.

### USDC Central District of California - Santa Ana Division
### Southern Division - Santa Ana

| | | |
|---|---|---|
| Nicholas Wylie; Shawna Wylie, on behalf of a class of similarly situated individuals v. Hyundai Motor America 11/22/2016 8:16 cv 2102 (Southern Division - Santa Ana) | Nevada Deceptive Trade Practices Act class action. Defendant's Hyundai Veloster, Hyundai Sonata (Eco) and Hyundai Elantra (Eco) that are equipped with a 7-speed dual-clutch automatic transmission contains a design defect in the transmission control module that causes shifting problems, stalling, delayed acceleration, or loss of power. Download Beta Download | Cody Padgett Capstone Law APC |
| Thandiwe T Dinani v. Sunlan-062804, LLC; Law Offices of Kenosian and Miele, LLP; Kenneth J. Miele; P. Tasby; S. Mora; Does 11/22/2016 8:16 cv 2103 (Southern Division - Santa Ana) | Fair Debt Collection Act. Defendants failed to file a satisfaction of judgment and collected $3,000 more than they were entitled to receive. Download Beta Download | Grenville Pridham |
| Donna Watson v. Optumrx Inc.; United Healthcare Insurance Company; Does 11/23/2016 8:16 cv 2106 (Southern Division - Santa Ana) | E.R.I.S.A. Download Beta Download | Alan Mansfield The Consumer Law Group |
| Extreme Dimensions Inc. | Copyright infringement. | Paul Chan |

1

EXHIBIT 1
PAGE 37

| | | |
|---|---|---|
| v.<br>American Plastic Technologies<br>LLC<br>11/23/2016 8:16 cv 2110<br>(Southern Division - Santa Ana) | Download<br>Beta Download | Bird Marella |
| Anthony Damiani<br>v.<br>Carmax Auto Superstores<br>California LLC<br>11/23/2016 8:16 cv 2108<br>(Southern Division - Santa Ana) | Auto warranty. Plaintiff purchased a defective 2009 BMW 335.<br>Download<br>Beta Download | Gregory Babbitt<br>Rosner Barry & Babbitt LLP |
| Amy Vanderhule<br>v.<br>Amerisourcebergen Corp.;<br>Amerisourcebergen Drug Corp.;<br>Heidii Thompson; Does<br>11/23/2016 8:16 cv 2104<br>(Southern Division - Santa Ana) | Removal from Riverside Superior Court. Employment. | p: Perry Smith<br>d: Yosef Mahmood<br>Blank Rome LLP |
| Krysten Griffith<br>v.<br>Hawaiian Airlines Inc.<br>11/23/2016 8:16 cv 2109<br>(Southern Division - Santa Ana) | Removal from Orange County Superior Court. Injury. | p: Kennith Peterson<br>d: Andrew Johnson<br>Condon and Forsyth LLP |

## Orange County Superior Court

| | | |
|---|---|---|
| Katherine Meacham, individually<br>and on behalf of all others<br>similarly situated<br>v.<br>El Pollo Loco Inc.; El Pollo Loco<br>Holdings Inc.; Does<br>11/22/2016 00888774CXC<br>Dunning | Business tort class action. Defendants record consumer-initiated telephone calls made to their customer service numbers without consent.<br>Download<br>Beta Download | Eric Grover<br>Keller Grover LLP |
| Felix Martin<br>v.<br>Interstate Hotels & Resorts Inc.,<br>dba Laguna Cliffs Marriott<br>Resort & Spa; Does<br>11/21/2016 00888741CJC<br>Gooding | Employment and wrongful termination. Plaintiff was placed on suspension and then fired based on the actions of another employee who converted money. Plaintiff's manager used him as a scapegoat to avoid liability and the consequences of having knowledge of the conversion.<br>Download<br>Beta Download | Thomas Gourde<br>Ray & Gourde |
| Christopher Soldan; Kayla Ryan<br>v.<br>MCG Sunflower Corner Plaza<br>LLC; Does<br>11/23/2016 00888772CJC Griffin | Americans With Disabilities Act. Defendant fails to provide detectable warnings for the visually impaired at its The Vitamin Shoppe located on Bristol Street in Santa Ana.<br>Download<br>Beta Download | Eric Calhoun<br>Calhoun & Assoc. |

**EXHIBIT 1**
**PAGE 38**

| | | |
|---|---|---|
| Maria Gonzalez<br>v.<br>Sara Barnett, individually, dba Cash Stop, aka #1 Cash Stop; Wilshire Commercial Capital LLC, dba Wilshire Consumer Credit; Does<br>11/22/2016 00888625CJC<br>Howard | Fraud. Defendants used plaintiff's information to a co-sign an auto-title loan without her consent or signature.<br>Download<br>Beta Download | Robert Thompson<br>Callahan Thompson |
| Sharon Jin Fei Jia<br>v.<br>Netco Title; Diana Pineda; Dana Park; Hartford Escrow Inc.; Giovanni Fabian Alaniz; Mark I. Real Estate Inc.; Hernan M. Espejo; Jimmy Gaughan; New Dimension Escrow<br>11/22/2016 00888594CJC<br>Schulte | Contract. Defendants breached the joint purchase real estate venture agreement by failing to account for plaintiff's expenditures related to the rehabilitation of the property and by allowing the property to be at risk for foreclosure. | Philip Myer |
| The Provident Group<br>v.<br>Fariba Esmaeili; Peyman Rad, aka Raymond Rad; Kaveh Zoghi; Mohammed Zoghi; Eskan Development Group Inc.; Does<br>11/22/2016 00888653CJC<br>Sherman | Contract. Defendants failed to pay plaintiff's broker commission. | Rick Blake<br>Blake & Ayaz |
| Cloud 9 Living Inc.<br>v.<br>Air Combat USA Inc.; Sky Thrills; Michael Blackstone Jr.; Does<br>11/23/2016 00888761CJC<br>Howard | Contract. Defendants breached the agreement by failing to provide flight experiences for bookings that were already made and confirmed. | Robert Augst, Esq.<br>Cloud 9 Living Inc. |
| Centerstone Communities Inc.<br>v.<br>Anderson David Jackson; Anderson Jackson Group Inc.; Does<br>11/22/2016 00888632CJC<br>Gastelum | Fiduciary duty. Defendants breached their fiduciary duties by failing to disclose the information relevant to plaintiff's interest in the marketing and sale of the property and by enabling the encumbrance and selling of the property. | Charles Hansen<br>Wendel Rosen |
| Wendi Debie<br>v.<br>Robert Dilbeck; Thomas Falbo; The Falbo Company Inc.; Dilbeck Brothers Masonry; Thomas Dilbeck<br>11/22/2016 00888828CXC | Construction defect. | Kenneth Gertz |
| Fang Wei<br>v. | Negligence. Defendant Aloria failed to remove plaintiff during a basketball game after plaintiff violently struck his | Nathaniel Bortz<br>Layfield & Barrett |

EXHIBIT 1
PAGE 39

Fairmont Schools Inc. Fairmont Preparatory Academy; Coach Ralph Aloria; Does 11/22/2016 00888642CJC Aguirre

head on the floor and began to display symptoms of serious injury.

| | | |
|---|---|---|
| Windsor Grat I; Windsor Grat II; Villa Marseilles Apartments LLC v. Bristol Shops RMAF II LLC; Red Mountain Group Inc.; Does 11/23/2016 00888766CJC Banks | Negligence. Defendants' dry cleaning operations resulted in tetrachloroethylene contamination to soil beneath the shopping center. | Keith Walker Cox Castle & Nicholson LLP |
| Anna Tyutina; Natalia Tyutina; Yekaterina Tyutina; Irina Tyutina; Arsen Ordoukhanian v. Pirch, Inc.; Does 11/22/2016 00888576CJC Fell | Negligence. As a result of the negligent installation of the washer and dryer, plaintiffs' home was damaged by water leaks and toxic mold. | Susan Stein |
| State Farm General Insurance Company v. Liberty Solar Systems Inc.; Does 11/22/2016 00886636CJC Chaffee | Subrogation. Defendant's negligent installation of solar panels caused $75,000 in damages to plaintiffs' insureds property. | Susan Benson Benson Legal |
| Robert Steinbock; Florence Steinbock v. Sunbelt Corporate Center II Inc.; Does 11/22/2016 00888639CJC Servino | Premises liability. Plaintiff was struck by a vehicle in defendant's parking lot. | Sergio Gutierrez |
| Myron D. Mayer v. West Coast Mobile Home Park Inc., dba Sutliff RV Park; Does 11/23/2016 00888706CJC Scott | Slip and fall on soapy water from a nearby washing machine. | David Solo |
| Indemnity Company of California v. Platinum Construction Inc.; Gretchen Streilein; The Estate of Darrin Streilein; Does 11/21/2016 00888525CJC Griffin | Indemnity. Plaintiff incurred losses of $313,000 in attorney fees and expenses in a civil action involving defendants. | Ali Salamirad SMTD Law LLP |
| Robertson's Ready Mix Ltd. v. Lennar Homes of California Inc.; Does 11/22/2016 00888584CJC Crandall | Foreclosure of mechanics' lien. | Christopher Fuselier |

4

EXHIBIT 1
PAGE 40

Advent Companies Inc.
v.
US Bank; Does
11/22/2016 00888700CJC
Crandall

Enforcement of stop payment notice.

Treg Julander
Advent Companies

Mission Recruiting LLC
v.
Your Neighborhood Urgent Care
LLC; Does
11/22/2016 00888593CJC
Gooding

Collections. Defendant owes $48,000 for services.

Aaron Bartz
Shanberg Stafford &
Bartz LLP

Balboa Capital Corp.
v.
Access Fitness Inc., dba Greene
Fitness LLC; Lorren Hotaling;
Green Fitness LLC; Does
11/23/2016 00888670CJC Glass

Collections. Defendants owe $43,000 for leased
equipment.

Michelle Chiongson
Balboa Capital Corp.

Red Hawk Fire & Security LLC,
dba Redhawk Fire & Security
v.
Dancor Construction Inc.; Does
11/23/2016 00888693CJC Fell

Collections. Defendant owes $25,000 for services.

Ronnie Chow
Hollins Law

Maged Tanios; Hanan Sedik, aka
Hanan Tanios
v.
Ocean Front Estates at Rancho
Palos Verdes Homeowners
Assoc.; Bali Management Group
Inc.; Lisa Levine; Kenneth
Heintz; John Sato; Does
11/21/2016 00888488CJC Scott

Declaratory relief. Plaintiffs contend the trees are
permissible under the terms of the CC&Rs, while
defendants contend that the trees are in violation and are
attempting to fine and potentially remove the trees from
plaintiffs' property.

Roger Buffington
Buffington Law Firm

Maria Guadalupe De Anda,
individually and as co-trustee of
the Rafael De Anda Family Trust
v.
The De Anda Family Limited
Partnership; Taqueria De Anda
Inc.; Does
11/22/2016 00888596CJC
Dicesare

Declaratory relief. Defendants have refused plaintiff's
request to inspect records and for an accounting.

William Hart
Hart King

Fernandez Lovato
v.
Array Skin Therapy
11/22/2016 00888589CJC Scott

Medical malpractice. Defendant negligently used a NB-
UVB light treatment therapy on plaintiff.

Jeffrey Lamb

Barbara M. Mora, guardian ad
litem, Steve Rico
v.
Jerry Minksy DDS; dental corp.,
dba Children's Dental Group;

Dental malpractice. In order to maximize profits,
defendants perform unnecessary procedures on young
children without consent, perform painful extractions
without local anesthesia, restrain children through a
barbaric straitjacket-like device. At least 57 of defendants'

Alexander Napolin
Napolin Law Firm

5

EXHIBIT 1
PAGE 41

Jerry Minsky DDS; Rita Y.
Chuang DDS; Gabriel Mizraji
DDS; Lillian Ho DDS; Karla
Thompson DDS; Gruenbaum
Advisory Services; Samuel H.
Gruenbaum; Does
11/23/2016 00888759CJC Banks

patients were infected with mycobacterial infections as a
result of defendants' infected water and irrigation systems.

Brooke Alexander
v.
Ditech Financial LLC; The Bank
of New York Mellon, fka The
Bank of New York; Bank of
America; Does
11/22/2016 00888713CJC
Schwarm

Wrongful foreclosure.

Marc Applbaum

1901 Newport LLC
v.
Sherbanee Enterprises Inc., dba
The Turnip Rose Company; Does
11/23/2016 00888739CJC

Unlawful detainer.

Jason Cha
Cha & Nam

WAC-GA Anaheim Holidngs LP
v.
Anabor LLC
11/23/2016 00888745CJC

Unlawful detainer.

Stephen Boren
Boren Osher & Luftman

Saly Saleh
v.
Lundvall's Distribution, Inc.;
Does
11/21/2016 00888479CJC Fell

Car collision.

Georges Meleka

If you have any questions about subscriptions or need a re-send, please contact our home office at (626) 577-6700.

**EXHIBIT 1
PAGE 42**

| | | |
|---|---|---|
| **From:** | CNS Santa Ana <orangecounty@courthousenews.com> | |
| **Sent:** | Thursday, December 08, 2016 5:40 PM | |
| **To:** | CNS Circulation | |
| **Subject:** | CNS Orange County Report Dec 08, 2016 | |
| **Attachments:** | BlackBerry Version - CNS Orange County Report Dec 08, 2016 (2162389).txt; CNS Orange County Report Dec 08, 2016 (2162389).rtf | |

Courthouse News Service        Dingers      Database Search

## Orange County Report
December 08, 2016

The report below and its attendant dings and download links may not be transmitted outside the subscribing office location, or accessed from a non-subscribing office. A separate subscription is required for each office that receives the report or its dings and download links, unless your firm has signed up for firm-wide distribution. If you need help finding underlying documents, please call or email Joanna Mendoza at orangecounty@courthousenews.com or 714-972-2765. The summaries below describe allegations only and should not be taken as fact.

### USDC Central District of California - Santa Ana Division
### Southern Division - Santa Ana

| | | |
|---|---|---|
| Lexxiom Inc.; Converze Media Group LLC v. Converze Interactive Inc.; Lido Labs LLC; Chris Picou; John Hernandez 12/8/2016 8:16 cv 2179 (Southern Division - Santa Ana) | Trade secrets. Individual defendants resigned their employment and then used plaintiff's proprietary information to develop a competing product line and systematically siphoned off customers. Download Beta Download | David Abel |
| John Ho v. Ace Anaheim Building LLC 12/8/2016 8:16 cv 2176 Guilford (Southern Division - Santa Ana) | Americans With Disabilities Act. The parking spaces designated as van-accessible has a valet stand and pole blocking the access aisle. Download Beta Download | Pamela Tsao Ascension Law Group |
| Inksee LLC, dba White Label MFG v. Teeshirt Ink Inc., dba DTG2GO; Vince Sciandra; Does 12/7/2016 8:16 cv 2175 (Southern Division - Santa Ana) | Removal from Orange County Superior Court. Breach of contract. | p: George Hampton IV Hampton Holley LLP d: Valerie Ho Greenberg Traurig LLP |
| William Chisholm v. Janssen Research and Development LLC ; Johnson and | Removal from Orange County Superior Court. Product liability. | p: Jonathan Staffeldt Milstein Adelman d: Rodney Hudson Drinker Biddle and |

1

**EXHIBIT 1**
**PAGE 43**

Johnson Pharmaceutical
Research and Development LLC;
Johnson and Johnson Company;
Janssen Ortho LLC; Janssen
Pharmaceuticals Inc.; Janssen
Pharmaceutica Inc.; Ortho-
Mcneil-Janssen Pharmaceuticals
Inc.; Bayer Corporation; Bayer
Healthcare LLC; Bayer
Healthcare Pharmaceuticals Inc.;
Bayer Phama Ag; Bayer
Healthcare Ag; Bayer Ag;
Mckesson Corporation; John
Does,
12/7/2016 8:16 cv 2177 Selna
(Southern Division - Santa Ana)

Reath LLP

Peter Chen
v.
St. Jude Medical Inc.; St. Jude
Cardiology Division Inc.; Does
12/7/2016 8:16 cv 2178 Carney
(Southern Division - Santa Ana)

Removal from Orange County Superior Court. Contract.

p: Jeff Augustini
d: Katherine V.A. Smith
Gibson Dunn and
Crutcher LLP

## Orange County Superior Court
`

Ryan McBean, individually and
on behalf of all others similarly
situated
v.
Amen Clinics Inc.; Bestnotes
LLC; Does
12/1/2016 00891254CXC
Dunning
( `)

Negligence class action. Plaintiff is a former NFL player
and a patient of defendant Amen who specializes in the
treatment of neurological, emotional and behavioral
disorders as well as drug, alcohol and other addictions.
Plaintiff was required to disclose personal information
through defendant's online patient portal which they failed
to keep confidential and actually allowed anyone to view
patients' information. Plaintiff's information was accessed
and used to harass and embarrass him.
Download
Beta Download

Torin Dorros
Dorros Law

Maria Sanchez, individually and
on behalf of all others similarly
situated
v.
Melmarc Products Inc.; Does
12/7/2016 00891280CXC Claster

Employment class action. Defendant engages in "time
shaving" and "rounding" hours resulting in employees not
being paid for all hours worked. Defendant also requires
employees to sign a waiver presented in English agreeing
to forgo a second meal period, even though most
employees do not speak or write English.
Download
Beta Download

Paul Haines
Haines Law Group

Jeffrey Cristobal, individually
and on behalf of all others
similarly situated
v.
Applied Medical Resources

Employment class action. Defendant fails to pay overtime,
provide meal and rest periods, issue accurate wage
statements and pay all wages upon separation.
Download
Beta Download

Samuel Wong
Aegis Law Firm

EXHIBIT 1
PAGE 44

Corp.; Does
12/6/2016 00891275CXC Colaw

| Noe Estrada | Employment. Defendants fail to pay overtime wages, provide breaks and keep accurate records. | April Blackman |
|---|---|---|
| v. | | Blackman Law Firm |
| Chun Woo Lim; Kira Kira LLC; | Download | |
| Kira Kira LLC, dba Kira Kira | Beta Download | |
| Japanese Restaurant; Does | | |
| 12/7/2016 00891105CJC | | |
| Schwarm | | |

| Dayle Miller | Employment. Defendant failed to respond to plaintiff's request for records. | Scott Houtz |
|---|---|---|
| v. | | Lawyers For Workplace |
| Starving Students Inc.; Does | Download | Fairness |
| 12/7/2016 00891172CJC | Beta Download | |
| Sherman | | |

| Farnaz Alagheband Bahrami | Employment, age discrimination and wrongful termination. Defendants favored younger servers and frequently made comments about plaintiff's age, including "You should be ashamed of your age" and "You should retire." Defendants also made plaintiff work off-the-clock without pay, failed to provide breaks and made unlawful deductions. Plaintiff was fired for her repetitive complaints. | Tracy Neal-Lopez |
|---|---|---|
| v. | | Neal-Lopez Law Group |
| Caspian Catering Inc.; Esi Nabi; | | |
| Tara Doe; Does | | |
| 12/8/2016 00891315CJC Griffin | | |
| | Download | |
| | Beta Download | |

| Karine Denicola | Employment and disability discrimination. Defendant Halas engaged in a pattern of harassment designed to force plaintiff's resignation following her cancer-related disabilities and medical leaves. | William Crosby |
|---|---|---|
| v. | | |
| Liberty Mutual Insurance | | |
| Company; Nancy Halas; Does | Download | |
| 12/7/2016 00891150CJC Griffin | Beta Download | |

| Q China Holdings Ltd. | Fraud. Plaintiff and defendants partnered in a venture called Q-TZG Financial Leasing. Defendants sold a portion of the business and lied to plaintiff about it. Plaintiff has suffered $18.4 million in damages. | Zachary Bulthuis |
|---|---|---|
| v. | | H=Huntington Legal |
| Kevin Wang; TZG Capital | | Solutions |
| Limited; David Yao; Tony Lo; | | |
| John Carter Brookhart; Hsiang I | Download | |
| Ben Tsen; Steven Peng; Jason | Beta Download | |
| Wang | | |
| 12/7/2016 00891103CJC | | |
| Crandall | | |

| Oxygen Funding Inc. | Fraud. Plaintiff sustained damages in excess of $1 million by purchasing invoices for accounts which were not valid and would not be paid by the account debtors. | Donald Diebold |
|---|---|---|
| v. | | Alston Alston & |
| Spectrum Care Landscape and | | Diebold |
| Irrigation Management; John | Download | |
| Hall; Kellyne Goetz; Does | Beta Download | |
| 12/7/2016 00891114CJC Schulte | | |

| Dorothy Mae Park, by her successor-in-interesst, Willis Park; Willis Park; v. | Elder abuse and wrongful death. Defendants came to plaintiffs' home unsolicited, with the intent to to admit Mrs. Park into hospice, knowing she did have have a terminal illness in order to increase their profits. | Michael Moran Moran Law |
|---|---|---|

3

**EXHIBIT 1**
**PAGE 45**

Memorialcare Hospice & Palliative Services; Memorialcare Health System, dba Memorialcare Hospice & Palliative Services; Does 12/7/2016 00891237CJC DiCesare

Defendants fabricated a terminal diagnosis, sent a hospital bed, oxygen and a portable toilet to plaintiffs' home and began giving Mrs. Park dosages of morphine. Less than two weeks later Mrs. Park died of a morphine overdose. Download Beta Download

Christina Schreiber
v.
The Walt Disney Company; Walt Disney Parks And Resorts U.S. Inc.
12/5/2016 00890506CJC Chaffee

Premises liability. Plaintiff's "knee scooter" wheel became stuck in the trolley track and caused plaintiff to somersault over the scooter and become injured.
Download
Beta Download

Pro se

Laura Gale
v.
Certain Underwriters at Lloyd's London Subscribing to Certificate Number 13385V141929; Does
12/1/2016 00890996CXC Claster

Insurance. Bad faith denial of disability benefits.

William Shernoff
Shernoff Bidart
Echeverria

Robert Blaine
v.
David Victorian; Arnetrice Victorian, both individually and as trustees of the Victorian Family Trust; Lake Charles Inc.; Mrs. Bea's Louisiana Chicken & Waffles; Joseph Victorian; Delma Victorian; Delma Victorian
12/1/2016 00891120CJC Wilson

Contract. Defendants failed to pay plaintiff five percent of the gross sales generated by the restaurant in exchange for his $100,000 investment.

Elmira Denielyan
Chora Young LLP

Building Worx Inc.
v.
Rab Construction Corp.; Premier Construction & Development Inc.; John Avery, dba JTA Grading; Does
12/7/2016 00891181CJC Bauer

Indemnification and duty to defend.

Jean Dalmore
Murchison & Cumming

Amal Guirguis
v.
The Kroger Co. Ralphs Grocery Company; Does
12/7/2016 00891236CJC Schulte

Premises liability. Defendants' employee struck plaintiff with a merchandise filled shopping cart.

Siamak Vaziri
Vaziri Law Group

Boudreau Pipeline Corporation
v.
Platinum Gateway Development Company LP; Summit DCK Inc.; Does
12/7/2016 00891189CJC Crandall

Foreclosure of mechanics' lien.

William Bissell

EXHIBIT 1
PAGE 46

| | | |
|---|---|---|
| Enrique Mendoza<br>v.<br>B Pro Auto Care, Inc., dba HR Pro Auto Service Center; Hanna Balta<br>12/7/2016 00890909CJC | Enforcement of judgment. | Michael Collins |
| Jet Maintenance, Inc.<br>v.<br>The Hatch Group, Inc.; Walmart Stores Inc.<br>12/7/2016 00891011CJC | Sister-state judgment. | John Bruster Loyd<br>Jones Gillaspia & Loyd LLP |
| Harrington Industrial Plastics LLC<br>v.<br>Esteban Dupont Enterprises Inc.; Cell Tech; Old Republic Surety Company; Does<br>12/7/2016 00891149CJC Banks | Collections. Compliant for dishonored checks. | Michael Walsh<br>Walsh & Walsh |
| Decision Tool Box Inc.<br>v.<br>Qless Inc.; Does<br>12/7/2016 00891163CJC Servino | Collections. Defendant owes $27,000 for services. | Jon Blanda<br>Collection At Law |
| Maria Andrea Monserrat<br>v.<br>Paramount Chrome Inc.; Fabian Mauri<br>12/7/2016 00891349CJC | Unlawful detainer. | Straggas Dean LLP |
| Azucena Dik<br>v.<br>Ford Motor Company; Galpin Motors, Inc.<br>12/7/2016 00891148CJC Howard | Auto warranty. Plaintiff purchased a defective 2013 Ford Fusion. | Michael Humphries |
| Edward L. Clark Jr.<br>v.<br>General Motors LLC; Tom Bell Chevrolet; Does<br>12/8/2016 00891219CJC Gooding | Auto warranty. Plaintiff purchased a defective 2015 Chevrolet Corvette. | Timothy Fatone |
| Sara Orozco<br>v.<br>Orange County Scaffold, Inc; Michel Pierre Sallaberria; Does<br>12/7/2016 00891157CJC Gastelum | Car collision. | P. Ryan Banafshe<br>Banafshe Law Firm |
| Frank J. Christian<br>v.<br>Xtreme Xpress Inc. R.J. Noble | Car collision. | Ali Mirhosseini |

**EXHIBIT 1**
**PAGE 47**

Company; Strength
Transportation Management Inc.;
Does
12/8/2016 00891322CJC Lewis

Jacquelyn L. Sundin                Car collision.                          Eric Seuthe
v.
GMS Auto Group LLC; Auto
Square Collision Corp.; Anthony
Eliberto Leal; Does
12/8/2016 00891324CJC
Sherman

Renee Raith; Eric Raith;           Car collision.                          Gregory Rizio
Stephanie Hudock;Greg Raith;                                               Rizio Law Firm
Mededith Arakelyan
v.
Galllo Corp.
12/8/2016 00891330CJC Bauer

If you have any questions about subscriptions or need a re-send, please contact our home office at (626) 577-6700.

EXHIBIT 1
PAGE 48

| | |
|---|---|
| **From:** | CNS Santa Ana <orangecounty@courthousenews.com> |
| **Sent:** | Thursday, December 15, 2016 5:30 PM |
| **To:** | CNS Circulation |
| **Subject:** | CNS Orange County Report Dec 15, 2016 |
| **Attachments:** | BlackBerry Version - CNS Orange County Report Dec 15, 2016 (2168817).txt; CNS Orange County Report Dec 15, 2016 (2168817).rtf |

Courthouse News Service       Dingers    Database Search

## Orange County Report
December 15, 2016

The report below and its attendant dings and download links may not be transmitted outside the subscribing office location, or accessed from a non-subscribing office. A separate subscription is required for each office that receives the report or its dings and download links, unless your firm has signed up for firm-wide distribution. If you need help finding underlying documents, please call or email Joanna Mendoza at orangecounty@courthousenews.com or 714-972-2765. The summaries below describe allegations only and should not be taken as fact.

**USDC Central District of California - Santa Ana Division**
**Southern Division - Santa Ana**

| | | |
|---|---|---|
| Charles G Kinney<br>v.<br>Clerk of California Court of Appeal, Fourth Appellate District, Division Three; Presiding Justice Kathleen O Leary, Division Three, acting in a non-judicial capacity; Judith Mcconnell, Admin. Presiding Jutice Fourth Appellate District, acting in a non-judicial capacity; Does<br>12/14/2016 8:16 cv 2197<br>(Southern Division - Santa Ana) | Declaratory judgment. Plaintiff desires a declaratory judgment as to the rights and obligations regarding his 2012 appeal .<br>Download<br>Beta Download | Pro se |
| Md Mary Knight Rabbit<br>v.<br>Target Corporation<br>12/15/2016 8:16 cv 2200 Carney<br>(Southern Division - Santa Ana) | Removal from Orange County Superior Court. Injury | p: Arun Dayalan<br>Shawn Steel Law Firm<br>d: Benjamin Trachtman<br>Trachtman and Trachtman |
| John W. Burns<br>v.<br>Washington National Insurance Company, An Indiana Corporation<br>12/15/2016 8:16 cv 2201 | Removal from Orange County Superior Court. | p: Jame Mascaro<br>d: Kurt Kappes<br>Greenberg Traurig LLP |

**EXHIBIT 1**
**PAGE 49**

(Southern Division - Santa Ana)

| | | |
|---|---|---|
| Theresa Cook<br>v.<br>Avalonbay Communities Inc.;<br>Sico Incorporated; Sico America<br>Inc.<br>12/15/2016 8:16 cv 2207<br>(Southern Division - Santa Ana) | Removal from Orange County Superior Court. Injury. | p: Russell Kerr<br>d: Traci Lagasse<br>Andrews Lagasse<br>Branch and Bell LLP |

**Orange County Superior Court**

| | | |
|---|---|---|
| Gregorio Rosales, individually<br>and on behalf of all similarly<br>situated employees<br>v.<br>Professional Service<br>Construction Inc.; Does<br>12/14/2016 00892554CXC<br>Claster | Employment class action. Defendants required employees<br>to arrive early to "set-up" and and work off-the-clock<br>without pay; defendants also fail to pay overtime, provide<br>breaks, issue correct wage statements and pay wages upon<br>separation.<br>Download<br>Beta Download | Kevin Mahoney<br>Mahoney Law Group |
| Benjamin Fury IV<br>v.<br>Ninyo & Moore Geotechnical &<br>Environmental Sciences<br>Consultants; Does<br>12/14/2016 00892468CJC<br>Crandall | Employment. Plaintiff was misclassified as an exempt<br>employee and denied overtime wages, was given<br>inaccurate wage statements and did not received all wages<br>upon separation.<br>Download<br>Beta Download | Vincent Howard<br>Howard Law |
| Milton Perla<br>v.<br>G&W Towing Inc; Does<br>12/14/2016 00892479CJC<br>Schwarm | Employment, disability discrimination and wrongful<br>termination. Plaintiff was fired after filing a workers'<br>compensation claim.<br>Download<br>Beta Download | Vincent Howard<br>Howard Law |
| Frank Parker<br>v.<br>Prince Telecom LLC; Jeremy<br>Bubenicek; Does<br>12/14/2016 00892500CJC Banks | Employment. Plaintiff was paid a flat rate per week<br>regardless of how many hours he worked and was clocked<br>out for lunch periods even though he often ate lunch in the<br>car while driving between jobs. Defendant also failed to<br>reimburse plaintiff for the purchase of tools and the use of<br>his cell phone. Plaintiff was fired after he complained,<br>Download<br>Beta Download | Paul Denis<br>Denis & Rasi |
| Victoria Perez<br>v.<br>Concerto Healthcare Inc.; Does<br>12/15/2016 00892558CJC Lewis | Employment, disability discrimination and wrongful<br>termination. Plaintiff was fired after informing defendant<br>of her need for medical leave.<br>Download<br>Beta Download | Robert Rogers<br>Callanan Rogers &<br>Dzida LLP |
| Elizabeth Lanphier<br>v.<br>E-Cig Gallery Wholesale and | Employment. Plaintiff was fired just weeks short of her<br>being eligible for a year-end bonus.<br>Download | Sterling Winchell |

EXHIBIT 1<br>PAGE 50

Distribution Inc; E-Cig Gallery Inc; Edmund Bolin; Does 12/15/2016 00892603CJC Crandall

Beta Download

---

Desiree Patno; Desiree Patno Enterprises Inc.; National Association of Women in Real Estate Business; Jay Jones; Midnitol Family Limited Partnership
v.
Farmers and Merchants Bank of Long Beach; Laurie Parker Keys; Does
12/14/2016 00892336CJC DiCesare

Embezzlement. Defendant Keys, who was assigned to process payables and receivables for plaintiff's business, stole more than $500,000 with the help of defendant Farmers & Merchant who failed to detect forgeries, allowed Keys to transfer money and extended lines of credit - all to someone who was not even a signor on any of plaintiff's accounts.
Download
Beta Download

Terrence Jones
Ballard Spahr LLP

---

John Bright; Elizabeth Hope Bright; Monica Aguirre; Tatiana Avaeva; Jim Cadwell; Shirley Cadwell; Anthony Chiala; Zoe Chiala; Michael L. Felce; Marcia L. Felce; Sheila King; Eliana B. Martin; Monica V McCormick; Justine Medina; Peter T. Smrecek; Valeria Smrecek
v.
Canyon Rim Townhomes Assoc.
12/14/2016 00892338CXC Dunning

Construction defect. Defendant improperly compacted and graded the soil underlying and adjacent to plaintiff' properties, failed to maintain the slope after investigation of the soils and failed to mitigate soil movement.
Download
Beta Download

Michael Hearn

---

Anna Shabo
v.
Omar Khalife Elkabbara; Infiniti Insurance Services Inc.; Does 12/15/2016 00892651CJC Schulte

Professional negligence. Defendants failed to procure insurance coverage, despite taking premium payments, leaving plaintiff uninsured when her restaurant caught fire and caused in $1 million in damages.

Jeffrey Lonner
Rients & Lonner

---

M.S., a minor, by and through her guardian ad litem, Carolyn S.; I.D., a minor, by and through her guardian ad litem, Julie D.
v.
Corona-Norco Unified School District; Shane Alan Kent; Does 12/14/2016 00892458CJC Glass

Negligence. Defendant Kent, a six grade teacher in the years of 2010-2011 and 2014-2015 inappropriately touched minor plaintiffs and when minor plaintiffs' parents complained, it was confirmed that administrators had been receiving complaints about Kent's sexual misconduct for years and had no luck in permanently removing him.

Thomas Cifarelli

---

Auto Wash Brokers Inc.
v.
Najd Acquisitions LLC; Majd Aboul Hosn; Does 12/15/2016 00892535CJC Servino

Contract. Defendants failed to pay plaintiff a finders fee in exchange for plaintiff locating a buyer for a car wash.

Alejandro Angulo
Rutan & Tucker LLP

---

I.C.E. Builders Inc., dba Gray -

Contract. Defendants failed to make payments under the

Nicholas Salerno

EXHIBIT 1
PAGE 51

| | | |
|---|---|---|
| I.C.E. Builders<br>v.<br>TBC Drywall Inc.; Scott Baumann; Does<br>12/15/2016 00892592CJC Glass | settlement agreement. | Herold & Sager |
| Nautical International Inc.<br>v.<br>Powerskiff LLC; Does<br>12/14/2016 00892470CJC Scott | Conversion. Defendant decided to charge plaintiff illicit "storage" fees in retaliation for plaintiff's decision to end their relationship because of numerous delays and defendant's unprofessional behavior. Defendant refuses to return plaintiff boat molds valued in excess of $60,000. | Katherine Jenson<br>Rutan & Tucker |
| David A. Hoyt; Kathleen Hoyt<br>v.<br>City of Fountain Valley; Fountain Valley Police Department<br>12/14/2016 00892440CJC Aguirre | Civil rights. Defendants removed items from plaintiffs' home that were not listed on the search warrant. | Thoas Connor |
| Ara Sahelian<br>v.<br>San Clemente Professional Plaza LP; Does<br>12/14/2016 00892437CJC Chaffee | Americans With Disabilities Act. Defendant's premises failed to provide the minimum number of required accessible parking spaces. | Ara Sahelian, Esq. |
| Farokh Etemadieh<br>v.<br>The Kroger Company; Does<br>12/14/2016 00892376CJC Aguirre | Slip and fall on olive oil near the salad bar. | Faud Haghighi |
| Ruth Sahler<br>v.<br>Seems Plumbing Co. Inc.; George Fischer Harvel LLC; Lubrizol Corp.; Todd Pipe & Supply LLC; Does<br>12/14/2016 00892393CJC Marks | Slip and fall on water from a failed supply line. | Brad Snyder |
| Paula Bogenrief<br>v.<br>Taco Rosa LLC<br>12/14/2016 00892403CJC Glass | Premises liability. Plaintiff injured her teeth and jaw after biting into a sharp shard of porcelain in a bowl of rice pudding. | Ronald Schwartz |
| Mona Shekarchi<br>v.<br>Silver Trumpet Restaurant<br>12/14/2016 00892405CJC Fell | Premises liability. Plaintiff was seriously injured when a loose glass table top became airborne, hit plaintiff and sent broken glass debris flying into the air. | Al Motlagh |
| Interpool Inc., dba Trac International<br>v.<br>Kenneth Charles Transport Inc.; Does | Collections. Defendant owes $57,000 for services. | Gary Bemis |

EXHIBIT 1<br>PAGE 52

12/14/2016 00892353CJC Griffin

| | | |
|---|---|---|
| Law Offices of Phillip Greer<br>v.<br>Citrus El Dorado LLC;<br>Craftsmen Homes LLC; Scott<br>Shaddix; Philip Barach;<br>Doubleline Investments; Does<br>12/14/2016 00892406CJC Fell | Collections. Defendants owe $650,000 for legal services. | Phillip Greer, Esq. |
| Balboa Capital Corp.<br>v.<br>Replication Unlimited LLC; DJR<br>Holdings Company; Rodney<br>Jarboe; Jeff Jarboe; Does<br>12/14/2016 00892407CJC Scott | Collections. Defendants owe $42,000 for leased equipment. | Michelle Chiongson<br>Balboa Capital Corp. |
| Balboa Capital Corp.<br>v.<br>Air802 LLC; Michael Bryant;<br>Lilian Bryant; Does<br>12/14/2016 00892412CJC<br>Schwarm | Collections. Defendants owe $33,000 for leased equipment. | Michelle Chiongson<br>Balboa Capital Corp. |
| Balboa Capital Corp.<br>v.<br>Irwin Company LLC; Bradly<br>Holloway; Does<br>12/14/2016 00892419CJC<br>Wilson | Collections. Defendants breached the vehicle financing agreement. | Michelle Chiongson<br>Balboa Capital Corp. |
| Beacon Resources LLC<br>v.<br>Mobilitie LLC; Does<br>12/14/2016 00892465CJC Fell | Collections. Defendant owe $26,000. | John Guerrini |
| Balboa Capital Corp.<br>v.<br>A & E Vending LLC; Daniel<br>Bean; Does<br>12/15/2016 00892567CJC Horn | Collections. Defendants owe $39,000 for leased equipment. | Michelle Chiongson<br>Balboa Capital Corp. |
| Balboa Capital Corp.<br>v.<br>Royal Fox Country Club LP;<br>John Weiss; Does<br>12/15/2016 00892575CJC Bauer | Collections. Defendants owe $62,000 for leased equipment. | Michelle Chiongson<br>Balboa Capital Corp. |
| Care Ambulance Service Inc.<br>v.<br>Promise Hospital of East Los<br>Angeles, dba Promise Hospital,<br>dba Suburban Medical Center;<br>Promise Healthcare of California<br>Inc.; Does<br>12/15/2016 00892613CJC Scott | Collections. Defendants owe $102,000 for services. | Stuart Katz |

EXHIBIT 1
PAGE 53

| | | |
|---|---|---|
| Thomas M. Chancler; Clifford Gross; Terry Jackson; Mark Stevens; Eileen Mahmoud; Jose Carrasco; Faramarz Zia; Zahra Sabagh Zadeh; Bei-Min Hoffnagle; William Blackburn; Teri Lynn Ryder; Brian Cammaressi; Michelle Zamora; Brandy Merwin; Shane Oakes; Larry Fleming; Magdalena Fuerte; Harley Hylton; Russ Johnson; Veljka Burazer; Dragan Kovacevic; Christian M. Malm; Elise Fischer; Nicole Budicin-Tiano; Jackson Tiano; Efthemia Papadopoulos; Jane L. Doseff; Maria Tagarao; Kenny Yang; Jeff Eldon; Jerry Simon; Anna Nikichina; Michael Hoffnagle; Mitchael Hoffnagle; Mitch Baca; Susan Christenson; Larry Hobbs; Shawn Kirch; Scarlett Cailleaux; Chris Tizzard Addy Salazar; Jeff Reid<br>v.<br>Laguna Village Owners' Association Inc.; Accurate Voting Service Inc.; Seabreeze Management Company Inc.; Kevin Fenn; Richard Dicapua; Derek McCauley; Jerry Evans; Does<br>12/14/2016 00892488CJC Wilson | Misc. Complaint to determine validity of board elections. | Joshua Wolff<br>Wolf Law Corp. |
| Marc Mitre<br>v.<br>Arturo Mitre; California Federal Bank; ABN Amro Mortgage Group Inc.; Does<br>12/14/2016 00892344CJC Banks | Partition of real property. | Brian Case<br>Case Ibrahim & Clauss |
| Royce Sachs; Craig Sachs<br>v.<br>Pacific Coast OB GYN; Tiffany U. Tran MD; Does<br>12/15/2016 00892496CJC DiCesare | Medical malpractice. As a result of defendants' negligence, plaintiff suffered injuries necessitating multiple surgeries and a colostomy bag. | Sean Burke |
| Mansour Tamari; Mojgen Tamari<br>v.<br>Providence Tarzana Medical Center; Chris Y. Wang MD; Gene L. Tran Do; Does<br>12/14/2016 00892402CJC Bauer | Medical malpractice. Defendants failed to properly diagnose plaintiff's condition, resulting in permanent and debilitating neurologic deficit. | Marshall Silberberg |

EXHIBIT 1
PAGE 54

| | | |
|---|---|---|
| Alexandria Coronado<br>v.<br>Regents of The University of California; Dr. David So MD; Does<br>12/14/2016 00892439CJC Servino | Medical malpractice. Despite knowing about plaintiff's allergies to chromium and stainless steel, defendant still used the hip replacement device made of such materials even after stating he would use titanium or ceramic hardware. | Chad Morgan |
| Juan Ramirez<br>v.<br>Beachwood Village Mobile Home Park; Does<br>12/15/2016 00892618CJC Fell | Wrongful eviction. | James Stout |
| Stanley Otake<br>v.<br>Wells Fargo Bank<br>12/14/2016 00892455CJC Bauer | Wrongful foreclosure. | David Smart<br>Smart Law Offices |
| Penny Patino<br>v.<br>The Certificate Holders of The CWALT Inc.; The Bank of New York Mellon, fka The Bank of New York; Does<br>12/14/2016 00892444CJC Lewis | Wrongful foreclosure. | Joseph Pittera |
| Klaus Meister<br>v.<br>Wells Fargo Bank; Does<br>12/14/2016 00892450CJC Marks | Wrongful foreclosure. | Marc Applbaum<br>Kettner Law Corp. |
| Jesus Perales<br>v.<br>Elmore Motors; Toyota Motor Credit Corp.; Does<br>12/14/2016 00892374CJC Servino | Automobile Sale Finance Act. The sales contract failed to disclose that defendant obtained financing without plaintiff's knowledge to pay for part of plaintiff's downpayment. | Gregory Babbitt<br>Rosner Barry & Babbitt |
| Jean Doyle<br>v.<br>Tesla Motors Inc.; Does<br>12/15/2016 00892617CJC Schwarm | Auto warranty. Defendant leased a defective 2016 Tesla Model X. | Mark O'Connor<br>O'Connor & Mikhov LLP |
| Heather Donnell; Michael Donnell; Lacey Lhamon<br>v.<br>Jennifer Bernard; Jenny B Floral Design; Carter James Henderson; Does<br>12/15/2016 00892569CJC Marks | Car collision. | Erik McLain<br>McLain |

EXHIBIT 1<br>PAGE 55

If you have any questions about subscriptions or need a re-send, please contact our home office at (626) 577-6700.

EXHIBIT 1
PAGE 56

| From: | CNS Santa Ana <orangecounty@courthousenews.com> |
|---|---|
| Sent: | Monday, December 19, 2016 6:10 PM |
| To: | CNS Circulation |
| Subject: | CNS Orange County Report Dec 19, 2016 |
| Attachments: | BlackBerry Version - CNS Orange County Report Dec 19, 2016 (2171503).txt; CNS Orange County Report Dec 19, 2016 (2171503).rtf |

Courthouse News Service      Dingers    Database Search

## Orange County Report
December 19, 2016

The report below and its attendant dings and download links may not be transmitted outside the subscribing office location, or accessed from a non-subscribing office. A separate subscription is required for each office that receives the report or its dings and download links, unless your firm has signed up for firm-wide distribution. If you need help finding underlying documents, please call or email Joanna Mendoza at orangecounty@courthousenews.com or 714-972-2765. The summaries below describe allegations only and should not be taken as fact.

### USDC Central District of California - Santa Ana Division
### Southern Division - Santa Ana

| | | |
|---|---|---|
| Dermapenworld LLC, a Florida LLC v. Dermapen USA LLC, a Delaware LLC; Ruben Azrak; Randy Wright; Does 12/16/2016 8:16 cv 2218 (Southern Division - Santa Ana) | Contract. Breach of fiduciary duty, fraudulent inducement. Download Beta Download | Grant Steven Hermes Knypstra Hermes LLP |
| Aaron Rodriguez, individually and on behalf of all others similarly situated v. Nationwide Mutual Insurance Company; Does 12/16/2016 8:16 cv 2217 (Southern Division - Santa Ana) | Removal from Orange County Superior Court. Employment class action. | p: Alexander Dychter d: Timothy Rusche Seyfarth Shaw LLP |

### Orange County Superior Court

| | | |
|---|---|---|
| Jana Brabccova, individually and on behalf of all others similarly situated v. | California Legal Remedies Act class action. Defendant failed to take appropriate measures and improperly handled and stored unencrypted and partially encrypted data resulting in the disclosure of personal identifiable | Phillip Poliner Fineman & Pliner |

1

EXHIBIT 1
PAGE 57

Yahoo! Inc.; Does
12/15/2016 00893069CXC
Dunning

information (PII) to over 1 billion users' accounts.

Download
Beta Download

---

James B. Brown, individually
and on behalf of all others
similarly situated
v.
Roth Staffing Companies LP;
Poly-Trainer Inc.
12/12/2016 00893217CXC
Dunning

Employment class action. Defendants use a "rounding"
timekeeping system which results in employees not being
compensated for all hours worked. Defendants also fail to
provide timely breaks, pay overtime wages and pay all
wages upon separation.

Download
Beta Download

Paul Haines
Haines Law Group

---

Jeronimo Barrera
v.
Maverick Caulking & Coatings,
Inc.; Does
12/16/2016 00892863CJC
Crandall

Employment, disability discrimination and wrongful
termination. Plaintiff was fired after injuring his back and
filing a workers' compensation claim.

Download
Beta Download

Philip DeLuca

---

Philip Werber
v.
Optum Services Inc.; United
Healthcare Services Inc.;
Optumrx Inc.; Does
12/16/2016 00893079CJC Marks

Employment, disability discrimination and wrongful
termination. Plaintiff was demoted and eventually fired
after taking medical leave.

Download
Beta Download

Timothy Sottile
Sottile Baltaxe

---

Keonie Oropeza
v.
Artemis Group LLC; Steve
Lieberman; Does
12/16/2016 00893133CJC
DiCesare

Employment and sexual harassment. Plaintiff was
subjected to sexual harassment from defendant
Lieberman, the owner of Artemis. Lieberman continually
asked for naked pictures of plaintiff and would ask her for
blow jobs. Plaintiff resigned and defendants offered her
$1000 for her silence.

Download
Beta Download

Todd Harrison
Mendoza & Harrison

---

Kenneth Gonzales Burt,
Represeted PAGA Claimants
v.
Advantage OPCO LLC, dba
Insparity ; Armin Tokalija; Does
12/16/2016 00893194CXC
Colaw

Employment. Plaintiff was fired in retaliation for his
complaints of lack of water, lack of breaks and for
requesting accommodations for an injury caused by a co-
worker.

Download
Beta Download

Dennis Wilson

---

Tuan Duc Nguyen
v.
Huntington Beach Union High
School District; Does
12/19/2016 00893152CJC
Howard

Employment and age discrimination. Plaintiff's supervisor
made comments such as "Why don't you retire?" and "You
are old." Defendant refused to allow plaintiff to return to
work following medical leave and instead put him on the
re-employment list.

Download
Beta Download

Michael Ponce

---

Yesenia Arguelles
v.
Whale Logistics (USA) Inc.;
Jason Hsu; Does

Employment, pregnancy discrimination and wrongful
termination. Plaintiff was demoted from import manager
to sales associate and had her office, desk, email and
computer taken away after she informed defendants of her

Angel Hracek

2

EXHIBIT 1
PAGE 58

| | | |
|---|---|---|
| 12/19/2016 00893271CJC Chaffee | pregnancy. When plaintiff returned from maternity leave, she was fired.<br>Download<br>Beta Download | |
| Leah York<br>v.<br>Original Mike's Enterprises LLC; Michael Harrah; Does<br>12/19/2016 00893259CJC Gastelum | Employment, sexual harassment and wrongful termination. Defendant Harrah, the owner of Original Mike's fostered a hostile environment by engaging in sexual harassment of his servers and bar tenders. Plaintiff was groped and kissed and her hours were taken away if she complained.<br>Download<br>Beta Download | Jeffrey Spencer<br>The Spencer Law Firm<br>b |
| Technossus LLC<br>v.<br>Venkatesh Sankaran; Saguna Consulting LLC; Saguna Consulting Services LLC; Human Gene Exploration Technologies LLC; Christian Dahlstromm; Sridhar Raidi; Does<br>12/16/2016 00893123CJC Gooding | Trade secrets. Defendants used plaintiff's proprietary information in order to form the Saguna entities while defendants Sankaran and Dahlstrom were still employed by plaintiff.<br>Download<br>Beta Download | Steven Hanle<br>Stradling Yocca |
| Amcard Payments LLC LP<br>v.<br>Rae Pia; Does<br>12/16/2016 00892933CJC Wilson | Trade secrets. Defendant stole plaintiff's proprietary information, gave her two-weeks notice and then attempted to poach plaintiff's customers.<br>Download<br>Beta Download | John Palmer |
| Sharon Wimsatt<br>v.<br>Disney Incorporated; Disneyland; Does<br>12/16/2016 00893167CJC Bauer | Trip and fall no trolley tracks.<br>Download<br>Beta Download | Linda Frieder |
| Faranak Golab; Shahin Ghandehari; Roya Jalali<br>v.<br>Brow Arc Inc.; Frozan Airi; Farahnaz Farhadi; Does<br>12/12/2016 00893036CJC | Employment. Transferred from Sonoma County. | Daren Lipinsky<br>Brown & Lipinsky |
| United Auto Credit Corp.<br>v.<br>Valere Motors LLC, dba Superior Motors; Marie Valere; Does<br>12/19/2016 00893218CJC Wilson | Contract. Defendant failed to repurchase the defaulted sales contracts as required by the dealer agreement. | Stephanie Newport<br>United Auto Credit Corp. |
| Merchant Capital Source LLC<br>v.<br>Tap House Grill LLC, dba Tap House Grill - St. Charles; Tap | Contract. Defendant breached the purchase agreement by changing the entity used to process credit card payment and by changing the business checking account. | Peter Rundle<br>Rundle Law Crop. |

EXHIBIT 1
PAGE 59

| | | |
|---|---|---|
| House Grill Des Plaines LLC; Tap House Palatine LLC, dba Tap House Grill Palatine; Robert S. Ward; Mark Z. Zych; Does 12/19/2016 00893176CJC Glass | | |
| Recana Solutions LLC v. Certain Underwriters At Lloyd's London; Does 12/16/2016 00893138CJC Chaffee | Insurance. Defendants breached the settlement agreement by failing to reimburse plaintiff in full for the defense costs it incurred. | Larry Arnold Cummin & White LLP |
| Citizens For Tustin's History v. City of Tustin; Does; Intracorp So Cal-1 LLC 12/16/2016 00893214CXC Claster | Writ of mandate. Defendant City never conducted a proper environmental review of Intracorp's project to build 140 condo units and instead improperly found that a mitigated negative declaration is allowed and an environmental impact report is not required | Geoffrey Willis Larsen Willis & Woodard LLP |
| Joshua Cedillo, an individual by and through his guardian ad litem, Sheila Cerda v. Anaheim Union High School District; Coach Thomas Ricci; Coach John Morrill; Does 12/16/2016 00893062CJC Chaffee | Negligence. Defendant Morrill, an assistant wrestling coach, tackled plaintiff from behind, injuring plaintiff's hand, fingers and wrist. | Joseph Tysel |
| Ashot Agayan v. The Content Specialists; Prolien Services LLC; Does 12/16/2016 00893159CJC Banks | Negligence. Defendants damaged plaintiff's furniture and flooring while moving his furniture. | Mark Plummer |
| Tulainer Hollins v. Gus Inc., dba Sierra Aviation Group; Does 12/19/2016 00893107CJC Fell | Negligence. Defendant failed to lock the wheels of plaintiff wheelchair causing it to roll back and crash to the ground. | Michael Green Tofer & Assoc. |
| CSAA Insurance Exchange v. ROHL LLC; Does 12/19/2016 00893219CJC Schulte | Subrogation. Defendant's defective faucet caused water damage to plaintiffs' insureds property. | Timothy Cary Law Offices of Robert Stutman |
| Pacific International Trade Company LLC v. White Plum Inc., aka White Plums; Stikeleather Apparel Holdings Inc.; Does 12/16/2016 00893156CJC Lewis | Collections. Defendants owe $49,000 for garments. | Donald Serafano |

EXHIBIT 1
PAGE 60

| | | |
|---|---|---|
| Lawrence successor, individually and as successor in interest of the Estate of Linda Ann successor; Jason successor; Daniel successor<br>v.<br>Fullerton Cardiovascular Medical Group & Vein Center; Daniel Landa MD; Rahul Doshi MD; David M. Weinberg MD; Does 12/16/2016 00893014CJC Howard | Medical malpractice and wrongful death. Defendants failed to diagnose plaintiffs' decedent's condition resulting in his untimely death of a heat attack. | Alan Niclette<br>Nordstrom Steele |
| Lawrence Hierlmeir<br>v.<br>Keith V. Rundle MD Inc.; Keith V. Rundle MD; Does 12/16/2016 00892861CJC Fell | Medical malpractice. Plaintiff suffered from depression, vision loss and pain after defendants negligently performed a posterior chamber introcular lens implantation and kelam phacoemulsifications. | Jeffery Czech<br>Czech & Howell |
| The Realty Associates Fund IX LP<br>v.<br>Korus Medical Group Onc.; Does 12/16/2016 00892860CJC | Unlawful detainer. | Richard Seide |
| Robert Haroutoonian<br>v.<br>The Bank of New York Mellon, Nationstar Mortgage LLC; P Assests Inc.; Does 12/16/2016 00892890CJC Gooding | Wrongful foreclosure. | Jill L. Kim<br>One Law Corp. |
| Lisa M. Fabian<br>v.<br>Specialized Loan Servicing LLC; Wells Fargo Bank; National Default Servicing Corp.; Does 12/16/2016 00893145CJC Servino | Wrongful foreclosure. | Robert Bonito |
| Leslie Eccleston<br>v.<br>Ford Motor Company; Ted Jones Ford Inc., dba Ken Grody Ford; Does 12/16/2016 00893061CJC Gastelum | Auto warranty. Plaintiff purchased a defective 2012 Ford Fusion. | Christopher Lovasz<br>Consumer Legal Services |
| Dena Shack<br>v.<br>Kia Motors America Inc.; AMP Holding Inc. dba Car Pros Kia Huntington Beach; Does 12/16/2016 00893096CJC Bauer | Auto warranty. Plaintiff purchased a defective 2015 Kia Soul. | Christopher Lovasz<br>Consumer Legal Services |

EXHIBIT 1
PAGE 61

Kevin Hagan
v.
Ford Motor Company; Tuttle-
Click Ford; Does
12/19/2016 00893195CJC Scott

Auto warranty. Plaintiff purchased a defective 2016 Ford
Edge.

Timothy Fatone

If you have any questions about subscriptions or need a re-send, please contact our home office at (626) 577-6700.

6

EXHIBIT 1
PAGE 62

| | |
|---|---|
| **From:** | CNS Santa Ana <orangecounty@courthousenews.com> |
| **Sent:** | Monday, January 09, 2017 6:04 PM |
| **To:** | CNS Circulation |
| **Subject:** | CNS Orange County Report Jan 09, 2017 |
| **Attachments:** | BlackBerry Version - CNS Orange County Report Jan 09, 2017 (2187697).txt; CNS Orange County Report Jan 09, 2017 (2187697).rtf |

Courthouse News Service      Dingers      Database Search

## Orange County Report
January 09, 2017

The report below and its attendant dings and download links may not be transmitted outside the subscribing office location, or accessed from a non-subscribing office. A separate subscription is required for each office that receives the report or its dings and download links, unless your firm has signed up for firm-wide distribution. If you need help finding underlying documents, please call or email Joanna Mendoza at orangecounty@courthousenews.com or 714-972-2765. The summaries below describe allegations only and should not be taken as fact.

### USDC Central District of California - Santa Ana Division
### Southern Division - Santa Ana

| | | |
|---|---|---|
| Jim Reider, individually and on behalf of all others similarly situated<br>v.<br>Electrolux Home Care Products Inc.; Does<br>1/6/2017 8:17 cv 26<br>(Southern Division - Santa Ana) | Unfair Competition Law class action. Defendant charges consumers shipping and handling fees that greatly exceed the amount of defendant's actual costs.<br>Download<br>Beta Download | Scott Ferrell<br>Pacific Trial Attorneys |
| Anton Innovations Inc.<br>v.<br>Shaghal Ltd.<br>1/9/2017 8:17 cv 43<br>(Southern Division - Santa Ana) | Patent. Defendant sells eBook Readers and Tablet PCs which infringe upon plaintiff's patents.<br>Download<br>Beta Download | Hemant Kewalramani<br>SHK Legal, Apc |
| Unity Opto Technology Co. Ltd.<br>v.<br>Cree Inc.<br>1/6/2017 8:17 cv 27<br>(Southern Division - Santa Ana) | Patent, declaratory judgment. Unity does not infringe any valid and enforceable claim of patents no. 8,998,444, and no. 9,052,067.<br>Download<br>Beta Download | Yitai Hu<br>Alston & Bird LLP- E.<br>Palo Alto |
| Adelfo Cerame Jr.<br>v.<br>John Washer; Cabinets Plus<br>1/9/2017 8:17 cv 40<br>(Southern Division - Santa Ana) | American With Disabilities Act. Defendants fail to provide barrier-free wheelchair access to its premises.<br>Download<br>Beta Download | Ross Cornell<br>Law Offices of Ross Cornell |

**EXHIBIT 1**
**PAGE 63**

| | | |
|---|---|---|
| Matthew Verdiglione<br>v.<br>Extra Space Properties 130 LLC;<br>Extra Space Storage<br>1/9/2017 8:17 cv 41<br>(Southern Division - Santa Ana) | American With Disabilities Act. Defendants fail to provide barrier-free wheelchair access to its premises.<br>Download<br>Beta Download | Ross Cornell |
| Martin Vogel<br>v.<br>RM Acapulco Restaurants LLC,<br>dba Acapulco #0016; Sibling<br>Associates LLC<br>1/9/2017 8:17 cv 44<br>(Southern Division - Santa Ana) | American With Disabilities Act. Defendants fail to provided barrier-free wheelchair access to its premises.<br>Download<br>Beta Download | Scottlynn Hubbard IV<br>Disabled Advocacy<br>Group Aplc |
| Martin Vogel<br>v.<br>Gallacher Investment Company<br>1/7/2017 8:17 cv 28 Carney<br>(Southern Division - Santa Ana) | American With Disabilities Act. Defendant fails to provided barrier-free wheelchair access to its premises.<br>Download<br>Beta Download | Khushpreet Mehton<br>Disabled Advocacy<br>Group |
| Martin Vogel<br>v.<br>PCF - Thousand Oaks LLC<br>1/7/2017 8:17 cv 29<br>(Southern Division - Santa Ana) | American With Disabilities Act. Defendant fails to provided barrier-free wheelchair access to its premises.<br>Download<br>Beta Download | Scottlynn Hubbard IV<br>Disabled Advocacy<br>Group Aplc |
| Martin Vogel<br>v.<br>Bear And Baker Ltd.<br>1/7/2017 8:17 cv 30 McCormick<br>(Southern Division - Santa Ana) | American With Disabilities Act. Defendant fails to provided barrier-free wheelchair access to its premises.<br>Download<br>Beta Download | Scottlynn Hubbard IV<br>Disabled Advocacy<br>Group |
| Martin Vogel<br>v.<br>Sibling Associates<br>1/7/2017 8:17 cv 31<br>(Southern Division - Santa Ana) | American With Disabilities Act. Defendant fails to provided barrier-free wheelchair access to its premises.<br>Download<br>Beta Download | Scottlynn Hubbard IV<br>Disabled Advocacy<br>Group |
| Martin Vogel<br>v.<br>Warent Ltd. LLC<br>1/7/2017 8:17 cv 32<br>(Southern Division - Santa Ana) | American With Disabilities Act. Defendant fails to provided barrier-free wheelchair access to its premises.<br>Download<br>Beta Download | Scottlynn Hubbard IV<br>Disabled Advocacy<br>Group |
| Daniel Green<br>v.<br>O'Reilly Auto Enterprises LLC<br>1/9/2017 8:17 cv 39<br>(Southern Division - Santa Ana) | Removal from Orange County Superior Court. Employment. | p: Michael Gould<br>Gould & Assoc.<br>d: James Peterson<br>Higgs Fletcher and<br>Mack |
| Jakob Medve<br>v.<br>Allstate Insurance Company;<br>James Kersting<br>1/9/2017 8:17 cv 37 Guilford | Transfer from Texas Northern. Insurance. | p: Alan Rosenberg<br>Rosenberg & Johnson<br>d: Travis Brown<br>Thompson, Coe,<br>Cousins & Irons LLP |

EXHIBIT 1<br>PAGE 64

(Southern Division - Santa Ana)

| | | |
|---|---|---|
| Scott D'Avanzo<br>v.<br>Wells Fargo Bank Na; Nbs<br>Default Services Llc<br>1/9/2017 8:17 cv 42<br>(Southern Division - Santa Ana) | Removal from Orange County Superior Court. Wrongful foreclosure. | p: Joseph Manning<br>d: D Dennis La<br>Anglin Flewelling<br>Rasmussen |
| Martin Vogel<br>v.<br>Gallacher Investment Company<br>1/9/2017 8:17 cv 45<br>(Southern Division - Santa Ana) | American With Disabilities Act. Defendants fail to provided barrier-free wheelchair access to its premises. | Scottlynn Hubbard IV<br>Disabled Advocacy<br>Group Aplc |

**Orange County Superior Court**

| | | |
|---|---|---|
| Miguel Beristain, individually and on behalf of all others similarly situated<br>v.<br>Clarke Masonry Inc.; D. Clarke Masonry Inc.; Dennis Clarke; FTB; Clarke Masonry & Assoc. Inc.<br>1/3/2017 00896213CXC<br>Dunning | Employment class action. Defendants fail to pay overtime wages, fail to provide itemized wage statements and fail to pay all wages upon separation.<br>Download<br>Beta Download | Lipeles Law Group |
| Jazmin Vazquez<br>v.<br>Pulmoary Consultants & Primary Care Physicians Medical Group Inc.; Does<br>1/6/2017 00896051CJC Chaffee | Employment, disability discrimination and wrongful termination. Plaintiff was fired after defendants found out she suffers from panic attacks and depression.<br>Download<br>Beta Download | Edward Lara<br>Lara & Luna |
| Maribel Rodriguez Arce<br>v.<br>Maria Carballido; North American Health Care Inc., Coventry Court Health Care; Does<br>1/6/2017 00896087CJC Horn | Employment, harassment and wrongful termination. Defendant Carballido harassed plaintiff based her her sexual orientation, making comments such as "Homosexuality is wrong I hope you know that." Plaintiff's was prescribed medication do to stress, which made her oversleep and late for work, resulting in her termination.<br>Download<br>Beta Download | Nicholas Cameron |
| Patricia Macias<br>v.<br>Anaheim Arena Management LLC; Does<br>1/9/2017 00896126CJC Crandall | Employment. Defendant fails to pay overtime wages.<br>Download<br>Beta Download | Terry Davis |
| G5 Entertainment AB; G5 Holdings Limited | Contract. The parties entered into an agreement allowing plaintiff to exclusively promote and distribute a mobile | Madison Spach Jr.<br>Spach Capaldi & |

3

EXHIBIT 1<br>PAGE 65

| | | |
|---|---|---|
| v.<br>MyTona LLC; Does<br>1/9/2017 00896250CJC Wilson | video game call "The Secret Society." Defendant unreasonably withheld consent to the renewal which plaintiff estimates will cost them $20 million in lost profits. Defendants also failed to allow plaintiff to participate in "seekers note" which will exceed $30 million in damages over the next 10-15 years in game sales.<br>Download<br>Beta Download | Waggaman |
| Selena Vincent, by and through her successor in interest, Louise Vincent; Louise Vincent<br>v.<br>Dual Diagnosis Treatment Inc., dba Sovereign Health of California; Elite Rehab Referral; Tonmoy Sharma; Does<br>1/9/2017 00896206CJC Griffin | Wrongful death. Defendants failed to provide 24-hour care as promised and despite defendants' policy to exclude residents whom are actively suicidal, defendants continued to house Selena who was found dead of an overdose at the age of 19.<br>Download<br>Beta Download | James Morgan<br>Lanzone Morgan LLP |
| Brianna M. Malis<br>v.<br>Spencer Recovery Center Inc.; Scott Buscholtz; Does<br>1/6/2017 00896069CJC Aguirre | Negligence. Defendant Buscholtz took advantage of plaintiff's vulnerabilities and used the information he had obtained during the intake process to initiate a sexual relationship with plaintiff while she was participating in the facility's chemical dependency program. When the relationship was discovered, plaintiff was kicked out.<br>Download<br>Beta Download | Mark Glazer<br>Glazer & Blinder |
| Catherine Nguyen; Tuyet Thi Tran; Anthony Tran<br>v.<br>T&N America Herbs; Dr. Thomas Trong Vo.; Does<br>1/6/2017 00896094CJC Bauer | Contract. Defendants failed to make the settlement agreement payments. | Scott Cooper<br>The Cooper Law Firm |
| Danielle Snyder Potter<br>v.<br>Fairway Independent Mortgage Corp.; Does<br>1/9/2017 00896312CJC Gooding | Contract. Defendant failed to properly prepare the loan documents accurately reflecting plaintiff's monthly mortgage payments. | Michael Obrand<br>Obrand Law Group n |
| The Ethan and Erin Morgan Family Trust; Ethan Morgan; Erin Morgan, individually and as trustees<br>v.<br>Calatlantic Group Inc., successor-in-interest to Standard-Pacific Corp. Standard-Pacific Corp.; Altfillisch Contractors Inc.; Does<br>1/6/2017 00896157CJC Gooding | Construction defect. Defendants constructed plaintiffs' home with grading and architectural errors. | J. David Bournazian<br>Troutman Sanders LLP |
| John Briscoe<br>v. | Writ of mandate. Plaintiff requested public records from defendant who has failed to provide them. | Chad Morgan |

EXHIBIT 1
PAGE 66

City of Huntington Beach; Robin
Estanislau, in her official
capacity as Huntington Beach
City Clerk; Does
1/9/2017 00896258CJC Horn

| | | |
|---|---|---|
| Liberty Mutual Insurance Company; Lexington Insurance Company; Ace American Insurance v. Aqua-Serv Engineers Inc.; Does 1/6/2017 00896038CJC Griffi | Subrogation. Defendants caused $33,000 in damages to plaintiffs' insureds property. | Brian Ferber |
| Charles L. Sandoval v. El Super; Bodega Latina Corp.; Bodega Latina Corp., dba El Super; Does 1/6/2017 00896156CJC Schwarm | Slip and fall on spilled soda. | Pro se |
| Diana Ruiz v. Tustin Unified School District; Does 1/6/2017 00896166CJC Glass | Slip and fall on muddy curb. | Diana Lopez |
| Ellen Pesqueira-Ortiz v. Wal-Mart Stores Inc.; Does 1/9/2017 00896174CJC DiCesare | Slip and fall on water-like substance. | Steven Mazza Carpenter Zuckerman & Rowley |
| Patricia Ward v. Uhlmann Offices Inc., dba Fullerton Crossroads Inc. 1/9/2017 00896198CJC Howard | Trip and fall on a damaged curb. | Kevin Kensik |
| Margarita Rodriguez v. Man-Cal Inc., dba McDonalds; Does 1/9/2017 00896207CJC Gastelum | Slip and fall on a wet floor. | John Benson Blomberg Benson & Garrett |
| Maurilio Reyes; Lion Construction v. Progressive Architecture & Construction Inc., dba G & D Construction; 3 Columnar Ladera LLC; Mandoh Sadek Bastorous, aka Mark Sadek Bastrous; Does 1/9/2017 00896270CJC Glass | Foreclosure of mechanics' lien. | Franklin Lovem |
| Pagliaro Const Inc. | Foreclosure of mechanics' lien. | Joseph Cardella |

5

EXHIBIT 1
PAGE 67

v.
Development Construction
Group Inc.; Reef Pointe Villas
LP; Does
1/9/2017 00896294CJC Glass

Bienert Miller & Katzman
v.
American Addiction Centers Inc.;
Does
1/6/2017 00896128CJC Fell

Collections. Defendant owes $928,000 for legal services.

Michael Williams
Bienert Miller &
Katzman

L.A. Commercial Group Inc. dba
Continental Commercial Group
v.
Growers Direct Flowers Inc.;
Does
1/9/2017 00896214CJC Chaffee

Collections. Defendant owes $31,000 for goods.

Jessica Lemoine

Wells Fargo Vendor Financial
Services LLC, fka GE Capital
Information Technology
Solutions LLC
v.
Visatech Inc.; Jerrod Lakey;
Does
1/9/2017 00896268CJC Chaffee

Collections. Defendants owe $63,000 for leased
equipment.

Richard Solomon
Solomon Grindle

International Development
Services Inc.
v.
Service 1st Electrical Services
Inc.
1/6/2017 00896085CJC

Enforcement of sister-state judgment.

Martin Cohn
Cohn Rengo

Susan Bowie
v.
Siamak Agha-Mhammadi MD;
Does
1/9/2017 00896239CJC Glass

Medical malpractice. Defendants negligently performed a
abdominoplasty revision and a buttock lift revision which
resulted in dehiscence, scarring, infection and deformity.

Craig Walkon

HB Park LLC
v.
Specialized Loan Servicing LLC;
The Bank of New York Mellon;
The Bank of New York; MTC
Financial Inc., dba Trustee Corp.;
Does
1/9/2017 00896171CJC Wilson

Wrongful foreclosure.

James Imperiale

Christin M. Gonzales; Richard J.
Gonzales
v.
Jpmorgan Chase Bank; Does
1/9/2017 00896235CJC Wilson

Wrongful foreclosure.

Julie Villalbobos
Oaktree Law

EXHIBIT 1
PAGE 68

Danny Tieman
v.
Ford Motor Company; Does
1/9/2017 00896160CJC Schulte

Auto warranty. Plaintiff purchased a defective 2013 certified pre-owned 2012 Ford Focus.

Deborah Horowitz
California Lemon Law Group

Erin Siobhan Bensal; Ellen
Anderson; Nathan Glen Bensal;
Hannah Grace Bensal, minors, by
and through his guardian ad
litem, Erin Siobhan Bensal
v.
James Earl Jackson; Penske
Truck Leasing Company; Corix
Water Products; Corix
Infrastructure (US) Inc.; Does
1/6/2017 00896091CJC Marks

Car collision.

Andre Rekte
Girardi & Keese

If you have any questions about subscriptions or need a re-send, please contact our home office at (626) 577-6700.

EXHIBIT 1
PAGE 69

# EXHIBIT 2

EXHIBIT 2
PAGE 70

# Four Districts Almanac

Volume XXVI No. 24                                                March 20, 2017

## BRIEFS

Minor League Players Get Second Crack at Minimum Wage Action.................................................3
UCSD Satirical Newspaper Loses Claim Over Loss of Funding............................................................5
Settlement in 'Made in USA' Jeans Case Rejected.............................................................................7
Alameda Must Pay Fees After Loss in Contest Over Billboard Ban in Scenic Corridor.....................9

## RULE & JUDGMENT

ANTITRUST
Judge s $168M Settlement between Dreamworks and Animation Artists.............................................12
ATTORNEY FEES
$157K in Attorney Fees Awarded in Lemon Law Case.......................................................................12
Musician Denied Fees After Defeating Trademark Case.....................................................................12
Fees Awarded in FOIA Case over Central California Coast Steelhead...........................................13
CIVIL RIGHTS
Alameda County Wins Partial Dismissal of Doctor's Civil Rights Suit.............................................13
San Diego PD Cleared For Now in Civil Rights Case.........................................................................13
Spying Allegations against Obama Dismissed....................................................................................14
CLASS ACTION
Summary Judgment Granted on Student Debt Case..........................................................................14
Judge Denies Settlement in Costco Truck Drivers Class Action .....................................................14
CONTRACT
Jury's Multi-Million Dollar Verdict Upheld Against Machine Manufacturer.....................................15
Preliminary Injunction Modified in Semiconductor Contract Case.....................................................15
Judge Dismisses Total Recall Suit over Oculus Rift...........................................................................15
Motion to Dismiss Denied in Semiconductor Contract Case.............................................................16
Motion to Strike Granted in Patent Case...........................................................................................16
Majority of Trade Secret Charges against Ex-employee Survive......................................................16
Suit by British Firm against Former Silicon Valley Partner Dismissed.............................................17
DEFAMATION
Judge Tosses Defamation Claim against Nationwide Insurance.......................................................17
EMPLOYMENT
Security Company Can't Dodge Ex-Employee's Wage Claims.........................................................17
BofI's Subpoena on Former Auditor's Attorney Quashed..................................................................18
*Rule&JudgmentContinued*..............................................................................................................11

*From the Editor: Face of the News*..................................................................................2
*Milt Policzer: Original Unintent* .......................................................................................3

EXHIBIT 2
PAGE 71

## FROM THE EDITOR

I asked one of our editors last week if he reads the New York Times online. "Not really," he said.

"Too old fashioned, it feels very stilted, very stuffy," he added.

I asked him about the Guardian.

"Love the Guardian."

"It's just a bunch of pictures," I protested.

"That's my generation," he answered.

A headline, a picture and a click. He said USA Today was coming on the scene just as he was starting to read the news, and its short, bite-sized bits of information, mocked at the time, laid the ground work for the news alerts on your mobile phone today.

The editor gets his news from social media feeds during the day, the local NBC affiliate's morning and nightly news broadcast, and CNN International in the late night. With that package, he remains remarkably well informed on the news trends in California, nationally and internationally.

I then asked one of our youngest reporters who is very tech-savvy where he gets his news.

"Twitter!" he answered immediately. "And sometimes Reddit."

He selects his sources ahead of time, articles by certain columnists or stories on given subjects, and they flow into his Twitter and Reddit feeds.

In an effort to modernize our Courthouse News page, I have frequently checked the evolving websites of the traditionally dominant English-language newspapers, the L.A. Times, N.Y. Times, Guardian, and Washington Post to see how they handled the news.

At the same time, I have often been proud to read our own Courthouse News site at the end of the day, and see interesting and original stories that reflect that number of locations where Courthouse News employs reporters.

But now I realize we the editors are largely publishing for ourselves, since almost no one else reads the news on a desk-top computer anymore. So we need to reform our method of delivering the news, and it is like learning a new language.

I told our editors and programmers that we start with the knowledge that there is a still a thirst for news, now more than ever. People stay informed, they are curious about the world around them and they read plenty.

But a news cycle that turned on a 24-hour axis now revolves in minutes.

For example, journalists traditionally checked the clerk's office for new filings at the end of the day, looking for stories to publish in the next morning's newspaper. Now the

end-of-day review results in stories published as soon as a reporter can write them.

They are read through electronic devices that, like a newspaper, you hold in your hand. But unlike print, they are almost alive, and they update themselves as the day goes along.

In reviewing the websites for the big newspapers, I saw huge variations. But one common convention is that the top story is always placed at the screen's upper left.

But the top story in a print newspaper always ran on the other side of the front page, the upper right.

Why?

It doesn't seem natural, because the eye tends to read left to right, just as you would for a book or magazine. The editor I was talking to immediately thought of the newsies, the boys on the street hawking newspapers, the source of many newspaper traditions. And I suspect he is right.

It probably had to do with how the paper was folded under their arms to sell on the street corner or folded before it was tossed on the porch. It was always folded on the left side, which necessarily meant the right side of the page was on top. Thus the right was where the top story was placed.

That guess is as good as any. Because, while the Internet seems to be a quick reference guide to all things, the source of the convention for top story placement in a newspaper seems to have been lost in time.

I waffled on it at the beginning, double-barreling our two top stories, at the top right and top left of our website. But that view works only on a stand-up computer. It does not flow correctly on a mobile and it looks terrible on a tablet.

Almost everything about our news site now needs re-invention.

The Guardian's website, for example, sets out only a modified sort of headline where the words are not capitalized and read more like an unpunctuated partial sentence. That modified headline is accompanied by a picture, and that's it.

The NY Times, on the other hands, runs a traditional headline with all major words capitalized accompanied by a paragraph of text that is a full sentence or two and synopsizes the story.

Which way to go -- newspapers past or news websites future.The decisions are myriad, involving aesthetics, convention, necessity and a gut sense.



EXHIBIT 2
PAGE 72

BRIEFS

---

## Obiter Dictum: Milt Policzer

I know some of you are going to hate me for this, but I've always believed that the concept of looking for the "original intent" of the so-called Founding Fathers (not to be confused with so-called judges) is unbelievably stupid.

There's no way those Father guys could have intended anything for most modern-day problems. Technology has taken us to places and situations none of them could have thought about unless they were science fiction writers and I don't think any of them were.

If Ray Bradbury, Robert Heinlein and Isaac Asimov were Founding Fathers, I might take them seriously, but they're not. (At least I don't think so -- one has to consider the possibility of time travel when dealing with science fiction.)

Besides, a lot of those Fathers (if not all of them) were sexist, elitist slaveholders. (Insert unfair joke here about the Trump administration.) So I don't want our courts taking their opinions seriously.

And even you do take them seriously, you've got to admit that modern advances have created situations that they couldn't have intended anything about.

To prove the point, I bring you modern

*Continued on back page*

---

CLASS ACTIONS, SETTLEMENT

# Minor League Ball Players Get 2d Crack

*Aaron Senne, et al. v. Kansas City Royals Baseball Corp., et al. 3:14cv608 JCS*

Minor League baseball players who claim they were paid less than minimum wage will get another chance at their class action lawsuit.

Lead plaintiff Aaron Senne sued Baseball Commissioner Bud Selig and 30 Major League clubs in February 2014. Senne, who played for a Miami Marlins farm team in Jamestown, New York, said that Minor Leaguers earn a meager $3,000 to $7,500 per season and are not paid overtime or compensated for off-season work, including spring training.

Judge Joseph Spero in the Northern District originally dismissed eight Major League clubs from the suit for lack of jurisdiction. In July 2016, he granted a motion to decertify the class, finding that variations in players' work activities made class certification impractical.

However, Spero now partly grants a motion for reconsideration of his July 2016 ruling based on the discovery of new evidence coupled with the players' decision to drop some claims for unpaid wages.

The original classes "asserted claim that were based not only on activities in which they engaged at the ballpark but also winter conditioning activities performed individually. The evidence in the record indicated that players had wide latitude as to what types of winter conditioning they engaged in and where and when they performed this work. Players were not required to perform their conditioning at a particular workplace and were not under the control of their employer when they performed their conditioning activities.

"Under these circumstances, the continuous workday doctrine was of little assistance for measuring the amount of work they performed, at least for the winter conditioning work, and therefore classwide determination of the amount of work performed by class members would have been difficult, if not impossible."

Under the new proposal, plaintiffs no longer

**EXHIBIT 2
PAGE 73**

BRIEFS

seek to assert claims on behalf of the proposed classes based on winter conditioning work.

"(P)laintiffs' new theory of liability as to the new classes reduces the need to focus on the players' specific activities in order to quantify the amount of work performed to the extent they rely on the continuous workday doctrine.

"While it is likely that some individualized issues will remain as to whether certain types of activities should be included under the continuous workday rule or are properly considered 'work' under the applicable law, the court is not persuaded that they will overwhelm the common issues raised by plaintiffs' claims."

The court also finds that many of the individualized inquiries cited by defendants go to damages and not liability, and therefore do not present an impediment to class certification.

"(W)ith respect to the California Class, plaintiffs may be able to establish liability as to some of their overtime claims by using schedules reflecting weeks in which teams were scheduled to play games on seven consecutive days in violation of California overtime law."

Of particular significance is the fact that plaintiffs will be able to use survey data in combination with other evidence that may be sufficient to allow a jury to draw conclusions based on reasonable inferences as to when players were required to be at the ballpark and how long after games they were required to stay, the court finds.

"This evidence includes the transactional histories of the players, the daily schedules, and records of games that were played, including where the games were played and how long they lasted."

"(T)he Court finds that plaintiffs have met the threshold requirement of showing that application of California law to their claims is constitutional. In particular, all of the class members have had significant contact with California because they have been assigned to the California League and played baseball in California with the California League.

"Further, plaintiffs have proposed the addition of a temporal component to the class definition to exclude any individuals who were assigned to the California League for less than a specified period in order to ensure that the class does not include any class members whose contacts with California were so minimal as to raise questions about the constitutionality of applying California law to their claims.

"The court concludes that a seven-day minimum is sufficient to meet this objective. With this limitation, the court finds that plaintiffs have met their burden as to the constitutionality of applying California law to the claims of the California Class."

However, the choice of law problem associated with the Florida and Arizona classes is significant, the court finds.

Plaintiffs have not addressed in any detail the interests of either Florida or Arizona in applying their law to the claims of the class members and defendants point to numerous states in which courts have recognized an interest in applying the law of that state to residents who work outside of the state, raising the possibility that the laws of states other than Arizona and Florida should be applied to the claim of some absent class members, the court finds.

"For example, among the states that have found that their wage and hour laws may be applied to work performed outside the state are Washington and Massachusetts. It is thus possible that class members from those states, e.g., minor leaguers who play for clubs affiliated with the Boston Red Sox or the Seattle Mariners, might be entitled to assert their claims under the laws of those states.

"And in contrast to the California Class, there is no presumption that the law of either Arizona or Florida must be applied by this court. Rather, as to these classes, the burden is on plaintiffs to show that the interests of Arizona and Florida will outweigh the interests of any of the potential states that the claims of absent class members may implicate. Plaintiffs have not met that burden."

Therefore, the court certifies a class of all Minor Leaguers who played in a California league, instructional league or extended spring training on or after Feb. 7, 2011.

However, the court refuses to certify proposed classes of Minor Leaguers who played or trained in Arizona and Florida.

Plaintiff is represented by Daniel L. Warshaw

EXHIBIT 2
PAGE 74

BRIEFS

CLASS ACTIONS, SETTLEMENT

# Satirical Newspaper Loses UCSD Claim

*The Koala v. Pradeep Khosla; Daniel Juarez; Justin Pennish 3:16cv1296 JM*

A satirical student newspaper cannot continue with its claims against officials at the University of California at San Diego for canceling its print budget after complaints poured in about its stories.

The Koala, whose motto is "The Worst in College Journalism Since 1982!", lost its funding from the Associated Students of UCSD in 2015 when the group canceled its support for print publications. Claiming First Amendment violations, the newspaper sued Chancellor Pradeep Khosla, Associated Students of UCSD president Daniel Juarez, and Associated Students financial controller Justin Pennish.

The defunding of the student paper followed a massive wave of criticism of a Nov. 15, 2015 story, "UCSD Unveils New Dangerous Space on Campus." The story mocked UCSD's new "safe places" where students are supposedly given shelter from anything they might deem insensitive. The story used the word "nigger" five times.

"Located in the center of Librayr Walks, the new Dangerous Space is the ideal place for students to do whatever the hell they want," the story said, then quoted a fictitious "typical" Asian student named "F. Yu" who enjoyed necrophilia.

On Nov. 18, 2015, the Senate of the Associated Students voted 22-2 to pass the Media Act, which eliminated funding for all printed media, a funding source for registered student organizations (RSOs) like plaintiff.

The Koala says in its lawsuit that the college had tried to shut it down for years. For example, in 2002, UCSD tried to revoke its registration as a student organization after one of its members allegedly took photos of another student organization's meeting and made fun of it, the paper says.

Judge Jeffrey Miller in the Southern District dismisses the complaint, finding that The Koala's First Amendment rights were not violated.

The newspaper argues that it is unreasonable to expel student print publications from a forum designed to support student speech because student print publications serve the same purposes as other groups that continue to receive campus activity fees.

"This case is unlike Rosenberger where the university provided student activity funds for numerous campus publications but not to Christian-themed publications. The Supreme Court found that the government in a limited public forum may not engage in viewpoint discrimination, 'an egregious form of content discrimination.'

Here, in contrast, the denial of funding for all print publications applies across the board, without regard to viewpoint or content. "In sum, the court concludes that the Media Act does not violate the Freedom of Speech clause of the First Amendment.

"Here, there is no doubt that the elimination of funding for all print publications is viewpoint neutral. As noted in Perry, other than a traditional public forum, the 'state is not required to retain the open character of the facility.'

"The Associated Students could close the forum whenever it decided to do so. Furthermore, the budgetary determinations and priorities set by the Associated Students, as reflected in the Media Act, appear reasonable in light of its mandate to (1) provide students with the educational benefits of participating in student government; (2) provide a forum for the discussion of issues and ideas of interest to students; (3) provide financial and other tangible support for student activities and organizations on a viewpoint-neutral basis in order to foster a sense

EXHIBIT 2
PAGE 75

BRIEFS

of community and to further discussion among students of the broadest range of ideas; (4) communicate the views of the students.

"The Koala also argues that the First Amendment dictates that it cannot be excluded from the receipt of funding because Associated Students provide funding to other student groups. This argument is not persuasive. In constructing this argument, The Koala contends that the limited public forum at issue should be defined as the funding of all campus organizations that support events, concerts, initiatives, newspapers, or other forms of speech.

"Such an expansive definition of the forum is not supported by the SAC's allegations. Plaintiff directly attributes the alleged harm suffered by the Koala to the Media Act, and not some other source.

"The Koala heavily relies on Cornelius in arguing that the relevant limited public forum consists of all student expressive organizations. In doing so, The Koala hopes to avoid the consequences of a forum closure analysis predicated upon a forum limited to student print publication.

"In Cornelius, the Supreme Court decided whether the federal government violated the First Amendment right to speech when it excluded legal defense and political advocacy organizations from participating in the Combined Federal Campaign (CFC).

"The CFC, by Executive Order, was a charity drive aimed at federal employees and participation in the CFC was limited to organizations that provided direct health and welfare benefits to individuals. The CFC was an annual drive conducted in the workplace through volunteer federal employees distributing literature and information for making charitable contributions. Participating organizations limited their fundraising efforts to a 30-word statement submitted for inclusion in CFC literature distributed to federal employees.

"Initially, the Cornelius court had to define the relevant forum: whether the forum was defined as the federal workplace, as urged by the excluded organizations, or the CFC. The Supreme Court held that because the excluded organizations sought access to the CFC, the CFC was the relevant forum, observing that when limited access is sought 'a more tailored approach to ascertaining the perimeters of a forum within the confines of . . . government property [is appropriate].'

"Cornelius does not support The Koalas's argument that the limited public forum here is greater than student print media publication. The Koala seeks funding for its print publications through this action and nothing more.

"It is not seeking to carve out a physical location on campus for a reading of its publication or to participate in a speakers' bureau. It is not seeking charitable contributions on campus or endorsement of any point of view. It is merely seeking the restoration of a modest sum of money derived from student activity fees to subsidize its print publications. The relevant forum has thus been defined and consists of Associated Students' funding of student print publications.

"The Koala also appears to argue that Rosenberger and Tucker v. State of Cal.

Dep't of Educ. require a finding of something more than 'reasonableness' when restricting speech in a forum that goes beyond the traditional rational basis test.

"As applied to the present case, the argument is not persuasive. Rosenberger and Tucker are both viewpoint discrimination cases that do not turn on the reasonableness of the discrimination. In Rosenberger, the defendant university provided student activity funding to numerous student publications but not to Christian themed publications. As noted by the Supreme Court, such 'viewpoint discrimination [] is presumed impermissible.'

"Here, in contrast, the denial of funding for all print publications applies across the board, without regard to viewpoint or content.

"In sum, the court concludes that the Media Act does not violate the Freedom of Speech clause of the First Amendment. The court dismisses the First and Second causes of action without leave to amend."

Plaintiffs are represented by John David Loy with ACLU Foundation of San Diego. Defendants are represented by Jean-Paul Phillip Cart with Schiff Hardin LLP.



EXHIBIT 2
PAGE 76

BRIEFS

CLASS ACTIONS, SETTLEMENT

# 'Made in USA' Case Settlement Rejected

*Sonia Hofmann, an individual and on behalf of all others similarly situated v. Dutch LLC; Does 3:14cv2418 GPC*

Shoppers and a retail company must head back to the drawing table to come up with an appropriate settlement for a case in which the company is accused of using a "Made in the USA" label on jeans that contained foreign-made parts.

Lead plaintiff Sonia Hofmann says she purchased a pair of Current/Elliot jeans bearing a "Made in the USA" label when, in fact, the jeans contained buttons, rivets, zipper assembly, thread and fabric made in other countries.

The parties proposed two previous settlements, both of which were rejected by the court. The current settlement consists of a Current/Elliott brand tote bag and electronic gift cards redeemable on www.CurrentElliott.com only and loaded with values of multiples of $20 corresponding with the number of products purchased during the class period.

Judge Gonzalo Curiel in the Southern District finds that there are obvious deficiencies in the substance of the settlement that prevent the court from approving it as fair, adequate and reasonable. Chief among those deficiencies is the cy pres award, the court finds.

"Plaintiff's previous settlement proposed that Defendant pay $50,000 to the Step Up Women's Network and that it distribute another $200,000 among Step Up Women's Network, FIDM Scholarship, Race for the Cure, Juvenile Diabetes Research Foundation, and Ability First.

"Here, plaintiff has modified the previously submitted cy pres award by proposing that defendant instead donate $200,000, over four years, to a scholarship endowment at the consumer science department of a not-for-profit institution of higher education and an additional $50,000 to Step Up Women's Network.

"The court is perplexed that plaintiff contin-

ues to include the $50,000 contribution to Step Up Women's Network in the cy pres award given the court's previous conclusion that the charity failed to meet the objectives of the statutes at issue in this case."

Equally puzzling is defendant's explanation for continuing to include the donation to Step Up, the court says.

"Continuing to repeat the fact that defendant's clientele is mostly women does not somehow make defendant's charitable donation to Step Up legally sufficient. The Ninth Circuit's jurisprudence on cy pres awards is not optional or vague, but binding and unequivocal. A cy pres award meets the objectives of the underlying statute when the cy pres recipient's mission and the statute's goals have a non-tenuous connection.

"Donating to a charity that 'focus[es] on help

. The class members did not buy a tote bag deceptively labeled 'Made in the USA,' they bought a pair of jeans. And there is no evidence in the record explaining the real economic value of the tote bag, the likely resale value of the tote bag, or whether the class members are likely to find value in the tote bag.

ing and meeting the needs of women in our society' does not meet the underlying objectives of the consumer protection statutes, no matter how many times plaintiff emphasizes the point. Accordingly, this aspect of the cy pres award is legally insufficient.

"Defendant's proposed donation to an unnamed, unidentified scholarship endowment at a consumer science department like the one at California State University, Northridge is likewise deficient under Ninth Circuit jurisprudence. Plaintiff argues that making such a donation meets the rig-

EXHIBIT 2
PAGE 77

BRIEFS

orous cy pres standard because 'making donations to support the study of and to advocate for consumer science provides direct benefits to the consumer population as a whole.'

"The court disagrees. While noble, making a scholarship to one or two individuals who intend to study consumer science, does not target the plaintiff class and fails to provide reasonable certainty that any class member will be benefitted by the award."

Another deficiency in the proposed settlement concerns the gift card codes.

"Under the previous settlement, class members would have received a gift card valued at $20. Here, members of the class will receive at least $20 in electronic gift card codes, and possibly more depending on the number of units purchased by the class member.

"This change in the proposed settlement does not address the concerns that were raised by the court in its April 26 Order denying plaintiff's proposed settlement. There, the court concluded that the gift cards were an inadequate remedy because they were worth significantly less than their face value and because plaintiff's underlying claims were not frivolous.

"The court is not now persuaded that these coupons have been legally cured just because the settlement proposes that a certain subset of class members (i.e., those who bought more than one of defendant's items) will receive more than one $20 gift card. The proposed settlement still fails to contradict the court's conclusion that the 'face value' of the gift card 'is far less than its actual value,' and thus, the court still finds this aspect of the settlement problematic."

The court also has issues with plaintiff's proposal that class members receive one denim tote bag, with a retail value of $128, as part of the settlement.

"At oral argument, plaintiff's counsel emphasized that the tote bag has value — that it can be gifted away, sold on eBay, at a garage sale or that it can be worn — and that such value is worth the eight cents, nine cents, or ten cents that arguably represents the difference between the American-made parts and the foreign-made parts present in defen-

dant's jeans.

"Yet while the court recognizes that the tote bag is worth more than the minimal amount defendant saved by selling any given class member a pair of jeans with foreign-made component parts, that miniscule dollar amount is not the essence of plaintiff's suit.

"Plaintiff brought suit under the Consumer Legal Remedies Act, the Unfair Competition Law, and the 'Made in USA' statute because defendant labeled and marketed its jeans as 'Made in the USA' when they were, allegedly, 'manufactured or produced from component parts that were manufactured outside of the United States.' Given that this is the central allegation of the complaint, the court remains skeptical that a Current/Elliot tote bag provides value to the class members.

"The class members did not buy a tote bag deceptively labeled 'Made in the USA,' they bought a pair of jeans. And there is no evidence in the record explaining the real economic value of the tote bag, the likely resale value of the tote bag, or whether the class members are likely to find value in the tote bag.

"That is not to say, however, that the tote bag does not have value to the class members. Indeed, there is too little information available to the court at this juncture to make that conclusion. Perhaps, as plaintiff's counsel indicated at oral argument, class members will overwhelmingly find the proposed settlement satisfactory. Perhaps they will not.

"Regardless, what the court requires of any preliminary settlement is that plaintiff make a showing sufficient for the court to satisfy the rigorous review required of it and for the court to conclude that the proposed settlement is in the interest of the silent class members. To date, plaintiff has failed to make any convincing showing."

The parties are given an additional 60 days to file a renewed motion for preliminary approval of class action settlement that cures the above-mentioned deficiencies.

Plaintiffs are represented by John H. Donboli with Del Mar Law Group LLP. Defendants are represented by Arthur K. Purcell with Sandler Travis & Rosenberg PA.

EXHIBIT 2
PAGE 78

BRIEFS

ATTORNEY FEES

# Alameda Must Pay Fees Over Billboard Ban Loss

*Citizens for Free Speech LLC, et al. v. County of Alameda 3:14cv2513 CR*

Alameda County is on the hook for $38,000 in attorney fees – and a single dollar in damages – for banning a group's billboards in a so-called scenic corridor.

Citizens for Free Speech and landowner Michael Shaw sued the California county in 2014, claiming an overly broad sign ordinance gave it "unfettered discretion to approve or disapprove a variance application to display a sign of any size, with any content of speech."

Shaw owned a parcel within an Alameda County area zoned as a "planned development" district, along Interstate 580, and maintained a single on-site sign that advertised for his company, Lockaway Storage.

Shaw and Citizens for Free Speech agreed to the construction and display of three additional signs on the parcel.

In 2014, a county official told Shaw the signs were prohibited and ordered them removed. An ordinance divided the county's unincorporated territory into 25 districts, within which only certain buildings, structures or land uses were permitted.

The move, plaintiffs claimed, restricted their freedom of speech by outlawing signs that expressed opposition to development in the area. They sued the county on violations of their First Amendment rights, the Equal Protection Clause and California's free speech laws.

Judge Charles Breyer in the Northern District granted plaintiffs' preliminary injunction in 2014 and directed the parties to provide more information about the "appropriateness" of the ordinance. Breyer said that irreparable injury was likely if the county was not prohibited from enforcing the zoning ordinance.

In 2015, Breyer granted and denied in part Alameda's request for summary judgment in the back-and-forth lawsuit. He found that the county

presented substantial evidence that certain zoning ordinances did not apply to plaintiffs' signs and the plan precluded plaintiffs from building the signs on the parcel.

However, he denied Alameda's request for summary judgment on plaintiffs' equal protection claims and on their facial challenge regarding the unfettered discretion granted by the ordinance.

Alameda County prevailed on the remaining claims in 2016.

Breyer now awards Citizens $38,000 in fees plus costs and $1 in nominal damages.

The judge rejects the county's argument that nominal damages are not available for a facial challenge in which the law at issue is never applied to the plaintiff.

"(T)he best that the County can point to in this circuit is that the nominal damages cases in Citizens' opening brief involved a law or policy actually being applied to a plaintiff. The Ninth Circuit

> The court held that section 17.52.520(A) of the zoning ordinance violated the equal protection clause by privileging speech by government speakers over private citizens.

noted in one of those cases that the plaintiff's injury was caused by an unlawful policy, but it has nowhere held that nominal damages are not available to a plaintiff to whom a policy is not applied.

"While this court held earlier in this case that nominal damages are not available for an overbreadth challenge under the First Amendment, the claim at issue is an equal protection claim. Even accepting the County's characterization of Citizens' claim as a facial equal protection claim, the County points to no carve-outs for such claims, and even concedes: 'The Ninth Circuit has never considered whether nominal damages are available in facial

EXHIBIT 2
PAGE 79

BRIEFS

challenges generally.'

"Thus, although there is some logical appeal to the County's argument, there is currently not support for it in the Ninth Circuit. Instead, the Ninth Circuit has stated quite broadly that 'In this Circuit, nominal damages must be awarded if a plaintiff proves a violation of his [or her] constitutional rights.'

"The court has held that Citizens prevailed on its equal protection claim based on section 17.52.520(A), which privileged government speech over speech by private speakers, like Citizens. Accordingly, Citizens is entitled to nominal damages. The Court will award Citizens nominal damages of one dollar to acknowledge the 'importance to organized society' that its constitutional rights 'be scrupulously observed.'"

Because Citizens is entitled to nominal damages, it is considered to be the prevailing party and is entitled to attorney fees, the court finds.

"Citizens boasts that its litigation 'sparked a veritable overhaul of the County's sign restrictions and related laws.' This is hyperbolic. Still, the equal protection claim that Citizens prevailed upon is significant.

"Judge Mosman held that '[a] case where a jury finds . . . an unconstitutional arrest by an individual officer, but awards only nominal damages, might seem to be a case for which no fees would be awarded. But a case of nominal damages that declares an existing government policy unconstitutional' raises a right to fees.

"The court explained that 'our plaintiff obtained real relief: a solid declaration from the jury that the county had an unconstitutional policy, not just an isolated practice.' It went on: 'Further, that policy concerned an important public issue, involving government intervention in large economic development projects.'

"Similarly here, the court held that section 17.52.520(A) of the zoning ordinance violated the equal protection clause by privileging speech by government speakers over private citizens. While not terribly significant to Citizens' case, that finding—and the County's subsequent amendment of the section—was legally significant, as it served to correct an unconstitutional ordinance dealing with both the equal protection clause and the First Amendment,

important public issues. The public will (theoretically) benefit by having a constitutional zoning ordinance in place."

Although Citizens is entitled to fees, the court significantly reduces the fees awarded in light of Citizens' limited success.

Citizens requests $199,030 in fees, plus costs, at an hourly billing rate of $650.

"Citizens did not receive a permanent injunction allowing it to maintain its signs. After nearly three years of litigation, a motion for a temporary restraining order and preliminary injunction, a motion for summary judgment by the County, cross-motions for summary judgment, briefing on both the scope of the preliminary injunction and the dissolution of the preliminary injunction, and now a motion for fees, very little has actually been accomplished.

"Citizens only prevailed on one claim, after which the County voluntarily amended its ordinance to correct the unconstitutional language—and the amendment did not actually benefit Citizens. That relief compares quite unfavorably to Klein, where the plaintiff 'gained the relief that he primarily sought when the challenged law was amended.'

"The court does not penalize Citizens for failing to receive all of the relief it requested. But it must recognize that Citizens received almost nothing, aside from nominal damages. Citizens' level of success does not make the hours expended a satisfactory basis for the fee award.

"In light of the poor results achieved, the court reduces Citizens' fee award to 20 percent of what it seeks. The court has selected 20 percent of the lodestar – and not less – because the case did present difficult questions, and implicate evolving authority, at the intersection of equal protection and First Amendment law."

Citizens is awarded $38,000 in fees.

Plaintiffs are represented by Joshua Reuben Furman. Defendants are represented by Matthew Dwight Zinn with Shute Mihaly & Weinberger.



EXHIBIT 2
PAGE 80

RULE AND JUDGMENT

# RULE & JUDGMENT

*Written Decisions Shaping Ptractice in The Four Districs*



EMPLOYMENT
Employee's Defamation Claims Against Host International Dismissed.................................................18
Summary Judgment for Tesoro in Wrongful Termination Case........................................................18
Wrongful Termination Claims by Arizona Resident Dismissed........................................................18
EMPLOYMENT/LABOR
Judge Approves $2.3M Class Settlement against Quest Diagnostics...................................................19
INSURANCE
Claims Against Insurance Company Time-Barred........................................................................19
Amguard Insurance Wins Out in Policy Dispute.........................................................................19
JURISDICTION
Defamation Case Against City Officials Remains in Fed Court.........................................................20
LABOR
Labor Secretary Loses Bid to Halt Transport of Ag Workers..........................................................20
MEDICAL MALPRACTICE
Injuries Result of Periodontal Disease, Not Malpractice...............................................................20
PATENT
TriReme Fails to Prove Inventorship of Balloon Catheter..............................................................21
PATENT
Judge Issues Mixed Ruling in Fitbit Patent Case.......................................................................21
PROPERTY
Sacramento County Barred from Revoking Permit to Equestrian Center ...........................................21
SECURITIES
Investors Who Lost Millions in Madoff Scandal Given Second Shot...................................................22
Hedge Fund Group Shakes Charges of Insider Trading.................................................................22
Motion to Dismiss Denied in Shell Factory Scheme.....................................................................22
TELEPHONE CONSUMER PROTECTION ACT
Judge Refuses to Remand Case over Process Server Inconsistencies...................................................23
TRADEMARK
Phased Trial Denied in Clothing Trademark Dispute...…………….......................................................23

EXHIBIT 2
PAGE 81

## RULE AND JUDGMENT

ANTITRUST

*Nitsch v. Dreamworks Animation SKG Inc.; 5:14cv4062 LHK*

Koh in the Northern District preliminarily approves a $168 million class action settlement between Dreamworks and animation artists who claim they were victims of an industry-wide wage fixing scheme.

The $168 million settlement represents 33 percent of what the animators and other studio workers lost due to the claimed industry-wide wage fixing scheme.  As a result, the proposed settlement falls within the "range of reasonableness" and therefore warrants preliminary approval, Koh says.

The class action alleged that most of the major studios conspired to suppress wages and opportunities for animators, digital artists, software engineers and other technical workers. In addition to Dreamworks, the class action named Pixar, Lucasfilm, Walt Disney, and ImageMovers Digital.

Plaintiffs are represented by Daniel Small at Cohen Milstein Sellers and Toll out of Washington, DC. Defendants are represented by Cody Shawn Harris at Keker and Van Nest in San Francisco.


ATTORNEY FEES

*Narek Davtian v. Jaguar Land Rover North America LLC 2:14cv05417*

Pregerson in the Central District grants in part and denies in part plaintiff Narek Davtian's motion for attorney fees on a breach of warranty case regarding a settlement in a "lemon law" complaint. Forty of plaintiff's attorney's hours are impossible to verify due to vagueness, 3 hours are duplicative, and 20 hours are unjustifiable for trial preparation. Travel time will be reduced as plaintiff has provided no explanation why he retained a San Diego-based firm rather than a Los Angeles-based one. The court awards plaintiff $157,341 in fees and $29,373 in costs, for a total of $186,714.

Plaintiff is represented by Brian Bickel at the Bickel Law Firm in San Diego. Defendant is represented by Brian Takahashi at Bowman and Brooke.


ATTORNEY FEES

*Raul Caiz v. William Leonard Roberts II; Universal Music Group; Def Jam Records, Inc.; Maybach Music Group 2:15cv9044*

Lew in the Central District denies defendants' motion for attorney fees in a trademark case where defendant William Roberts successfully defeated claims that he infringed on  Raul Caiz's trademark "Masterminds" and used it on his music album and tour.

Defendants failed to properly meet and confer with Caiz regarding the instant motion or to show that Caiz litigated the case in an unreasonable manner.

Although the court did not find Caiz's arguments persuasive, he nevertheless set forth good faith arguments and what he believed was evidence that the mark was suggestive and not descriptive. Defendants failed to prove by a preponderance of the evidence that the case was "exceptional" for the purposes of awarding attorney fees.

Plaintiff is represented by Heleni Suydam at Sands and Associates. Defendants are represented by Craig Holden at Lewis Brisbois.

EXHIBIT 2
PAGE 82

## RULE AND JUDGMENT

### ATTORNEY FEES

*Our Children's Earth Foundation v. National Marine Fisheries Service; 3:14cv1130 WHO*

Orrick in the Northern District awards attorneys' fees to Our Children's Earth Foundation after the non-profit partially succeeded in consolidated lawsuits under the Freedom of Information Act against the National Marine Fisheries Service relating to its oversight of Stanford University's activities on the Central California Coast steelhead.

Because the foundation prevailed on significant portions of both lawsuits, it is eligible for an award of attorney's fees and costs, Orrick says. Moreover, the foundation's litigation conferred a significant benefit on the public by shedding light on the NMFS' actions in carrying out its duties and handling FOIA requests.

Orrick, however, significantly reduces the amount of attorney fees awarded, finding that the foundation's counsel submitted excessive and redundant billing. Plaintiffs must also recalculate their lodestar using hourly rates that were approved for them in past years and using a rate for 2016 that is no more than 10 percent above their 2015 rates.

Plaintiffs are represented by Jodene Louise Isaacs at the Environmental Advocates in San Francisco. Defendants are represented by Coby Healy Howell from the US Department of Justice in Portland, Oregon.

### CIVIL RIGHTS

*Gary Martinovsky, et al. v. County of Alameda, et al.   3:16-cv-00403-MMC*

Chesney in the Northern District partially dismisses a doctor's lawsuit based on an alleged Workers' Compensation sting operation targeting the doctor and his practice.

The county defendants, suspecting insurance fraud and unlawful dispensing of drugs, searched the doctor's office and arrested him during business hours, demeaning him in front of clients and employees, the doctor says.

With the exception of the charges against one of the defendants, Chesney finds that the doctor's claims contain no more than general, conclusory allegations, and consequently fail to state any facts showing that defendants participated in the violation of plaintiff's constitutional rights. He dismisses two of these claims. One naming a California Department of Insurance detective, however, is not subject to dismissal, based on a lack of probable cause for the doctor's arrest.

Plaintiffs are represented by Michael Haddad at Haddad and Sherwin out of Oakland. Defendants are represented by Michael Charles Wenzel at Bertrand Fox and Elliot in San Francisco.

### CIVIL RIGHTS

*Alice Kzirian v. San Diego Police Department 3:16-cv-1167-BAS-KSC*

Bashant in the Southern District grants defendant's motion to dismiss with leave to amend a civil rights case where plaintiff claims discrimination and defamation of character by a member of the SDPD's Psychiatric Emergency Response Team who allegedly "wrote a letter" against plaintiff, which led a team of officers to come to her property to arrest her.

The judge finds that plaintiff does not state a claim for relief as to her discrimination claim, failing to cite city polices allegedly behind the constitutional violation. Bashant declines to exercise supplemental jurisdiction over plaintiff's state law defamation claim.

EXHIBIT 2
PAGE 83

RULE AND JUDGMENT

Plaintiff is pro se. Defendant is represented by Catherine Louise Turner from the Office of the City Attorney.


CIVIL RIGHTS

*Stevanus Edward v. President Obama; FBI; NSA; Attorney General of California; et al. 8:16cv01677*

Bernal in the Central District grants defendants' motion to dismiss in a civil rights case where plaintiff Stevanus Edward claims defendants were spying on him.

Bernal says that plaintiff's "rambling allegations are mostly unintelligible and outlandish accusations pertaining to implausible grievances involving purported acts of former President Barack Obama, electronic surveillance, medical issues and treatment, personal disputes, religion, and a conspiracy to end his life."

Although allegations in a pro se complaint are held to a less stringent pleading standard than those drafted by an attorney, plaintiff's claims still fail to survive the more lenient standard.

Plaintiff is pro se. Defendants are represented by James Morris Robbins at the California Department of Industrial Relations in San Francisco and Frank Harrell at Lynberg and Watkins.


CLASS ACTION

*Shyriaa Henderson v. United Student Aid Funds Inc. 3:13-cv-1845-JLS-BLM*

Sammartino in the Southern District grants defendant's motion for summary judgment in a Telephone Consumer Protection Act class action accusing defendant of contacting plaintiff on her cell phone without her consent.

The judge finds that plaintiff failed to establish a genuine issue of material fact regarding vicarious liability, finding that defendant contracted with other groups to handle its collection efforts and did not control the subcontractor's activities.

Plaintiff is represented by Benjamin Richman at Edelson PC out of Chicago. Defendant is represented by Andrew Barrios at Vedder Price PC out of Chicago.


CLASS ACTION

*Douglas Thompson, on behalf of himself, others similarly situated and the general public v. Costco Wholesale Corporation; Does 3:14-cv-2778-CAB-WVG*

Bencivengo in the Southern District declines to preliminarily approve a $2 million labor class action settlement brought by a former truck driver for Costco who claims the company did not provide proper meal or rest breaks to employees.

As part of the settlement agreement, plaintiffs were required to file a third amended complaint, adding claims for unpaid wages and liquidated damages under the Fair Labor Standards Act.

Bencivengo finds the inclusion of the FLSA claim renders the settlement improper, noting that plaintiffs should dismiss the FLSA claim from the complaint without prejudice and the parties can limit their settlement to Rule 23 class action claims. The judge also finds the parties provide no evidence or information for her to judge the reasonableness of the settlement amount itself.

Plaintiff is represented by David Mara at the Turley and Mara Law Firm. Defendant is represented by David Kadue at Seyfarth Shaw out of Los Angeles.

**EXHIBIT 2
PAGE 84**

## RULE AND JUDGMENT

CONTRACT

*Mighty Enterprises Inc. v. She Hong Industrial Co. 2:14cv6516*

Gandhi in the Central District denies a renewed motion for judgment by She Hong Industrial, a Taiwan-based manufacturer of machine tools, in a breach of contract case where Mighty Enterprises says it purchased $6 million in inventory from She Hong before finding out that She Hong was going to terminate the agreement to sell its products in the U.S.

Sufficient evidence supports the jury's determination that She Hong solicited Mighty Enterprises's dealers, without its knowledge, during the course of the Distribution Agreement and deleted emails that may have contained additional information about such solicitations.

The court also finds that there was sufficient evidence to support the jury's $1.2 million award for lost profits due to the loss of machinery inventory and $1.13 million award for lost profits due to the loss of parts inventory. Plaintiff provided evidence indicating that the value of its inventory was largely diminished and that it was unable to exhaust all of its inventory because its dealers and customers are now unwilling to work with plaintiff.

Plaintiff is represented by Amanda Dior Murray at Fox Rothschild. Defendant is represented by Anthony Dain at Procopio Cory out of San Diego.

CONTRACT

*Macom Technology Solutions; Nitronex v. Infineon Technologies AG; Infineon Technologies Americas 2:16cv2859*

Snyder in the Central District denies Infineon's request to stay the preliminary injunction and grants its motion to modify the preliminary injunction on a breach of contract and declaratory relief case where Macom was seeking a declaration that Infineon was not entitled to terminate the 2010 License Agreement.

The court has jurisdiction to issue a modification that removes language from the preliminary injunction that had been removed from the License Agreement, and which narrows, rather than expands, the scope of the injunction and therefore does not "materially alter the status of the case on appeal," says Snyder.

Plaintiffs are represented by Amanda Tessar at Perkins Coie LLP out of Denver. Defendants are represented by Alison Margaret Mackenzie at Caldwell Leslie and Proctor.

CONTRACT

*Total Recall Technologies v. Palmer Luckey; 3:15-cv-2281*

Alsup in the Northern District dismisses a contract dispute between Total Recall Technologies and Palmer Luckey, creator of the consumer virtual reality technology Oculus Rift, with the former claiming that Luckey took its prototype for a head-mounted virtual reality display and sold it to Facebook.

Alsup says that one of Total Recall's two partners lacked authorization to pursue the lawsuit without consent of the other partner, the latter being the partner who actually entered into an agreement with Luckey to develop the prototype for a head-mounted virtual-reality display.

Significantly, the agreement between the two Total Recall partners gave each partner veto power over any company decision. The partner who contracted with Luckey objected to the lawsuit against Luckey.

Plaintiff is represented by Robert William Stone at Quinn Emanuel out of Redwood Shores. Defendant is represented by Mark Frederick Lambert at Cooley LLP in Palo Alto.

© Copyright 2017 Four Districts Alamanac

**EXHIBIT 2
PAGE 85**

RULE AND JUDGMENT

CONTRACT

*Macom Technology Solutions; Nitronex  v. Infineon Technologies AG; Infineon Technologies Americas 2:16cv2859*

Snyder in the Central District denies Infineon Technologies' motion to dismiss Macom Technology's second claim for relief on a breach of contract case regarding a declaration that Infineon was not entitled to terminate the parties' 2010 License Agreement for use of a semiconductor.

Snyder rules that Macom need not plead the elements of patent infringement in order to allege breach of contract.

Macom's allegations that they are "on the cusp" of producing certain GaN-on-Si RF products are sufficient for pleading purposes. Infineon's course of conduct creates a reasonable apprehension that Macom will face an infringement suit if they continue to produce GaN-on-Si RF products, and the court concludes that Macom adequately pleads facts establishing an infringement controversy with respect to specific GaN-on-Si products.

Plaintiffs are represented by Amanda Tessar at Perkins Coie LLP out of Denver. Defendants are represented by Alison Margaret Mackenzie at Caldwell Leslie and Proctor.

CONTRACT

*California Expanded Metal Products v. James A. Klein 2:16cv05968*

Pregerson in the Central District grants California Expanded Metal Products' motion to strike defenses of patent invalidity, patent unenforceability, and patent misuse regarding failure to assign several patents to defendant James Klein following a settlement agreement in a breach of contract case.

Pregerson says that "considerations of justice and fairness dictate that 'an assignor should not be permitted to sell something and later to assert that what was sold is worthless, all to the detriment of the assignee.'"

Plaintiffs are represented by Dylan Dang at Trojan Law Offices. Defendants are represented by Omero Banuelos at Rimon PC.

CONTRACT

*Henry Schein Inc. v. Jennifer Cook, et al.  3:16-cv-03166-JST*

Tigar in the Northern District partially dismisses the dental supply firm's suit accusing the former employee of stealing trade secrets, but allows contract, fiduciary duty, unfair competition and tortious interference charges to go ahead.

Defendant Cook moved to dismiss the latter claims on the argument that they are preempted by the California Uniform Trade Secrets Act (CUTSA), which preempts a common law claim when it is "based on the same nucleus of facts" as a misappropriation of trade secrets claim. Tigar finds that these causes of action are not based on those same facts, and therefore are not preempted by CUTSA.

However, because plaintiff HSI's claims of conversion and computer fraud both rely on facts from the CUTSA claim, they are preempted and must be dismissed.

Plaintiff is represented by Andrew Philip Schalkwyk at Coblentz Patch Duffy and Bass in San Francisco. Defendants are represented by Samantha Wolff at Hanson Bridgett in San Francisco.

EXHIBIT 2
PAGE 86

## RULE AND JUDGMENT

CONTRACT

Suit by British Firm against Former Silicon Valley Partner Dismissed

MH Pillars Ltd, et al. v. Carol Realini, et al.   15-cv-1383-PJH

Hamilton in the Northern District dismisses a contract action by Payza – a British mobile payment business similar to Paypal – against Obopay, a Silicon Valley firm.

Payza claims it paid defendants for U.S. money transmitter license rights under two contractual agreements, which Obopay abruptly canceled and rescinded. Defendants "retained the money without providing the rights and services promised," according to the complaint.

Hamilton grants defendants' motion for dismissal on all counts, finding the complaint "largely incomprehensible, in part because plaintiffs fail to specify which defendant is alleged to have engaged in which behavior with regard to which plaintiff." In addition, he finds that each of the six causes of action fails to state a claim.

Plaintiffs are represented by Peter Fredman at Law Office of Peter Fredman in Berkeley. Defendants are represented by Kenneth Lee Marshall at Bryan Cave in San Francisco.


DEFAMATION

*Nationwide Insurance Company v. Porter; 2:16cv1933 JAM AC*

Mendez in the Eastern District dismisses a former employee's defamation claim against Nationwide Insurance accusing the insurer of telling other employees and potential employers that she was incompetent, lacked job knowledge, and performed her job as an adjustor poorly.

The former employee fails to show that the company's internal performance reviews were published to a third party, or that her supervisor was motivated by hatred or lacked reasonable grounds for belief in the truth of the publication, as required for a defamation claim.   Mendez declines to remand the former employee's remaining claims to state court because the former employee and Nationwide are citizens of different states and the amount in controversy exceeds $75,000.

Plaintiff is represented by Jason Borchers at Littler Mendelson in Fresno. Defendant is represented by Amanda Brooke Whitten Law Offices of Shelley Bryant in Fresno.


EMPLOYMENT

*Clayton Del Thibodeau, pro se v. ADT Security Services aka ADT Holdings Inc. 3:16-cv-2680-GPC-AGS*

Curiel in the Southern District denies defendants' motion to dismiss plaintiff's violation of the Unfair Competition Law claim in a labor case where plaintiff claims he worked as an outside sales representative and was retaliated against for refusing to participate in misleading, bait-and-switch sales practices and was not paid minimum and overtime wages.

The judge finds that plaintiff sufficiently alleges that defendant's decision to make plaintiff perform more non-sales related tasks meant plaintiff was paid less for incidental, non-sales related work, causing plaintiff to slide into non-exempt status. Plaintiff also sufficiently alleges that defendant did not pay him for all expenses incurred during employment.

Plaintiff is pro se. Defendant is represented by Lonnie Giamela at Fisher and Phillips out of Los Angeles.

EXHIBIT 2
PAGE 87

RULE AND JUDGMENT

EMPLOYMENT

*Charles Matthew Erhart; Does v. BofI Federal Bank   15cv2287 BAS (NLS)*
Stormes in the Southern District grants plaintiff's attorney's motion to quash defendant's subpoena served on her to testify in his whistleblower retaliation action against former employer.
The speculative basis for potentially intruding on plaintiff's attorney-client relationship is insufficient to justify a deposition of opposing counsel, says Stormes, especially where defendant BofI has not met its burden to show that the information is unavailable elsewhere.
Plaintiff is represented by Carol Gillam at the Gillam Law Firm in Los Angeles. Defendant is represented by Polly Towill at Sheppard Mullin in Los Angeles.


EMPLOYMENT

*Mirella Ferrer v. Host International Inc. 2:16cv6798*
Kronstadt in the Central District grants Host International's motion to dismiss plaintiff Mirella Ferrer's emotional distress and defamation claims in an employment case.
Ferrer cannot bring a claim for intentional infliction of emotional distress as a result of the alleged retaliation she experienced after she reported unsanitary conditions of her workplace, as the claim is preempted by the California Worker's Compensation Act.
Also, at least two of the five elements of a defamation claim have not been alleged:  there is no indication that there was a publication of false statements, or that any such publication was unprivileged.
Plaintiff is represented by Joshua Michael Webster at Lavi and Ebrahimian. Defendants are represented by Diamond Hicks at Baker and Hostetler.


EMPLOYMENT

*Plummer v. Tesoro Refining & Marketing Co.  2:16cv2044*
Otero in the Central District grants Tesoro's motion for summary judgment in a wrongful termination case regarding an employee's allegations that he was fired based on his age and because he intended to complain of age discrimination.
Otero finds that "plaintiff himself offers multiple legitimate business reasons for his termination including his inability to perform catalyst coordinator duties" and aggressive behavior toward his supervisor and an HR representative.
Plaintiff's unsupported claim that "[Tesoro's] probably had an ulterior motive–ageism" for terminating him is insufficient to meet his burden to present "specific substantial evidence of pretext" showing Tesoro engaged in intentional discrimination. Additionally, Tesoro presents evidence that plaintiff was trained on Tesoro's harassment policy and reporting procedures, but did not report any violations of Tesoro's policies.
Plaintiff is represented by Carney Shegerian at Shegerian and Associates. Defendants are represented by Jill Ann Porcaro at Seyfarth Shaw out of San Francisco.


EMPLOYMENT

*Ryan Lewis v. Travertine Inc.; Christine Lambert 2:17cv16*
Snyder in the Central District grants defendant Christine Lambert's motion to dismiss for lack of

EXHIBIT 2
PAGE 88

RULE AND JUDGMENT

personal jurisdiction regarding a wrongful termination case.

Snyder says "there is no basis for concluding that Lambert's allegedly tortious conduct was aimed at California, let alone that the brunt of harm was suffered in California." Since plaintiff resides in Arizona, he experienced the alleged emotional distress in Arizona.

Plaintiff is represented by James Bohm at Bohm Wilsih. Defendants are represented by Brian James Mills at Snell and Wilmer.


EMPLOYMENT/LABOR

*Emmons v. Quest Diagnostics Clinical Laboratories; 1:13cv474 DAD BAM*

Droyd in the Eastern District grants final approval to a $2.35 million class action settlement in a case against Quest Diagnostics for wage-and-hour violations.

The Quest employees say their managers discouraged them from recording overtime hours, and that they often had to work off-the-clock before or after their scheduled shifts to attend to patients' needs.

Quest also allegedly engaged in a general practice of understaffing its labs, causing phlebotomists to be denied sufficient rest breaks. A computer forensics investigator hired to analyze a randomized sample of defendants' records for the purpose of identifying meal period violations, identified 87,655 shifts out of 239,845 shifts at least five hours in length for which no applicable rest period was taken.

Plaintiffs are represented by Alexandria Witte at Ford Harrison out of Los Angeles. Defendants are represented by Erica Parks at Lee Tran and Liang in Los Angeles.


INSURANCE

*Jacqueline Keller; Phillip Yaney v. Federal Insurance Co.; Chubb INA Holdings; Chubb Ltd. 2:16cv3946*

Wu in the Central District finds in favor of defendants regarding breach of insurance contract allegations for denial of coverage.

Wu finds that there is no dispute that both the claim and instant action were filed well outside the one-year suit limitation period and the cause of action is time-barred. Wu says "all remaining causes of action are based on allegations that defendants acted in bad faith in breaching the contract by refusing to provide coverage," and "there can be no action for breach of the implied covenant of good faith and fair dealing where there is no contractual right to coverage under a policy."

Plaintiffs are represented by Jacob Nessim Segura. Defendants are represented by Mary McPherson at Tressler LLP.


INSURANCE

*Singh v. Amguard Insurance Co. 2:16cv618*

Gutierrez in the Central District grants Amguard Insurance's motion for summary judgment in an insurance case regarding loss of business income coverage following a fire.

Gutierrez finds that the insurance policy is clear and not reasonably susceptible to multiple interpretations, and that the policy excludes any "increased period" that is required by a law that regulates the "construction, use or repair" of a property. Amguard has shown that plaintiff's losses are excluded by the policy and he has not come forward with evidence that might create a genuine dispute of fact about the terms of the policy or their application in this case.

Amguard has met its burden of showing that more than half of the 12-month business income loss

EXHIBIT 2
PAGE 89

RULE AND JUDGMENT

period is outside of the policy's coverage because the exclusion provision applies.

Plaintiff is represented by Craig Rackohn at Rackohn and Rackohn. Defendant is represented by Leo Ashley at Weston and McElvain.


JURISDICTION

*United Motors International; EASO Industry; Lay M. Ea v. Peter Hartwick; Andrea Hartwick; City of Downey; Fernando Vasquez 2:17cv243*

O'Connell in the Central District denies United Motors' motion to remand, and grants in part and denies in part the government defendants' motion to dismiss on a defamation case.

O'Connell says that in filing a response, "Defendants were taking 'necessary defensive action to avoid a judgment being entered automatically,'" and did not "manifest an intent to litigate in state court," and therefore did not waive the right to remove. This court has jurisdiction over United Motors' federal causes of action, including claims under RICO and Title VI of the Civil Rights Act.

However, O'Connell dismisses the Title VI claim, finding that "mere conclusory statements in a complaint and formulaic recitations of the elements of a cause of action are not sufficient to state a Title VI claim" against the government defendants.

Plaintiffs are represented by Mark Simpkins at Law Offices of Norman Rasmussen. Defendants are represented by Robert Lynch at McMahon Lynch Law Firm.


LABOR

*Perez v. Valley Garlic; 1:16-CV-01156-AWI-EPG*

Ishii in the Eastern District denies a request by the U.S. Secretary of Labor for a preliminary injunction to stop Valley Garlic from using farm labor contractors who are not properly certified to transport migrant and seasonal agricultural workers.

Ishii says that although Valley Garlic is likely violating the Migrant and Seasonal Agricultural Worker Protection Act, the labor secretary has not made the requisite showing that irreparable injury is likely to result. A finding that Valley Garlic's ongoing failure to ensure vehicle safety or driver license status is likely to cause irreparable injury is wholly speculative.

Ishii does find that Valley Garlic is properly classified as an agricultural employer, noting that field workers have sufficient economic dependence on Valley Garlic to make it a joint employer with the contractors that hired the workers. Because Valley Garlic operates a garlic farm and employs seasonal agricultural workers, it is an agricultural employer.

Plaintiff is represented by Jessica Maria Flores from the US Department of Labor in San Francisco. Defendants are represented by Patrick Moody at Barsamian and Moody in Fresno.


MEDICAL MALPRACTICE

*Robert Garber v. United States of America; Department of Health and Human Services; Roland Giedraitis; Grace Hardy; The Northeast Valley Health Corporation 2:15cv5867*

Snyder in the Central District finds in favor of the government as to the patient's allegations of medical malpractice and negligence due to injuries sustained as a result of negligent dental care performed.

EXHIBIT 2
PAGE 90

RULE AND JUDGMENT

Snyder finds that the patient's opinion about the cause of his deteriorating dental health is insufficient to demonstrate a material issue of disputed fact, and that, proceeding pro se, the patient has failed to present documentary evidence supporting his contentions.

Snyder says that it is undisputed that the dental treatment provided satisfied the standard of care required of dentists under circumstances presented, and it is undisputed that the patient's physical injuries are the result of his periodontal disease rather than the dentist's failure to provide adequate treatment.

Plaintiff is pro se. Defendant is represented by AUSA Joanne Osinoff.

PATENT

*TriReme Medical v. Angioscore; 3:14-cv-2946 LB*

Beeler in the Northern District dismisses TriReme Medical's inventorship claims in its patent dispute with AngioScore over an angioplasty balloon catheter called the AngioSculpt.

Beeler finds that TriReme failed to establish that a doctor who performed consulting work for AngioScore made inventive contributions to the catheter by clear and convincing evidence. At most, evidence offered by TriReme only corroborates the doctor's inventive contribution in only the most partial and loose way.

Thus, TriReme's claims for correction of inventorship on the patents must be dismissed.

Plaintiff is represented by David Adam Caine at Arnold Porter Kaye Scholer out of Palo Alto. Defendant is represented by Charles Kramer Verhoeven at Quinn Emanuel in San Francisco.

PATENT

*Fitbit Inc. v. AliphCom, et al.   16-cv-00118-BLF*

Freeman in the Northern District both grants and denies parts of defendants' motion for judgment on the pleadings that Fitbit's patents are invalid because they do not claim patent-eligible subject matter.

The patents relate to tracking a person's movements, recording notifications of such activity, and making on-demand measurement of the subject's heart-rate. Fitbit sued AliphCom alleging that the latter's line of activity-tracking devices infringes upon Fitbit's patents.

Freeman concludes that the asserted claims of two of Fitbit's devices are patent-ineligible because they are directed to abstract ideas and do not recite any inventive concepts. Claims of the heart-rate patent, however, are not so directed and are thus patent-eligible.

Plaintiff is represented by Jack Blumenfeld at Morris Nichols Arsht and Tunnell out of Wilmington, Delaware. Defendants are represented by Brian Farnan at Phillips Goldman and Spence out of Wilmington, Delaware.

PROPERTY

*Mohamed v. County of Sacramento; 2:16cv1327 JAM EFB*

Mendez in the Eastern District says that the County of Sacramento lacked discretion to revoke an agricultural permit issued to a couple who built an equestrian center riding area.

Under the relevant California code, the county only has discretion to revoke permits that are issued based on incorrect, inaccurate, or incomplete information, or some type of error. But here, the county

EXHIBIT 2
PAGE 91

RULE AND JUDGMENT

issued the riding arena permit based on truthful information because the couple built exactly what they said they were going to build – a riding arena.

Moreover, the couple acquired vested rights in the permit once they spent millions of dollars building the equestrian center in reliance on the county's permit approval.

Plaintiffs are represented by Ronald Carello at Cassinat Law Corporation in Elk Grove. Defendants are represented by Martin Niels Jensen at Porter Scott in Sacramento.


SECURITIES

*Sergio Gavaldon et al. v. Standard Chartered Bank International Inc. et al. 3:16-cv-590-LAB-MDD*

Burns in the Southern District grants in part and denies in part defendants' motion to dismiss the breach of fiduciary duty case – the third in a series of cases related to the Bernie Madoff investment scandal – accusing defendants of not providing suitable investment advice to plaintiffs, resulting in financial harm.

The judge finds that the complaint alleges affirmative misrepresentations and deliberately misleading statements by defendants collectively, which plaintiffs claim led them to lose $2.4 million in Madoff Securities. Because the "major defect" is that the allegations are made against defendants as a group and not individually, Burns grants plaintiffs leave to amend their complaint.

Plaintiffs are represented by Robert Traylor at Seltzer Caplan McMahon Vitek. Defendants are represented by Andrew Finn at Sullivan and Cromwell out of New York.


SECURITIES

*Brian B. Sand & Zachary B. Sand Joint Trust v. Biotechnology Value Fund L.P., et al. 3:16-cv-01313-RS*

Seeborg in the Northern District dismisses a securities lawsuit seeking disgorgement of "short-swing profits" defendants "may" have realized from trades in Oncothyreon stock.

The BVF defendants are the principals of four hedge funds, which own the stock at issue. Plaintiffs complain that, as beneficial owners of more than 10 percent of the stock, they used non-public information to profit from the transactions.

Seeborg finds HAT plaintiffs have not advanced a basis to impose liability against BVF. The complaint does not plead sufficient facts to support the existence of an agreement among the four funds, he says, and also fails to allege matching purchases and sales of securities within a six-month window.

Plaintiff is represented by Ian David Berg at Abraham Fruchter and Twersky out of San Diego. Defendants are represented by Dennis Henry Tracey at Hogan Lovells US out of New York.


SECURITIES

*Securities and Exchange Commission v. Imran Husain; Gregg Evan Jaclin 2:16cv3250*

Wright in the Central District denies defendants' motion to dismiss a securities case in which they are accused of creating nine shell companies and subsequently selling stock of seven of them for hundreds of thousands of dollars in sale proceeds and attorney fees.

Wright finds that finds that defendant Gregg Jaclin, for his role in crafting and processing the shell company deals, was a "significant" participant in the sale of unregistered, nonexempt securities, and finds that Jaclin substantially assisted defendant Imran Husain in the sale of unregistered securities to the shell company purchasers.

EXHIBIT 2
PAGE 92

## RULE AND JUDGMENT

Wright says "this type of purposeful, repeated deceit wreaks havoc on the existing regulatory framework and negatively informs the public's overall perception of the securities industry, making them less likely to invest."

Plaintiff is represented by Roberto Tercero from the US Securities and Exchange Commission. Defendants are represented by George Newhouse at Dentons US LLP.

### TELEPHONE CONSUMER PROTECTION ACT

*Anton Ewing v. Integrity Capital Solutions Inc. et al 3:16-cv-1469-JLS-MDD*

Sammartino in the Southern District denies plaintiff's motion to remand his Telephone Consumer Protection Act case back to state court after defendants removed the case to federal court when the plaintiff's process server made multiple unsuccessful attempts to serve defendants.

The judge finds that defendants' removal notice was timely filed, even though in their removal notice defendants made a "facially incorrect" assertion that plaintiff's process server served the documents to the wrong address, when plaintiff did serve the correct address.

Plaintiff is pro se. Defendants are represented by Amanda Faye Riley at Ellis Law Group in Sacramento.

### TRADEMARK

*Pinkette Clothing v. Cosmetic Warriors 2:15cv4950*

Otero in the Central District denies Cosmetic Warriors' motions in limine for a phased trial and to reorder presentation of evidence, and grants motions to exclude testimony regarding a trademark dispute between the parties over the use of the "Lush" mark in clothing.

Otero rules to exercise the court's discretion to seek an advisory opinion from the jury regarding Pinkette's laches defense, and not bifurcate the trial so that the laches defense would be tried after the issues of liability, declaratory judgment, and damages are presented to the jury.

Otero says that Pinkette "chose to file this declaratory judgment action to clear the air . . . [and] should therefore rightfully be afforded the role of plaintiff at trial, and thus be allowed to proceed first at trial."

Plaintiff is represented by Enoch Liang at LTL Attorneys LLP. Defendant is represented by Deborah Ann Gubernick at Call and Jensen.



**EXHIBIT 2**
**PAGE 93**

NEW COMPLAINTS

# New Civil Complaints

*March 6 - March 20, 2017*

The following are summaries of new civil complaints in the Central District, including case number. The attorneys listed first are those that filed the paper bringing the matter into federal court, either a plaintiff filing a complaint or a fedendant removing a matter from state court in which case the plaintiff lawyer is also named. Law firms are located in Los Angeles unless otherwise noted. The summaries review allegations only and should not be taken as fact.



Ryan Gordon, on behalf of himself, and all others similarly situated v. Michigan Logistics Inc, dba Diligent Delivery Systems; InterAmerican Motor Corporation; California Logistics, Inc, dba Diligent Delivery Systems 3/6/2017 2:17 cv 1802 (Western Division - Los Angeles)

Collective and class action for violations of the Fair Labor Standards Act. Wage and hour law violations.

Jahan Sagafi Outten and Golden LLP- San Francisco

Jeffrey Parcell v. City of Pasadena California; Pasadena Police Department; Andrea DeLeon; Ralph Chapman; Joaquin Gurrola; Chris Kirby 3/6/2017 2:17 cv 1786 (Western Division - Los Angeles)

Civil rights, unreasonable search. Because plaintiff had prior criminal troubles, he was an easy target when Pasadena Police attempted to frame him for a burglary he did not commit.

Adam Braun Braun and Braun LLP

William Kircher v. Angry Goat Productions, LLC; Raymond Jelley; Does 3/6/2017 2:17 cv 1801 (Western Division - Los Angeles)

Trademark, fraudulent inducement. Defendants on information and belief continued to use and misappropriate plaintiff's name and likeness in social media advertising for the Cosplay Train event, for the explicit purposes of increasing event sales figures and increasing the value and valuation of the Angry Goat brand.

Paul Phillips

EXHIBIT 2
PAGE 94

## NEW COMPLAINTS

| | | |
|---|---|---|
| Lolita Aleksanian; Alen Issagholian, individually and on behalf of all others similarly situated v. Enrich Financial Inc.; Does 3/4/2017 2:17 cv 1762 (Western Division - Los Angeles) | Class action for violations of the Electronic Funds Transfer Act. | Todd Friedman Law Offices of Todd Friedman PC |
| Kristin Burbano, individually and on behalf of all others similarly situated v. USCB Inc. 3/4/2017 2:17 cv 1763 (Western Division - Los Angeles) | Class action for violations of the Telephone Consumer Protection Act. | Todd Friedman Law Offices of Todd Friedman PC |
| Crispin Carreon, individullay and on behalf of all others similarly situated v. R.M. Galicia Inc. 3/4/2017 2:17 cv 1764 Olguin (Western Division - Los Angeles) | Class action for violations of the Telephone Consumer Protection Act. | Todd M Friedman Law Offices of Todd Friedman PC |
| Aquawood LLC v. Direct Connect Marketing Inc, a Massachusetts corp.; Alfred Fortier; Does 3/6/2017 2:17 cv 1785 (Western Division - Los Angeles) | Copyright. Infringement of the Dive N' Fish and the Feeding Frenzy Octopus Game. | Richard Alan Grossman Law Offices of Richard A Grossman |
| Blanca Martinez; Ramon Martinez, individually and as successors-in-interest to the Estate of Wendy Caroline Martinez, deceased v. Motel 6 Operating LP; G6 Hospitality LLC; Does 3/3/2017 2:17 cv 1759 Snyder (Western Division - Los Angeles) | Personal injuries, wrongful death. On 3/32015, decedent entered a Motel 6 in North Hills. The room was rented to convicted felon Louie Lopez. Despite the obvious appearance of decedent being a minor and thereby legally required to be at school, she was allowed to enter the motel without any questioning from Motel 6 staff. The staff also failed to call 911 after they saw Lopez exit the room drenched in blood and decedent using her hands to press against the gunshot wound to her face. | Ricardo Perez Ricardo Perez Law Offices |
| Josh Krieger, individually and on behalf of all others similarly situated v. VCA Inc.; Robert L Antin; John M. Baumer; John B. Chickering Jr.; John Heil; Frank Reddick 3/6/2017 2:17 cv 1790 Phillips (Western Division - Los Angeles) | Securities class action. Plaintiff brings this action on behalf of all similarly situated public stockholders of VCA against defendants for violations of the Securities Exchange Act. On 1/9/2017, VCA and Mars jointly announced that they had reached a definitive Agreement and Plan of Merger (Merger Agreement) under which Mars, through its wholly-owned subsidiary, MMI Holdings, will acquire VCA in an all cash transaction valued at approximately $9.1 billion. Under the terms of the Merger Agreement, VCA's public stockholders will receive $93 per share in cash for each of their VCA shares. Defendants have violated the SEC by causing a materially incomplete and misleading Schedule 14A Definitive Proxy Statement to be filed with the SEC on 2/15/2017. | Barbara Rohr Faruqi and Faruqi LLP |

EXHIBIT 2
PAGE 95

## NEW COMPLAINTS

| | | |
|---|---|---|
| Arbor Snowboards Inc. v. Bravo Sector 9 LLC; Eastern Skateboard Supply Inc., a North Carolina corp. 3/6/2017 2:17 cv 1803 (Western Division - Los Angeles) | Trademark. Infringement of the Arbor trademarks. | Matthew Lawrence Seror Buchalter Nemer APC |
| CDK Ventures LLC v. Performance Shading Systems Inc.; Tom Peterson; Does 3/6/2017 5:17 cv 423 (Eastern Division - Riverside) | Contract. Defendants failed to timely pay a retainer fee to plaintiff. | David Peer Peer & Hart- Carlsbad |
| Board of Directors of the Motion Picture Industry Pension Plan, Board of Directors of The Motion Picture Industry Individual Account Plan; Board of Directors of the Motion Picture Industry Health Plan v. Sign Set, Inc. 3/6/2017 2:17 cv 1778 Wilson (Western Division - Los Angeles) | ERISA. Employee benefits | Nicholas Isaac Starkman Wohlner Kaplon Cutler Halford & Rosenfeld |
| Gary Scherer v. Jabberwocky Ltd; Gary Graumann; Fry's Electronics Inc; Does 3/6/2017 2:17 cv 1769 (Western Division - Los Angeles) | Violations of the Americans With Disabilities Act. | Russell Handy Center For Disability Access- San Diego |
| Moises Reynoso v. Dollar Tree Stores, Inc., dba Dollar Tree #5013; Does 3/6/2017 2:17 cv 1782 (Western Division - Los Angeles) | Violations of the Americans With Disabilities Act. | Roland Au Southern California Equal Access Group |
| Rafael Arroyo Jr. v. Ann J. Choi; JSK International Inc; Does 3/6/2017 2:17 cv 1770 (Western Division - Los Angeles) | Violations of the Americans With Disabilities Act. | Russell Handy Center For Disability Access- San Diego |

**EXHIBIT 2**
**PAGE 96**

## NEW COMPLAINTS

| | | |
|---|---|---|
| Susana Acosta, individually and on behalf of all others similarly situated v. Express Messenger Systems Inc. 3/6/2017 8:17 cv 391 (Southern Division - Santa Ana) | Employment class action. Defendant fails to pay overtime wages, including all hours worked "off-the-clock," and pressure its non-exempt employees to shorten or forego meal and rest periods. Defendant also pays its employees with a debit card which unlawful deductions are made and fail to reimburse for necessary business expenses. | James Hawkins James Hawkins APLC |
| James Zarian v. Torres Home Appliances and More Inc.; Does 3/6/2017 8:17 cv 390 Gandhi (Southern Division - Santa Ana) | Americans With Disabilities Act. | Russell Handy Center For Disability Access- San Diego |
| Jessica Apac, individually and on behalf of all others similarly situated v. Cashcall Inc; Loanme Inc, a Nevada corp.; Does 3/6/2017 8:17 cv 392 (Southern Division - Santa Ana) | Class action for violations of the Fair Labor Standards Act. | Paul Keith Haines Haines Law Group APC |
| Erica White, individually and on behalf of all others similarly situated v. Western Dental Services Inc. 3/4/2017 2:17 cv 1765 (Western Division - Los Angeles) | Class action for violations of the Telephone Consumer Protection Act. | Todd M Friedman Law Offices of Todd Friedman PC |
| Patricia J. Barry; Michele Fotinos; Rachel Fotinos v. State Bar of California; Victoria Henley; Unnamed Unknown Member Of California Judicial Council; Unnamed Unknown State Bar Employee; James Fox; Brandon Tady; Erin Joyce; Lucy Armendariz; Jaime Saucedo; Joseph Dunn; Munger, Tolles, & Olson, A Law Firm; Miriam Krinsky; John Fotinos; Robert Foiles; Bonnie Miller; Steve Wagstaffe; Stephen Montalvo; Patricia Roma; Betsy Kimball 3/6/2017 2:17 cv 1787 (Western Division - Los Angeles) | Antitrust litigation. | pro se |

**EXHIBIT 2**
**PAGE 97**

## NEW COMPLAINTS

| | | |
|---|---|---|
| Dona Holmberg, individually and on behalf of all others similarly situated v. Nanthealth Inc.; Patrick Soon-Shiong; Paul A. Holt 3/7/2017 2:17 cv 1824 (Western Division - Los Angeles) | Securities class action. Action on behalf of a class consisting of all persons who purchased or otherwise acquired NantHealth securities: (1) pursuant and/or traceable to NantHealth's false and misleading Registration Statement and Prospectus, issued in connection with the Company's initial public offering on 6/2/2016; and/or (2) on the open market between 6/2/2016 and 3/3/2017, both dates inclusive, seeking to recover damages caused by defendants' violations of the Securities Act. Throughout the class period, defendants made false and misleading statements regarding the Company's business, operational and compliance policies. NantHealth's share price fell $1.67, or 23.29%, to close at $5.50 on 3/6/2017. | Jennifer Pafiti Pomerantz LLP |
| Atul Singh Deora, individually and on behalf of all others similarly situated v. NantHealth Inc.; Patrick Soon-Shiong; Paul A. Holt; Michael S. Sitrick; Kirk K. Calhoun; Mark Burnett; Edward Miller; Michael Blaszyk; Jefferies LLC; Cowen and Company LLC; First Analysis Securities Corporation; Canaccord Genuity Inc.; FBR Capital Markets and Co. 3/7/2017 2:17 cv 1825 Klausner (Western Division - Los Angeles) | Securities class action. Action on behalf of persons or entities who purchased or otherwise acquired NantHealth securities: (1) pursuant and/or traceable to the Company's registration statement and prospectus issued in connection with the Company's initial public offering on 6/1/2016; and/or (2) between 6/1/2016, and 3/6/2017, inclusive. Throughout the Class Period, defendants made false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects. NantHealth's share price fell $1.67 per share, or 23.3%, to close at $5.50 per share on 3/6/2017, a 60% decline from the IPO price of $14 per share. | Robert Vincent Prongay Glancy Prongay & Murray LLP |
| Jonathan Heller, individually and on behalf of all others similarly situated v. Alltran Financial LP; Does 3/7/2017 2:17 cv 1821 Wright (Western Division - Los Angeles) | Class action for violations of the Telephone Consumer Protection Act. | Todd Friedman Law Offices of Todd Friedman PC |
| Cedric Wienold, individually and on behalf of all others similarly situated v. The McClatchy Company 3/7/2017 2:17 cv 1807 Snyder (Western Division - Los Angeles) | Class action for violations of the Telephone Consumer Protection Act. | Joshua Swigart Hyde and Swigart- San Diego |
| Arminak Solutions LLC v. 7-Eleven Inc., a Texas corp.; Pugs Holding LLC, a Delaware LLC; Does 3/7/2017 2:17 cv 1820 Klausner (Western Division - Los Angeles) | Trademark, promissory estoppel, breach of contract. After Plaintiff spent more than a year and over $2 million developing a new cosmetics brand, Simply Me Beauty, to be sold in 7-Eleven stores throughout the world, 7-Eleven refused to execute a final distribution agreement with plaintiff and is now proceeding with producing and distributing the Simply Me Beauty products through its own distributor Pugs Holdings in direct violation of an express Nondisclosure Agreement. | Teri Pham Enenstein Ribakoff Lavina & Pham |
| Color Image Apparel Inc. v. Cassandra Connors; Does 3/7/2017 2:17 cv 1827 Marshall (Western Division - Los Angeles) | Trademark. Infringement of the Bella marks in connection with apparel. | Benjamin Deming Rutan and Tucker LLP |

EXHIBIT 2
PAGE 98

## NEW COMPLAINTS

| | | |
|---|---|---|
| Brent Beasley; Ernest Glasgow; Cliff Smith; Greg Banks; Trustees of the Union Roofers Supplemental Annuity Trust; Union Roofers Health & Welfare Fund; Union Roofers Vacation Fund; Union Roofers Administrative Fund; Union Roofers Joint Apprenticeship and Training Fund; Pacific Coast Roofers Pension Plan v. Alcala Company Inc; Does 3/7/2017 2:17 cv 1814 Snyder (Western Division - Los Angeles) | ERISA. Employee benefits. | Jodi Siegner Decarlo & Shanley APC |
| Chang Yin v. Frontier Communications Corp.; Equifax Information Solutions LLC; Experian Information Solutions Inc.; Does 3/7/2017 5:17 cv 426 (Eastern Division - Riverside) | Fair Credit Reporting Act. Defendant made an erroneous charge to plaintiff's account and threatened to send him to collections. When he inquired about having the charge removed he was told that defendants "...didn't have a way of stopping anything; we just have to wait for the adjustment to come through." Plaintiff did not pay the bill and waited for the adjustment as requested by defendants but the charge continued to appear on his credit report and was never corrected. | Robert Brennan |
| Josefa Mendoza v. Investment Retrievers Inc. 3/7/2017 2:17 cv 1806 Wilson (Western Division - Los Angeles) | Consumer credit. Fair Debt Collection Practices Act. | Matthew Loker Kazerouni Law Group APC |
| Danny Allen v. Monterey Financial Services LLC, dba Monterey Collections 3/7/2017 5:17 cv 429 (Eastern Division - Riverside) | Consumer credit. Fair Debt Collection Practices Act. | Seyed Abbas Kazerounian Kazerouni Law Group APC |
| Jerome Harper v. Jones Darla; Unites States of America; Does 3/7/2017 2:17 cv 1834 (Western Division - Los Angeles) | Medical malpractice. Personal injuries. | Ogochukwu Victor Onwaeze Onwaeze Law Group |
| Cathy Abarca v. Goleta Union School District 3/7/2017 2:17 cv 1836 (Western Division - Los Angeles) | Americans with Disabilities Act. Plaintiff seeks damages for retaliation against her for her advocacy for her disabled son. | Tania Whiteleather Tania Whiteleather Law Offices |
| Alfred Bernard v. Mr At Ms Beauty Supply & Hair Studio, Corp, dba Mr & Ms Beauty Supply; Does 3/7/2017 2:17 cv 1812 Gee (Western Division - Los Angeles) | Violations of the Americans With Disabilities Act. | Sung Kim Advanced Disability Advocates |

EXHIBIT 2
PAGE 99

## NEW COMPLAINTS

| | | |
|---|---|---|
| Evaristo Cortes v. Zoe Home Health Inc, dba Zoe's Smoke N Snack Shop; Does 3/7/2017 2:17 cv 1830 (Western Division - Los Angeles) | Violations of the Americans With Disabilities Act. | Roland Au Southern California Equal Access Group |
| Victorino Castillo v. Check 'N Go of California Inc., dba Check N Go; Does 3/7/2017 2:17 cv 1833 (Western Division - Los Angeles) | Violations of the Americans With Disabilities Act. | Sung Kim Advanced Disability Advocates |
| Jessica Apac, individually and on behalf of all others similarly situated v. Cashcall Inc; LoanMe Inc, a Nevada corp.; Does 3/6/2017 8:17 cv 392 (Southern Division - Santa Ana) | Class action for violations of the Fair Labor Standards Act. | Paul Keith Haines Haines Law Group APC |
| Richard Winters Jr. v. Experian Information Solutions Inc. 3/6/2017 8:17 cv 393 Staton (Southern Division - Santa Ana) | Consumer credit. Defendant has reported and continues to report inaccurate and derogatory information on plaintiff's consumer report. | Todd Friedman |
| CDK Ventures LLC, a Delaware LLC v. Performance Shading Systems Inc, an Arizona corp.; Tom Peterson; Does 3/6/2017 8:17 cv 397 Staton (Southern Division - Santa Ana) | Contract. Defendants failed to pay for consulting services and repay a $47,000 loan. | David Peer Peer Hart- Carlsbad |
| Broadcom Corporation v. Funai Electric Company Ltd.; Funai Corporation Inc.; P&F USA Inc. 3/7/2017 8:17 cv 403 (Southern Division - Santa Ana) | Patent. Infringement of patents no. 8,284,844 entitled Video Decoding System Supporting Multiple Standards, no. 7,590,059 entitled Multistandard Video Decoder, no. 8,068,171 entitled High Speed for Digital Video, and no. 7,310,104 entitled Graphics Display System with Anti-Flutter Filtering and Vertical Scaling. | Laura Edelstein Steptoe and Johnson LLP- Palo Alto |
| Broadcom Corporation v. LG Electronics Inc.; LG Electronics U.S.A. Inc. 3/7/2017 8:17 cv 404 (Southern Division - Santa Ana) | Patent. Infringement of patents no. 8,284,844 entitled Video Decoding System Supporting Multiple Standards, no. 7,590,059 entitled Multistandard Video Decoder, no. 8,068,171 entitled High Speed for Digital Video, and no. 7,310,104 entitled Graphics Display System with Anti-Flutter Filtering and Vertical Scaling. | Laura Edelstein Steptoe and Johnson LLP- Palo Alto |

EXHIBIT 2
PAGE 100

NEW COMPLAINTS

| | | |
|---|---|---|
| Broadcom Corporation v. Mediatek Inc.; Mediatek USA Inc. 3/7/2017 8:17 cv 405 (Southern Division - Santa Ana) | Patent. Infringement of patents no. 8,284,844 entitled Video Decoding System Supporting Multiple Standards, no. 7,590,059 entitled Multistandard Video Decoder, no. 7,310,104 entitled Graphics Display System with Anti-Flutter Filtering and Vertical Scaling, and no. 7,342,967 entitled System and Method for Enhancing Performance of Personal Video Recording (PVR) Functions on HITS Digital Video Streams. | Laura Edelstein Steptoe & Johnson LLP- Palo Alto |
| Keith R. Clayton v. Automated Gaming Technologies Inc., a Nevada corp. 3/3/2017 2:17 mc 18 (Western Division - Los Angeles) | Certification of judgment. Administrative Procedure Act. | p: Gilbert James Premo Gilbert Premo Law Offices- Lincoln d: James Donahue Caufield Davies & Donahue LLP- Sacramento |
| Barbara Gettman; Alfred Hakim; Dale Holdgreve; Henry Johnson; Detrice Livingston; Wendy Novel, individually and on behalf of other members of the general public similarly situated v. Cook Group Inc.; Cook Incorporated; Cook Medical LLC; William Cook Europe APS 3/8/2017 2:17 cv 1858 Snyder (Western Division - Los Angeles) | Class action for product liability. Defendants have designed and sold medical devices known as Gunther Tulip Mreye, Gunther Tulip Vena Cava Filter, Cook Celect Vena Cava Filter, and Cook Celect Platinum that were negligently and defectively designed and for which defendants have failed to provide adequate information and warnings regarding their safety, effectiveness, and failure rates. These Cook IVC Filters are prone to break into parts such that struts break away from the device and ultimately can become lodged in a vein, artery, or even an organ, such as the heart or lungs. | Roland Tellis Baron & Budd PC |
| Sunanda Krishna, on behalf of himself and all others similarly situated v. Ixia; Errol Ginsberg; Bethany Mayer; Laurent Asscher; Jonathan Fram; Gail Hamilton; Ilan Daskal; Keysight Technologies Inc.; Keysight Acquisitions, Inc. 3/8/2017 2:17 cv 1840 Carter (Western Division - Los Angeles) | Securities class action. On 1/30/2017, Ixia and Keysight jointly announced that they had entered into an Agreement and Plan of Merger that will culminate in Keysight acquiring all of the outstanding shares of Ixia. Under the terms of the merger agreement, Ixia public stockholders will receive $19.65 in cash for every share of Ixia common stock held, for an approximate aggregate value of $1.6 billion. On 2/15/2017, in order to convince Ixia stockholders to vote in favor of the Proposed Acquisition, the Board authorized the filing of a materially incomplete and misleading Preliminary Proxy Statement with the SEC, in violation of the Exchange Act. | Evan Jason Smith Brodsky & Smith LLC |
| Mona Martinez, individually and as guardian for E.G. and guardian ad litem for Joseph Coborubio; Anna Reyes; G.C., by and through her guardian, Elsa Montellano v. United States of America; County of Los Angeles; Does 3/8/2017 2:17 cv 1865 (Western Division - Los Angeles) | Bivens Act, unreasonable force. On 8/25/2016, defendant does, along with various LA Sheriff's Department personnel, went to the plaintiffs' home in Compton with a search warrant. They were investigating a possible parole violation by a Paul White. Defendant Does were attired in what looked like military attire, including helmets and high powered rifles. Decedent David Coborubio and Paul White were playing video games in the garage. After decedent saw what appeared to be a military team stalking his home, he started walking towards the main house. As he did so he was fatally shot. He was unarmed. | Steven Lerman Steven Lerman and Associates Inc. |

**EXHIBIT 2 PAGE 101**

## NEW COMPLAINTS

| | | |
|---|---|---|
| FeeDx Holding Inc., a Cayman Islands corp. v. Hayday Farms Inc.; Lyndon Ichida; The Ichida Family Trust; Does 3/8/2017 5:17 cv 433 Bernal (Eastern Division - Riverside) | Contract. Defendants did not repay plaintiff's deposit funds after defendant Ichida used the funds toward his other business interests and not toward Hayday as agreed upon. | Christopher Chiou Jenner & Block |
| Chronoswiss, AG, a Swiss corporation v. R&S Antiques Inc, dba David Orgell; Does 3/8/2017 2:17 cv 1859 (Western Division - Los Angeles) | Contract, goods sold and delivered, conversion. Action seeks recovery of the purchase price for luxury watches. | Ericka Houck Englert Davis Graham & Stubbs LLP |
| Peter Gatien v. Starwood Hotel & Resorts Worldwide Inc, a Maryland corp.; W Hotel Management Inc, a Delaware corp.; Speakeasy Hospitality Group LLC, a Massachusetts corp.; Does 3/8/2017 2:17 cv 1864 Carney (Western Division - Los Angeles) | Copyright. Infringement of the Tunnel name and logo in connection with a nightclub. | David Erikson Erikson Law Group |
| Omelet LLC v. Thin Man Productions; Nikki Hevesy; Through The Glass Productions; Does 3/8/2017 2:17 cv 1872 (Western Division - Los Angeles) | Copyright. Plaintiff filed this action to enjoin defendants from interfering, infringing, harassing, and intentionally targeting film distributors, film festivals, broadcast networks and studios for plaintiff's lawful use and proper exploitation of their copyrighted 2015 documentary film, License to Operate. The film explores a group of former Los Angeles County gang members that have joined forces with community leaders and law enforcement officials on a mission to break the cycle of gang violence. | Perry Wander Law Offices of Perry Wander |
| Michael Bradley Johnson v. Marquis Lewis, pka Retna; Iron Eye Art Group, Inc.; Does 3/8/2017 2:17 cv 1877 (Western Division - Los Angeles) | Copyright. Plaintiff is a successful artist who makes sculptural works of art using methods of forming and treating metal. After commissioning plaintiff to make two- and three-dimensional metal artwork, defendants have not only refused to pay for the pieces, but are now making and selling copies of the artwork, without attribution or compensation. | Peter Perkowski Perkowski Legal PC |
| Carpenters Southwest Administrative Corporation; Board of Trustees for the Carpenters Southwest Trusts v. Rs Construct Inc, aka RS Construction; Randolph Robert Sall; Angela Marie Sall; Alexis Rae Sall; American Contractors Indemnity Company; Does 3/8/2017 2:17 cv 1855 (Western Division - Los Angeles) | ERISA. Employee benefits. | Thomas Davis Decarlo & Shanley APC |
| Brian Wright v. AON Hewitt Absence Management LLC; The Boeing Company; Aetna Life Insurance Company; Does 3/8/2017 2:17 cv 1856 (Western Division - Los Angeles) | ERISA. Employee benefits. | Scott Calvert McKennon Law Group |

**EXHIBIT 2 PAGE 102**

NEW COMPLAINTS

| | | |
|---|---|---|
| Brad M. Williams v. United States of America 3/8/2017 2:17 cv 1870 (Western Division - Los Angeles) | Personal injuries. Collision. | Timothy Lyons Tim Lyons Law |
| Danny Allen v. Monterey Financial Services LLC, dba Monterey Collections 3/7/2017 5:17 cv 429 Bernal (Eastern Division - Riverside) | Consumer credit. Fair Debt Collection Practices Act. | Seyed Abbas Kazerounian Kazerouni Law Group APC |
| Broadcom Corporation v. Funai Electric Company Ltd.; Funai Corporation Inc.; P&F USA Inc. 3/7/2017 8:17 cv 403 Selna (Southern Division - Santa Ana) | Patent. Infringement of patents no. 8,284,844 entitled Video Decoding System Supporting Multiple Standards, no. 7,590,059 entitled Multistandard Video Decoder, no. 8,068,171 entitled High Speed for Digital Video, and no. 7,310,104 entitled Graphics Display System with Anti-Flutter Filtering and Vertical Scaling | Laura Edelstein Steptoe and Johnson LLP- Palo Alto |
| Broadcom Corporation v. LG Electronics Inc.; LG Electronics U.S.A. Inc. 3/7/2017 8:17 cv 404 Selna (Southern Division - Santa Ana) | Patent. Infringement of patents no. 8,284,844 entitled Video Decoding System Supporting Multiple Standards, no. 7,590,059 entitled Multistandard Video Decoder, no. 8,068,171 entitled High Speed for Digital Video, and no. 7,310,104 entitled Graphics Display System with Anti-Flutter Filtering and Vertical Scaling. | Laura Edelstein Steptoe and Johnson LLP- Palo Alto |
| Broadcom Corporation v. Mediatek Inc.; Mediatek USA Inc. 3/7/2017 8:17 cv 405 Carter (Southern Division - Santa Ana) | Patent. Infringement of patents no. 8,284,844 entitled Video Decoding System Supporting Multiple Standards, no. 7,590,059 entitled Multistandard Video Decoder, no. 7,310,104 entitled Graphics Display System with Anti-Flutter Filtering and Vertical Scaling, and no. 7,342,967 entitled System and Method for Enhancing Performance of Personal Video Recording (PVR) Functions on HITS Digital Video Streams. | Laura Edelstein Steptoe & Johnson LLP- Palo Alto |
| Broadcom Corporation v. Mstar Semiconductor Inc. 3/7/2017 8:17 cv 406 Staton (Southern Division - Santa Ana) | Patent. Infringement of patents no. 8,284,844 entitled Video Decoding System Supporting Multiple Standards, no. 7,590,059 entitled Multistandard Video Decoder, no. 8,068,171 entitled High Speed for Digital Video, and no. 7,310,104 entitled Graphics Display System with Anti-Flutter Filtering and Vertical Scaling. | Laurie Edelstein Steptoe & Johnson LLP |
| Broadcom Corporation v. Sigma Designs Inc. 3/7/2017 8:17 cv 407 Carter (Southern Division - Santa Ana) | Patent. Infringement of patent no. 7,310,104 entitled Graphics Display System with Anti-Flutter Filtering and Vertical Scaling. | Laurie Edelstein Steptoe and Johnson LLP |

EXHIBIT 2
PAGE 103

## NEW COMPLAINTS

| | | |
|---|---|---|
| Broadcom Corporation v. Vizio Inc. 3/7/2017 8:17 cv 408 Selna (Southern Division - Santa Ana) | Patent. Infringement of patents no. 8,284,844 entitled Video Decoding System Supporting Multiple Standards, no. 7,590,059 entitled Multistandard Video Decoder, no. 7,310,104 entitled Graphics Display System with Anti-Flutter Filtering and Vertical Scaling, and no. 7,342,967 entitled System and Method for Enhancing Performance of Personal Video Recording (PVR) Functions on HITS Digital Video Streams. | Laurie Edelstein Steptoe and Johnson |
| Bethany Hilliard v. D. Scott Carruthers 3/8/2017 8:17 cv 409 (Southern Division - Santa Ana) | Unlawful debt collection. | Trinette Gragirena Kent Lemberg Law LLC |
| Desert Trailer Systems Inc. v. Twenty6 Letters Corp.; Timothy M. Childress 3/8/2017 8:17 cv 412 (Southern Division - Santa Ana) | Collections. Defendants owe $135,000 for leased trailers. | Jonathan Dessaules Dessaules Law Group |
| Michael Di Rienzo, individually and on behalf of all others similarly situated v. Nanthealth Inc.; Patrick Soon-Shiong; Paul A. Holt 3/9/2017 2:17 cv 1912 (Western Division - Los Angeles) | Securities class action. Action on behalf of a class consisting of all persons who purchased or otherwise acquired NantHealth securities: (1) pursuant and/or traceable to NantHealth's false and misleading Registration Statement and Prospectus, issued in connection with the Company's initial public offering on 6/2/2016; and/or (2) on the open market between 6/2/2016 and 3/3/2017, both dates inclusive, seeking to recover damages caused by defendants' violations of the Securities Act. Throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. NantHealth's share price fell $1.67, or 23.29%, to close at $5.50 on 3/6/2017. | Jennifer Pafiti Pomerantz LLP |
| Raymond D. Chandler, on his own behalf, and as class action representatives on behal of all those similarly situated, and in the interest of the general public v. Clarus Commerce LLC, a Connecticut corp.; Does 3/6/2017 2:17 cv 1794 Wilson (Western Division - Los Angeles) | Class action for violations of the RICO Act and the Electronic Funds Transfer Act. Plaintiff was never told that he had been directed to a Clarus interface or that by clicking on "free" shipping he was supposedly "authorizing Clarus to charge his card." | James Hudgens James Hudgens APC- Santa Barbara |
| Delvin Jackson v. James Williams; Gustavo Viramontes; City of Los Angeles; Does 3/9/2017 2:17 cv 1902 (Western Division - Los Angeles) | Civil rights. On 5/6/2015, plaintiff was battered by Andrea Tears and he called 911. Plaintiff had a restraining order against Tears, but it was he who got arrested, being told that by living in the same apartment complex as Tears, he was "playing games." Plaintiff spent three days in custody before being released. | Christopher Lindsley Driscoll Jonas & Driscoll LLP |

EXHIBIT 2
PAGE 104

## NEW COMPLAINTS

| | | |
|---|---|---|
| Robert W. Lawrence v. State of California; County of Los Angeles; Office of The Los Angeles District Attorney; State of California Highway Patrol; Monique A. Preoteasa; Valerie S. Cole; Uriel Gomez; Ruben Robles; Scott Moorhouse; Robert Felix; Does 3/9/2017 2:17 cv 1907 O'Connell (Western Division - Los Angeles) | Civil rights. On 1/21/2014, a hit and run occurred in Lynwood. Five minutes later and 368 miles away, plaintiff's phone was pinged in Santa Cruz, where he lived and worked. Lawrence was recently homeless, without a car and had been living at a private home in Scotts Valley, a temporary place to stay in exchange for his services as a handy man. Lawrence had lived in Los Angeles briefly from 2011-2012. Inexplicably, the California Highway Patrol picked Lawrence as their prime suspect for the hit and run, based on a scant, scribbled note from the perpetrator left at the scene of the crime. Once the prosecution sank their teeth into him, they would not let go, despite ever mounting exonerating evidence. The prosecution even failed to turn over a key piece of physical evidence which might have singularly proven Lawrence's innocence. The willful blindness and the utter negligence of the prosecution and the investigating officers cost Lawrence a job, livelihood, physical, emotional, and financial wellbeing, and he continues to suffer from crippling anxiety and PTSD as a result. | Benjamin Harris The Law Office of Benjamin Harris |
| U.S. Securities and Exchange Commission v. Notis Global Inc. (fka Medbox Inc.); Vincent Mehdizadeh; Bruce Bedrick; Yocelin Legaspi; New-Age Investment Consulting Inc. 3/9/2017 2:17 cv 1905 (Western Division - Los Angeles) | Securities. This enforcement action concerns a scheme to inflate defendant Medbox's reported revenues through sham transactions with an undisclosed affiliate. From 2012 to 2014, Medbox was a self-described leader in the marijuana consulting industry. It also purported to sell "Medbox" devices, vending machines capable of dispensing marijuana on the basis of biometric identification. In the relevant period, Medbox's stock price was volatile, between August 2012 and December 2014, its stock ranged in price from a low of $2.50 to an all-time high of $205 per share. | Gary Leung US Securities and Exchange Commission |
| Carneisha Forney, individually and on behalf of all others similarly situated v. Colony Brands Inc.; Does 3/9/2017 2:17 cv 1890 Staton (Western Division - Los Angeles) | Class action for violations of the Telephone Consumer Protection Act. | Todd Friedman Law Offices of Todd Friedman PC |
| Carl's Jr. Restaurants LLC v. Frontera Star Foods LLC, a Texas LLC; Mexte Holdings LLC, a Texas LLC; Inversiones Mexte, S. de. R.L. C.V., a Mexican LLC; Juan Manuel Alvardao Errasti; Gonzalo Ruiz Willis; Claudia Ortiz Salinas; Juan Antonio Garza Mourey 3/9/2017 2:17 cv 1913 Lew (Western Division - Los Angeles) | Trademark, unfair competition. Action for breach of contract arising out of the defendants' failure to comply with the terms of their franchise agreements with the plaintiff before and after the termination of that agreement, for declaratory judgment that the franchise agreement has terminated, and for service mark infringement and unfair competition arising out of the defendants' continued unauthorized operation of their restaurants. | Scott Ferrell Pacific Trial Attorneys APC |
| Styku LLC v. Fit3D Inc., a Delaware corp.; Does 3/8/2017 2:17 cv 1882 Birotte (Western Division - Los Angeles) | Patent invalidity. Action seeking a declaration of non-infringement and invalidity of patent no. 9,526,442. | Ivan Posey Leech Tishman Fuscaldo & Lampl LLP |

**EXHIBIT 2**
**PAGE 105**

## NEW COMPLAINTS

| | | |
|---|---|---|
| Board of Trustees of the California Ironworkers Field Pension Trust; Board of Trustees of the California Ironworkers Field Welfare Plan; Board of Trustees of the California Field Iron Workers Vacation Trust Fund; Board of Trustees Of The California Field Ironworkers Apprenticeship Training And Journeyman Retraining Fund; Board Of Trustees Of The California And Vicinity Field Ironworkers Annuity Trust Fund; Board Of Trustees Of The California Field Iron Workers Administrative Trust; Board Of Trustees Of The California Field Ironworkers Labor Management Cooperative Trust Fund; Board Of Trustees Of The Ironworkers Workers Compensation Trust; Board Of Trustees Of The Ironworker Management Progressive Action Cooperative Trust v. Kirk Negrete Inc, dba United Steel Placers 3/9/2017 5:17 cv 437 Kato (Eastern Division - Riverside) | ERISA. Employee benefits. | Kerry Kessler Fennelly Cornwell and Baldwin |
| Hartford Fire Insurance Company v. Total Transportation Logistics; Mamo Logistics Inc.; Team Worldwide Inc. 3/9/2017 2:17 cv 1895 (Western Division - Los Angeles) | Personal property. Cargo damage. | Philip Fant Fant Law Office |
| Beachbody, LLC, a Delaware LLC v. Ultimate Supply Company; Thai Duc Vu ; Does 3/9/2017 8:17 cv 420 (Southern Division - Santa Ana) | Copyright. Defendants import counterfeit BeachBody exercise kits and DVDs, into the United States from China. | Christopher Johnson Johnson & Pham |
| Kathryn Derencin v. Gess & Associates LLC 3/9/2017 8:17 cv 421 (Southern Division - Santa Ana) | Consume credit. Fair Debt Collection Act. | Michael Anthony Jones M. Jones and Associates PC |
| John Shafik, individually and on behalf of all others similarly situated v. NantHealth Inc.; Patrick Soon-Shiong; Paul A Holt; Michael S. Sitrick; Kirk K. Calhoun; Mark Burnett; Edward Miller; Michael Blaszyk; Jefferies LLC; Cowen And Company LLC; First Analysis Securities Corporation; Canaccord Genuity Inc.; FBR Capital Markets & Co. 3/10/2017 2:17 cv 1940 Gee (Western Division - Los Angeles) | Securities class action. Action on behalf of persons or entities who purchased or otherwise acquired NantHealth securities: (1) pursuant and/or traceable to the Company's registration statement and prospectus issued in connection with the Company's initial public offering on 6/1/2016; and/or (2) between 6/1/2016 and 3/6/2017, inclusive. NantHealth's share price fell $1.67 per share, or 23.3%, to close at $5.50 per share on 3/6/2017, which amounted to a 60% decline from the IPO price of $14 per share. | Rosemary Rivas Levi & Korsinsky LLP- San Francisco |

**EXHIBIT 2 PAGE 106**

NEW COMPLAINTS

Paul Parshall, on behalf of himself and all others similarly situated v. Heritage Oaks Bancorp; Simone Lagomarsino; Michael J. Morris; Alexander F. Simas; Daniel J. O'Hare; James J. Lynch; Mark C. Fugate; Michael J. Behrman; Michael E. Pfau; Howard N. Gould; Stephen P. Yost; Pacific Premier Bancorp Inc.; Dee Lacey 3/10/2017 2:17 cv 1939 Wilson (Western Division - Los Angeles)

Securities class action. Action brought on behalf of the public stockholders of Heritage Oaks Bancorp against defendants, to enjoin a proposed transaction announced on 12/13/2016, pursuant to which Heritage will be acquired by Pacific Premier Bancorp Inc. On 2/28/2017, defendants filed a proxy statement with the SEC. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

Joel Elkins Weisslaw LLP

Securities and Exchange Commission v. Nasir N. Shakouri; Robert S. Torino; Bronson L. Quon; John S. Hong; Jonathan K. Skarie 3/10/2017 2:17 cv 1929 Wilson (Western Division - Los Angeles)

Securities fraud. Case of financial fraud against members of the senior management of iPayment, a provider of credit and debit card payment processing services. From approximately February 2008 through August 2012, defendants violated the federal securities laws by perpetrating a scheme to embezzle funds from iPayment. Defendants' fraudulent scheme resulted in a loss of approximately $11.6 million to iPayment, and caused the Company to file materially misstated reports with the Commission. After the discovery of the scheme, iPayment filed a restatement for the periods affected by the fraud and disclosed material weaknesses in its internal controls over financial reporting. During the relevant period, the Company had publicly-traded debt.

John Bulgozdy Securities and Exchange Commission

Grant McKee, individually and on behalf of all others similarly situated v. Audible Inc; Amazon.com Inc. 3/10/2017 2:17 cv 1941 (Western Division - Los Angeles)

Class action for unfair business practices. Plaintiff McKee brings this lawsuit on behalf of a proposed Class of consumers who find themselves trapped in a shell game created by defendants. When plaintiff and consumers signed up for an audiobook purchasing plan with Audible, styled a "membership," they relied on defendants' representations and believed that, on a monthly or annual basis, they would purchase a certain number of prepaid "credits" that could be redeemed with Audible for an equivalent number of audiobooks. Consumers also believed representations that "one credit equals one audiobook," that audiobook credits would "never expire," and that a member can cancel any time with "no strings attached." In reality, once members accrue a certain number of prepaid credits, their credits begin to expire to "make room" for new credits. Effectively, members stop receiving additional credits for their payments but are still charged as if they were. Members also forfeit all previously purchased credits if they ever cancel their plans.

Jamin Samuel Soderstrom Soderstrom Law PC

Signature Financial and Leasing LLC v. USJL Express Inc.; Jing Zhang; Ai Yan Ling 3/10/2017 2:17 cv 1930 Fischer (Western Division - Los Angeles)

Contract. Defendants have failed to cure the default and make the required payment of the obligations under the loan documents.

Benjamin Akley Pryor Cashman LLP

EXHIBIT 2
PAGE 107

## NEW COMPLAINTS

| | | |
|---|---|---|
| Wescom Financial Services LLC v. Steven P. McCormick 3/10/2017 2:17 cv 1928 (Western Division - Los Angeles) | Trade secrets. Action brought for an injunction to maintain the status quo pending resolution of an arbitration proceeding between the parties that is concurrently being commenced with FINRA to remedy McCormick's unlawful conduct in taking, retaining and misappropriating plaintiff's confidential, proprietary, and trade secret client information to solicit its existing clients, and from otherwise violating his contractual agreements with and statutory duties towards plaintiff. | Steven Wang Miller Law Associates APC |
| Concept Acquisitions LLC v. David Norfolk; Does 3/10/2017 2:17 cv 1931 (Western Division - Los Angeles) | Trademark. Infringement of the Mountain Mike's name and mark in connection with a pizza restaurant. | Nancy Nguyen Sims DLA Piper LLP |
| Maria Carmela Condie v. Oxgord Incorporated; Does 3/10/2017 2:17 cv 1952 (Western Division - Los Angeles) | Copyright. Infringement of plaintiff's Golden Chef Collection box design. | Ted Luymes Ted Luymes Law Firm |
| Certain Underwriters at Lloyds v. Chartis Specialty Insurance Company 3/10/2017 2:17 cv 1955 (Western Division - Los Angeles) | Insurance, duty to defend. Plaintiff seeks a declaration of rights that Chartis had an obligation to defend. | Nancy Potter Murchison & Cumming LLP |
| Crystal Snider v. Ascena Retail Group, Inc. Benefits Plan 3/10/2017 5:17 cv 445 Kato (Eastern Division - Riverside) | ERISA. Employee benefits. | Christian Garris Law Offices of Christian Garris |
| Cesar Baez v. Pension Consulting Alliance Inc.; Michael Moy 3/10/2017 2:17 cv 1938 (Western Division - Los Angeles) | Personal property. Action to recover damages for intentional interference with contractual relations. | Benedetto Balding Meylan Davitt Jain Arevian & Kim LLP |
| Sixto Gutierrez, individually and on behalf of all others similarly situated v. Mother's Market & Kitchen Inc, a Delaware corp.; Does 3/10/2017 8:17 cv 428 (Southern Division - Santa Ana) | Employment class action. Wage and hour violations. | Paul Keith Haines Haines Law Group APC |
| Hung Nguyen v. The Regents of The University of California; Faryar Jabbari; Gregory Washington; Diane K. O'Dowd; Enrique J. Lavernia 3/10/2017 8:17 cv 423 (Southern Division - Santa Ana) | Employment, discrimination and wrongful termination. Plaintiff was fired and denied tenure and a promotion to Associate Professor, resulting in lost pay and benefits including pension and retirement benefits based on sexual orientation. | Juan Hong Juan Hong Law Offices |
| Kuyou Sports Goods Co. Ltd v. Fountain, Inc. 3/10/2017 8:17 cv 426 (Southern Division - Santa Ana) | Patent. Declaratory judgment of non-infringement. | Nathaniel Dilger One LLP |

© Copyright 2017 Four Districts Alamanac

EXHIBIT 2
PAGE 108

NEW COMPLAINTS

| | | |
|---|---|---|
| John Doe v. Accurate Background, LLC 3/10/2017 8:17 cv 431 (Southern Division - Santa Ana) | Negligence. Plaintiff was the victim of an erroneous employment background check report conducted by defendant. Defendant's failure to require a middle name match, combined with its failure to review public records prior to disclosing information to third parties constituted a reckless violation of plaintiff's rights under the FCRA. | Devin Fok DHF Law PC |
| Kathryn Derencin v. Gess & Associates LLC 3/9/2017 8:17 cv 421 Staton (Southern Division - Santa Ana) | Consume credit. Fair Debt Collection Act. | Michael Anthony Jones M. Jones and Associates PC |
| Saddleback Memorial Medical Center; Orange Coast Memorial Medical Center; Long Beach Memorial Medical Center; Anaheim Memorial Medical Center v. Thomas E. Price, M.D., Secretary of The United States Department of Health and Human Services 3/10/2017 8:17 cv 422 | Adverse reimbursement review. | Nina Adatia Marsden Hooper Lundy nd Bookman |
| Michael Harris v. The Los Angeles Police Department 3/9/2017 2:17 cv 1919 James Otero (Western Division - Los Angeles) | Civil rights. | pro se |
| Javier Garcia Gaona Jr.; Javier Garcia Gaona; Yolanda Garcia; Estate of Javier Garcia Gaona Jr. v. City of Santa Maria; The Santa Maria Police Department; Ernie Salinas; Gabriel Alvarez; Will Jackson; Matt Holton; Rafael Torres; Does 3/13/2017 2:17 cv 1983 (Western Division - Los Angeles) | Civil rights, excessive force. On 7/20/2016, defendant officers confronted decedent on a street corner where he was behaving in an irrational manner. Officers observed him cutting himself with a knife and stating that he wanted officers to kill him. No effort was made to use crisis intervention tactics. Defendants started firing bean-bag rounds which caused decedent to stumble around. When he stumbled towards officers, he was shot with live ammunition. | William Schmidt Attorney at Law-Fresno |
| Melissa Cuevas, individually and on behalf of a class v. Topco Associates LLC, a Delaware LLC; Does 3/13/2017 5:17 cv 462 (Eastern Division - Riverside) | Fraud class action. Defendant has led consumers to believe that its Almond Milk beverage is nutritionally equivalent to dairy milk. | Trisha Monesi Capstone Law APC |
| Esquire Corporate Services LC, obo United Aeronautical Corporation v. National Guard Bureau; Air National Guard; Does 3/13/2017 2:17 cv 1966 (Western Division - Los Angeles) | Freedom of Information Act. Plaintiff Esquire on behalf of United Aeronautical Corporation brings this action to compel defendants to produce records relating to the redesign, development, and procurement of the Modular Airborne Fire Fighting System currently being deployed in a joint program between the U.S. Forest Service and the Air National Guard. | Jonathan Hickman Esquire Corporate Services LC |

**EXHIBIT 2 PAGE 109**

## NEW COMPLAINTS

| | | |
|---|---|---|
| Tyse Swendseid, individually and on behalf of other members of the general public similarly situated v. Caddis Funding LLC 3/13/2017 2:17 cv 1991 (Western Division - Los Angeles) | Class action for violations of the Fair Debt Collection Act. | Todd Friedman Law Offices of Todd Friedman PC |
| Curtis International Ltd. v. Pacific Logistics Corp. 3/13/2017 2:17 cv 1968 Anderson (Western Division - Los Angeles) | Contract. Defendant breached the contract by consistently, and repeatedly refusing to indemnify and reimburse plaintiff for their series of errors. | Aaron Robert Marienthal Marton Ribera Schumann & Chang |
| Michael Davis; Uptone Pictures Inc., a North Carolina corp. v. Eric Parkinson; Hannover House Inc a Wyoming corp.; Truman Press Inc, an Arkansas corp., dba Hannover House; Medallion Releasing Inc, a Arkansas corp. 3/12/2017 2:17 cv 1959 Olguin (Western Division - Los Angeles) | Contract. Plaintiff Uptone is the authorized distribution agency and proprietor, as well as the licensing source for the feature film Union Bound. Defendants were under agreement to have the picture qualify for the Netflix Output Subscription Video-On-Demand agreement with FreeStyle Digital Media Inc. and have failed to do so. They also failed to have the picture on 165 theatres simultaneously. To date, plaintiffs have not received any fees. | Marc Lazo Wilson Harvey Browndorf |
| Argital S.R.L.; Argital Di G. Ferraro E C. S.N.C. v. Argital USA; Torsten Kunert 3/13/2017 2:17 cv 1984 (Western Division - Los Angeles) | Trademark. Infringement of the Argital and Dott. G. Ferraro Argital marks in connection with cosmetics. Defendants also operate a YouTube channel, ArgitalUSA, with numerous videos threatening plaintiffs and their business partners, as well as containing false statements about plaintiffs and their products in an attempt to damage plaintiffs' reputation and business. | Vijay Kumar Toke Cobalt LLP- Berkeley |
| SkinSolutions.MD LLC; Truventure Inc.; Vishal Verma M.D. Inc.; Vishal Verma M.D. v. Global Boost MD LLC; Pharmamedrx LLC; Telladermmd LLC; Gail Gentile; Andrew McCulloch; Alexei Joukov 3/13/2017 2:17 cv 1990 (Western Division - Los Angeles) | Trademark, false advertising. Infringement of the Latisse trademark and unauthorized sale of the Latisse product. | Gary Lorch Gordon & Rees LLP |
| NextEngine Inc. v. Bigfoot Ventures Ltd., a British Virgin Islands LLC; Does 3/13/2017 2:17 cv 1960 Anderson (Western Division - Los Angeles) | Trademark, cybersquatting. Infringement of the NextEngine name. | John Mark Pierce Pierce Sergenian LLP |

EXHIBIT 2
PAGE 110

## NEW COMPLAINTS

Board of Directors of the Motion Picture Industry Pension Plan; Board Of Directors of the Motion Picture Industry Individual Account Plan; Board of Directors of The Motion Picture Industry Health Plan v. Jacavi Flavor November Rule LLC, a Florida LLC 3/13/2017 2:17 cv 1988 Gutierrez (Western Division - Los Angeles)

ERISA. Employee benefits.

Nicholas Isaac Starkman Wohlner Kaplon Cutler Halford & Rosenfeld

Cornelius Banks v. Experian Information Solutions Inc.; Check 'n Go of California Inc. 3/12/2017 5:17 cv 465 (Eastern Division - Riverside)

Consumer credit, Fair Credit Reporting Act. Defendants are reporting inaccurate information on plaintiff's credit report and have refused to correct the errors.

Jared Hartman Semnar and Hartman LLP- Vista

Commercial Copy Innovations Inc. v. Ricoh Electronics Inc.; Ricoh USA Inc.; Lanier Worldwide Inc.; Mimaki USA Inc. 3/13/2017 8:17 cv 437 Selna (Southern Division - Santa Ana)

Patent. Infringement of patents entitled, Inkjet Printing Method for an Ink/Receiver Combination, Aqueous Inkjet Ink and Receiver Combination, Electrophotographic Toner Surface Treated with metal Oxide and Establishment at a Remote Location of an Internet/Intranet User Interface to a Copier/ Printer

Hemant Kewalramani SHK Legal, APC

Globefill Incorporated v. Coastal Cocktails Inc., dba Modern Gourmet Foods; Mark Greenhall 3/13/2017 8:17 cv 438 (Southern Division - Santa Ana)

Trademark. Defendants sell hot sauce in a skull-shaped bottle which infringes upon plaintiff's trademarked and patented skull-shaped bottle.

C. Dennis Loomis Baker & Hostetler LLP

Duffield Marine Inc. v. Duffy Boats Rentals Long Beach, aka Anchors Away Boat Rentals 3/13/2017 8:17 cv 441 (Southern Division - Santa Ana)

Trademark. Defendant's use of "Duffy Boat Rentals Long Beach" infringes upon plaintiff's Duffy trademark.

David Baker Hart King

Mark Potter v. Hunt & Henriques Inc. 3/13/2017 8:17 cv 436 (Southern Division - Santa Ana)

Consumer credit. Fair Debt Collection Act.

Michael Jones M. Jones and Associates

Brian Horowitz; Creative Outdoor Distributors USA Inc. v. Yishun Chen; Zhaosheng Chen; Yue Zhang 3/10/2017 8:17 cv 432 (Southern Division - Santa Ana)

Patent non-infringement. The Chens have misrepresented to the plaintiffs' licensees and customers that they are infringing the Chens' patents when, in fact, they are selling Horowitz's distinctly different wagon.

David Michael Mannion Blakeley LLP

EXHIBIT 2
PAGE 111

## NEW COMPLAINTS

| | | |
|---|---|---|
| Nunziatina Paolini v. Kandi Technologies Group Inc.; Xiaoming Hu; Xiaoying Zhu; Cheng Wang; Bing Mei 3/14/2017 2:17 cv 2025 (Western Division - Los Angeles) | Securities class action. Action on behalf of a class consisting of all persons and entities who purchased or otherwise acquired the publicly traded securities of Kandi from 3/16/2015 through 3/13/2017, both dates inclusive. Plaintiff seeks to recover compensable damages caused by defendants' violations of the federal securities laws. Shares of Kandi fell $0.30 per share or approximately 6% from its previous closing price to close at $4.05 per share on 3/14/2017, further damaging investors. | Laurence M Rosen The Rosen Law Firm PA |
| Arash Hashemi; Natasha Safaradi; Patrick Gilburt, individually and on behalf of all others similarly situated v. Dr Pepper Snapple Group Inc; Dr Pepper/Seven Up Inc. 3/14/2017 2:17 cv 2042 (Western Division - Los Angeles) | Class action for false advertising. Defendants have labeled and marketed their Canada Dry Ginger Ale product as being "Made from Real Ginger." However, independent testing by a laboratory determined that the product does not contain a detectable amount of ginger. | Barbara Rohr Faruqi and Faruqi LLP |
| Tracey Freese v. Janssen Pharmaceuticals Inc.; Janssen Research and Development LLC; Johnson & Johnson; Janssen Ortho LLC; Mitsubishi Tanabe Pharma Development America Inc. 3/14/2017 2:17 cv 2024 (Western Division - Los Angeles) | Product liability, wrongful death. Plaintiff maintains that the diabetes drug, Invokana, is defective, dangerous to human health, unfit and unsuitable to be marketed and sold and lacked proper warning to the dangers associated with it. | Melinda Davis Nokes Salvatore and Nokes LLP |
| Karen Wooten; Harley Wooten III; Timothy Wooten, individually and on behalf of the Estate of Harley Wooten (deceased) v. Monsanto Company; Does 3/14/2017 5:17 cv 477 (Eastern Division - Riverside) | Product liability. Plaintiffs maintain that Roundup and/or glyphosate is defective, dangerous to human health, unfit and unsuitable to be marketed and sold in commerce, and lacked proper warnings and directions as to the dangers associated with its use. As a direct result of being exposed to Roundup, decedent developed non-Hodgkin's lymphoma and died as a result. | Lori Erin Andrus Andrus Anderson LLP- San Francisco |
| Coachella Music Festival LLC; Goldenvoice LLC v. Urban Outfitters Inc.; Free People of PA LLC 3/14/2017 2:17 cv 2027 (Western Division - Los Angeles) | Trademark. Infringement of the Coachella marks. | David Steele Tucker Ellis LLP |
| Barton Brundige v. Allen Daryl Finch; Does 3/14/2017 5:17 cv 475 (Eastern Division - Riverside) | Fraud. Defendant wrongful converted $85,000 of plaintiff's money. | Paul Wright Paul Wright Law Offices |
| Colony Insurance Company, a Virginia corp. v. Palmer Temple Street Properties LLC; Palmer Temple Street Properties; Geoffrey H. Palmer, dba GH Palmer Associates 3/14/2017 2:17 cv 2029 (Western Division - Los Angeles) | Insurance. Breach of contract, declaratory relief. Defendants have refused to cooperate with Colony, have refused to permit counsel retained by Colony to defend the claims asserted against them in the Da Vinci Fire Actions, and have retained their own attorneys as defense counsel without Colony's consent. | Jeffrey Alan Charlston Charlston Revich and Wollitz LLP |

EXHIBIT 2 PAGE 112

## NEW COMPLAINTS

| | | |
|---|---|---|
| Robert Stecher v. Equifax Information Services LLC; Trans Union LLC; Ocwen Loan Servicing LLC; Does 3/14/2017 2:17 cv 2030 (Western Division - Los Angeles) | Consumer credit. Fair Credit Reporting Act. | Jeremy Golden Golden & Cardona-Loya LLP- Chula Vista |
| Industrial Security Solutions Corp. v. John Werner; Sean Vuong; Jose Rosalezl; Expert Advanced Solutions Inc.; Does 3/13/2017 8:17 cv 444 (Southern Division - Santa Ana) | Trade secrets. While employed as vice president of operations, defendant Werner engaged in a series of deceptive acts intended to harm plaintiff, including misappropriating confidential and proprietary information and interfered with plaintiff's customers. | Michael Heimbold Sheppard Mullin Richter and Hampton LLP |
| Carpenters Southwest Administrative Corporation; Board of Trustees for The Carpenters Southwest Trusts v. Kahuna Construction Inc., aka Kahuna Construction Inc.; Brian Keith Johns; Does 3/14/2017 8:17 cv 448 (Southern Division - Santa Ana) | E.R.I.S.A. Employee benefits. | Jodi Siegner Decarlo and Shanley APC |
| Fidel Rodriguez v. Marie Callender's; Praisun Inc.; TCH Investments LLC 3/14/2017 8:17 cv 450 (Southern Division - Santa Ana) | Americans With Disabilities Act. Defendants' restroom was too small for plaintiff to navigate his wheelchair in. | Richard Politiski Law Office of Richard Politiski |
| Mario Vasquez v. La Parilla Guacamole Grill Inc.; Rosa K. Interian; RTM Investments LLC 3/14/2017 8:17 cv 453 (Southern Division - Santa Ana) | Americans With Disabilities Act. | Richard Politiski Law Office of Richard Politiski |
| Abigail Diaz v. Hyun H. Shin, dba Foster's Old Fashion Freeze; Does 3/13/2017 8:17 cv 443 (Southern Division - Santa Ana) | Americans With Disabilities Act. | Roland Au Southern California Equal Access Group |
| Evelyn Sempasa v. Wells Fargo Bank; Clear Recon Corp.; Rushmore Loan Management Services; Siliverlink, a Knight Company; Wolf and Wyman LLP; Carrington Mortgage Services; Mortgage Electronic Systems Inc.; Flagstar Bank; Schools First Federal Credit Union; The Law Offices of Michelle Ghidotti; Cornerstone Mortgage Corporation; Does 3/13/2017 8:17 cv 442 Selna (Southern Division - Santa Ana) | Wrongful foreclosure. | Pro se |

**EXHIBIT 2**
**PAGE 113**

## NEW COMPLAINTS

| | | |
|---|---|---|
| Houston Casualty Company, (administered by Torus US Intermediaries Inc. nka Startstone US Intermediaries); State National Insurance Company, (administered by Torus US Intermediaries Inc. nka Startstone US Intermediaries) v. Strategic Capital Holdings LLC, fdba U.S. Commercial LLC; Does 3/13/2017 8:17 cv 445 Guilford (Southern Division - Santa Ana) | Insurance. Injunctive and declaratory judgment. | Ryan Fife Drinker Biddle and Reath LLP |
| Rosalyn Omoyele; Jacquelyn Williams v. Michelle Simon; Richmond American Homes of California Inc, a Colorado corp.; Countrywide Bank FSB; Countrywide Home Loans Inc; C. Klenovich; Beate Geery; First American Title Company; NHS; Recon Trust Company NA; Mortgage Electronic Registration Systems Inc., a Delaware corp.; Charles N. Spense; Victoria Gutierrez; Green Tree Servicing LLC; Jerry Steinhaus; Julian Ojeda; Ditech Financial; RCO Legal Inc.; Northwest Trustee Service Inc.; www.US-Foreclosure.com; www.Auction.com; Does 3/10/2017 5:17 cv 453 Pym (Eastern Division - Riverside) | RICO Act. | pro se |
| Meagan Chamberlain; Edward Pistorio; Laura Lane; Rosalene Mullins, individually, and on behalf of all others similarly situated v. LG Electronics U.S.A. Inc., a Delaware corp.; LG Electronics Mobilecomm U.S.A. Inc. 3/14/2017 2:17 cv 2046 Birotte (Western Division - Los Angeles) | Class action for violations of the Magnuson-Moss Warranty Act. This case is on behalf of consumers who purchased LG G4 and LG V10 cell phones. A defect in the phones gives them a propensity to crash and then reboot interminably, which renders the phones inoperable and unfit for any use. This defect is referred to as a "bootloop defect." | Jordan Elias Girard Gibbs LLP- San Francisco |
| Brian Joyce, individually and on behalf of all others similarly situated v. Ixia; Errol Ginsberg; Bethany Mayer; Laurent Asscher; Jonathan Fram; Gail Hamilton; Ilan Daskal 3/15/2017 2:17 cv 2071 Kronstadt (Western Division - Los Angeles) | Securities class action. On 1/30/2017, Ixia and Keysight jointly announced that they had reached a definitive Agreement and Plan of Merger under which Keysight, through its wholly-owned subsidiary, Keysight Acquisition Inc., will acquire Ixia in an all cash transaction. Under the terms of the Merger Agreement, Ixia's public shareholders will receive $19.65 in cash for each share of Ixia common stock they own. Defendants have violated the SEC by causing a materially incomplete and misleading Schedule 14A Definitive Proxy Statement to be filed with the SEC on 3/14/2017. | Benjamin Heikali Faruqi & Faruqi LLP |

EXHIBIT 2
PAGE 114

## NEW COMPLAINTS

Karen Dessaules; S.M., by and through her guardian ad litem Karen Dessaules v. County of Riverside, by and through the Riverside Department of Public Social Services, Children's Services Division; Anthony Recendez; Does 3/15/2017 5:17 cv 489 (Eastern Division - Riverside)

Civil rights. Plaintiff began a romantic relationship with Shane Friederich. Plaintiff slowly introduced him to her minor daughter S.M. During a sleepover, the mother of one of S.M.'s classmates claimed that S.M. had said that Friedrich had "touched her." Soon after, Recendez placed S.M. with her biological father, who had previously declined to have significant contact with S.M. Plaintiff's calls to DPSS would go unanswered.

Daniel Christian Sharpe Law Offices of Vincent Davis & Associates

Ernest Calhoon v. City of Laguna Beach; City of Laguna Beach Police Department; Several Unknown Officers; Does 3/15/2017 2:17 cv 2073 (Western Division - Los Angeles)

Civil rights. On 3/15/2015, plaintiff was stopped, searched, arrested, imprisoned, assaulted and battered.

Bryn Deb A2B Legal

Gregory Richardson v. IVAMS Inc.; Peter Eggertsen; Martha Bellinger; Hon. Judge David Cohn; Hon. Ottolia; Hon. Christopher B. Harmon; Hon. Harold W. Hopp; Joseph Howington; Tracy Zhang; First Centennial Mortgage Corporation, an Illinois corp; Dale McClain; Does 3/15/2017 5:17 cv 487 (Eastern Division - Riverside)

Civil rights. "This suit involves several fundamental questions for due process and fair play. First, a challenge to the use of blanket absolute judicial immunity under California's anti-SLAPP law to cover-up infringements of Constitutional rights and violations of Federal and California State statutory law and ethical standards by IVAMS Inc. and Martha Bellinger."

Gregory Richardson Gregory Richardson Law Offices

Los Angeles Waterkeeper v. Ajax Forge Company; Does 3/15/2017 2:17 cv 2066 (Western Division - Los Angeles)

Environmental matters. Complaint seeks relief for ongoing violations by defendant of the Federal Water Pollution Control Act resulting from its industrial operations at the Vernon facility.

Gideon Kracov Law Office of Gideon Kracov

Karen Wooten; Harley Wooten III; Timothy Wooten, individually and on behalf of the Estate of Harley Wooten (deceased) v. Monsanto Company; Does 3/14/2017 5:17 cv 477 Bernal (Eastern Division - Riverside)

Product liability. Plaintiffs maintain that Roundup and/or glyphosate is defective, dangerous to human health, unfit and unsuitable to be marketed and sold in commerce, and lacked proper warnings and directions as to the dangers associated with its use. As a direct result of being exposed to Roundup, decedent developed non-Hodgkin's lymphoma and died as a result.

Lori Erin Andrus Andrus Anderson LLP- San Francisco

Sahibzada Akhtar v. Air France-KLM; Air France-KLM Group Ads; Societe Air France S.A.; Airbus Americas Inc, a Delaware corp.; Airbus Defense and Space Inc, a Delaware corp.; Airbus DS GEO Inc, a Delaware corp.; Airbus Group HQ Inc, a Delaware corp.; Airbus Group SE; Airbus SAS; Does 3/14/2017 2:17 cv 2045 Gee (Western Division - Los Angeles)

Airplane product liability. On 3/12/2016, plaintiff was a passenger on Air France Flight AF0065. Plaintiff was made to switch seats. The seat malfunctioned, and plaintiff was forced to sit cross-legged for 12 hours.

Pedram Zivari Law Offices of Sepehr Daghighian PC

**EXHIBIT 2 PAGE 115**

## NEW COMPLAINTS

| | | |
|---|---|---|
| Hugo Budzian; Patricia Budzian v. Jayco Inc.; Lippert Components Inc.; Richardson's RV Center Inc. 3/15/2017 5:17 cv 484 (Eastern Division - Riverside) | Warranty. Defendants sold plaintiffs a defective 2014 Jayco 36KPTS. | Jeffrey Le Pere Rosner Barry & Babbitt LLP- San Diego |
| Board of Trustees of the Cement Masons Southern California Health and Welfare Fund; Board of Trustees of the Cement Masons Southern California Pension Trust; Board of Trustees of the Eleven Counties Cement Masons Vacation Savings Plan; Board of Trustees of the Cement Masons Joint Apprenticeship Trust; Board of Trustees of the Cement Masons Southern California Individual Retirement Account (Defined Contribution) Trust v. Klassic Engineering and Construction, Inc. 3/15/2017 2:17 cv 2072 (Western Division - Los Angeles) | ERISA. Breach of contract, damages. | Nicholas Isaac Starkman Wohlner Kaplon Cutler Halford & Rosenfeld |
| Dina Shapiro v. Aetna Life Insurance Company Long Term Disability Plan; Aetna Life Insurance Company 3/14/2017 2:17 cv 2007 (Western Division - Los Angeles) | ERISA. Employee benefits. | Julia Sklar Law Offices of Julia Sklar |
| Marine Fenders International, Inc. v. Actuant Corporation; Actuant Asia Pte. Ltd.; Does 3/15/2017 2:17 cv 2075 (Western Division - Los Angeles) | Contract. Unjust enrichment, common counts. | Nathan Meyer Russ August & Kabat |
| Mark Queenan,individually and on behalf of all others similarly situated v. Vizio Inc.; Vizio Holdings Inc.; Vizio Inscape Technologies LLC 3/15/2017 8:17 cv 462 Staton (Southern Division - Santa Ana) | Video Privacy Protection Act class action. VIZIO collects highly specific data about consumers' viewing histories and preferences through invasive software secretly installed on millions of its Smart TVs. It then discloses this data to advertisers and media content providers so they can deliver targeted advertisements. | Eric Gibbs Gibbs Law Group LLP |
| Cynthia Padock v. Wells Fargo Bank NA 3/15/2017 8:17 cv 455 Selna (Southern Division - Santa Ana) | Telephone Consumer Protection Act. Plaintiff informed defendant that it was calling the wrong person and requested that all calls to her number cease. Nevertheless, defendant continued to dial plaintiff's number using Robocalls at an excessive and harassing rate. | Trinette Gragirena Kent Lemberg Law LLC- Phoenix |
| Edco Plastics Inc. v. E-Z Lettering Service, dba E-Z Line; Euroma International Inc., a Georgia corp.; Does 3/15/2017 8:17 cv 456 Cartney (Southern Division - Santa Ana) | Patent. Defendant is selling products which infringe upon plaintiff's patent entitled, License Plate Frame. | David Flyer Flyer and Flyer APLC |

EXHIBIT 2
PAGE 116

## NEW COMPLAINTS

| | | |
|---|---|---|
| Phoenix Entertainment Partners LLC v. Tumbleweeds Bar and Grill LLC, dba Tumbleweeds Bar and Grill; Don Stokes, dba Sin.Dicate; Erin Dawn Wilson, aka Echo Wilson 3/15/2017 8:17 cv 454 (Southern Division - Santa Ana) | Trademark. Defendants used plaintiff's karaoke tracks without permission. | Aric Williams |
| Luvvitt LLC v. Rearth USA LLC, dba Ringke; Does 3/15/2017 8:17 cv 464 (Southern Division - Santa Ana) | Trademark. Defendant is selling products using the plaintiff's marks. | Rasheed McWilliams Cotman LP Law Group |
| Mario Vasquez v. Valdez Tacos Mexico; Benitez Valdez; Carmen Del Rocio; Duon Ho; Charlie Phan 3/15/2017 8:17 cv 457 (Southern Division - Santa Ana) | Americans With Disabilities Act. | Richard Politiski |
| Michael Allan Miller II v. Ella Marija Lani Yelich-O'Connor, aka Lorde 3/14/2017 2:17 cv 2037 Wu (Western Division - Los Angeles) | RICO Act. | pro se |



**EXHIBIT 2**
**PAGE 117**

tales and dilemmas described in three lawsuits filed on the same day last week in Los Angeles:

The Sad Tale of Emma and Isabella.

This is a celebrity story. Yes, the Founders might have had notions about the concept of celebrity -- but probably not the modern definition, i.e., special people to whom we must pay undivided attention for no readily apparent reason.

But what I really want to know is what the Founders would have originally intended when it came to deciding custody battles – over pre-embryos.

Not children. Not babies. Not fetuses. Not embryos.

Pre-embryos.

This is the sort of thing that could easily go to an appellate court, so if you're an original intent aficionado, you've got some serious imagining to do.

You may have seen news reports of this suit last week but probably without all the wonderful detail in the complaint.

The plaintiff is Sofia Vergara (a celebrity, for those of you who don't know) and her lawsuit claimed a breach of a "Directive for Partners Regarding the Storage and

Disposition of Cryopreserved Material Which May Include Embryos."

You can't get much more romantic than that.

The suit doesn't explain what a pre-embryo is, as opposed to a plain old embryo, so I hit the search engine. The most popular definition is an ovum within 14 days of fertilization before being implanted in a uterus.

These pre-embryos were created more than three years ago – apparently freezing stops the statute of limitations period for graduation to embryohood.

It does not, however, stop the clock on litigation. Before Vergara sued last week, a suit was filed on behalf of Emma and Isabella – the pre-embryos – in Louisiana that claims their inheritance "is prevented by (Vergara's) refusal to allow the two pre-embryos

to be brought to term."

Vergara says the father, Nicholas Loeb, is behind the pre-embryo suit and the naming of the pre-embryos. So I'm guessing part of the problem is she doesn't like the names.

Who really represents Emma and Isabella and should they get their inheritance before they're born?

I blame these problems on science.

Movie realism.

Did the Founders worry about political correctness?

Maybe they did, but I bet they didn't talk about movies or Nazis.

This is from a complaint filed against a film director:

"Coolidge demonstrated a severe – and inexcusable – lack of judgment when she decided to don Nazi SS garb, including a Nazi officer's hat, during the production, including while shooting the picture's Auschwitz concentration camp scenes…. Coolidge's actions were particularly offensive to Mr. Z. Raczynski, whose father (on whom the picture was based) was imprisoned by the German Nazi regime."

I'm looking forward to a sensitive, realistic portrayal of concentration camp life when this movie comes out.

Offensive homonym.

And then there's social media.

A long-time tennis sportscaster named Doug Adler says he was fired by ESPN after he used a common term to describe a style of tennis: guerilla tactics.

Unfortunately, he applied this term to Venus Williams and part of the Internet went berserk – outrage hobbyists thought he said "gorilla."

According to the sportscaster's lawsuit, a New York Times writer who knew better but wanted to ingratiate himself with the Williams sisters tweeted that Adler said "gorilla" and "ignited the flames of anger and hatred against plaintiff."

Maybe we should all stop saying and writing things in public.

EXHIBIT 2
PAGE 118

# EXHIBIT 3

EXHIBIT 3
PAGE 119

## Daily Brief Report

February 17, 2017

The report below and its attendant dings and download links may not be transmitted outside the subscribing office location, or accessed from a non-subscribing office. A separate subscription is required for each office that receives the report or its dings and download links, unless your firm has signed up for firm-wide distribution. If you need help finding underlying documents, please call or email Home Office at home@courthousenews.com or (626) 577-6700. The summaries below describe allegations only and should not be taken as fact.

**CIVIL**

**9th Circuit**

IMMIGRATION, DUE PROCESS, EQUAL PROTECTION

State of Washington v. Trump, February 16

Nos: None

Cause:

Download Opinion

[Order.] J. Thomas finds that en banc proceedings in this matter are stayed. The U.S. has informed the circuit that the President intends to issue a new executive order and that it will inform the circuit of any new developments.
-------------------------------------------

BANKRUPTCY

Marshall v. Diamond, February 16

Nos: None

Cause:

Download Opinion

Per curiam, the circuit finds that the bankruptcy appellate panel properly determined that a woman lacks standing to appeal the bankruptcy court preventing her associate from bidding at a sales auction on a Ferrari and royalties from the movie "The Exorcist." Any supposed injury she has suffered is not traceable to the bankruptcy court because it was the Los Angeles Superior Court that ordered the assets seized, and there is no evidence the associate cannot make his own appeal. Affirmed.
-------------------------------------------

**California Supreme Court**

EXHIBIT 3
PAGE 120

CONSTRUCTION, INTERFERENCE WITH CONTRACT

Roy Allan Slurry Seal v. American Asphalt South, February 16

Nos: None

Cause:

Download Opinion

J. Corrigan finds that the lower court improperly determined the slurry company made sufficient allegations that the asphalt company intentionally interfered with its prospective economic advantage during a public works contract bidding process. Since the contract bids were sealed and there were no post-submission negotiations and the contract was awarded to the lowest reasonable bid, the slurry company did not show that the asphalt company intentionally interfered with its prospective economic advantage. Reversed.

-------------------------------------------

**EXHIBIT 3**

**PAGE 121**

**USDC Central District of California**

UNFAIR COMPETITION, ANTITRUST

Golden Boy Promotions v. Alan Haymon, January 26

Nos: Antitrust

Cause: 15:0001 Antitrust Litigation

Download Opinion

J. Walter grants a boxing manager's motion for summary judgment on the boxing promoters' claims that he violated federal and state laws that regulate boxing and ensure fair competition, ruling the promoters failed to submit testimony from a single boxer that states that he has been coerced into working with a particular promoter, and has failed to raise a genuine issue of material fact that the manager's exclusive television agreements were anticompetitive.
-------------------------------------------

INSURANCE, CONTRACT

Phase II Transportation v. Carolina Casualty, January 19

Nos: Insurance

Cause: 28:1441 Notice of Removal - Insurance Contract

Download Opinion

J. Wilson grants an insurer's motion for summary judgment on a transportation company's claims that it failed to indemnify a settlement in a wage-related case, ruling the insurer had no duty to defend because there was never a covered cause of action in the underlying lawsuit, and that the insurance company is entitled to reimbursement for funds paid toward the lawsuit.
-------------------------------------------

EMPLOYMENT

Tye v. Wells Fargo Capital Finance, February 03

Nos: Employment

Cause: 28:1441 Notice of Removal - Employment Discriminat

Download Opinion

J. Otero grants a bank's motion for summary judgment on a former employee's claims that she was continually discriminated against and harassed because of her disability, resulting in her constructive termination, ruling that the unrefuted evidence establishes that the bank made good faith efforts to identify a reasonable accommodation for the employee.

EXHIBIT 3
PAGE 122

---------------------------------------------

CLASS ACTIONS, CONSUMER LAW, FRAUD

Sonner v. Schwabe North America, February 02

Nos: Other Fraud

Cause: 28:1332 Diversity-Fraud

Download Opinion

J. Phillips grants a Ginko biloba manufacturer's motion for summary judgment in a false advertising case regarding Ginkgold products, which claim to provide significant health benefits for memory, concentration, mental sharpness and overall brain health, ruling the consumer failed to establish that the company breached any promises made through its advertising, as the relevant scientific evidence presented is equivocal to the effects of consuming Ginkgo biloba.

---------------------------------------------

EMPLOYMENT, JURISDICTION

Costa v. Mohawk Industries, February 08

Nos: Other Labor Litigation

Cause: 28:1441 Notice of Removal - Labor/Mgmnt. Relations

Download Opinion

J. Carney grants an employee's motion to remand a discrimination case to Orange County Superior Court, ruling the employer has not met its heavy burden of establishing that another defendant in the case, also a citizen of California, was fraudulently named as a defendant and that removal to federal court is proper.

---------------------------------------------

EXHIBIT 3
PAGE 123

ERISA, INSURANCE

Durham v. Prudential Insurance Co. of America, February 10

Nos: Insurance

Cause: 28:1441 Notice of Removal - Insurance Contract

Download Opinion

J. Wright denies an insured's motion to remand and denies an insurer's motion to dismiss a contract case where the insured was denied disability benefits, ruling the plan summary refers to rights and obligations under ERISA, not state law, and the claims are preempted by ERISA.

-------------------------------------------

WATER, CIVIL RIGHTS

Matthiesen v. Pacific Gas and Electric, February 10

Nos: Other Civil Rights

Cause: 42:1983 Civil Rights Act

Download Opinion

J. Kato denies Pacific Gas and Electric's motion to dismiss as moot the pro se property owners' claims that it violated the Safe Drinking Water Act by poisoning the local aquifer with arsenic and uranium, ruling the company failed to show prejudice and there is insufficient evidence to prove their claims are barred by the two-year statute of limitations.

-------------------------------------------

**USDC Southern District of California**

GOVERNMENT, PUBLIC RECORD

Buckovetz v. U.S. Department of the Navy, February 03

Nos: Freedom of Information Act

Cause: 05:0552fi Freedom of Information Act

Download Opinion

J. Benitez finds in favor of the Navy on a Freedom of Information Act case where the individual was seeking documents related to a sexual harassment complaint where he was neither the complainant nor the subject of the complaint. The Navy's response to the individual's records request was adequate and was "reasonably calculated" to recover all responsive documents.

-------------------------------------------

EXHIBIT 3
PAGE 124

**California Courts Of Appeal**

**Fourth Appellate District, Division III**

CIVIL PROCEDURE

Southern California Sunbelt Developers v. Banyan Limited Partnership, February 16

Fourth Appellate District, Division III

Nos: None

Cause:

Download Opinion

J. O'Leary finds that the trial court improperly denied a cost request concerning $281,000 in receivership fees to one of the prevailing parties in a complex 20-plus year multi-phase lawsuit. Although the lower court determined that it lacked the authority to award the costs since the receivership had been terminated after a final accounting was approved, the court retained authority since a determination must be made if the receivership fee should be shared between parties or paid by one party. Reversed in part.
-------------------------------------------

EXHIBIT 3
PAGE 125

**California Courts Of Appeal**

**Second Appellate District, Division IV**

BANKING/LENDING, PROPERTY

Bank of New York Mellon v. Citibank, February 16

Second Appellate District, Division IV

Nos: None

Cause:

Download Opinion

J. Epstein finds that the lower court improperly sustained Citibank's rejection of New York Mellon's equitable subrogation claims that arose from a dispute over which party had priority over a recorded deed of trust. Although Citibank contends the claims were barred by a three-year statute of limitations, equitable subrogation claims are not subject to the named statute. Reversed.
-----------------------------------------

**California Courts Of Appeal**

**Sixth Appellate District**

DEBT COLLECTION

Professional Collection Consultants v. Lauron, February 16

Sixth Appellate District

Nos: None

Cause:

Download Opinion

J. Elia finds that the trial court improperly granted the debtor summary judgment after determining the debt collector's claims were untimely under a cardmember agreement. Since the debt collector was able to show there is no evidence that its first claim against the debtor arises under a cardmember agreement, its debt collection efforts for its first claim are timely. Reversed.
-----------------------------------------

**2nd Circuit**

EXHIBIT 3
PAGE 126

COPYRIGHT

Flo & Eddie v. Sirius XM Radio, February 16

Nos: None

Cause:

Download Opinion

Per curiam, the circuit finds that the district court improperly determined that Sirius XM Radio network had infringed on the recording artists' copyright. Because New York common law does not recognize a right of public performance for creators of pre-1972 sound recordings, the case should be remanded with instructions to find for the network and dismiss the case with prejudice. Reversed.

-------------------------------------------

**4th Circuit**

JURISDICTION, BANKING/LENDING

Willner v. Dimon, February 16

Nos: None

Cause:

Download Opinion

J. Diaz finds that the lower court properly dismissed plaintiffs' action seeking a declaration that Chase and U.S. Bank could not foreclose on their home. The court lacked jurisdiction over most counts since plaintiffs did not initially submit the claims to administrative review. The remaining counts did not state a claim. A request for a declaratory judgment constitutes a "claim" under the financial institutions reform, recovery and enforcement act of 1989, as the FDIC can provide declaratory relief. Affirmed.

-------------------------------------------

EXHIBIT 3
PAGE 127

CIVIL RIGHTS, IMMUNITY

Turner v. Driver, February 16

Nos: None

Cause:

Download Opinion

J. Wiener finds that the lower court improperly dismissed plaintiff's unlawful arrest claim against two of the officers who arrested him while video recording the Fort Worth police station. The officers are not entitled to qualified immunity because they lacked probable cause to arrest plaintiff, and police cannot arrest an individual solely for refusing to provide identification. Reversed in part.

-------------------------------------------

BANKING/LENDING

Alexander v. AmeriPro Funding, February 16

Nos: None

Cause:

Download Opinion

J. Jolly finds that the lower court improperly dismissed some of the 11 plaintiffs' claims that banks discriminated against them on the basis of their receipt of public assistance income when seeking home mortgages. Some plaintiffs plausibly alleged Equal Credit Opportunity Act violations. Reversed in part.

-------------------------------------------

INTERNATIONAL LAW, FAMILY LAW

Madrigal v. Tellez, February 16

Nos: None

Cause:

Download Opinion

J. Dennis finds that the lower court property denied the divorced couples' post-judgment motions concerning a ruling under the Hague Convention that the children be returned to Mexico. The father's arguments are better suited for the Mexican courts, which is the state of the children's residence, and the mother failed to provide convincing evidence that the children would face a grave risk of harm in Mexico. Affirmed.

-------------------------------------------

**EXHIBIT 3**
**PAGE 128**

EMPLOYMENT

Vaughan v. Anderson Regional Medical Center, February 15

Nos: None

Cause:

Download Opinion

J. Graves finds that the lower court correctly dismissed the nurse supervisor's claim for pain and suffering and punitive damages because the circuit's precedent bars such recoveries under the Age Discrimination in Employment Act. The opinion in Dean v. Am. Sec. Ins. Co. applies to all "private actions posited upon the ADEA," and there has been no intervening change in the law that would lead the circuit to set aside that precedent. Affirmed.
-------------------------------------------

CIVIL PROCEDURE

Melton v. Phillips, February 15

Nos: None

Cause:

Download Opinion

The circuit finds that the case shall be reheard by the court en banc.
-------------------------------------------

EXHIBIT 3
PAGE 129

BANKRUPTCY, PROPERTY

In the Matter of Wiggains, February 14

Nos: None

Cause:

Download Opinion

J. Southwick finds that the debtor's spouse was not entitled to an interest in the proceeds from the sale of their property. The bankruptcy court correctly held that an agreement between the debtor and his spouse that partitioned their homestead property was a fraudulent transfer. Affirmed.
------------------------------------------

**6th Circuit**

TAX, FRAUD, AGENCY

Summa Holdings v. Commissioner of Internal Revenue, February 16

Nos: None

Cause:

Download Opinion

J. Sutton finds that lower court improperly ruled for the IRS in a dispute over a family's use of a domestic international sales corporation to transfer money from their family-owned company to their son's Roth IRA accounts. While the tax code permits this tax scheme, the IRS characterized the transactions as tax evasion and excess contributions to a Roth IRA. However, the IRS cannot apply the "substance-over-form" doctrine to undo transactions that the terms of the tax code expressly authorize. "'Form' is 'substance' when it comes to law," the panel said. Reversed.
------------------------------------------

EXHIBIT 3
PAGE 130

**8th Circuit**

IMMIGRATION

Fuentes-Erazo v. Lynch, February 16

Nos: None

Cause:

Download Opinion

J. Wollman finds that appellant should be denied review of the finding that her and her minor son could be removed to Honduras, and review of the denial of relief under the convention against torture. Evidence did not show she would be persecuted as a Honduran woman who could not leave her domestic relationship, as she herself testified that she had been able to leave her relationship with her former domestic partner, staying away from him for five years and having a child with another man. While she fears domestic abuse by her former partner, he is a private actor, not someone working under consent from a "public official." She says the Honduran government will not protect her, but she did not show she made the government aware of her former partner's conduct.
-------------------------------------------

DUE PROCESS, PUBLIC RECORD, CIVIL PROCEDURE

Buckley v. Ray, February 16

Nos: None

Cause:

Download Opinion

J. Shepherd finds that the lower court properly dismissed plaintiff's claims that his due process rights were violated by the attorney general defendants when they accessed sealed trial records concerning his 1999 conviction for delivery of a controlled substance, which he says constituted unfair play and indecency. Violating the expungement statute does not amount to brutal and inhumane abuse of official power. In seeking compensation for time wrongfully spent in prison, plaintiff put his conviction at issue before the Arkansas claims commission, and the attorney general and his employees were acting in the state's interest. The lower court properly dismissed plaintiff's state defamation claim based on the attorney general claiming an audiotape featured plaintiff saying "killing Whitey" during a controlled drug buy, which the attorney general later admitted had been an error in attribution. The statute of limitations concerning Brady violations had lapsed. Affirmed.
-------------------------------------------

EXHIBIT 3
PAGE 131

ATTORNEY FEES, SETTLEMENTS, CLASS ACTIONS

Huyer v. Buckley, February 16

Nos: None

Cause:

Download Opinion

[Consolidated.] J. Gruender finds that the district court properly awarded attorney fees amounting to one-third of the total class action settlement, rather than the net settlement, in an action stemming from Wells Fargo's automatically charging fees for property inspections when customers fell behind on mortgage payments. The objecting parties did not show the administrative costs were unjustifiable. Affirmed.
-------------------------------------------

EXHIBIT 3
PAGE 132

**11th Circuit**

CONSTITUTION, HEALTHCARE

Wollschlaeger v. Governor of the State of Florida, February 16

Nos: None

Cause:

Download Opinion

J. Jordan finds that the lower court properly held that the Florida firearms owners' privacy act violated the first amendment in its record-keeping, inquiry, and anti-harassment provisions. The act was enacted based on six mere anecdotes concerning routine questions asked by doctors that touch on whether firearms are kept in a patient's home, which get asked right along with other safety risk questions, including the existence of household chemicals, drugs and alcohol, and swimming pools at the home. Nothing showed that doctors or medical professionals have ever taken away a patients' firearms, and Florida law already significantly limits the disclosure of a patient's confidential medical records. A doctor in Florida may terminate his or her relationship with a patient, if the patient is given reasonable notice and has access to another doctor. If preventing a doctor from refusing treatment was a goal, the state legislature could have barred doctors from severing relationships with patients based on a patient's refusal to answer questions about owning firearms. Instead, the act states that a patient's refusal to answer such a question "does not alter existing law regarding a physician's authorization to choose his or her patients." However, the anti-discrimination provision did not violate the first amendment. Affirmed in part.
-------------------------------------------

**Federal Circuit**

CIVIL PROCEDURE, EMPLOYMENT

Fedora v. Merit Systems Protection Board, February 16

Nos: None

Cause:

Download Opinion

J. Dyk finds that an employee's appeal must be dismissed for lack of jurisdiction because he failed to timely file his petition of the adverse decision within 60 days after the board issued notice of its final order. Affirmed.
-------------------------------------------

EXHIBIT 3
PAGE 133

PATENT

Metalcraft of Mayville v. The Toro Company, February 16

Nos: None

Cause:

Download Opinion

J. Moore finds that the lower court properly granted the patentholder a preliminary injunction blocking the alleged infringer from making and selling lawnmowers equipped with a platform suspension system that infringes on its patent. The patentholder showed it is likely to suffer irreparable harm without a preliminary injunction because it may lose a potential lifelong customer due to brand loyalty. Further, a patent is not proved obvious merely by demonstrating that each of its elements was independently anticipated by prior art. Affirmed.
-------------------------------------------

**Court Of Federal Claims**

PATENT

Advanced Aerospace Technologies v. U.S., February 15

Nos: None

Cause:

Download Opinion

J. Braden finds that the government's motion to amend its December 2013 answer to assert a new defense under the Assignment of Claims Act in a patent complaint is granted. The amendment is not futile and does not prejudice the company.
-------------------------------------------

EXHIBIT 3
PAGE 134

**Court of International Trade**

TRADE

Well Luck Co. v. U.S., February 15

Nos: None

Cause:

Download Opinion

J. Kelly finds that the Department of Commerce properly classified the importer's roasted, salted, and/or flavored whole sunflower seeds in their shells as prepared nuts and imposed a 17.9 percent antidumping duty rate. The importer claims its entry should be classified as sunflower seeds at a duty-free rate. However, in order for the entry to be entered under this heading, the seeds must be suitable for general use, while it is undisputed that the roasting and flavoring process affects the seeds' viability for sowing or oil extraction. Affirmed.

-------------------------------------------

**USDC Northern District of Alabama**

INSURANCE, CONTRACT, MEDICARE

Stone v. State Automobile Mutual Insurance, February 16

Nos: Insurance

Cause: 28:1332 Diversity-Insurance Contract

Download Opinion

J. Kallon finds in favor of an insurance company in a breach of contract case relating to the company's payments to a policy-holder after an accident with an uninsured motorist. The policy-holder's ability to receive his settlement check was contingent on him providing requested information regarding a potential Medicare lien.

-------------------------------------------

**USDC Arizona**

CIVIL RIGHTS

Lachcik v. Maricopa County Board of Commissioners, February 16

Nos: Other Civil Rights

Cause: 28:1331 Federal Question: Other Civil Rights

Download Opinion

**EXHIBIT 3**
**PAGE 135**

J. Campbell finds that the Maricopa County Board of Commissioners should be granted judgment following a lawsuit filed by two women who say they were denied housing assistance. The women failed to present any documents or evidence that they were deprived of presenting at a housing hearing, or that they were denied due process by being unable to review documents in their file.

-------------------------------------------

SECURITIES, CLASS ACTIONS

Te Lomingkit v. Apollo Education Group, February 16

Nos: Securities/Commodities/Exchange

Cause: 15:78m(a) Securities Exchange Act

Download Opinion

J. Teilborg finds that Apollo Education should be granted dismissal of a consolidated securities class action claiming it inflated stock prices. The class failed to allege Apollo made a false and misleading statement, as many of the claims "are too vague to warrant them actionable."

-------------------------------------------

EXHIBIT 3
PAGE 136

**USDC Connecticut**

EMPLOYMENT, CIVIL RIGHTS

Koenig v. City of New Haven, February 16

Nos: Amer w/Disabilities-Employment

Cause: 42:1983 Civil Rights (Employment Discrimination)

Download Opinion

J. Hall finds that a police officer cannot pursue claims against the city of New Haven or its chief of police for disability discrimination, retaliation, equal protection or intentional infliction of emotional distress. The officer failed to show that his denial of promotion was discriminatory because the city never rejected him or promoted a less-qualified employee.
-------------------------------------------

**USDC District of Columbia**

PUBLIC RECORD

Pulliam v. United States Environmental Protection Agency, February 16

Nos: None

Cause:

Download Opinion

J. Jackson finds that several federal agencies failed to adequately search for records requested by a man seeking information about an investigation of toxic contamination at an army base, and remands the Freedom of Information Act claims back to the agencies to search again.
-------------------------------------------

**USDC Idaho**

ENVIRONMENT, INDEMNIFICATION

Asarco v. Union Pacific Railroad, February 16

Nos: Environmental Matters

Cause: 33:1365 Environmental Matters

Download Opinion

[Order.] J. Lodge denies in part a railroad company's motion for summary judgment on a mining company's case to

EXHIBIT 3
PAGE 137

recoup part of the settlement amount from two prior lawsuits under the Comprehensive Environmental Response, Compensation, and Liability Act, ruling that genuine issues of material fact exist as to what the parties intended when entering into the bankruptcy settlement.

-------------------------------------------

**USDC Northern District of Illinois**

**Eastern Division**

EMPLOYMENT, CIVIL RIGHTS

Carter v. Sheriff of Cook County, February 15

Eastern Division

Nos: Civil Rights

Cause:

Download Opinion

J. Bucklo rules that an African American correctional sergeant may pursue his race-based hostile work environment claims against the sheriff's office. The sergeant's supervisors failed to swiftly discipline the sergeant's co-workers after they distributed at least 180 fliers depicting a naked black man with the words "THE FIRST PERSON GETS A HEAD JOB BY THE ONE AND ONLY MR. D-CARTER..."

-------------------------------------------

EXHIBIT 3
PAGE 138

TRADEMARK

Luxottica Group v. Hao Li, February 15

Eastern Division

Nos: Trademark

Cause:

Download Opinion

J. Shah grants a group of merchandise companies a permanent injunction to enjoin a group of online retailers from advertising or selling cheap knockoffs of their brands on eBay. The companies sufficiently showed they are entitled to trademark protection because the online retailers copied their valid trademarks and placed them on sunglasses and jewelry to sell to consumers.
-------------------------------------------

CONTRACT

Unilever v. Johnson Controls, February 15

Eastern Division

Nos: Other Contract

Cause:

Download Opinion

J. Gottschall dismisses a consumer goods company's claims that a security group breached a contract by failing to prevent someone from stealing expensive electronic controls from inside a facility, forcing the company to sell the property at a lower price when the buyer learned of the theft. The security group sufficiently showed that the contract did not contain any clause holding it responsible for theft or for a decrease in the facility's value based on theft.
-------------------------------------------

INSURANCE, CONTRACT, INDEMNIFICATION

Kindra Lake Towing v. Donat Insurance Services, February 15

Eastern Division

Nos: Property Damage Product Liability

Cause:

Download Opinion

EXHIBIT 3
PAGE 139

J. Leinenweber grants an insurance broker dismissal of a barge towing company's claims that it is responsible for indemnification and property damage costs after one of its barges, which was carrying a staged haunted house on behalf of a theater group, sunk during a storm at Navy Pier. The barge company is currently being sued by Navy Pier and the theater company, and only alleges potential future damages as a result of a ruling against it.

--------------------------------------------

CONTRACT, FRAUD

My Canary v. SusieAir, February 15

Eastern Division

Nos: Other Contract

Cause:

Download Opinion

J. Shah rules that an aviation company may pursue its contract and conspiracy to commit fraud claims against a charter airline service and its owner. The owner is not protected by the fiduciary shield doctrine because he is the sole member of his service, which may have falsely promised to sell an aircraft to the aviation company, which possessed the exclusive right to purchase, while working a side deal to trade in the plane to a third party.

--------------------------------------------

CONSTITUTION

Pastors Protecting Youth v. Madigan, February 15

Eastern Division

Nos: Miscellaneous Cases

Cause:

Download Opinion

J. Guzman dismisses First Amendment claims against Illinois attorney general Lisa Madigan concerning a clause in the Youth Mental Health Protection Act, which allegedly prohibits mental health providers from offering homosexuality or sexual identity "conversion therapy." The group of pastors mistakenly interpreted the clause, which does not ban them from providing conversion therapy to youths, but prohibits them from deceptively advertising conversion therapy in the marketplace.

--------------------------------------------

EXHIBIT 3
PAGE 140

CLASS ACTIONS, CONTRACT, FRAUD

In re Stericycle Inc. Steri-Safe contract litigation, February 16

Eastern Division

Nos: Other Statutory Actions

Cause:

Download Opinion

J. Shadur grants a group of medical clinics class certification concerning a medical waste disposal service's alleged scheme to bill smaller clinics hidden, automated price increases for no reason. The clinics sufficiently show they are small quantity customers with similar contracts containing similar language forbidding unauthorized price increases.
--------------------------------------------

BANKING/LENDING, CONSUMER LAW

Pappas v. Experian Information Solutions, February 16

Eastern Division

Nos: Consumer Credit

Cause:

Download Opinion

J. St. Eve dismisses a consumer's claims that a credit reporting agency violated the Fair Credit Reporting Act. The agency sufficiently established that it updated the consumer's credit report to show his debts were discharged in bankruptcy court and that his pending foreclosures, and not his credit report, stopped him from obtaining a mortgage.
--------------------------------------------

EMOTIONAL DISTRESS

Jackson v. Experian Information Solutions, February 16

Eastern Division

Nos: Consumer Credit

Cause:

Download Opinion

J. Kennelly dismisses a consumer's emotional infliction claims alleging that he lost sleep and worried about finances after a credit reporting agency failed to update the account history section of his customer file. The consumer failed

EXHIBIT 3
PAGE 141

to show he suffered damages because there has been no indication of any inquiry into a report that allows third parties to view his account history.

-------------------------------------------

DEBT COLLECTION

Carlvin v. Ditech Finance, February 16

Eastern Division

Nos: Consumer Credit

Cause:

Download Opinion

J. St. Eve rules that a borrower may pursue her fair debt collection claims against a collection agency. She sufficiently showed that the agency sent her a collection letter threatening to report her past due debts to the IRS, when doing so is not legally permitted.

-------------------------------------------

**USDC Southern District of Indiana**
**Indianapolis Division**
FRAUD, SECURITIES

Securities and Exchange Commission v. Veros Partners, February 16

Indianapolis Division

Nos: Securities/Commodities/Exchange

Cause: 15:78m(a) Securities Exchange Act

Download Opinion

J. Magnus-Stinson denies the investors' amended motion to stay and their objection to an interim distribution methodology because, under the distribution method they propose, it is impossible for the court to determine whether their plan is pro rata, fair and reasonable. The distribution plan devised by a court-appointed receiver, in which the recovered amounts are distributed on a pro rata basis based on principal invested, is the fairest approach.

-------------------------------------------

EXHIBIT 3
PAGE 142

**USDC Northern District of Indiana**

**Hammond Division**

INSURANCE

American Family Mutual Insurance v. McCowan, February 16

Hammond Division

Nos: Insurance

Cause: 28:1332 Diversity-Insurance Contract

Download Opinion

J. Moody grants in part an insurance company's motion for summary judgment because a claim arising from a homeowner's insurance policy, in which the son of the insured used a gun that was kept in the household to murder a woman, stems from a criminal act and is excluded from coverage. However, whether personal liability coverage extends to the negligence claim against the murderer's father, who did not secure his guns within the household, should be further considered.
--------------------------------------------

**USDC Northern District of Indiana**

**South Bend Division**

CONTRACT

Hess v. Biomet, February 16

South Bend Division

Nos: Other Contract

Cause: 28:1332 Diversity-Other Contract

Download Opinion

J. Lozano denies in part a medical parts manufacturer's motion to dismiss breach of contract and deception claims from former sales representatives who say it shorted them on commissions and used deceptive language in the commissions contract. Although the manufacturer argues it paid commissions and thus honored the contract, and that the contract and deception claims allege the same injury, the pleadings are insufficient to decide if the breach of contract claim is valid, and the deception claim can stand alone.
--------------------------------------------

**USDC Eastern District of Kentucky**

EXHIBIT 3
PAGE 143

MEDICAL MALPRACTICE

Eberhardt v. U.S., February 16

Nos: Personal Injury- Medical Malpractice

Cause:

Download Opinion

J. Simpson grants the VA hospital's motion for summary judgment, ruling that the patient is not entitled to a stay for the purpose of conducting more depositions, as she has had over two years to conduct the depositions and, in any case, has failed to prove why additional depositions would aid her case.
-------------------------------------------

**USDC Eastern District of Louisiana**

SETTLEMENTS, TORT

Mendoza v. Old Republic Insurance Co., February 16

Nos: Motor Vehicle

Cause: 28:1332 Diversity-Tort/Motor Vehicle (P.I.)

Download Opinion

J. Roby grants a request by the injured owners of a Dodge Ram to examine one document from a confidential settlement between their two injured passengers and those allegedly responsible for the Ryder Truck Rental vehicle rear-ending the car on the right shoulder of an Interstate. A handwritten draft of the agreement suggests "there is enough 'smoke'" to support the Ram owners' argument that Ryder may have used private mediation to obtain the "odd and at worst fraudulent" dismissal of passenger claims against the car owners.
-------------------------------------------

**EXHIBIT 3**
**PAGE 144**

**USDC Maine**


EMPLOYMENT, CIVIL RIGHTS

Labrecque v. Mabus, February 16

Nos: Other Civil Rights

Cause: 42:2000e Job Discrimination (Employment)

Download Opinion

J. Woodcock finds in favor of the Navy in an employment retaliation case, finding that a former supervisor in a naval shipyard has failed to ground his conjectures in specific facts and draws mostly improbable inferences, given the evidence.
-------------------------------------------


**USDC Massachusetts**


DEFAMATION

McKee v. Cosby, February 16

Nos: Assault, Libel, & Slander

Cause: 28:1332 Diversity-Libel,Assault,Slander

Download Opinion

J. Mastroianni grants Bill Cosby's motion to dismiss a defamation lawsuit from a woman who claims he raped her in 1974, finding that Cosby had not defamed her by denying her claims in an article published in the New York Daily News.
-------------------------------------------


EXHIBIT 3
PAGE 145

**USDC Eastern District of Missouri**

CONTRACT, TAX, HOUSING

NTD I v. Alliant Asset Management, February 15

Nos: Other Contract

Cause: 28:1332 Diversity-Other Contract

Download Opinion

J. Webber grants the asset management company's motion to dismiss in part in a contract dispute over the construction of affordable housing apartment units to qualify for government low-income housing tax credits. The developer's contract claims must be partially dismissed because it was the first to breach the limited partner's agreement by failing to meet certain agreed-upon benchmarks in the construction of the units.
-------------------------------------------

FAMILY LAW, ERISA

Anheuser-Busch Companies Pension Plan v. Laenen, February 16

Nos: Employee Retirement Income Security Act

Cause: 29:1132 E.R.I.S.A.-Employee Benefits

Download Opinion

J. Perry finds that an ex-wife is not entitled to one-half of her former husband's pension plan benefits. The divorce judgment did not qualify as a qualified domestic relations order under ERISA because the order did not clearly specific which benefits she was entitled to.
-------------------------------------------

DEBT COLLECTION, CONSUMER LAW, DISCOVERY

Schlattmann v. Portfolio Recovery Associates, February 16

Nos: Other Statutory Actions

Cause: 15:1692 Fair Debt Collection Act

Download Opinion

J. Limbaugh grants the consumer's motion to compel production of its communications with a creditor and all communications with plaintiff, whom it allegedly contacted more than 100 times for a debt he did not owe. However, plaintiff may not compel production of similar lawsuits brought against the collector within the last five years.
-------------------------------------------

EXHIBIT 3
PAGE 146

CONTRACT, BUSINESS PRACTICES

Ronnoco Coffee v. Westfeldt Brothers, February 16

Nos: Other Contract

Cause: 28:2201 Declaratory Judgement

Download Opinion

J. Hamilton dismisses in part in a dispute concerning whether an importer may demand fulfillment of its remaining futures contracts assumed by a coffee roaster when it bought an insolvent roaster's business. The sale agreement cannot be interpreted to constitute an agreement on the roaster's part to assume all the insolvent company's obligations with respect to the futures contracts.
-------------------------------------------


**USDC New Jersey**

EMPLOYMENT, CIVIL RIGHTS

Ferren v. Foulke Management Corp., February 16

Nos: Family and Medical Leave Act

Cause:

Download Opinion

J. Bumb rules that the company did not fail to accommodate the lot attendant following a shoulder injury, because the attendant failed to identify in his complaint any accommodations that might have been made. However, the attendant's discrimination and retaliation claims remain because he was laid off the same day he was to return to work from his disability leave.
-------------------------------------------

EXHIBIT 3
PAGE 147

**USDC New Mexico**

TORT

Safford v. Wal-Mart Stores, February 16

Nos: Other Personal Injury

Cause: 28:1441 Petition for Removal- Personal Injury

Download Opinion

J. Johnson grants Wal-Mart's motion for summary judgment on a woman's fall-related claim, finding evidence, including video surveillance and medical records, shows that no fall occurred and she suffered no injuries.
-------------------------------------------

**USDC Southern District of New York**

EMPLOYMENT, CONTRACT

Gold v. American Medical Alert, February 16

Nos: Other Contract

Cause: 28:1332ac Diversity-Account Receivable

Download Opinion

J. Keenan denies the healthcare communications company's motion for summary judgment on the consultant's contract claims that it fired him without cause, finding the section of the consultant's employment contract defining what constitutes cause for termination implicates questions of intent and state of mind, which are not suitable for summary judgment motions.
-------------------------------------------

INDEMNIFICATION, CONTRACT

Pence v. Gee Group, February 16

Nos: Other Contract

Cause: 28:1332jd Diversity-Declaratory Judgement

Download Opinion

J. Gorenstein grants the temp agency's motion to transfer to the Northern District of Illinois its board chairman's claim that it refused to indemnify him for the costs incurred in an underlying criminal investigation against the president of a bank at which the chairman had an account, finding the indemnification agreement's forum selection clause unambiguously states that any claims related to indemnification are governed by Illinois law.
-------------------------------------------

EXHIBIT 3
PAGE 148

MARITIME, CONTRACT, INTERNATIONAL LAW

Thyssenkrupp Materials v. M/V Kacey, February 16

Nos: Marine

Cause: 28:1333ad Admiralty

[Download Opinion](#)

J. Ramos grants the carrier's motion to dismiss for forum non conveniens the cargo owner's maritime contract claims for loss and damage to its cargo during transportation aboard the carrier's vessel. The cargo owner failed to demonstrate that Greek law, which governs its claims as defined by the carrier's bill of lading forum selection clause, would not recognize in rem actions, thereby reducing its rights under the Carriage of Goods by Sea Act, as they could proceed as in personam claims.
------------------------------------------

EXHIBIT 3
PAGE 149

**USDC Northern District of New York**

FAMILY LAW, IMMUNITY

Treistman v. Wacks, February 16

Nos: Amer w/Disabilities - Other

Cause: 42:1983 Civil Rights Act

Download Opinion

J. Sharpe denies in part the Child Protective Services investigators' motion for summary judgment on the father's pro se Health Insurance Portability Accountability Act claims that they wrongly filing a neglect petition against him after investigating him for false accusations made by his ex-wife regarding the treatment of his disabled daughter during their parental visits, finding that, by performing investigatory functions, they are not entitled to absolute immunity.

-------------------------------------------

**USDC Southern District of Texas**

EMPLOYMENT, DISABILITY DISCRIMINATION

Nall v. BNSF Railway, February 14

Nos: Employment

Cause:

Download Opinion

J. Harmon finds that the worker's employment retaliation and disability claims against the railroad should be dismissed. The railroad put the worker -- who has Parkinson's disease -- on medical leave and refused to reinstate him after he performed poorly on a safety evaluation. Another worker's statement that "people with Parkinson's don't get better," is not direct evidence of disability discrimination because the other worker did not have authority to place the worker on leave.

-------------------------------------------

CONTRACT

Musket v. Suncor Energy (U.S.A) Marketing, February 15

Nos: Other Contract

Cause:

Download Opinion

J. Miller finds that the buyer's contract claims against the supplier regarding the delivery of a certain amount of

EXHIBIT 3
PAGE 150

crude oil should be dismissed. The parties' contract required the buyer to cover its own damages -- which it did not do -- if the supplier did not deliver the agreed-upon amount.

------------------------------------------

INSURANCE, CONTRACT

Connecticut General Life Insurance v. Elite Center for Minimally Invasive Surgery, February 15

Nos: Other Fraud

Cause:

Download Opinion

J. Ellison finds that the surgical center cannot have the insurer's claims under ERISA dismissed. Though the center argues that the insurer's refusal to pay claims because of the center's alleged "fee forgiving" program are based on the same facts as Connecticut General v. Humble (in which the insurer misinterpreted its policy), the circumstances here are "analogous, not identical," and thus preclude dismissal at this stage.

------------------------------------------

EXHIBIT 3
PAGE 151

**USDC Eastern District of Texas**

**Sherman Division**

CONTRACT, TRADE SECRETS, MEDIATION

RealPage v. Enterprise Risk Control, February 16

Sherman Division

Nos: Other Statutory Actions

Cause: 28:1331 Fed. Question

Download Opinion

J. Mazzant grants in part a company's motion to abate the software entities' theft of trade secrets lawsuit involving competing vendor management services, finding that while the purchase agreement allows the entities to seek a preliminary injunction, a dispute resolution clause requires the other claims to be negotiated and mediated.
-------------------------------------------

INSURANCE, CONTRACT

Polen v. Allstate Vehicle and Property Insurance Co., February 17

Sherman Division

Nos: Insurance

Cause: 28:1441 Petition for Removal- Breach of Contract

Download Opinion

J. Mazzant denies an insurer's motion to dismiss a homeowner's lawsuit over his claim for window damage caused by the insurer's remediation company, finding the insurer failed to show a lack of standing since the proof of loss clause does not apply to a coverage dispute.
-------------------------------------------

**USDC Eastern District of Texas**

**Lufkin Division**

EMPLOYMENT, ARBITRATION

Bailey v. Healthsouth Corp., February 16

Lufkin Division

Nos: Personal Injury - Health Care/Pharmaceutical Personal Injury/Product Liability

Cause: 28:1332 Diversity-Personal Injury

**EXHIBIT 3**
**PAGE 152**

Download Opinion

J. Clark adopts a magistrate judge's findings and grants a health provider's motion to compel arbitration on an employee's work-related injuries claims, finding the action should be stayed pending completion of arbitration.
-------------------------------------------

**USDC Utah**

CONTRACT, ATTORNEY FEES

Widman v. Keene, February 15

Nos: Other Contract

Cause: 28:1441 Notice of Removal- Other Contract

Download Opinion

J. Waddoups finds that the court of appeals properly concluded in prior orders that plaintiff Widman was the prevailing party in a contract dispute over a loan with defendant Keene. Widman made all required principal and late fee payments and was never in default. Meanwhile, defendant Keene had not acted in good faith and did not just have losing position on the majority of timeliness claims, but held a position that the court found was egregiously wrong.
-------------------------------------------

EXHIBIT 3
PAGE 153

**USDC Western District of Washington**

**Seattle**

Civil rights

Hooper v. City of Seattle, February 14

Seattle

Nos: Other Civil Rights

Cause: 42:1983 Civil Rights Act

Download Opinion

J. Martinez denies a temporary restraining order sought by two homeless women prohibiting the city from seizing and summarily destroying unhoused people's property without probable cause and constitutionally adequate notice. Martinez finds significant factual disputes with how the city's disposal policies are followed and finds Fourth and Fourteenth Amendment claims unlikely to succeed.
-------------------------------------------

EMPLOYMENT, DISCOVERY

Helling v. Alaska Airlines, February 16

Seattle

Nos: Family and Medical Leave Act

Cause: 29:2601 Family & Medical Leave Act

Download Opinion

J. Lasnik grants a joint motion for a protective order in a former employee's claim for violation of the Family and Medical Leave Act, ruling medical records, personnel records, payroll and salary information, financial information and non-public business information is confidential.
-------------------------------------------

**Arkansas Supreme Court**

CLASS ACTIONS, EMPLOYMENT, CONTRACT

Conway v. Shumate, February 16

Nos: None

Cause:

Download Opinion

EXHIBIT 3
PAGE 154

J. Wood finds that the lower court properly certified the class action complaint brought by police officers and firefighters against their employer. The class alleged that the city breached its employment contract by failing to allocate sales tax revenues to fund salary increases. Affirmed.
-------------------------------------------

CLASS ACTIONS, PROPERTY

Dye v. Diamante, February 16

Nos: None

Cause:

Download Opinion

J. Womack finds that the lower court properly declared the terms of a covenant between the class of subdivision property owners and the private golf club enforceable, and denied disgorgement of fees. The covenants, which required in part that all property owners in the development become full golf members and give defendant lien and foreclosure rights to collect unpaid fees, were not restrictive covenants and were not subject to such strict scrutiny. Affirmed.
-------------------------------------------

CIVIL PROCEDURE, CLASS ACTIONS, PROPERTY

Dye v. Diamante, February 16

Nos: None

Cause:

Download Opinion

J. Wynne finds that the lower court lacked jurisdiction to grant a $5,000 judgment to the private golf club in the subdivision property owners' class action complaint. The trial court loses jurisdiction to set aside or modify an order under Rule 60 if it does not do so within 90 days of the entry of the original order. Reversed.
-------------------------------------------

EXHIBIT 3
PAGE 155

FAMILY LAW, CIVIL PROCEDURE

Potts v. Potts, February 16

Nos: None

Cause:

Download Opinion

J. Goodson finds that the lower court improperly decided the divorced couples' property issues and modified their agreement regarding custody and visitation without a hearing. Affirmed.
--------------------------------------------

CIVIL PROCEDURE

In re the Arkansas Judges and Lawyers Assitance Program Committee, February 16

Nos: None

Cause:

Download Opinion

Per curiam, the Arkansas Supreme Court appoints four new members to the committee.
--------------------------------------------

CIVIL PROCEDURE

Pitts v. Drummond, February 16

Nos: None

Cause:

Download Opinion

Per curiam, the Arkansas Supreme Court finds that the appeal should be remanded for supplemental record.
--------------------------------------------

CIVIL RIGHTS, CIVIL PROCEDURE

Toland v. Robinson, February 16

Nos: None

Cause:

EXHIBIT 3
PAGE 156

Download Opinion

J. Womack dismisses the appeal because the lower court's order is not final.

--------------------------------------------

**Arkansas Court Of Appeals**

FAMILY LAW

Brandau v. Arkansas Department of Human Services, February 15

Nos: None

Cause:

Download Opinion

J. Gladwin finds that a mother's parental rights to her two children were properly terminated. The mother failed to demonstrate substantial progress on her case plan after 18 months. Affirmed.

--------------------------------------------

FAMILY LAW

Cobb v. Arkansas Department of Human Services, February 15

Nos: None

Cause:

Download Opinion

J. Gruber finds that sufficient evidence supports the lower court's order terminating a mother's parental rights to her twin daughters. The children were removed after a finding that they were at a substantial risk of harm due to inadequate supervision and inadequate shelter. Affirmed.

--------------------------------------------

EXHIBIT 3
PAGE 157

FAMILY LAW

Flow v. Arkansas Department of Human Services, February 15

Nos: None

Cause:

Download Opinion

J. Abramson finds that a father's parental rights to his three children were properly terminated since he did not preserve his arguments on appeal. The children were removed as a result of sexual abuse. Affirmed.
-------------------------------------------

CIVIL PROCEDURE

Franklin v. Waldron Nursing Center, February 15

Nos: None

Cause:

Download Opinion

J. Brown orders rebriefing to correct deficiencies in plaintiffs' brief.
-------------------------------------------

CIVIL PROCEDURE, ATTORNEYS, NEGLIGENCE

Pockrus v. Morris, February 15

Nos: None

Cause:

Download Opinion

J. Harrison orders a supplemental addendum in the appeal from a legal malpractice case because plaintiff failed to comply with the rules governing the contents of an addendum.
-------------------------------------------

FAMILY LAW

Troglin v. Arkansas Department of Human Services, February 15

Nos: None

EXHIBIT 3
PAGE 158

Cause:

Download Opinion

J. Harrison finds that a mother's parental rights to her son were properly terminated. The child faced potential harm if returned to his mother's care due to her non-compliance with drug screens and evidence of her continued drug use. Affirmed.

---------------------------------------------

FAMILY LAW

Woodward v. Arkansas Department of Human Services, February 15

Nos: None

Cause:

Download Opinion

J. Glover finds that a father's parental rights to his son were properly terminated and that his attorney can withdraw from the case because it has no merit. Affirmed.

---------------------------------------------

EXHIBIT 3
PAGE 159

**Connecticut Court Of Appeals**

FAMILY LAW, PROPERTY

Wood v. Wood, February 14

Nos: None

Cause:

Download Opinion

J. Alvord finds that the trial court made proper rulings regarding finances in a marriage dissolution. The court had discretion when it decided that the husband is entitled to the entirety of a joint securities account, that his unexercised stock options are not considered for the purposes of alimony and that the wife was not entitled to any of his pension annuity retirement income. Affirmed.
-------------------------------------------

TORT, DAMAGES

Hammer v. Posta, February 14

Nos: None

Cause:

Download Opinion

J. Alvord finds that the trial court properly ruled in favor of a man in the matter of a couple's dog injuring him and his dog. There is no statute or case law that mandates a jury trial in such a case and the couple did not request a jury trial until the day of the trial. Furthermore, the court considered all of the available evidence before awarding damages on the man's injuries. Affirmed.
-------------------------------------------

**Delaware Court of Chancery**

CIVIL PROCEDURE, CONSTITUTION

Guy v. Mette, February 16

Nos: None

Cause:

Download Opinion

Vice Chancellor Montgomery-Reeves denies a Wilmington city council member's motion to expedite proceedings in his effort to reinstate religious prayer before city council meetings. The council member did not file a brief

EXHIBIT 3
PAGE 160

supporting his motion to expedite, referring the court to his complaint instead. The complaint fails to describe any irreparable harm that would occur if the motion is not granted.

-------------------------------------------

**Florida Courts Of Appeal**

**Third District**

WILLS / PROBATE, CORPORATIONS

Wilson v. Wilson, February 15

Third District

Nos: None

Cause:

Download Opinion

J. Wells finds that the trial court improperly calculated the decedent's assets. The church properties did not belong personally to decedent and had proper documentation as corporations. Reversed in part.

-------------------------------------------

EXHIBIT 3

PAGE 161

INSURANCE, CONSTITUTION

Progressive American Insurance v. Eduardo J. Garrido DC PA, February 15

Third District

Nos: None

Cause:

Download Opinion

J. Scales finds that the trial court improperly ruled in favor of the patient in an insurance dispute. The Florida statute that omits chiropractors from the list of providers who can diagnose an "emergency medical condition" is constitutional. Reversed.
-------------------------------------------

NEGLIGENCE, CIVIL PROCEDURE

Miami-Dade County v. Pozos, February 15

Third District

Nos: None

Cause:

Download Opinion

J. Emas finds that the trial court properly denied the county's request for summary judgment in a negligent security case. This case must continue proceedings before an appeal can be filed.
-------------------------------------------

BANKING/LENDING, PROPERTY, SETTLEMENTS

Friedman v. Mercantil Commercebank, February 15

Third District

Nos: None

Cause:

Download Opinion

J. Emas finds that the trial court properly awarded a deficiency judgment against the homeowner in a foreclosure case. The date that the bank determined the fair market value is correct. In addition, the prejudgment interest rate was agreed to in a settlement. Affirmed.
-------------------------------------------

EXHIBIT 3
PAGE 162

ATTORNEY FEES, FAMILY LAW, SETTLEMENTS

Wheaton v. Wheaton, February 15

Third District

Nos: None

Cause:

Download Opinion

J. Emas finds that the trial court properly denied the wife's request for attorney fees. The proposal for settlement was
not properly served. Affirmed.
-------------------------------------------

BANKING/LENDING, PROPERTY

All Counties Surplus v. Flamingo South Beach I Condominium Association, February 15

Third District

Nos: None

Cause:

Download Opinion

J. Logue finds that the trial court improperly disbursed surplus funds from a foreclosure sale. The former owners of
the property, not a third party like the condo association, deserve the excess funds. Reversed in part.
-------------------------------------------

INSURANCE, PROPERTY

State Farm Florida Insurance v. Fernandez, February 15

Third District

Nos: None

EXHIBIT 3
PAGE 163

Cause:

Download Opinion

J. Fernandez finds that the trial court improperly compelled appraisal on the insurance company during an insurance dispute. The homeowners did not properly follow all claim procedures, including keeping accurate records of repairs and submitting a sworn proof of loss. Reversed.

-------------------------------------------

EXHIBIT 3
PAGE 164

**Florida Courts Of Appeal**

**Second District**

INSURANCE, CIVIL PROCEDURE

Gonzalez v. Homewise Preferred Insurance, February 15

Second District

Nos: None

Cause:

Download Opinion

J. Sleet finds that the lower court improperly dismissed the homeowners' breach of insurance contract suit because their insurer declared insolvency after the filing. A homeowner who filed an action before an insurer's declaration of insolvency is not required by law to separately serve the Florida Insurance Guaranty Association in the pending action. Reversed.

-------------------------------------------

DISCOVERY, PRODUCT LIABILITY, WARRANTY

Wolicki-Gables v. Doctors Same Day Surgery Center, February 15

Second District

Nos: None

Cause:

Download Opinion

J. LaRose finds that the lower court properly found for the medical center in a third-party spoliation lawsuit accusing the center of destroying a defective pain pump connector. A patient sought to sue the maker of the pain pump. However, the law clearly limits liability for manufacturers of medical devices, and even if they had the old connector, she could not sue the manufacturer. Affirmed.

-------------------------------------------

ARBITRATION, WRONGFUL DEATH

Angels Senior Living at Connerton Court v. Gundry, February 15

Second District

Nos: None

Cause:

Download Opinion

**EXHIBIT 3**

**PAGE 165**

J. LaRose finds that the lower court improperly denied the nursing home's motion to compel arbitration in a wrongful death suit stemming from a resident's death at the facility. The delegation provision signed by the resident's sons upon the resident's admission granted an arbitrator exclusive jurisdiction over contract disputes. This delegation does not go against public policy because Florida arbitration law does not limit discovery or bar the award of punitive damages. Reversed.

-------------------------------------------

**Florida Courts Of Appeal**

**First District**

WORKERS COMPENSATION

Boyle v. JA Cummings, February 16

First District

Nos: None

Cause:

Download Opinion

J. Thomas finds that the lower court improperly denied a worker all requested benefits without considering the adjuster's deposition, which contained testimony that the employer had accepted the worker's spine as a compensable injury. This testimony directly supports the employee's argument that the company accepted liability for his injury. Reversed.

-------------------------------------------

EXHIBIT 3
PAGE 166

**Georgia Court Of Appeals**

BANKING/LENDING

Burrowes v. Bank of America, February 16

Nos: None

Cause:

Download Opinion

J. Branch finds that the lower court properly found in favor of a bank in a case involving a dispute over a cashier's check. Contrary to the customer's claim, the bank was not required to honor the check after he had been named in a garnishment action. Affirmed.

-------------------------------------------

REAL ESTATE

Harvest Assets v. Northlake Manor Condominium, February 16

Nos: None

Cause:

Download Opinion

J. Andrews finds that the lower court improperly found in favor of a condominium association in a dispute over its redemption of certain real property. The association was required to reimburse a tax deed purchaser for condominium assessments paid, as they are encompassed by the term "special assessments" in the relevant statute. However, the tax deed purchaser should not be reimbursed for interest or attorney fees related to late payment of assessments. Reversed.

-------------------------------------------

CONTRACT, ATTORNEYS, FIDUCIARY DUTY

Engelman v. Kessler, February 16

Nos: None

Cause:

Download Opinion

[Consolidated.] J. Rickman finds that the lower court improperly denied a woman's motion for summary judgment on her breach of fiduciary duty and fraud claims filed against her former attorneys. The court should not have relied upon the parties' expert opinions in considering the legal services employment contract. However, the court properly found in favor of the attorneys on the client's legal malpractice claim. Vacated in part.

-------------------------------------------

EXHIBIT 3
PAGE 167

**Indiana Supreme Court**

NEGLIGENCE, DAMAGES

Megenity v. Dunn, February 16

Nos: None

Cause:

Download Opinion

J. Rush finds that the trial court properly ruled in a personal injury lawsuit. The injured party was not entitled to damages from her knee injury, which occurred during karate class, because the injury happened during a routine drill and the student was not acting reckless. Affirmed.
-------------------------------------------

EXHIBIT 3
PAGE 168

**Indiana Court Of Appeals**

PROPERTY, CONTRACT, NEGLIGENCE

Knightstown v. Wainscott, February 16

Nos: None

Cause:

Download Opinion

J. Barnes finds that the trial court improperly ruled that the property owner's letter did not comply with tort laws in this nuisance and negligence lawsuit, as the letter adequately informed the town of his intent to sue for property damages caused during demolition of an adjacent building. Thus, the town was provided proper notice. However, the court properly dismissed the breach of contract claim because there was no evidence the parties had an actual contract. Reversed in part.
-------------------------------------------

**Louisiana Court Of Appeal**
**1st Circuit**
INSURANCE

Guidry v. USAgencies Casualty Insurance, February 16

1st Circuit

Nos: None

Cause:

Download Opinion

J. Pettigrew finds that the trial court properly ruled against an insurance company, ordering it to provide uninsured motorist coverage to drivers covered under a policy. It is clear from the record that the driver and passenger were not working at the time of the accident, and so coverage under the insurance policy is proper. Affirmed.
-------------------------------------------

**Louisiana Court Of Appeal**
**Fourth Circuit**
FRAUD, DEFAMATION

Shelton v. Pavon, February 15

Fourth Circuit

Nos: None

**EXHIBIT 3**
**PAGE 169**

Cause:

[Download Opinion](#)

J. Love finds that the trial court improperly granted the widower's special motion to strike. The widower's petition to nullify a change of beneficiary to his wife's life insurance policy was a private dispute, not a matter of public concern or significance. Therefore, the widower failed to show his petition was an act in furtherance of his right to petition in connection with a public issue. Reversed.

-------------------------------------------

CORPORATIONS, CONTRACT

Two Canal Street Investors v. The New Orleans Building Corporation, February 15

Fourth Circuit

Nos: None

Cause:

[Download Opinion](#)

J. McKay finds that the trial court properly dismissed plaintiff's petition alleging the selection process used by defendant to redevelop the World Trade Center site was invalid. After the selection process had ended, the original owners of plaintiff's corporation sold their rights in the corporation to the present owner for ten dollars. Under the present owner's direction, plaintiff filed suit. The court determined that when the present owner bought the rights, plaintiff was not a valid corporation, and the purpose of filing this lawsuit was to extract money from defendant. Therefore, plaintiff has no interest in the litigation and has no right of action. Affirmed.

-------------------------------------------

EXHIBIT 3
PAGE 170

TAX, PROPERTY, HOUSING

Filmore Parc Apartments II v. Foster, February 15

Fourth Circuit

Nos: None

Cause:

Download Opinion

J. Love finds that the trial court improperly held that plaintiff was entitled to the return of taxes paid under protest because plaintiff's housing was not considered "public housing." The trial court failed to consider the second prong of the test required when determining whether property was exempt from ad valorem taxation after determining the property was privately owned. Plaintiff's restrictions on the property in furtherance of the mission of providing affordable housing for "low-and very low-income residents in New Orleans" were not considered. Reversed.
-------------------------------------------

EMPLOYMENT

Michel v. Department of Police, February 15

Fourth Circuit

Nos: None

Cause:

Download Opinion

J. Belsome finds that the civil service commission properly upheld the termination of a police officer. The officer committed two work violations, carrying a weapon at an alcohol beverage outlet and off duty drinking when he was involved in an altercation at a bar. Affirmed.
-------------------------------------------

FAMILY LAW

Atkinson v. Atkinson, February 15

Fourth Circuit

Nos: None

Cause:

Download Opinion

J. Dysart finds that the trial court properly maintained the peremptory exception of no cause of action filed in

EXHIBIT 3
PAGE 171

response to a mother's rule for modifications of physical custody schedule. The issue of custody had previously been adjudicated, and the mother did not show a material change in circumstances. The mother made no allegations that the current summer custody schedule was harmful to the parties' child. However, the court should not have suspended the father's child support obligation for the summer months the child spends with the father because, under the prior child support award, the father was charged with paying child support of $2500 per month. Affirmed in part.

-------------------------------------------

JURISDICTION, CONSTRUCTION, CONTRACT

Torregano v. Imperium Builders South, February 15

Fourth Circuit

Nos: None

Cause:

Download Opinion

[Consolidated.] J. Edwards finds that the court of appeals lacks jurisdiction to hear Imperium's appeal from the determination that that the Torreganos were justified in cancelling their residential construction contract with Imperium. The motion for appeal on Imperium's behalf was filed by Smith, who is not a licensed attorney. While Smith could have procured an appeal from that portion of the district court's judgment which found him personally liable for damages to the Torreganos, he filed a pro se motion in his individual capacity seeking appellate review on Imperium's behalf.

-------------------------------------------

EXHIBIT 3
PAGE 172

**Massachusetts Court Of Appeals**

WRONGFUL DEATH, MEDICAL MALPRACTICE

Sullivan v. Connolly, February 17

Nos: None

Cause:

Download Opinion

J. Grainger finds that a jury properly found in favor of the medical defendants in a wrongful death action resulting from the death of an infant within three days of birth. The jury was properly instructed that a duty of care was owed to the infant as well as the mother. There is also no evidence that the judge in the case demonstrated a bias against the infants' family.
-------------------------------------------

**Mississippi Supreme Court**

CONTRACT, PROPERTY

Swartzfager v. Saul, February 16

Nos: None

Cause:

Download Opinion

J. Maxwell finds that the trial court properly ruled against a property owner in a breach of contract case, after he backed out of a written agreement to transfer a parcel of land. The contract was valid and enforceable, and the person waiting for the land transfer was properly awarded damages of more than $200,000. Affirmed in part.
-------------------------------------------

FAMILY LAW

Hamilton v. Young, February 16

Nos: None

Cause:

Download Opinion

J. Beam finds that the trial court improperly ruled against an ex-husband seeking to dismiss a modification of a divorce decree. The court improperly assumed jurisdiction over the decree because neither the ex-husband nor ex-wife agreed in writing to transfer the jurisdiction from Ohio, and the Ohio court never relinquished its jurisdiction. Reversed.

**EXHIBIT 3**

---------------------------------------------

**Trademark Trial and Appeal Board**

TRADEMARK

In re Kohr Brothers, February 09

Nos: None

Cause:

Download Opinion

J. Zervas finds that a trademark examining attorney properly refused to register the mark Coney Island Boardwalk Custard because the specimen of use was unacceptable since "it was not a point of sale display associated with the goods." The applicant's specimen contained no information about the goods, portion sizes, flavors or cost, and "is not displayed at the point of purchase in such a way that the customer can easily and directly associate the mark with the goods." Affirmed.

---------------------------------------------

EXHIBIT 3
PAGE 174

**New Hampshire Supreme Court**

CONTRACT, DAMAGES

Holloway Automotive Group v. Giacalone, February 15

Nos: None

Cause:

Download Opinion

J. Dalianis finds that the lower court improperly found that the liquidated damages clause in the parties' no-export agreement is unenforceable. Defendant purchased a Mercedes-Benz automobile from the dealer and signed a contract promising not to export the vehicle for one year, or to pay $15,000 in liquidated damages. The damages clause was enforceable for the full amount and not limited only to the actual damages suffered by the dealer. Reversed.

-------------------------------------------

WILLS / PROBATE, JURISDICTION, TRUSTS

In re Estate of Mullin, February 15

Nos: None

Cause:

Download Opinion

J. Lynn finds that the lower court properly found that the California court had jurisdiction to determine which property belonged to the trust and declined to proceed with the probate of the decedent's estate until such a determination had been made. The record amply supports the finding that California is a more convenient forum for the parties to litigate the question of the validity of the decedent's transfer of assets to the trust. Affirmed.

-------------------------------------------

**New Mexico Court Of Appeals**

WORKERS COMPENSATION

State of New Mexico Uninsured Employers' Fund v. Gallegos, February 14

Nos: None

Cause:

Download Opinion

J. Hanisee finds that the lower court properly refused to reinstate the Uninsured Employers' Fund's prior petition for judgment requiring it pay an injured worker's benefits. While the court inadvertently referred to the wrong time limit

EXHIBIT 3
PAGE 175

for the Fund's failure to reinstate, it did not apply the wrong standard or abuse its discretion, and the court's denial did not preclude the possibility of a new petition. Affirmed.

-----------------------------------------

EXHIBIT 3
PAGE 176

**New York Appellate Divisions**

**Fourth Department**

EMPLOYMENT

Scheuneman v. New York State Division of Human Rights, February 10

Fourth Department

Nos: None

Cause:

Download Opinion

Per curiam, the appellate division finds that the state Division of Human Rights properly dismissed a gender discrimination complaint by an employee of the Town of Tonawanda involving not being promoted for a position. The town showed a legitimate, non-discriminatory reason for offering the position to another employee. The employee's testimony that the town's board had an "anti-female bias" conflicted with other proof and created a credibility issue that was properly resolved by the administrative law judge. Affirmed.
-------------------------------------------

NEGLIGENCE

Slattery v. Tops Markets, February 10

Fourth Department

Nos: None

Cause:

Download Opinion

Per curiam, the appellate division finds that the trial court improperly denied Tops Markets' motion to dismiss a trip and fall action where a woman sued for injuries from tripping on a rug while entering the store. The company showed that the rug was not a dangerous or defective condition, and the woman's expert's affidavit was speculative and based on examining the area more than two years after the accident. Reversed.
-------------------------------------------

CONTRACT, CONSTRUCTION, FRAUD

Pike Co. v. Jersen Construction Group, February 10

Fourth Department

Nos: None

Cause:

**EXHIBIT 3**
**PAGE 177**

Download Opinion

Per curiam, the appellate division finds that the lower court improperly dismissed a fraud counterclaim in a construction defect lawsuit because it improperly relied on a disclaimer clause in a subcontract that only applied to site inspections that happened before the subcontract was executed, and that clause did not conclusively establish a defense. The construction company and surety company that pleaded the fraud counterclaim did so with sufficient particularity. Reversed.

--------------------------------------------


MEDICAL MALPRACTICE, EXPERTS

Williamson v. Hodson, February 10

Fourth Department

Nos: None

Cause:

Download Opinion

Per curiam, the appellate division finds that the lower court properly found for a dentist in a dental malpractice action because there was conflicting testimony from the parties' experts, and the jury's acceptance of the dentist's expert testimony was a rational and fair interpretation of the evidence. Affirmed.

--------------------------------------------

EXHIBIT 3
PAGE 178

**New York Court Of Appeals**

TORT, IMMUNITY

Tara N.P. v. Western Suffolk Board of Cooperative Educational Services, February 16

Nos: None

Cause:

Download Opinion

J. DiFiore finds that the appellate division properly found for the county when an adult-education student claimed it bore responsibility for her rape by a facility janitor. The county had recommended a candidate for the janitor's job as part of its welfare-to-work program, which constituted a purely governmental function. Because the county had no contact with the student, the county owed her no "special duty" against harm that also would not be owed anyone else. Affirmed.

--------------------------------------------

TORT, DAMAGES

Oddo v. Queens Village Committee for Mental Health for Jamaica Community Adolescent Program, February 16

Nos: None

Cause:

Download Opinion

J. Abdus-Salaam finds that the appellate division improperly held that a treatment program was responsible for injuries sustained after a discharged client assaulted a man. Because the client had been dismissed for violating program rules against drinking and fighting, the program owed no duty of care to the man who was subsequently punched and stabbed. Reversed.

--------------------------------------------

MEDICAID, ADMINISTRATIVE LAW

In the Matter of County of Broome, February 16

Nos: None

Cause:

Download Opinion

Per curiam, the court of appeals finds that the order should be reversed and the petition dismissed because the section of state law closing the door on reimbursement claims for certain Medicaid disability expenses paid by counties has not been shown to be unconstitutional.

--------------------------------------------

EXHIBIT 3
PAGE 179

**North Carolina Court Of Appeals**

WORKERS COMPENSATION, ATTORNEY FEES

Reed v. Carolina Holdings, February 07

Nos: None

Cause:

Download Opinion

J. Inman finds that the employer cannot appeal an order awarding attendant care services to the employee and allowing the employee's counsel to deduct 25 percent of the back due attendant care as an attorney fee in a worker's compensation case. The employer failed to preserve its challenge that the NC Industrial Commission does not have the authority to award attorney fees deducted from attendant care compensation.
-------------------------------------------

IMMUNITY

T and A Amusements v. McCrory, February 07

Nos: None

Cause:

Download Opinion

J. Davis finds that the trial court improperly dismissed a complaint seeking a declaration that the retailer's rewards program does not violate the state's gambling and sweepstakes laws on the grounds that the public officials involved in the case are entitled to sovereign or governmental immunity. The retailer expressly pleaded a waiver to sovereign immunity in its complaint. Reversed.
-------------------------------------------

EXHIBIT 3
PAGE 180

**Oregon Supreme Court**

INSURANCE, CLASS ACTIONS

Dowell v. Oregon Mutual Insurance Co., February 16

Nos: None

Cause:

Download Opinion

J. Nakamoto finds that the lower courts properly determined that the personal injury protection statutes do not require insurers to pay for transportation costs. The legislature did not intend "expenses of medical services" in the statute to mean that an insurer should pay for ordinary transportation, but rather expenses refers to healthcare bills and treatment like medications and equipment. Affirmed.
-------------------------------------------

**Pennsylvania Superior Court**

INSURANCE, CIVIL PROCEDURE

Hartford v. Kamara, February 10

Nos: None

Cause:

Download Opinion

J. Olson finds that the trial court improperly granted the insurance company's preliminary objection to dismiss a complaint because it was not properly verified. The complaint was verified by the insurance company's own employee. The insurance company is a party to the litigation and the entity that is controlling the litigation, not its insured. Therefore, the insured did not to verify the complaint. Vacated.
-------------------------------------------

PROPERTY, JURISDICTION

Zablocki v. Beining, February 10

Nos: None

Cause:

Download Opinion

J. Strassburger finds that the trial court appropriately directed the public sale of a property co-owned by both parties. The owners mistook the order to find a sale with one to partition the property, rendering this the incorrect jurisdiction for appeal.

EXHIBIT 3
PAGE 181

--------------------------------------------

EXHIBIT 3
PAGE 182

**Tennessee Court Of Appeals**

WILLS / PROBATE

In re Estate of Kirkman, February 15

Nos: None

Cause:

Download Opinion

J. Armstrong finds that the trial court properly ruled in a dispute over an estate's certificates of deposit. Evidence shows that the decedent wished the certificates be held for and passed to a family member, and were not assets for probate. Affirmed.
-------------------------------------------

FAMILY LAW, CONTEMPT

Tennessee ex rel. Hurt v. Bulls, February 16

Nos: None

Cause:

Download Opinion

J. Susano finds that the trial court properly denied a mother's motion to hold the father in contempt for unpaid child support. By the time the motion was filed, the father had paid all back child support. Affirmed.
-------------------------------------------

EMPLOYMENT

Davis v. Memphis, February 16

Nos: None

Cause:

Download Opinion

J. Gibson finds that the trial court improperly dismissed the firefighter's appeal from his termination. While a federal jury resolved some parts of the firefighter's claims already, the city's civil service commission should decide if his conduct should have resulted in termination. Reversed.
-------------------------------------------

**Texas Courts Of Appeal**

EXHIBIT 3
PAGE 183

**First District**

TAX

Smith v. Brewer, February 14

First District

Nos: None

Cause:

[Download Opinion](Download Opinion)

J. Radack finds that an indemnity provision in a sales contract between the parties did not protect the company president's "tax losses" following a $19 million taxable gain. The president's use of net-operating losses and carry-forwards to offset the $19 million taxable gain on his taxes are not, as a matter of law, losses under the contract. Affirmed.
-------------------------------------------

EXHIBIT 3
PAGE 184

**Texas Courts Of Appeal**

**14th District**

CONTRACT, VENUE

Marullo v. Apollo Associated Services, February 16

14th District

Nos: None

Cause:

Download Opinion

J. Wise finds that the trial court properly ruled in favor of a technology company in a breach of contract suit. A contract signed by the employee contains a forum-selection clause stipulating that lawsuits must be heard in Yakima County, Washington. Affirmed.
-------------------------------------------

NEGLIGENCE, EXPERTS

Cura-Cruz v. Centrepoint Energy Houston Electric, February 16

14th District

Nos: None

Cause:

Download Opinion

J. Jamison finds that the trial court improperly ruled in favor of an electric company in a negligence action arising from a transformer fire that damaged property. The court should not have excluded the testimony of an expert witness for the property owners, because he has sufficient qualifications to testify about design and failure of the transformer. Reversed.
-------------------------------------------

CONTRACT

DuraDril v. Dynomax Drilling Tools, February 16

14th District

Nos: None

Cause:

Download Opinion

**EXHIBIT 3
PAGE 185**

J. Brown finds that the trial court properly ruled in favor of a drilling tool company in a breach of contract suit relating to the terms of an asset purchase agreement with another tool company. A challenge to the plaintiff company's right to maintain the suit in the capacity in which he sues is properly raised by a motion to abate or plea in abatement, or else it is waived. Affirmed.

------------------------------------------

**Utah Supreme Court**

INSURANCE, TORT

Lancer Insurance v. Lake Shore Motor Coach Lines, February 15

Nos: None

Cause:

Download Opinion

J. Lee finds that passengers who were injured when their bus driver suddenly and unforeseeably lost consciousness and crashed the bus they were riding in have a claim for strict liability under Utah statute against the insured bus driver. The driver, and by extension her insurer, is subject to liability only up to the amount of the insurance coverage available under the applicable automobile insurance policy.

------------------------------------------

**Virgin Islands Supreme Court**

PROPERTY

Marsh-Monsanto v. Clarenbach, February 10

Nos: None

Cause:

Download Opinion

J. Cabret finds that the superior court properly dismissed the property owner's request to quiet title. Her claim is barred by the statute of limitations. Affirmed in part.

------------------------------------------

EXHIBIT 3
PAGE 186

**Washington Supreme Court**

CONSTITUTION

State v. Arlene's Flowers, February 16

Nos: None

Cause:

Download Opinion

J. Gordon McCloud finds that the lower court properly determined that a florist violated the state's anti-discrimination law when she refused to provide a floral arrangement for a same-sex couple's wedding. Under the law, the florist discriminated against the couple on the basis of their sexual orientation, and not due to their unprotected marital status. The state's prior Defense of Marriage Act did not criminalize same-sex marriage, and as such, there was no exception to the public accommodations provision of the law. The florist's business in arranging flowers was not "inherently expressive" protected speech under the First Amendment, and the anti-discrimination law did not violate her right to religious free exercise. Affirmed.
-------------------------------------------

NEGLIGENCE, EVIDENCE

Peralta v. State, February 16

Nos: None

Cause:

Download Opinion

J. Wiggins finds that the trial court properly ruled that a woman was bound by her admission that she was drunk at the time she was hit and injured by a state patrol car in an action where she sued the state for her injuries. The related jury instruction was appropriate for the purposes of the intoxication defense statute. Because the woman did not move to withdraw or amend her admission that she was drunk, the court's ruling that it satisfied the required standard was not an abuse of discretion, and the court of appeals improperly reversed the trial court's decision. Reversed.
-------------------------------------------

PROPERTY, TRIBAL LAW, IMMUNITY

Lundgren v. Upper Skagit Indian Tribe, February 16

Nos: None

Cause:

Download Opinion

EXHIBIT 3
PAGE 187

J. Johnson finds that the trial court properly denied the Upper Skagit Tribe's motion to dismiss a quiet title action involving a disputed strip of land on the boundary of property the tribe purchased, because the tribe did not have an interest in the property and its sovereign immunity was not a barrier in the in rem proceeding. The evidence showed the couple who sued had exclusive possession and maintenance over the property. Affirmed.

-------------------------------------------

ATTORNEYS, LICENSING

In Re: Conteh, February 16

Nos: None

Cause:

Download Opinion

J. Madsen finds that the state Bar Association's Disciplinary Board properly declined to order sua sponte review of a disciplinary matter where attorney Bakaray Fansu Conteh did not appeal the decision recommending he be suspended from practicing law for two years. The Board found that the attorney's client faced deportation for his failure to file a timely brief to the Board of Immigration Appeals and another client was not able to collect insurance money from a car collision lawsuit because the attorney's failure to file caused the statute of limitations to expire. Affirmed.

-------------------------------------------

EXHIBIT 3
PAGE 188

TAX

Estate of Ackerley v. Washington Department of Revenue, February 16

Nos: None

Cause:

Download Opinion

J. Madsen finds that the state Department of Revenue properly included a gift tax paid in its assessment of an estate because the state definition of "transfer" is the same as the federal estate tax law, and the state legislature clearly mandates that the gift tax is part of the Washington taxable estate and transferred as part of the entire estate. Affirmed.

-------------------------------------------

**Wyoming Supreme Court**

WORKERS COMPENSATION

Price v. State ex rel Department of Workforce Services, Workers' Compensation Division, February 16

Nos: None

Cause:

Download Opinion

J. Fox finds that the district court properly affirmed the Medical Commission Hearing Panel's ruling that a woman's 2013 surgery was not compensable. The evidence is insufficient to suggest that the surgery was necessary. Affirmed.

-------------------------------------------

**1st Circuit**

No New Opinions.

-------------------------------------------

**3rd Circuit**

No New Opinions.

-------------------------------------------

**10th Circuit**

EXHIBIT 3
PAGE 189

No New Opinions.
-------------------------------------------


**US Supreme Court**


No New Opinions.
-------------------------------------------


**DC Circuit**


No New Opinions.
-------------------------------------------


**USDC Northern District of California**


No New Opinions.
-------------------------------------------

EXHIBIT 3
PAGE 190

**Pennsylvania Supreme Court**


No New Opinions.
---------------------------------------------


**New Jersey Supreme Court**


No New Opinions.
---------------------------------------------


**New Jersey Appellate Division**


No New Opinions.
---------------------------------------------


**Louisiana Supreme Court**


No New Opinions.
---------------------------------------------


**Mississippi Court Of Appeals**


No New Opinions.
---------------------------------------------


**Texas Supreme Court**


No New Opinions.
---------------------------------------------


**Illinois Supreme Court**


No New Opinions.
---------------------------------------------


EXHIBIT 3
PAGE 191

**Illinois Appellate Court**

No New Opinions.
--------------------------------------------

**Wisconsin Supreme Court**

No New Opinions.
--------------------------------------------

**Wisconsin Court Of Appeals**

No New Opinions.
--------------------------------------------

EXHIBIT 3
PAGE 192

**Iowa Supreme Court**

No New Opinions.
---------------------------------------------

**Iowa Court Of Appeals**

No New Opinions.
---------------------------------------------

**Minnesota Supreme Court**

No New Opinions.
---------------------------------------------

**Minnesota Court Of Appeals**

No New Opinions.
---------------------------------------------

**Missouri Supreme Court**

No New Opinions.
---------------------------------------------

**Missouri Court Of Appeals**

No New Opinions.
---------------------------------------------

**Nebraska Supreme Court**

No New Opinions.
---------------------------------------------

EXHIBIT 3
PAGE 193

**<u>Nebraska Court Of Appeals</u>**

No New Opinions.
---------------------------------------------

**<u>North Dakota Supreme Court</u>**

No New Opinions.
---------------------------------------------

**<u>South Dakota Supreme Court</u>**

No New Opinions.
---------------------------------------------

EXHIBIT 3
PAGE 194

**Colorado Supreme Court**

No New Opinions.
-------------------------------------------

**Colorado Court Of Appeals**

No New Opinions.
-------------------------------------------

**Kansas Supreme Court**

No New Opinions.
-------------------------------------------

**Kansas Courts Of Appeal**

No New Opinions.
-------------------------------------------

**New Mexico Supreme Court**

No New Opinions.
-------------------------------------------

**Oklahoma Supreme Court**

No New Opinions.
-------------------------------------------

**Oklahoma Courts Of Appeal**

No New Opinions.
-------------------------------------------

EXHIBIT 3
PAGE 195

**<u>Utah Court Of Appeals</u>**


No New Opinions.
--------------------------------------------


**<u>Florida Supreme Court</u>**


No New Opinions.
--------------------------------------------


**<u>Alaska Supreme Court</u>**


No New Opinions.
--------------------------------------------

EXHIBIT 3
PAGE 196

**Alaska Courts Of Appeal**

No New Opinions.
---------------------------------------------

**Arizona Supreme Court**

No New Opinions.
---------------------------------------------

**Arizona Court Of Appeals Division One**

No New Opinions.
---------------------------------------------

**Arizona Court Of Appeals, Division Two**

No New Opinions.
---------------------------------------------

**Guam Supreme Court**

No New Opinions.
---------------------------------------------

**Hawai'i Supreme Court**

No New Opinions.
---------------------------------------------

**Hawai'i Courts Of Appeal**

No New Opinions.
---------------------------------------------

**EXHIBIT 3**
**PAGE 197**

**<u>Idaho Supreme Court</u>**


No New Opinions.
---------------------------------------------


**<u>Idaho Court Of Appeals</u>**


No New Opinions.
---------------------------------------------


**<u>Montana Supreme Court</u>**


No New Opinions.
---------------------------------------------

EXHIBIT 3
PAGE 198

**Oregon Court Of Appeals**


No New Opinions.
---------------------------------------------


**Washington Court Of Appeals**


No New Opinions.
---------------------------------------------


**Delaware Supreme Court**


No New Opinions.
---------------------------------------------


**Court Of Appeals For The Armed Forces**


No New Opinions.
---------------------------------------------


**US Tax Court**


No New Opinions.
---------------------------------------------


**Court Of Appeals For Veterans Claims**


No New Opinions.
---------------------------------------------


**Armed Services Board Of Contract Appeals**


No New Opinions.
---------------------------------------------

EXHIBIT 3
PAGE 199

**<u>Alabama Supreme Court</u>**


No New Opinions.
---------------------------------------------


**<u>Alabama Court of Civil Appeals</u>**


No New Opinions.
---------------------------------------------


**<u>Connecticut Supreme Court</u>**


No New Opinions.
---------------------------------------------

EXHIBIT 3
PAGE 200

**Georgia Supreme Court**

No New Opinions.
---------------------------------------------

**Kentucky Supreme Court**

No New Opinions.
---------------------------------------------

**Kentucky Court Of Appeals**

No New Opinions.
---------------------------------------------

**Maine Supreme Court**

No New Opinions.
---------------------------------------------

**Maryland Court Of Appeals**

No New Opinions.
---------------------------------------------

**Maryland Court Of Special Appeals**

No New Opinions.
---------------------------------------------

**Michigan Supreme Court**

No New Opinions.
---------------------------------------------

**EXHIBIT 3**
**PAGE 201**

**<u>Michigan Court Of Appeals</u>**

No New Opinions.
---------------------------------------------

**<u>North Carolina Supreme Court</u>**

No New Opinions.
---------------------------------------------

**<u>Ohio Supreme Court</u>**

No New Opinions.
---------------------------------------------

EXHIBIT 3
PAGE 202

**Ohio Court Of Appeals**


No New Opinions.
---------------------------------------------


**Rhode Island Supreme Court**


No New Opinions.
---------------------------------------------


**Tennessee Supreme Court**


No New Opinions.
---------------------------------------------


**South Carolina Supreme Court**


No New Opinions.
---------------------------------------------


**South Carolina Court Of Appeals**


No New Opinions.
---------------------------------------------


**Vermont Supreme Court**


No New Opinions.
---------------------------------------------


**Virginia Supreme Court**


No New Opinions.
---------------------------------------------

EXHIBIT 3
PAGE 203

**<u>Virginia Court Of Appeals</u>**


No New Opinions.
--------------------------------------------


**<u>West Virginia Supreme Court Of Appeals</u>**


No New Opinions.
--------------------------------------------


**<u>North Carolina Business Court</u>**


No New Opinions.
--------------------------------------------

EXHIBIT 3

PAGE 204

**Texas Court of Criminal Appeals**

No New Opinions.
--------------------------------------------

**Nevada Court of Appeals**

No New Opinions.
--------------------------------------------

**USDC Eastern District of California**

No New Opinions.
--------------------------------------------

**USDC Northern District Texas**

No New Opinions.
--------------------------------------------

**USDC Western District of Texas**

No New Opinions.
--------------------------------------------

**USDC Minnesota**

No New Opinions.
--------------------------------------------

**USDC Nebraska**

No New Opinions.
--------------------------------------------

EXHIBIT 3
PAGE 205

**USDC Eastern District of New York**

No New Opinions.
--------------------------------------------

**USDC Western District of New York**

No New Opinions.
--------------------------------------------

**USDC Western District of Michigan**

No New Opinions.
--------------------------------------------

EXHIBIT 3
PAGE 206

**USDC Eastern District of Wisconsin**

No New Opinions.
---------------------------------------------

**USDC Western District of Wisconsin**

No New Opinions.
---------------------------------------------

**USDC Middle District of Alabama**

No New Opinions.
---------------------------------------------

**USDC Southern District of Alabama**

No New Opinions.
---------------------------------------------

**USDC Alaska**

No New Opinions.
---------------------------------------------

**USDC Eastern District of Arkansas**

No New Opinions.
---------------------------------------------

**USDC Western District of Arkansas**

No New Opinions.
---------------------------------------------

EXHIBIT 3
PAGE 207

**<u>USDC Colorado</u>**

No New Opinions.
---------------------------------------------

**<u>USDC Delaware</u>**

No New Opinions.
---------------------------------------------

**<u>USDC Middle District of Florida</u>**

No New Opinions.
---------------------------------------------

EXHIBIT 3
PAGE 208

**USDC Northern District of Florida**


No New Opinions.
-------------------------------------------


**USDC Southern District of Florida**


No New Opinions.
-------------------------------------------


**USDC Middle District of Georgia**


No New Opinions.
-------------------------------------------


**USDC Northern District of Georgia**


No New Opinions.
-------------------------------------------


**USDC Southern District of Georgia**


No New Opinions.
-------------------------------------------


**USDC Guam**


No New Opinions.
-------------------------------------------


**USDC Hawai'i**


No New Opinions.
-------------------------------------------


EXHIBIT 3
PAGE 209

**<u>USDC Central District of Illinois</u>**

No New Opinions.
--------------------------------------------

**<u>USDC Southern District of Illinois</u>**

No New Opinions.
--------------------------------------------

**<u>USDC Northern District of Iowa</u>**

No New Opinions.
--------------------------------------------

EXHIBIT 3
PAGE 210

**USDC Southern District of Iowa**


No New Opinions.
---------------------------------------------


**USDC Kansas**


No New Opinions.
---------------------------------------------


**USDC Western District of Kentucky**


No New Opinions.
---------------------------------------------


**USDC Middle District of Louisiana**


No New Opinions.
---------------------------------------------


**USDC Western District of Louisiana**


No New Opinions.
---------------------------------------------


**USDC Maryland**


No New Opinions.
---------------------------------------------


**USDC Eastern District of Michigan**


No New Opinions.
---------------------------------------------

EXHIBIT 3
PAGE 211

**<u>USDC Western District of Missouri</u>**


No New Opinions.
--------------------------------------------


**<u>USDC Northern District of Mississippi</u>**


No New Opinions.
--------------------------------------------


**<u>USDC Southern District of Mississippi</u>**


No New Opinions.
--------------------------------------------

EXHIBIT 3
PAGE 212

**USDC Montana**

No New Opinions.
---------------------------------------------

**USDC Nevada**

No New Opinions.
---------------------------------------------

**USDC New Hampshire**

No New Opinions.
---------------------------------------------

**USDC Eastern District of North Carolina**

No New Opinions.
---------------------------------------------

**USDC Middle District of North Carolina**

No New Opinions.
---------------------------------------------

**USDC Western District of North Carolina**

No New Opinions.
---------------------------------------------

**USDC North Dakota**

No New Opinions.
---------------------------------------------

**EXHIBIT 3**
**PAGE 213**

**USDC Northern Mariana Islands**

No New Opinions.
---------------------------------------------

**USDC Northern District of Ohio**

No New Opinions.
---------------------------------------------

**USDC Southern District of Ohio**

No New Opinions.
---------------------------------------------

EXHIBIT 3
PAGE 214

**USDC Eastern District of Oklahoma**

No New Opinions.
---------------------------------------------

**USDC Northern District of Oklahoma**

No New Opinions.
---------------------------------------------

**USDC Western District of Oklahoma**

No New Opinions.
---------------------------------------------

**USDC Oregon**

No New Opinions.
---------------------------------------------

**USDC Eastern District of Pennsylvania**

No New Opinions.
---------------------------------------------

**USDC Middle District of Pennsylvania**

No New Opinions.
---------------------------------------------

**USDC Western District of Pennsylvania**

No New Opinions.
---------------------------------------------

EXHIBIT 3
PAGE 215

**USDC Puerto Rico**

No New Opinions.
--------------------------------------------

**USDC Rhode Island**

No New Opinions.
--------------------------------------------

**USDC South Carolina**

No New Opinions.
--------------------------------------------

EXHIBIT 3
PAGE 216

**USDC South Dakota**


No New Opinions.
---------------------------------------------


**USDC Eastern District of Tennessee**


No New Opinions.
---------------------------------------------


**USDC Middle District of Tennessee**


No New Opinions.
---------------------------------------------


**USDC Western District of Tennessee**


No New Opinions.
---------------------------------------------


**USDC Vermont**


No New Opinions.
---------------------------------------------


**USDC Virgin Islands**


No New Opinions.
---------------------------------------------


**USDC Eastern District of Virginia**


No New Opinions.
---------------------------------------------


EXHIBIT 3
PAGE 217

**USDC Western District of Virginia**

No New Opinions.
---------------------------------------------

**USDC Eastern District of Washington**

No New Opinions.
---------------------------------------------

**USDC Northern District of West Virginia**

No New Opinions.
---------------------------------------------

EXHIBIT 3
PAGE 218

**USDC Southern District of West Virginia**

No New Opinions.
--------------------------------------------

**USDC Wyoming**

No New Opinions.
--------------------------------------------

**United States Patent and Trademark Office**

No New Opinions.
--------------------------------------------

**Board of Immigration Appeals**

No New Opinions.
--------------------------------------------

**Northern Mariana Islands Supreme Court**

No New Opinions.
--------------------------------------------

**CRIMINAL**

**California Supreme Court**

JURISDICTION, EVIDENCE, HABEAS

California v. Superior Court of San Bernardino County, February 16

Nos: None

Cause:

Download Opinion

**EXHIBIT 3**
**PAGE 219**

J. Werdegar finds that the lower court improperly granted the district attorney's request to vacate a preservation order that required evidence in a condemned prisoner's case to be preserved so it is available to the habeas corpus counsel. Although the DA contends the court lacked post-conviction jurisdiction to make the preservation order, the court had jurisdiction since the prisoner has yet to be assigned habeas corpus counsel due to the shortage of qualified attorneys who are willing to accept the appointment. Reversed.

-------------------------------------------

**California Courts Of Appeal**

**Sixth Appellate District**

SECURITIES

California v. Black, February 16

Sixth Appellate District

Nos: None

Cause:

Download Opinion

J. Premo finds that the trial court properly set aside two counts of using false statements against defendant who convinced his friend to invest in a real estate scheme. Although the state contends evidence established that certain promissory notes should be considered securities, the promissory note agreements were made one-on-one, rather than being publicly traded, which does not make them a security under the Corporate Securities Law. Affirmed.

-------------------------------------------

EXHIBIT 3
PAGE 220

**California Courts Of Appeal**

**Fourth Appellate District, Division III**

COMMITMENT

California v. Alsafar, February 16

Fourth Appellate District, Division III

Nos: None

Cause:

Download Opinion

J. O'Leary finds that the mentally disordered offender's (MDO) appeal to his recommitment must be dismissed as moot. Although the MDO contends the requirement to have him testify at a recommitment hearing violated his constitutional rights, he has since been recommitted without being asked to testify.

-------------------------------------------

**7th Circuit**

THREATS, JURY

U.S. v. Bradbury, February 16

Nos: None

Cause:

Download Opinion

J. Posner finds that the lower court properly convicted defendant of making threats to blow up a courthouse and kill named judges and police officers, after he made a Facebook post indicating his intent and a police search of his home revealed materials to make explosives. The jury was properly instructed on the meaning of "malice," and reasonably found defendant to have acted with malice even if the only harm caused by his post was to frighten the persons named as his targets. Affirmed.

-------------------------------------------

**8th Circuit**

RESTITUTION, FRAUD, THEFT

U.S. v. Adejumo, February 16

Nos: None

Cause:

**EXHIBIT 3**
**PAGE 221**

[Download Opinion](#)

J. Murphy finds that defendant, who pleaded guilty to bank fraud and aggravated identity theft, was improperly ordered to pay almost $500,000 in restitution since the government did not provide enough evidence showing the banks' ultimate losses.

-------------------------------------------


**11th Circuit**

SEARCH

U.S. v. Vargas, February 16

Nos: None

Cause:

[Download Opinion](#)

Per curiam, the circuit finds that the lower court properly refused to suppress cocaine and meth found in a vehicle in which defendant had been riding. Defendant argues that the reason for the stop ceased after the officer issued the driver a warning, which occurred in less than three minutes, and that continuing the stop for 15 more minutes constituted an illegal seizure. But the driver immediately admitted he did not have a license, and later the officer had to figure out if defendant could drive. Defendant admitted he had no license either, and the officer was legally obligated to keep them from driving off in that case. Affirmed.

-------------------------------------------

EXHIBIT 3
PAGE 222

**Alabama Court of Criminal Appeals**

BURGLARY, JURY

Young v. State, February 10

Nos: None

Cause:

Download Opinion

J. Windom finds that the lower court improperly convicted two joint defendants on a number of offenses, including first-degree burglary. An alternate juror was not properly instructed or questioned prior to her being substituted on the jury. Reversed.
-------------------------------------------

MURDER, DEATH PENALTY, CRIMINAL PROCEDURE

Lee v. State, February 10

Nos: None

Cause:

Download Opinion

J. Windom finds that the lower court properly dismissed defendant's second post-conviction petition for relief, challenging his capital murder convictions and death sentence. Contrary to defendant's argument, the record did not show that the court failed to use its own independent judgment in dismissing his petition. Affirmed.
-------------------------------------------

MURDER, SENTENCING, INEFFECTIVE ASSISTANCE

State v. Gissendanner, February 10

Nos: None

Cause:

Download Opinion

J. Welch finds on return to remand that the lower court improperly granted defendant's petition for post-conviction relief in its original order setting aside his capital murder convictions and death sentence. Contrary to defendant's argument, he was not entitled to relief based on ineffective assistance of counsel during the trial's penalty phase. Reversed in part.
-------------------------------------------

EXHIBIT 3
PAGE 223

**Arkansas Supreme Court**

CRIMINAL PROCEDURE, TERRORISM, FIREARMS

Anderson v. Arkansas, February 16

Nos: None

Cause:

Download Opinion

Per curiam, the Arkansas Supreme Court denies defendant's pro se petition to reinvest jurisdiction in the trial court so he could proceed with a writ of error coram nobis, since he failed to state grounds for the writ. Defendant was convicted of five counts of a terroristic act, and one count of being a felon in possession of a firearm, for which he was sentenced to 1,320 months' imprisonment.
--------------------------------------------

CRIMINAL PROCEDURE, SEX OFFENDER

Makkali v. Arkansas, February 16

Nos: None

Cause:

Download Opinion

Per curiam, the Arkansas Supreme Court dismisses defendant's motion for belated appeal and rule on clerk, seeking leave to file a belated brief. The appeal has no merit. Defendant was sentenced to 35 years in prison for rape in 1992.
--------------------------------------------

EXHIBIT 3
PAGE 224

FIREARMS, EVIDENCE

Lambert v. Arkansas, February 16

Nos: None

Cause:

Download Opinion

J. Kemp finds that defendant was properly sentenced to four years' imprisonment for being a felon in possession of a firearm. There was sufficient evidence that defendant possessed the firearm. Affirmed.
-------------------------------------------

SEARCH, PAROLE

Lane v. Arkansas, February 16

Nos: None

Cause:

Download Opinion

J. Wood finds that the lower court properly refused to suppress evidence of drugs found in the parolee's hotel room despite there being no reasonable basis for the officers' failure to knock and announce. While the warrantless search conducted by the parole officer was valid, the knock-and-announce rule applies to parolees. However, the exclusionary rule does not apply and the evidence seized should not be suppressed. Affirmed.
-------------------------------------------

SEX OFFENDER, EVIDENCE

Shreck v. Arkansas, February 16

Nos: None

Cause:

Download Opinion

J. Womack finds that the lower court properly admitted into evidence defendant's conversations regarding "snuff" sex during the sentencing phase of his trial. The conversations are highly probative and relevant to the crimes for which he was convicted. Defendant was found guilty of conspiracy to commit rape and sentenced to 30 years in prison. Affirmed.
-------------------------------------------

EXHIBIT 3
PAGE 225

DRUG OFFENDER

Siler v. Arkansas, February 16

Nos: None

Cause:

[Download Opinion](Download Opinion)

Per curiam, the Arkansas Supreme Court denies the pro se motion for belated appeal. Defendant was convicted on charges including manufacturing a controlled substance and possession of drug paraphernalia, for which he was sentenced to 432 months in prison.
-----------------------------------------

EXHIBIT 3
PAGE 226

**Arkansas Court Of Appeals**

SEX OFFENDER, JURY

Finfrock v. Arkansas, February 15

Nos: None

Cause:

Download Opinion

J. Klappenbach finds that defendant was properly sentenced to a total term of 66 years in prison for rape and sexual indecency with a child. The lower court correctly instructed the jury. Affirmed.
--------------------------------------------

BURGLARY, EVIDENCE

Hubbard v. Arkansas, February 15

Nos: None

Cause:

Download Opinion

J. Vaught finds that defendant was properly convicted of residential burglary and theft of property, for which he was sentenced to 30 years and 20 years, respectively. There was substantial evidence that defendant's control over the stolen property was unauthorized, and the lower court did not abuse its discretion in admitting certain evidence. Affirmed.
--------------------------------------------

SEX OFFENDER, WITNESS

Veneros-Figueroa v. Arkansas, February 15

Nos: None

Cause:

Download Opinion

J. Hixson finds that defendant was properly sentenced to 360 months in prison for the rape of his stepdaughter. Defendant failed to challenge the victim's competency as a witness at trial, and thus the lower court properly allowed her testimony. Affirmed.
--------------------------------------------

EXHIBIT 3
PAGE 227

JUVENILE LAW, CRIMINAL PROCEDURE

N.L. v. Arkansas, February 15

Nos: None

Cause:

Download Opinion

J. Whiteaker orders a rebriefing so that defendant's attorney can provide the court with the correct addendum that contains the pleadings, exhibits, and orders from this case.
-------------------------------------------

EXHIBIT 3
PAGE 228

**Connecticut Court Of Appeals**

HABEAS, DRUG OFFENDER, JURISDICTION

Foote v. Commissioner of Correction, February 14

Nos: None

Cause:

Download Opinion

J. Schaller finds that the habeas court properly dismissed the prisoner's amended habeas petition in the matter of his conviction for possession of cocaine with intent to sell. The court lacked subject matter jurisdiction because the prisoner had completed the sentence for that conviction. Affirmed.
-------------------------------------------

SEX OFFENDER, CHILD ABUSE, JURY

State v. Q., February 14

Nos: None

Cause:

Download Opinion

J. Gruendel finds that the trial court properly convicted defendant of second-, third- and fourth-degree sexual assault and risk of injury to a child. The jury instructions on constancy evidence were not misleading and the court offered a sufficient curative instruction after the state inadvertently obtained testimony about uncharged misconduct. Affirmed.
-------------------------------------------

**Florida Courts Of Appeal**
**Third District**
PLEA, INEFFECTIVE ASSISTANCE

Perez v. State, February 15

Third District

Nos: None

Cause:

Download Opinion

J. Emas finds that the trial court improperly denied defendant's request to vacate his plea. Under new Florida Supreme Court guidelines, defendant's claim of ineffective counsel deserves a different standard of review.

**EXHIBIT 3**
**PAGE 229**

Reversed.
-------------------------------------------

MURDER, EVIDENCE, PROSECUTORIAL MISCONDUCT

Mora v. State, February 15

Third District

Nos: None

Cause:

Download Opinion

Per curiam, the court of appeals finds that the trial court properly convicted defendant of second-degree murder. Although the prosecutor's comments were improper, the evidence against defendant was overwhelming. Affirmed.
-------------------------------------------

ANIMAL CRUELTY, PROBATION, EVIDENCE

Alexander v. State, February 15

Third District

Nos: None

Cause:

Download Opinion

[Consolidated.] J. Scales finds that the trial court properly convicted defendant for animal cruelty and probation violation. The jury's verdict was based on substantial evidence. Affirmed.
-------------------------------------------

EXHIBIT 3
PAGE 230

**Florida Courts Of Appeal**

**First District**

IDENTIFICATION, THEFT, EVIDENCE

Goggins v. Florida, February 16

First District

Nos: None

Cause:

Download Opinion

J. Lewis finds that the lower court improperly convicted defendant of using another person's identification without consent and grand theft. The court improperly admitted collateral act evidence of multiple people's personal identification information in defendant's possession. This evidence created the impression that defendant regularly engages in identity theft, and could have persuaded the jury to find him guilty of opening cell phone accounts in a woman's name notwithstanding the state's shaky chain of evidence on these charged crimes. Reversed.
-------------------------------------------

**Georgia Court Of Appeals**

ASSAULT, EVIDENCE

Person v. State, February 16

Nos: None

Cause:

Download Opinion

J. Ray finds that the lower court properly denied defendant's motion for a new trial, following his convictions for aggravated assault and other offenses. Contrary to defendant's argument, the court did not abuse its discretion by admitting evidence of a previous altercation involving defendant. Additionally, the court did not improperly comment on the evidence during the trial. Affirmed.
-------------------------------------------

EVIDENCE

Ordelt v. State, February 16

Nos: None

Cause:

Download Opinion

**EXHIBIT 3**
**PAGE 231**

J. Miller finds that the lower court properly denied defendant's motion for a new trial, following his conviction for aggravated stalking. Contrary to defendant's argument, the evidence was sufficient to support his conviction. Affirmed.

--------------------------------------------

**Indiana Court Of Appeals**

RESISTING ARREST, SEARCH

Neeley v. Indiana, February 16

Nos: None

Cause:

Download Opinion

J. Brown finds that defendant was improperly convicted of intimidation and resisting law enforcement. The trial court improperly allowed evidence obtained during a traffic stop because the criminal conduct happened long after the traffic stop had become an illegal detention. Reversed.

--------------------------------------------

EXHIBIT 3

PAGE 232

**Louisiana Court Of Appeal**

**Fourth Circuit**

ATTORNEYS, FORGERY

Louisiana v. Stalbert, February 15

Fourth Circuit

Nos: None

Cause:

**Download Opinion**

J. Lobrano finds that the district court should not have granted defendants' motion to recuse the District Attorney in a case where one of the defendants is accused of taking a check given to her by a witness advocate employed by the District Attorney's Office. Defendants failed to show that the District Attorney's interest in this case was strictly individual and in conflict with the fair and impartial administration of justice. The check was not written on the District Attorney's personal account, and the prosecution of defendants would not result in his private gain. Reversed.
--------------------------------------------

MURDER, EVIDENCE, INEFFECTIVE ASSISTANCE

Louisiana v. Chambers, February 15

Fourth Circuit

Nos: None

Cause:

**Download Opinion**

J. Lobrano finds that defendant was properly convicted of second-degree murder. An eyewitness made a statement to the police the day after the murder, indicating that he witnessed defendant shoot the victim with an assault rifle. The eyewitness identified defendant from pictures and described defendant. Further, a childhood friend of defendant testified that while they were both in prison, defendant admitted to his involvement in the murder. Defendant fails to show how counsel was ineffective. Affirmed.
--------------------------------------------

**Massachusetts Supreme Court**

**EXHIBIT 3**
**PAGE 233**

JUVENILE LAW, SEX OFFENDER

Commonwealth v. Samuel S., February 17

Nos: None

Cause:

Download Opinion

J. Botsford finds that the juvenile, who was adjudicated as both a youthful offender and a delinquent juvenile as the result of a single sexual assault, was improperly ordered to register as a sex offender and to submit to GPS monitoring. The judge was required to make an individualized determination whether the juvenile must register as a sex offender and the GPS monitoring statute does not require youthful offenders to submit to such monitoring. Vacated.
-------------------------------------------

**Mississippi Supreme Court**

PAROLE

Lee v. Booker, February 16

Nos: None

Cause:

Download Opinion

J. King finds that the trial court improperly ruled in favor of an inmate seeking a case plan with the parole board to prepare for his release. A statute that entitles parole-eligible inmates to such case plans is not retroactive and applies only to those convicted after July 1, 2014. Reversed.
-------------------------------------------

**EXHIBIT 3**
**PAGE 234**

**Nevada Supreme Court**


MURDER, PLEA, DOUBLE JEOPARDY

Righetti v. The Eighth Judicial District Court, February 16

Nos: None

Cause:

Download Opinion

J. Pickering finds that a murder defendant whose guilty plea did not conform to the indictment may be retried without violating double jeopardy protections. The state charged defendant on the basis of three theories, including premeditated murder, which was omitted from the plea, and the state did not amend the indictment to reflect the omission. When the court learned that the plea did not conform it rejected the plea and set the case for trial.
-------------------------------------------

**New Mexico Court Of Appeals**


RESISTING ARREST, FIREARMS

State v. Jimenez, February 14

Nos: None

Cause:

Download Opinion

J. Hanissee finds that the lower court improperly convicted defendant of resisting an officer. Defendant did not engage in conduct that was the same as fleeing or evading officers, and the evidence that defendant told an officer by phone that he agreed to surrender showed a lack of intent to flee, even though he ultimately refused to surrender. However, the trial court properly convicted defendant of illegal gun possession because he stipulated that he was a convicted felon, and the evidence presented linked him to the gun. Reversed in part.
-------------------------------------------

FORGERY, EVIDENCE

State v. Imperial, February 14

Nos: None

Cause:

Download Opinion

J. Wechsler finds that the trial court properly admitted testimony and evidence in defendant's trial for forging checks at a Wal-Mart. The late disclosure of exhibits did not violate defendant's right to confront witnesses, and the fact that

**EXHIBIT 3**

**PAGE 235**

the exhibits were "assembled" from millions of Wal-Mart transactions did not make them inadmissible business records. The state also presented sufficient evidence to authenticate surveillance video and business records. Affirmed.

---------------------------------------------

**New York Appellate Divisions**

**Fourth Department**

SEARCH, PAROLE

People v. Sapp, February 10

Fourth Department

Nos: None

Cause:

Download Opinion

Per curiam, the appellate division finds that the lower court properly refused to suppress drugs and weapons found at defendant's home by his parole officer because the search was reasonably connected to his role as an officer, and the parole officer had credible information from a confidential informant that defendant had a large amount of cocaine. Affirmed.

---------------------------------------------

EXHIBIT 3

PAGE 236

JURY, MANSLAUGHTER

People v. Scerbo, February 10

Fourth Department

Nos: None

Cause:

Download Opinion

Per curiam, the appellate division finds that the lower court improperly refused to consider defendant's belated peremptory challenge at his trial for manslaughter, reckless driving and DUI. Defendant's attorney briefly lost count of the selected jurors and did not exercise a peremptory challenge until the 12th juror had been seated, and the prosecution did not object to the request for the challenge. Reversed.
-------------------------------------------

ASSAULT

People v. Seaton, February 10

Fourth Department

Nos: None

Cause:

Download Opinion

Per curiam, the appellate division finds that the trial court properly admitted evidence that defendant sprayed a can of body spray in the direction of his friend and lit the spray to burn him because the friend won a game of Monopoly. The court properly instructed the jury to consider that evidence only in the context of defendant's motive for the actual assault he was charged with: kicking the victim in the head with steel-toed boots. Affirmed.
-------------------------------------------

WEAPONS, DRUG OFFENDER

People v. Smith, February 10

Fourth Department

Nos: None

Cause:

Download Opinion

Per curiam, the appellate division finds that the lower court properly refused to sever defendant's counts of drug and

EXHIBIT 3
PAGE 237

weapons offenses that stemmed from two separate incidents because the evidence was presented separately through different witnesses, and he did not establish good cause to sever them. Affirmed.

-------------------------------------------

FIREARMS

People v. Wallace, February 10

Fourth Department

Nos: None

Cause:

Download Opinion

Per curiam, the appellate division finds that the lower court properly convicted defendant of weapon possession in an action where he accidentally shot himself in the leg with an unlicensed gun he brought to work at McDonald's. The evidence at trial shows that defendant was prohibited from bringing the gun to work, and he cannot argue that the charge should be a misdemeanor because it happened at his "place of business." Affirmed.

-------------------------------------------

JURY, ROBBERY

People v. White, February 10

Fourth Department

Nos: None

Cause:

Download Opinion

Per curiam, the appellate division finds that the lower court improperly deprived defendant of the right to testify before a grand jury for his robbery charges because the court received the request after the jury voted, but before the indictment was filed. Reversed.

-------------------------------------------

EXHIBIT 3

PAGE 238

DUI, JURISDICTION

People v. White 2, February 10

Fourth Department

Nos: None

Cause:

Download Opinion

Per curiam, the appellate division finds that defendant's DUI conviction should be remanded to the lower court so she can present a defense for her argument that her arresting officers exceeded their authority by arresting her in a town where they did not work.
-------------------------------------------

**New York Court Of Appeals**

CONFRONTATION, DUI

People v. Lin, February 16

Nos: None

Cause:

Download Opinion

J. Stein finds that the appellate term improperly determined that defendant's confrontation rights were violated when the police officer who administered a drunk-driving breath test did not testify at trial. While that officer had retired and moved out of state, testimony was provided by a colleague, who also was well-versed as a breath-analysis operator and had observed defendant's test. He testified about what he saw, and not as a surrogate for the retired officer. Reversed.
-------------------------------------------

INEFFECTIVE ASSISTANCE

People v. Maldonado, February 16

Nos: None

Cause:

Download Opinion

Per curiam, the court of appeals finds that the appellate division improperly upheld defendant's convictions for grand larceny and forgery. While defendant's claim on the sufficiency of the evidence lacked merit, he was denied meaningful counsel and is entitled to a new trial. Reversed.

EXHIBIT 3
PAGE 239

---------------------------------------------

IDENTIFICATION

People v. Staton, February 16

Nos: None

Cause:

Download Opinion

Per curiam, the court of appeals finds that the appellate division properly upheld defendant's conviction. Defendant argued the pre-trial photo array was unduly suggestive because he was the only man pictured with salt-and-pepper hair, but that contention was belied by the record. Affirmed.

---------------------------------------------


**North Carolina Court Of Appeals**

DRUG OFFENDER, SEARCH

State v. Downey, February 07

Nos: None

Cause:

Download Opinion

J. Dietz finds that the trial court correctly denied defendant's motion to suppress evidence obtained during a traffic stop that led to defendant's convictions for drug offenses. The officer who stopped defendant properly extended the duration of the stop because defendant's nervousness, rapid breathing, lack of eye contact, and other factors gave him reasonable suspicion of another crime prior to issuing defendant a traffic citation. Affirmed.

---------------------------------------------


EXHIBIT 3
PAGE 240

ARSON, SENTENCING

State v. Wilson-Angeles, February 07

Nos: None

Cause:

Download Opinion

J. McGee finds that the trial court correctly convicted defendant of arson and being intoxicated and disruptive in public. The trial court properly admitted evidence of defendant's previous arson attempt to show intent because the previous instance bore key similarities to this case. However, the trial court did err in failing to give proper notice of its intention to add a prior record level point, garnered from the time defendant spent on probation, to calculate defendant's sentence. Vacated in part.

-------------------------------------------

DRUG OFFENDER

State v. Rogers, February 07

Nos: None

Cause:

Download Opinion

J. Calabria finds that defendant was properly convicted of possession with intent to manufacture, sell and deliver cocaine, possession of drug paraphernalia and possession of one-half ounce or less of marijuana. However, the trial court incorrectly denied defendant's motion to dismiss the charge of maintaining a vehicle for the keeping and/or selling of a controlled substance. The evidence did not show that defendant had maintained possession of the vehicle for anything beyond a couple of hours, nor did the state prove that no one else accessed the vehicle even though it was registered to another person whose criminal history included a prior drug charge. Reversed in part.

-------------------------------------------

ROBBERY, ASSAULT, FIREARMS

State v. McLean, February 07

Nos: None

Cause:

Download Opinion

J. McCullough finds that the trial court correctly convicted defendant of assault with a deadly weapon and robbery with a dangerous weapon, but improperly convicted defendant of discharging a firearm from within a building with the intent to incite fear. The indictment was insufficient to charge defendant with discharging a firearm "within" an enclosure because it alleged that defendant discharged a firearm "into" an occupied building. Vacated in part.

-------------------------------------------

EXHIBIT 3
PAGE 241

CRIMINAL PROCEDURE, DUI

State v. Parisi, February 07

Nos: None

Cause:

[Download Opinion](Download Opinion)

J. Tyson finds that the district court lacks jurisdiction to hear the state's appeal on defendant's pre-trial motion to suppress evidence in a DWI case. The district court may only enter a "preliminary determination" indicating whether the motion should be granted or denied but cannot enter a final judgment on the motion until after the state has appealed to the superior court or fails to make a timely appeal. Vacated in part.
-----------------------------------------

EXHIBIT 3
PAGE 242

**Oregon Supreme Court**

ACCOMPLICE LIABILITY, ROBBERY

State v. Morgan, February 16

Nos: None

Cause:

Download Opinion

J. Walters finds that the lower courts' evidence was sufficient to prove that defendant was aided by her boyfriend when she shoplifted clothes while he waited for her in the car and sped away when she was being pursued by mall security. The state was required to prove that defendant's boyfriend acted with intent to promote or facilitate her crime, and while the boyfriend testified that he sped away from the security officers out of self-interest, a reasonable factfinder could determine that he aided defendant. Affirmed.

-------------------------------------------

**Tennessee Court Of Criminal Appeals**

RESTITUTION, SENTENCING

Tennessee v. Firestone, February 16

Nos: None

Cause:

Download Opinion

J. Holloway finds that defendant was improperly sentenced after pleading guilty to burglary and theft. The trial court properly weighed defendant's past criminal behavior when it sentenced him, and found that probation was not warranted due to defendant's past drug use and status as a fugitive. However, the restitution order was improper, as the victim was paid for the damages through an owned insurance company. Reversed in part.

-------------------------------------------

MURDER, EVIDENCE

Tennessee v. Minor, February 16

Nos: None

Cause:

Download Opinion

J. Dyer finds that defendant was properly convicted on gang, murder, burglary, assault and firearm charges. Evidence shows that defendant and another person entered the victim's apartment before killing him and rendering a

EXHIBIT 3
PAGE 243

female victim unconscious with a blow to the head. Affirmed.

-----------------------------------------

EXHIBIT 3
PAGE 244

**Texas Courts Of Appeal**

**14th District**

CHILD ABUSE, ASSAULT

Lopez v. Texas, February 16

14th District

Nos: None

Cause:

Download Opinion

J. Brown finds that the trial court properly convicted defendant in two cases of aggravated sexual assault of a child. The variance between the court's oral pronouncement of the sentences and the written judgments do not void the orders and the proper solution is to reform the judgment. Affirmed.
--------------------------------------------

FAIR TRIAL, RESISTING ARREST

Straight v. Texas, February 16

14th District

Nos: None

Cause:

Download Opinion

J. Jamison finds that the trial court properly convicted defendant of evading arrest. Although the trial court failed to read the entire charge to the jury, defendant has not shown that he was egregiously harmed by this failure. Affirmed.
--------------------------------------------

**Wyoming Supreme Court**

OBSTRUCTION, SELF DEFENSE

State v. McEuen, February 16

Nos: None

Cause:

Download Opinion

J. Hill finds that the district court properly convicted defendant of felony interference with a peace officer. The

If you have any questions about subscriptions or need a re-send, please contact our home office at (626) 577-6700.

EXHIBIT 3
PAGE 245

evidence suggests that the officer did not use excessive force and that defendant repeatedly kicked him.
Furthermore, her proffered jury instructions on self-defense misstated the law. Affirmed.

------------------------------------------

If you have any questions about subscriptions or need a re-send, please contact our home office at (626) 577-6700.

EXHIBIT 3
PAGE 246

# EXHIBIT 4

EXHIBIT 4
PAGE 247



# Courthouse News Service

March 30, 2017

## California Roads Plan Would Boost Gas Tax by 12 Cents
By NICK CAHILL

After years of neglect and special sessions, California's Democratic leaders promised Wednesday to stop "kicking the can down the road" and unveiled a $5.2 billion annual transportation package fueled by increased gas taxes and new motorist fees.

## Deal Struck to Repeal Anti-Trans Bathroom Bill in North Carolina
By DAN MCCUE

North Carolina's Republican-controlled Legislature and Democratic Gov. Roy Cooper hammered out a deal Wednesday night to end their standoff on a repeal of the state's anti-trans bathroom bill, but the replacement measure is still under fire.

## Russian Dissident With Bull's Eye Testifies at Senate
By BRITAIN EAKIN

A man who twice survived poisoning for speaking out against the policies of Russian President Vladimir Putin regaled the Senate Wednesday about life under a government that targets political dissidents.

## Seventh Circuit Takes Up Transgender Bathroom Case
By LORRAINE BAILEY

In oral arguments Wednesday, the Seventh Circuit was highly skeptical of a Wisconsin school district's insistence that sex be defined by what is listed on a child's birth certificate and repeatedly compared its strict bathroom segregation policy to Jim Crow laws.

## Tennessee's Executions Are Not Cruel and Unusual
By KELSEY JUKAM

Tennessee can execute people with pentobarbital, the state Supreme Court ruled Tuesday, finding that the protocol is not cruel or unusual punishment.

## Opening Inquiry of Russia, Senate Asks for Patience
By TIM RYAN

One day before the committee hosts its first public hearing on its investigation into Russian interference in the 2016 election, the leaders of the Senate Intelligence Committee asked for public patience with its inquiry.

## Convicted Killers Fight High Court on Hidden Evidence
By BRANDI BUCHMAN

The U.S. Supreme Court wrestled Wednesday with whether prosecutors stacked the deck in a D.C. murder trial by

## Trump Fails to Lift Court Block on Muslim-Entry Ban



A federal judge wasted little time Wednesday in extending his ruling against the president's efforts to keep Syrian refugees and travelers from certain Muslim countries from entering the U.S.

### Can of Worms Wriggles in Oregon Justice Department
By NICK McCANN



In a lawsuit against Oregon's attorney general, one of her former investigators says he was fired for following orders: reporting state Department of Justice's director of civil rights for tweeting about "potentially racist and anti-police shootings."

### Fired Satanist Says He Faced Retaliation
By LOWELL NEUMANN NICKEY



An avowed Satanist who lost his job with a Pennsylvania school district claims in a federal complaint that he faced retaliation.

### Fox News Racism Starts at the Top, Women Say
By ADAM KLASFELD



Still reeling from sexual harassment scandals involving former CEO Roger Ailes, Fox News faces a new lawsuit from two black women who say the network also suffers from "top-down racial harassment."

### Minnesota Wineries Fight In-State Grape Mandate
By DIONNE CORDELL-WHITNEY



Two farm wineries are challenging a Minnesota rule preventing them from using grapes, unfermented juices and honey from other states and countries, claiming such a severe restriction limits domestic and foreign commerce.

### Workers Stole Driverless Car Secrets, Firm Says
By MATTHEW RENDA



Yet another company has sued its former employees on claims they took proprietary information related to the development of self-driving cars, this time in federal court on Tuesday.

### Duke Energy Sues Insurers Over Coal Ash Cleanup Costs
By DAN MCCUE



Duke Energy, the largest electric company in the United States, is suing its insurance companies to force them to cover some of the multibillion-dollar costs to clean up the toxic coal residues throughout the Carolinas.

## Tribe Fights Arizona Over Water Allotment
By EMMA GANNON

A small Indian reservation that's become a major economic force in the desert south of Phoenix has sued the Central Arizona Water Conservation District for refusing to deliver what the tribe considers its annual allotment from the Colorado River.

## Greens Seek to Intervene in Marine Monument Challenge
By DAN MCCUE

The Natural Resources Defense Council and other environmental groups sought Wednesday to intervene in a lawsuit challenging the creation of a marine monument by former President Barack Obama off the New England coast.

## 9th Circuit Keeps Abortion Foes' Videos Under Wraps
By NICHOLAS IOVINO

The Ninth Circuit on Wednesday upheld a federal judge's injunction blocking the publication of secretly taped anti-abortion videos.

## Bin Laden Raid Planning Documents Stay Sealed
By BRITAIN EAKIN

Nearly seven years after Navy SEALS killed Osama bin Laden, a federal judge ruled Tuesday that details used to green-light the 2011 raid on his compound in Abbottabad, Pakistan can remain secret.

## Groups Renew Fight Against Keystone Pipeline
By EVE BYRON

A tribal group joined forces with environmentalists Tuesday to sue the U.S. Department of Interior, hoping to halt construction and operation of TransCanada's Keystone XL Pipeline.

## GOP Scrambling for Senate Vote on Judge Gorsuch
By TIM RYAN

Senate Republicans are scrambling to break up a mounting threat from Democrats to filibuster next week's vote on Judge Neil Gorsuch's nomination to the Supreme Court.

## Retailers Score at Supreme Court on Credit Card Fees
By BARBARA LEONARD

In a narrow holding that could still shake up banking practices around the country, the Supreme Court ruled Wednesday that retailers have a free-speech case concerning their right to impose credit card surcharges.

EXHIBIT 4
PAGE 248

withholding evidence.

## LAW



### Greens Ask NY to Crack Down on Dairy Farms
CHRISTINE STUART

Cows, whose methane-emitting flatulence has been cited as a culprit in global warming, now are being **blamed**, along with New York's State Department of Environmental Conservation, for contaminating the state's water supply with manure.

### Print Ad Firm Declares Bankruptcy
JOSH RUSSELL

Print-focused ad company Metro Newspaper Advertising Services filed for Chapter 11 bankruptcy in Manhattan federal court, and **documents** show the company indebted to more than 2,000 publications.

### Suit Over Wi-Fi Patent Licenses Advances
MATTHEW RENDA

A federal judge **advanced** an antitrust case involving technology companies involved in internet connectivity and the compression of video files, finding their competitor offered sufficient evidence they lied to regulatory agencies about their patent intentions.

### Ninth Circuit Rejects Religious Bias Claim Against VA
MATT REYNOLDS

The Ninth Circuit has **thrown out** the claims of a chaplain who accused the Department of Veterans Affairs of firing her

## NATIONAL



### Free-Speech Limits in College Papers Upheld
VICTORIA PRIESKOP

The 10th Circuit **ruled** Tuesday that the University of New Mexico had the right to reject an academic paper which called a lesbian-themed film "entirely perverse in its desire and attempt to reverse the natural roles of man and woman."

### Judge Keeps Asylum-Seekers' Claims in Federal Court
JUNE WILLIAMS

A federal judge **refused** to throw out a class action brought by thousands of asylum-seekers who say immigration authorities didn't inform them of a one-year deadline for filing asylum claims and erected procedural roadblocks.

### Soccer Goalie Sues Over Career Cut Short
TIM RYAN

An onfield argument between two D.C. United teammates spilled over into a practice-field assault that left a promising young goalkeeper with a career-ending concussion, the injured player **claims** in court.

### Separated for 800 Days, Yemeni Family Sues Trump
BRITAIN EAKIN

A couple trying to whisk their children out of war-torn Yemen have joined the stream of litigation over President Donald Trump's

## REGIONAL



### FBI Recovers Rockwell Painting Stolen in 1976
AP

The FBI has recovered a 1919 Norman Rockwell painting stolen more than 40 years ago from a New Jersey home.

### Parents Say Son Was Baptized Without Consent
JEFF D. GORMAN

An Ohio couple **claims** in court that the Big Brothers mentor of their disabled 11-year-old son baptized him as a Christian without their permission.

### Blind Man Decries Unprovoked Police Takedown
ERIK DE LA GARZA

A legally blind black man was attacked on the street by Little Rock police for no reason, he **claims** in a federal lawsuit accusing the city of training its officers to use excessive force against black citizens.

### Men Who Sued City Over Alleged Officer Assaults Settle Lawsuits
ELLEN ROBINSON

Two men who claim they were assaulted with a stun gun by former North Charleston police officer Michael Slager have settled their lawsuits with the city for $80,000.

### Texas Children's Groups Seek Religious Protections

## INTERNATIONAL



### Putin on US Election Hack Charge: 'Read My Lips: No'
AP

President Vladimir Putin on Thursday emphatically denied allegations of Russian meddling in the U.S. presidential election and said Moscow would maintain hopes of improving relations while waiting for political infighting in Washington to stop.

### Trump Administration Drops Human Rights in Bahrain F-16 Deal

The Trump administration has told Congress it plans to approve a multibillion-dollar sale of F-16 fighter jets to Bahrain without the human rights conditions imposed by the State Department under President Barack Obama.

### Tillerson, Turkish Leaders Struggle to Resolve Kurds Dispute
AP

The United States and Turkey struggled Thursday to resolve a deep dispute over the Kurdish role in the fight against the Islamic State group, but appeared no closer to a resolution as U.S. Secretary of State Rex Tillerson wrapped up his first trip to Turkey.

### Hacker Attack on German Parliament May be Linked to

## In Brief

### Soccer Fees
Citing lack of jurisdiction, a federal judge on Wednesday **dismissed** a class-action lawsuit filed by youth soccer clubs claiming they are entitled to reimbursement for training fees for players they developed who later became professionals.

### DREAMer Bonds Out
An immigration judge on Tuesday ordered release on bond for a 23-year-old immigrant with permission to live and work in the United States, six weeks after being ensnared in an Immigration and Customs Enforcement raid.

### Stock Exchange Merger
The European Commission on Wednesday blocked the proposed merger of the London Stock Exchange Group and Deutsche Börse, finding that combining Europe's two largest stock exchanges would create "a de facto monopoly in the markets for clearing fixed-income instruments."

### Defective Leggings
A class **claims** that clothing company LuLaRoe sells leggings made with a special brushing technique intended to make them "buttery soft," but the method actually weakens fibers and causes the leggings to rip, tear and form holes immediately.

### Internet Class Action
A federal class action **claims** that Charter Communications and Spectrum Management Holding Co., fka Time Warner Cable, promised internet service at speeds they knew they could not deliver.

### Stalling Hyundais
A federal judge on Tuesday gave final **approval** to a class action settlement in which Hyundai promises to fix cars for 10 years and offer rebates toward buying or leasing replacement cars to settle claims it deceived buyers about a stalling defect in one of its SUVs.

### Copyright Infringement
An Ohio man claims in a federal **lawsuit** that the rap group Insane Clown Posse and Joseph Bruce aka Violent J ripped off poetry from his piece "But You Didn't" and used it in a song without permission.

EXHIBIT 4
PAGE 249

...nature of living the
because of her conservative
Christian views.

**Ninth Circuit
Tosses Steve
Wynn's
Defamation Suit**
MIKE HEUER

The Ninth
Circuit **affirmed** dismissal
Tuesday of Steve Wynn's
defamation claim against
the owner of a private
investment firm who
criticized the Las Vegas
casino mogul's operations
in Macau.

President Donald Trump's
ban on immigrants from
certain Muslim-majority
countries.

**Teacher Alleges
Bizarre Payback
for Bad Reviews**
LISA KLEIN

An Illinois native living in
China **claims** an
international shipping
company bought a website
domain for her name and
made it appear that she was
offering erotic massages to
get even for negative
reviews she posted about
its service.

KELSEY JUKAM

Religiously based foster
care and adoption services
in Texas told lawmakers
Wednesday they will be
forced to stop helping
children unless legislation
is passed to protect their
"sincerely held religious
beliefs."

**Election**
AP

A top German police
official says a recent
hacking attack on
Parliament may have led to
a "significant drain of
data" which may be used to
try influence the outcome
of the country's general
election in September.

**China's Xi to
Meet Trump in
Mar-a-Lago**
AP

U.S. President Donald
Trump will meet with his
Chinese counterpart Xi
Jinping for the first time
on April 6-7 at Trump's
Florida resort, China's
Foreign Ministry
announced Thursday, amid
a range of pressing issues
including trade, North
Korea and territorial
disputes in the South China
Sea.

# Nightly Brief

Top CNS stories for today including the California judiciary taking bids for e-filing managers; the Senate Intelligence Committee
asks the public to be patient as it wades into the morass of Russian interference in the 2016 election; researchers conclude dust
from the Gobi Desert in Asia is crucial to the survival of the giant sequoias in California's Sierra Nevada mountains; retailers
score at Supreme Court on credit card fees, and more.

**Return To Top**

☰ Sections   ·   Columns   ·   Back Issues   ·   About Us   ·   Privacy Policy   ·   Terms of Use   ·   Subscribers   ·   ©   ·   Home   ·   Search   🔍   Copyright

© 2017

EXHIBIT 4
PAGE 250

≡ SECTIONS    SUBSCRIBERS



# Courthouse News Service

March 27, 2017

## California Tightens Regulations on Methane Emissions
By NICK CAHILL

More than a year after a Los Angeles-area gas well spewed methane unchecked for over 100 days, California regulators on Thursday approved new regulations aimed at updating the state's oil and gas industry's facilities and greenhouse gas emissions.

## Judicial Council Rolls Out Web Help for Immigrants
By MATTHEW RENDA

The California Judicial Council on Friday attempted to reiterate its commitment to equal access to justice for all the state's residents, and in particular the Golden State's sizeable immigration population.

## L.A. Warns Latinos Against Immigration Scams
By MATT REYNOLDS

Amid mounting fears in Latino communities of increased deportations, Los Angeles officials on Thursday warned Angelenos to be wary of sham immigration consultants and notaries offering legal advice.

## DNA Murder Case Charts New Ground in Canada
By DARRYL GREER

In a murder case involving uncharted territory in Canadian law, a British Columbia man convicted of killing his family in 1995 claims that prosecutors are denying his legal team access to evidence for DNA testing that may prove his innocence.

## Canadians Say Party Spends Tax Money on Political Ads
By DARRYL GREER

Canadian voters filed a class action against British Columbia and its ruling party, claiming they are using public money to pay for partisan ads to buff the B.C. Liberal Party's image.

## Judge Won't Let Outdated EPA Rules Languish
By BRANDI BUCHMAN

Playing Goldilocks on Thursday, a federal judge struck a compromise between regulatory molasses and environmentalists pushing for swift action on pollution.

## Bolstered by Perry, A&M Student Goes to Court
By ERIK DE LA GARZA

The Texas A&M student who was disqualified in a student government election for president filed court papers to investigate potential claims of religious freedom and due process violations, a day after U.S. Secretary of Energy Rick Perry called the election "a mockery."

## 'Carbon Law' Could Mean the End of Greenhouse Gas Emissions



Ahead of this year's Earth Hour, researchers have proposed a new "carbon law" that would enable the international community to nearly eliminate fossil-fuel emissions by 2050.

### 'Border Wars' Sinks Secrecy Over Interrogations
By ADAM KLASFELD



Noting the government agency's appearance on the reality show "Border Wars," a federal judge said Customs and Border Protection cannot justify keeping mum about its interrogation of children accused of smuggling.

### Tainted-Meat Scandal Sends JBS Investors to Court
By LOWELL NEUMANN NICKEY



Battling charges in Brazil that it bribed food inspectors to overlook rotting chicken, meat-processing giant JBS now has a class of livid shareholders to fight.

### Jailed by ICE: Does Anyone Know Who This Man Is?
By CAMERON LANGFORD



Jailed by immigration officials who want to deport him to Nigeria because they can't verify his identity, an Army veteran asked a federal judge to order his release so he can run his Houston company and pay his 12 employees.

### Former Baylor Player Gets New Sex-Assault Trial
By RYAN KOCIAN



A Texas appeals court reversed the sexual-assault conviction of a former Baylor University football player and ordered a retrial, finding that text messages sent just prior to the alleged offense were improperly excluded the first time around.

### Ex-House Staffer Faces Serious Prison Time
By KELSEY JUKAM



A former congressional staffer faces decades in prison after pleading guilty to two counts of conspiracy for helping his boss divert charitable donations to his political campaigns.

### Microsoft Under Fire for Windows 10 Update
By LORRAINE BAILEY



A class of Illinois PC users claims upgrading to the new Windows 10 operating system destroyed their hard drive or caused them to lose data, forcing them to either buy a new computer or pay for repairs.

## White House, GOP Abruptly Pull Health Care Reform Bill
By DAN MCCUE

President Donald Trump asked House Speaker Paul Ryan not to hold Friday's do-or-die vote on the Republicans's long-promised repeal and replacement of the federal health care law, conceding the GOP just didn't have the votes. "We just pulled it," Trump told The Washington Post in a telephone interview. Ryan said he was disappointed by the turn of events. "Doing big things is hard," he said.

## Jacoby & Meyers Loses Appeal on Ethics Rules
By ADAM KLASFELD

Jacoby & Meyers, the first law firm to advertise on television, does not have a First Amendment right to Wall Street funding, the Second Circuit ruled Friday.

## Fewer Claims Boost Trump U Settlement Payday
By BIANCA BRUNO

Former Trump University students stand to receive more money than the settlement that ended the years-long litigation originally guaranteed, a court document filed late Thursday revealed.

## Judge Weighs Injunction in Houston-Area Bail Case
By CAMERON LANGFORD

In 100 days, Harris County, Texas is set to revamp its bail system to ensure petty criminals don't languish in its crowded jail, but a federal judge is weighing class-action claims that reforms can't wait.

### OPINION

## Hi, I'm the Constitution, Can I Buy You a Vodka?
By ROBERT KAHN

Did you hear about the winner of the Trump Contest for an Essay on the Constitution? Neither did I. But the winners are emerging from the basement, with their heads held high. Ha ha! A little political humor for you.

## 'Biggest Loser' Doctor Now Repped by Hulk's Winner
By JOSH RUSSELL

Taking his federal defamation complaint against the New York Post to New York, a former house doctor for NBC's "The Biggest Loser" is represented now by the attorney who pinned Gawker for Hulk Hogan.

---

### LAW



**Circuit Sides With Female Trucker in Harassment Case**
HELEN CHRISTOPHI

The Ninth Circuit on Friday

### NATIONAL



**Trump White House Approves Keystone XL Pipeline**
AP

The Trump administration

### REGIONAL



**Wells Fargo Accused of Sacrificial Firings After Fine**
NICK RUMMELL

Fired in the wake of Wells

### INTERNATIONAL



**UK Police Give Details of London Attacker, Make More Arrests**
AP

### In Brief

**Close the Deal**
Edelman Arts claims in court that certain agents of the Abu Dhabi royal family have breached a contract to buy $26.8 million worth of art by Keith Haring and Edvard Munch.

**Warlord Reparations**
The International Criminal Court awarded damages Friday to 297 victims of former Congolese warlord Germain Katanga.

**Shareholder Class Action**

EXHIBIT 4
PAGE 251

The Ninth Circuit on Friday sided with a female trucker who accused CRST International of firing her after she reported that a male co-worker approached her naked while she slept during a cross-country haul.

## Conservative Radio Host Facing Voter-Fraud Charge
EMMA GANNON

A conservative talk radio host and former Colorado Republican Party chairman has been charged with forgery and voter fraud, after authorities said he forged his ex-wife's presidential ballot last year.

## Arkansas Law Targets Workplace Whistleblowers
ERIK DE LA GARZA

The governor of Arkansas signed a law Thursday that gives employers the authority to sue whistleblowers who uncover evidence of abuse and wrongdoing on private property across the state.

## Leonard Peltier Sues Washington State Over His Art
JUNE WILLIAMS

Imprisoned Native American activist Leonard Peltier has sued Washington state for removing his paintings from a public exhibition on state property.

## Ponzi Suspect's Bail Revoked After Emailed Threat
MATTHEW RENDA

A defendant in a high-profile financial fraud case had his bail revoked during a hearing Thursday because he sent a threatening email to officers of the court involved in his case.

## FEC Should Look at Karl Rove PAC Donations
DANIEL W. STAPLES.

The Federal Election Commission should not have dismissed a political watchdog's request to compel a super PAC founded by Karl Rove to disclose the identity its donors, a federal court ruled.

## Judge Won't Certify State Classes on CVS Drug Prices
HELEN CHRISTOPHI

A federal judge refused to certify 11 state classes in a national class action accusing CVS Pharmacy of cheating customers.

## Family of Missing FBI Agent Accuses Iran of Torture
TIM RYAN

Ten years ago, while visiting a resort island just off the coast of Iran, former FBI agent Robert Levinson disappeared. Now his family has filed a federal lawsuit seeking to make the Iranian government pay for their emotional distress.

## Princeton Fights to Shield Its Admissions Data
LOWELL NEUMANN NICKEY

Having prevailed against claims that it discriminated against Asian applicants, Princeton University now wants a federal judge to keep a lid on the admissions materials it provided for regulators.

The Trump administration issued a permit Friday to build the Keystone XL pipeline, reversing the conclusion of the Obama administration and clearing the way for the $8 billion project to finally be completed.

## Enviros, Calif. Coastal Commission Settle Records Spat
BIANCA BRUNO

An environmentalist group that sued the California Coastal Commission last year over the agency's ouster of its executive director has settled the case out of court.

## D.C. Sales Exec Says Politics Does Not Pay
BRANDI BUCHMAN

A sales executive claims in court that a Maryland-based trade show company didn't pay him for his work on President Donald Trump's inaugural parade or for his helping stage the 2016 Democratic National Convention.

## Judge Blocks Law That Kept Foreign-Born Citizen from Marrying
SABRINA CANFIELD

A federal court victory this week means a U.S. citizen who was born abroad will be able to legally marry his fiancée.

## Battle Over Pesticide Spraying Heads to Court
DIONNE TORDILL-WHITNEY

A man with an autoimmune disorder claims his condition worsened after his homeowner's association refused to stop spraying dangerous pesticides and threatened to increase spraying near his condominium.

Fargo's mortgage-kickback scandal, nine former staffers claim in court that the supervisors who instructed the illegal activity kept their jobs.

Police are combing through "massive amounts of computer data" and have contacted thousands of witnesses as they look for clues about why a British-born man became radicalized and launched a deadly attack on Parliament, a senior police official said Friday.

## Egypt's Mubarak Returns Home After Years-Long Detention
AP

Egypt's former President Hosni Mubarak returned home on Friday, free following his release from custody after legal proceedings that took years since his 2011 ouster — years during which the country witnessed major upheavals and rights activists saw their hopes scuttled that the autocrat would face justice for the deaths of hundreds who defied his rule.

## Geologist for Shell Says Company Hid Nigeria Spill Dangers
AP

Royal Dutch Shell's Nigeria subsidiary "fiercely opposed" environmental testing and is concealing data showing thousands of Nigerians are exposed to health hazards from a stalled cleanup of the worst oil spills in the West African nation's history, according to a German geologist contracted by the Dutch-British multinational.

## French President Denounces Rival's Claims of Dirty Tricks
AP

French President Francois Hollande on Friday vigorously denounced suggestions by the conservative presidential hopeful that he is trying to discredit political rivals behind the scenes by using dirty tricks.

## International Court Orders Reparations for Congo Attack
AP

The International Criminal Court on Friday awarded symbolic reparations of $250 (230 euros) each to nearly 300 people who lost relatives, property or livestock or suffered psychological harm in a deadly attack on a Congolese village in 2003.

Shareholders claim in a class action that Wells Federal Bank's proposed $40 million sale to Citizens Community Bancorp undervalues Wells shares and is the product of a flawed process.

## Judge Says the Jig Is Up
A federal judge ordered a preliminary injunction and a receiver against the San Francisco Regional Center, Thomas Henderson and others that the Securities and Exchange Commission accuses of defrauding hundreds of people of $115 million.

## Washington State v. ICE
Taking a cue from her contemporary on the California Supreme Court, Washington state Supreme Court Chief Justice Mary Fairhurst told the feds on Wednesday to keep immigration agents from using the Evergreen State's courthouses to conduct deportation raids.

## Treaties of Rome at 60
The European Union on Saturday will celebrate the 60th anniversary of the signing of the Treaties of Rome, a set of agreements that paved the way for the creation of the EU 33 years later in 1990.

## Dog the Bounty Hunter
An Orange County, California, law firm says in a state court lawsuit that Duane "Dog the Bounty Hunter" Chapman owes them $46,000 for representing him in a legal malpractice case against Chapman's former lawyers – whom he owes another $98,000.

# Nightly Brief

Top CNS stories for today including the White House and the GOP abruptly pulling their healthcare reform bill; a California judge telling

EXHIBIT 4
PAGE 252

state senators his court will support Gov. Jerry Brown's proposal to move two vacant judicial slots from his court to another county, but will oppose the plan if it means losing money; the Second Circuit rules Jacoby & Meyers, the first law firm to advertise on television, does not have a First Amendment right to Wall Street funding, and more.

Return To Top

EXHIBIT 4
PAGE 253

 

# Courthouse News Service

January 12, 2017

## Giuliani to Advise Trump on Cybersecurity Threats
By TIM RYAN

Former New York City Mayor Rudy Giuliani will advise President-elect Donald Trump on cybersecurity developments, Trump's transition team announced Thursday.

## New Probable-Cause Hearing for Chris Christie
By CHRIS FRY

Shaking up the fight to get New Jersey Gov. Chris Christie indicted over a traffic jam created in his name, a judge called Thursday for a new municipal court hearing.

## New York Criticized for Exception in Child Welfare
By PAMELA BAKER

A woman who has been caring for her daughter's child all his life claims in a class action that New York unfairly budgets its neediest children and discriminates against nonparent caregivers on public assistance.

## Reverend Says Inaugural Committee Blocked Her D.C. Prayer Breakfast
By TIM RYAN

The committee overseeing next week's presidential inauguration forced the Trump International Hotel to cancel a contract with a reverend who planned to host an annual prayer breakfast at the hotel the morning Donald Trump is sworn in as president, the reverend claims in court.

## Baltimore Police Face Oversight After Settlement
By DANIEL W. STAPLES

The U.S. Department of Justice and the city of Baltimore reached a settlement Thursday that will usher in reforms for a police department that came under fierce scrutiny after the death of Freddie Gray.

## Locals Speak Up in Wake of Castile Shooting
By DIONNE CORDELL-WHITNEY

The U.S. Justice Department heard stirring remarks from the public Wednesday night in the last of three meetings to take in criticism of a Minnesota police department following last summer's traffic-stop shooting of Philando Castile.

## New York A.G. Pushes Free Birth Control
By LORRAINE BAILEY

Days before President-Elect Donald Trump's inauguration, New York Attorney General Eric Schneiderman introduced new legislation to protect New Yorkers' access to free contraception if the Affordable Care Act is repealed.

### Obamacare Repeal Underway in Senate



Roll Call Vote

Motion to Waive the Budget Act with respect to the Gillibrand Amendment to S. Con. Res. 3, the Budget Resolution

Early Thursday morning Senate Republicans took the first step toward their eight-year dream of rolling back the federal health care law, approving a budget resolution instructing committees to start crafting a repeal bill by the end of the month.

### NFL's Chargers Leave San Diego to Join LA Rams
By BIANCA BRUNO



San Diego Chargers team owner Dean Spanos said Thursday he will move the football team up the California coast to join the Rams in Los Angeles, who left St. Louis last year.

### 'Downwinder' With Cancer Sues Over Atomic Tests
By EMMA GANNON



The United States established a "downwinder" fund for people who contracted cancer by being downwind from its Cold War-era nuclear weapons tests, and now a New Mexico man has sued the nation for the cancer he says he contracted while he was in his mother's womb.

### Glenn Beck Dismissed From 'Clock Boy' Case
By DAVID LEE



A Dallas County judge dismissed Glenn Beck and his network TheBlaze from a defamation lawsuit from the family of "clock boy" Ahmed Mohamed, for statements the conservative commentator made after the controversial arrest.

### Tennis Stadium's New Roof Brews Court Battle
By JONATHAN PERLOW



The self-described industry leader in retractable-roof technology claims in court that its trade secrets were stolen and used to build a roof over Arthur Ashe Stadium, the home of the tennis U.S. Open.

### Fighter Claims UFC Enables Doping
By MIKE HEUER



Tired of facing opponents who take performance-enhancing drugs, mixed martial arts fighter Mark Hunt has filed a RICO lawsuit against the Ultimate Fighting Championship, UFC president Dana White and MMA fighter Brock Lesnar.

### Justices Asked to Toss Court Cellphone Ban
By KEVIN KOENINGER



A Michigan man who was banned from recording court proceedings on his iPhone filed a petition to take his legal battle to the U.S. Supreme Court.

## Mattis Casts Russia as Threat at Senate Hearing
By BRITAIN EAKIN

Facing mild questions at a Senate hearing to confirm his nomination as defense secretary, Gen. James Mattis worked Thursday to assuage NATO allies worried about Moscow's threat to break the post-World War II North Atlantic alliance.

## Watchdog to Probe Comey's, FBI's Actions Before Election
AP

In yet another aftershock from the chaotic presidential campaign, the Justice Department inspector general opened an investigation Thursday into department and FBI actions before the election, including whether FBI Director James Comey followed established policies in the email investigation of Hillary Clinton.

## U.S. Accuses Fiat Chrysler of Cheating on Emissions
AP

The U.S. government accused Fiat Chrysler on Thursday of failing to disclose software in some of its pickups and SUVs with diesel engines that allows them to emit more pollution than allowed under the Clean Air Act.

## VW Execs Face Charges in Emissions Scandal
By NICHOLAS IOVINO

Six Volkswagen executives will face criminal charges in the automaker's emissions cheating scandal, and the company will plead guilty to conspiracy and obstruction of justice – paying $4.3 billion in penalties, the U.S. Justice Department said Wednesday.

## Flag Burner Challenges His Desecration Arrest
By LORRAINE BAILEY

A 22-year-old who posted pictures of himself on Facebook burning an American flag sued the police officers who arrested him on Independence Day under an old Illinois flag-desecration law.

## Appeals Panel Doubts Pro Se Art Swindler's Incompetence Claims
By MARIA DINZEO

A three-judge Ninth Circuit panel seemed disinclined to grant a new trial to former real estate mogul turned convicted art thief Luke Brugnara, whose pugnacious effort to act as his own lawyer during his federal trial two years ago led to a seven-year prison term and 15 months for contempt.

## In Brief

**Biopharmaceuticals**
Investors claim in a federal class action that revelations about the efficacy of the macular-degeneration therapy Fovista, as well as the likelihood of FDA approval, caused Ophthotech's

### LAW



### NATIONAL



### REGIONAL



### INTERNATIONAL



EXHIBIT 4
PAGE 254

stock to drop 86 percent, from $38.88 to $5.29 per share, in one day of trading last month.

## Animal Feed Cartel

The European Court of Justice on Thursday upheld a $64 million fine against France-based Roullier and its subsidiary Timab Industries for their role in a price-fixing cartel on the animal-fed phosphate market, finding its refusal to settle justified a higher fine.

## Courthouse News Top Download

A class blames misrepresentations by Ally Financial, formerly known as GMAC, and its underwriters for the more than 32 percent drop in share value two years after the subprime car-loan business earned $2.4 billion going public.

## Alice Underground

Alice Looking Ltd., of England, claims Walt Disney Co. violates seven of its "Through the Looking Glass" trademarks, in Federal Court.

## Where's the Fiber?

The Yolo and Santa Cruz County district attorneys sued General Mills for the people of California, claiming it misrepresents the size of its Fiber One bars by putting them in bigger packages than needed, in Yolo County Court.

## Gene Sequencing

In a federal class action, shareholders claim directors of Illumina (gene sequencing) issued misleading earnings estimates, and when true earnings were reported the share price sank by 24.8% in one day, from $224.85 to $139.

## Celebrity Chef

Roven Seibel claims celebrity chef Gordon Ramsay and PHWLV LLC aka Planet Hollywood conspired to misappropriate his GR Burgr trademark, in Federal Court.

### Judge Whacks Texas for Fighting Foster Care Reform
CAMERON LANGFORD

A federal judge ordered Texas to keep working with two masters she appointed to help reform its foster care system, which sends children to hotels and state offices at night due to a housing shortage, though the state insists it doesn't need any help from the courts.

### Mexican People Smuggler Faces Life in Prison
CAMERON LANGFORD

A Mexican national whose attempt to smuggle a woman into the United States failed when a boat propeller fatally struck her in a ship channel faces life in prison after a federal jury found him responsible for her death.

### New Haven Must Face Claims of Murder Frame Job
CHRISTINE STUART

A federal judge held the city of New Haven's feet to the fire Tuesday on the 19-year prison stint served by a man who says a police detective with mob ties framed him for murder.

### Nevada Indians Settle Voting Rights Lawsuit
MIKE HEUER

Members of two rural tribes have settled their voting rights complaint against the Nevada secretary of state and two counties.

### US Agrees to Pay Billions to Marines Affected by Toxic Water
AP

The Obama administration has agreed to provide disability benefits totaling more than $2 billion to veterans who had been exposed to contaminated drinking water while assigned to Camp Lejeune in North Carolina.

### Knock-Off Enamel Pins Send Artists to Court
JOSH RUSSELL

The "fast fashion" chain Francesca's Collection and two New York jewelers face a federal complaint that charges them with ripping off indie artwork for trendy enamel pins.

### Soldier Fights Contempt With Civil-Relief Law
LORRAINE BAILEY

A soldier filed a class action challenging a judge's order holding him in contempt of court for not paying his ex-wife $10,000, claiming he was unable to get military leave to attend the hearing.

### Paula Deen Says Contractors Left Her With Corroding Roof
EVA FEDDERLY

Celebrity Chef Paula Deen claims in court that the contractors she hired to build a new home, two cottages and a garage on her property outside of Savannah negligently topped them with zinc roofs that immediately cracked and continue to corrode.

### Railway Fights to Expand in Columbia River Gorge
NICK MCCANN

Union Pacific Railroad says local land rules don't apply to its expansion project in the Columbia River Gorge, the site of a fiery train derailment last year, and sued commissioners who are trying to block it.

### Feds Say Florida Routinely Violates Disabled Inmates Rights
ALEX PICKETT

The U.S. Justice Department has intervened in a lawsuit against the Florida Department of Corrections over alleged systematic violations of disabled prisoners' rights.

### Parents Call LAPD 'Cowardly' Killers
MATTHEW RENYOLDS

The family of a Latino teenager who was shot 19 times have cast doubt on the account of two Los Angeles police officers who say the 16-year-old pointed a sawed-off shotgun at them before they opened fire.

### Florida Agrees to Recognize Same-Sex Couples on Birth Certificates
ALEX PICKETT

Florida has agreed to settle a federal lawsuit over birth certificates issued to children born to same-sex couples, removing language from state law that directed state officials only to list the child's mother and father on the document.

### Online Trail Shown in ISIL Recruitment Case
JOSH RUSSELL

During the first day of witness testimony, Justice Department lawyers making the case that an Arizona man helped a New York college student get to Turkey on a fatal journey to join the Islamic State delved into the social media and online footprints left by the pair.

### US Files Trade Complaint Targeting China's Aluminum Industry
AP

The Obama administration filed a trade complaint with the World Trade Organization on Thursday against China for allegedly "dumping" aluminum on the global market at artificially low prices.

### US Troops Enter Poland, 1st Deployment at Russia's Doorstep
AP

American soldiers rolled into Poland on Thursday, fulfilling a dream some Poles have had since the fall of communism in 1989 to have U.S. troops on their soil as a deterrent against Russia.

### Hamas Arrests Comic Over Video on Power Cuts
AP

Hamas has arrested a Gaza comedian whose video lament on social media about power cuts and other hardships under the rule of the Islamic militant group got more than a quarter million views.

## Nightly Brief

Top CNS stories for today including Donald Trump's nominee for defense secretary, Gen. James Mattis, telling a Senate hearing that Russia is still a threat; the Republican effort to repeal the Affordable Care Act gets underway in the Senate; California Gov. Jerry Brown's spending proposal includes a modest raise for state courts, and more.

Return To Top

Home · About Us · Privacy Policy · Terms of Use · Subscribers · Copyright © 2017

Copyright © 2017 Courthouse News Service. All rights reserved.
Theme: ColorMag by ThemeGrill. Powered by WordPress.

EXHIBIT 4
PAGE 255

# EXHIBIT 5

EXHIBIT 5
PAGE 256

☰ SECTIONS ⌄     HOME

Search 🔍

# Tennessee's Execution Protocol Is Not Cruel and Unusual

KELSEY JUKAM       March 30, 2017

(CN) — Tennessee can execute people with pentobarbital, the state Supreme Court ruled Tuesday, finding that the protocol is not cruel or unusual punishment.

Tennessee allows inmates to be killed by a lethal dose of pentobarbital or a pharmacist-compounded version of the drug. Fourteen states have used the drug in executions and an additional five states, including Tennessee, have approved the use of the drug, according to the Death Penalty Information Center.

Ten states have either used or intend to use compounding pharmacies to obtain lethal injection drugs, according to the center.

Tennessee last executed an inmate in 2009. It killed Cecil Johnson in December that year for the murders of three people during a convenience store robbery in 1980. The state stopped executing people in 2015 after 33 death row inmates challenged the protocol in the case at issue, *West v. Schofield*.

Despite testimony from several doctors who said the method could inflict extraordinarily painful and prolonged deaths, the Tennessee Supreme Court unanimously ruled for the state. Chief Justice Jeffrey Bivins concluded that if the lethal drug is compounded and administered properly, it would likely cause death with "minimal pain and with quick loss of consciousness."

"Certainly, there are risks of error in every human endeavor," Bivins wrote for the court.

Bivins said the U.S. Supreme Court has recognized that there is risk of pain inherent in any method of execution, and accidents in administration of approved execution methods do not violate the Eighth Amendment.

Pentobarbital is difficult to obtain, as European pharmaceutical companies have refused to sell it to states use it for executions, so states have turned to compounding pharmacies.

James Ruble, an associate professor at the University of Utah College of Pharmacy, testified at trial that compounded drugs are not regulated by the Food and Drug Administration.

Ruble said a drug compounder could change the chemical solution without notifying the state, which could produce a drug that could be "extremely painful" when administered, and cause a pulmonary embolism, which is "extraordinarily painful."

He said Tennessee' protocol "fails to provide sufficient safeguards to maintain the stability and potency of compounded pentobarbital and creates a substantial risk that the drug will precipitate or otherwise be unfit for intended use."

Larry Sasich testified that compounding the drug could result in a dose contaminated with bacteria, fungi and other cross-contaminants.

EXHIBIT 5
PAGE 257
3/30/2017

Sasich, who is a member of the FDA's advisory committee, said that based on his review of the protocol, the compounded drug could be out of date or improperly stored, rendering it unsuitable for use.

However, Roswell Evans, dean of the Department of Pharmacy Practice at Auburn University, testified that proper administration of pentobarbital would induce a coma and death shortly thereafter, making it unlikely that an inmate would experience much pain and suffering beyond a needle stick.

Feng Li, acting medical examiner for Davidson County, Tennessee, agreed. He testified that a large dose of the drug, quickly administered, would cause a person to "lose consciousness very, very quickly" and suffer irreversible brain damage in a very short time.

Feng testified that he reviewed the records of 30 pentobarbital executions, in Georgia, Ohio and Texas, and that all inmates were declared dead within 30 minutes of the first injection.

According to these records, only one inmate spoke. Jose Villeges, executed in Texas in 2014, said as the first injection began: "It does kind of burn. Goodbye." He gasped several times before he stopped moving, according to Bivins' 27-page ruling.

The Tennessee court found that "mere possibilities" of pain are not constitutionally unacceptable, and that the death row plaintiffs failed to demonstrate a known and available alternative method of execution that entails less risk of pain.

West, Schofield, et al. claimed that people executed under the protocol could remain alive for 34 minutes to more than hour after the injection, based on proof that some of the inmates executed in other states continued to show electrical activity in their hearts even after having been declared dead by a physician.

But the court found that the plaintiffs cited no authority supporting the proposition that an execution requiring up to an hour for death is a "lingering death," prohibited by the Eighth Amendment.

"Respectfully, we decline to hold that a lethal injection protocol that causes unconsciousness within seconds violated the Eighth Amendment because it may take an hour or more for the inmate's heart to cease all electrical activity or because there may be some possibility that the inmate could be resuscitated after being declared dead," Bivins wrote for the court.

"The intended result of an execution is to render the inmate dead. The State is under no obligation to attempt revival efforts."

Assistant federal public defender Kelley Henry told The Associated Press she would appeal to the U.S. Supreme Court.

Tennessee does not have a supply of pentobarbital, but a spokesperson for the Tennessee Department of Correction told The AP there is a compounding pharmacist who is willing to supply it.

Tennessee passed a law in 2104 allowing executions by electric chair in the event that lethal injection drugs are unavailable.

EXHIBIT 5
PAGE 258

← Texas Children's Groups Seek Religious Protections

Greens Ask NY to Crack Down on Dairy Farms →

## Related

**'Fight for $15' Group Says Memphis Harassed Protesters**

March 2, 2017

**Judge Lifts Execution Stay for Former Soldier**

December 27, 2016

**Former Students Claim Years of Abuse at Adventist Schools**

February 3, 2017

EXHIBIT 5
PAGE 259

☰ SECTIONS ⌄        🅒 HOME                              Search                    🔍

# GOP Scrambling to Head Off Dem Filibuster of Gorsuch

TIM RYAN          March 29, 2017

WASHINGTON (CN) – Senate Republicans are scrambling to break up a mounting threat from Democrats to filibuster next week's vote on Judge Neil Gorsuch's nomination to the Supreme Court.

Standing outside the Supreme Court on Wednesday afternoon with Gorsuch's former clerks, Republicans on the Senate Judiciary Committee called on an increasing pool of Democrats to abandon their threat to filibuster the vote on Gorsuch's nomination, which Senate Majority Leader Mitch McConnell said will happen on April 7.

"It's quite clear that if he isn't qualified then nobody is," Senate Judiciary Chairman Chuck Grassley, R-Iowa, said at a press conference on Wednesday. "And if you filibuster a judge like this it's obvious then that you'd filibuster anyone."

Sen. Ted Cruz argued Gorsuch's nomination should win even more deference from Democrats because his seat was open during the election, the result of a Republican refusal to hold hearings on Judge Merrick Garland, President Barack Obama's choice to fill the seat following the death of Justice Antonin Scalia.

This gave voters the chance to be heard directly on the type of justice they would like to see on the court, Cruz reasoned.

"This election was in a very real sense a referendum on the Supreme Court," Cruz said Wednesday.

Democrats have nevertheless put up a cacophony of objections to Gorsuch, most forcefully claiming that his rulings on the 10th Circuit have been skewed towards corporations. Even though Gorsuch emerged from four days of hearings on his nomination mostly unscathed, support in the Senate around a Democratic filibuster has solidified.

"If Judge Gorsuch fails to reach 60 votes, it's not because Democrats are being obstructionist," Senate Minority Leader Chuck Schumer said on the Senate floor Wednesday. "It's because he failed to convince 60 senators that he belongs on the Supreme Court."

On Wednesday Sen. Tim Kaine joined 31 other Democrats who have announced their opposition to Gorsuch, and joined a growing list of those willing to filibuster the judge.

Republicans would need to convince eight Democrats to vote yes on a procedural vote ahead of Gorsuch's nomination in order to break a filibuster and move to a majority vote on his confirmation. But even if Republicans are unable to get to 60 votes on the procedural

measure, which is known as cloture, they could simply change the rules in the Senate to lower the number of votes required to move forward on Gorsuch's nomination.

Democrats took this step in 2013 when Republicans blocked President Barack Obama's appointments to the U.S. Court of Appeals for the D.C. Circuit, though they left the 60-vote measure intact for Supreme Court nominees.

This has left Republicans confident that Gorsuch will take his seat on the court with or without bipartisan support.

"I'm here to tell you he's going to be on the Supreme Court because he's earned the right to be there," Sen. Lindsey Graham, R-S.C., said at the press conference. "The only question is how, it's not even when."

Part of the reason Democrats have been emboldened in their filibuster promise in recent days was evident during Wednesday's press conference, as a dozen or so protestors shouted slogans like "our rights, our court" in an attempt to drown out the Republicans.

Pressure to oppose Gorsuch at all costs has strengthened from the liberal roots of the party, leaving Democrats with little reason bend to Republican pleas.

EXHIBIT 5
PAGE 260

← Nightly Brief        Arkansas Sued by Inmates Set to Die in Pairs in April →

## Related

**Gorsuch Stresses Precedent, Independence at Confirmation Hearing**

March 21, 2017

**Legal Experts See Young Scalia in Trump's SCOTUS Pick**

February 3, 2017

**Lack of Votes Delays GOP Health Care Bill**

March 23, 2017

EXHIBIT 5
PAGE 261


# California Roads Plan Would Boost Gas Tax 12 Cents

NICK CAHILL     March 30, 2017

SACRAMENTO (CN) — After years of neglect and special sessions, California's Democratic leaders Wednesday promised to stop "kicking the can down the road" and unveiled a $5.2 billion annual transportation package fueled by increased gas taxes and new motorist fees.

The long-awaited road repair package calls for major increases to the state's diesel and gasoline taxes, along with a new $100 fee for zero-emission vehicle owners.

State gas taxes will increase for the first time since 1994 by 12 cents per gallon, while diesel taxes will spike 20 cents per gallon.

Under the Democrats' package, each car owner will also be assessed a new "transportation improvement fee" based on the value of the car. Cars worth less than $5,000 would be assigned a new $25 fee, while owners of cars valued at $5,000 to $24,999 would owe $50. The highest tier, $60,000 and above, would owe the state an additional $175.

The majority party hopes to rush the transportation plan through the Legislature by the end of next week.

Brown and Democratic Party leaders figure to have their hands full in gaining a two-thirds approval in both statehouses in such a short span. They will have to persuade nearly every Democratic member to vote for the package, including newly elected Democrats from more conservative swing districts.

Along with Brown, the plan is being pushed by Senate President Pro Tem Kevin de Leon, D-Los Angeles, Assembly Speaker Anthony Rendon, D-Paramount, and the Fix Our Roads Coalition.

Brown defended the new taxes and fees Wednesday to a crowd of transportation workers, lawmakers and lobbyists, calling the plan the "best we can figure out." He said the extra money will allow the state to stop borrowing to fix its decrepit roads and avoid passing the bill to the next generation of Californians.

"This is like fixing the roof on your house: If you don't fix the leak your furniture will be ruined, your rug will be destroyed, the wood will rot. That's what it's all about, so step up and take care of business," Brown said from the steps of the Capitol, drawing applause from the special-interest crowd members.

Rendon was blunt about the shape of California's neglected highways and adamant that the infrastructure could be fixed without borrowing.

"Let's be clear, our roads suck," Rendon said, adding that many Californians spend up to 92 hours in traffic per year.

EXHIBIT 5
PAGE 262
3/30/2017

Under the tax hike, most of the estimated $5.2 billion new annual revenue would be split between patching up local roads and highway repairs. It dedicates $30 billion to quick repairs such as potholes, $7.5 billion to local public transportation projects and $4 billion to bridge repairs.

Recent estimates by the state's nonpartisan Legislative Analyst's Office pegged California's road maintenance repair needs at $12 billion. A rash of powerful winter storms further pounded California's crummy roads and forced Brown to ask for federal emergency relief.

The proposal would invest $52 billion in transportation projects over the next decade.

With significantly fewer members in both houses, the Republican Party can't derail the transportation package without a handful of Democrats. The minority party, which has introduced its own transportation plan that would not require new taxes, said it was left out of Brown's transportation negotiations.

"Negotiated behind closed doors, this is the largest gas tax increase in the state's history," said state Sen. Jim Nielsen, R-Tehama. "The gas tax and car tax will certainly hurt ordinary people."

The Republican proposal would create $5.6 billion for transportation primarily by redirecting state taxes on car sales, truck weight fees and revenue from auto insurance taxes. They say Californians have been robbed at the pump for decades because revenue generated from gas taxes has been funneled into the state's general fund.

Assemblyman Vince Fong, R-Bakersfield, said California's leadership should be held accountable for spending gas taxes on non-transportation projects and wants new oversight and audits for major transportation projects.

"When Californians go to the gas station, we expect every penny of the gas tax that we pay to go to roads. That's a clear principle that we should base any transportation funding package on," Fong said of his proposed Assembly Bill 496 in an interview.

To increase transparency, Brown's deal would ask voters to approve a constitutional amendment to prevent new transportation dollars from being spent on non-transportation projects. The deal would also task the state inspector general to make sure that entities receiving transportation money uses it efficiently and on transportation projects.

The fourth-term governor did not seem too concerned with Republicans' presumed opposition to the $5.2 billion spending plan.

"The only objection is political, and I think that political objection is pretty weak," Brown said.

← Bin Laden Raid Planning Documents Stay Sealed

N.C. Governor Signs 'Bathroom Bill' Repeal →

Related

| Spraying in Almond Orchards May Kill Pollinator Bees | High Court Takes Up Case of Shot Homeless Couple | San Diego Roundup Snares 32 Suspected Car Thieves |
|---|---|---|

EXHIBIT 5
PAGE 263

Search 🔍



# Hundreds of Cases on Fosamax Fractures Revived

PAMELA BAKER    March 28, 2017

PHILADELPHIA (CN) – In a [sweeping reversal](#) against the drugmaker Merck, the Third Circuit revived hundreds of class actions by people whose thigh bones shattered while they were taking the osteoporosis drug Fosamax.

The multidistrict litigation turns on whether Merck Sharp & Dohme had a duty to include a warning on Fosamax labels about the drug's risk of femoral fractures.

Merck nearly dodged the case altogether, however, thanks to a 2009 decision in the case *Wyeth v. Levine*. In that case, the Supreme Court found that federal law pre-empts consumers from bringing failure-to-warn claims under state law when there is "clear evidence" that the Food and Drug Administration would not have approved the warning that a plaintiff claims was necessary.

Though a federal judge in New Jersey granted Merck summary judgment on the remaining Fosamax cases based on *Wyeth*, the Third Circuit overturned that ruling in an 89-page opinion on March 22.

"Preemption is an affirmative defense, and Merck has not carried its burden to prove that it is entitled to that defense as a matter of law," Judge Julio Fuentes wrote for a three-person panel. "The *Wyeth* 'clear evidence' standard is demanding and fact-sensitive. It requires the factfinder to predict a highly probable outcome in a counterfactual world and, therefore, requires a court sitting in summary judgment to anticipate both the range of conclusions that a reasonable juror might reach and the certainty with which the juror would reach them."

**EXHIBIT 5**
**PAGE 264**
3/30/2017

Merck contended that the law was on its side since it had in fact proposed a revision to the Fosamax label that would have included a warning about the risk of bone fractures.

Though the FDA rejected the proposal in 2009, Fuentes said this does not put Merck in the clear.

"The burden and the responsibility to correct a drug label rests with the manufacturer, not the FDA," he wrote. Once the FDA rejected Merck's proposal, the ball was back in Merck's court to submit a revised, corrected proposal."

For the appeals court, the award of summary judgment to Merck was premature.

"Here, plaintiffs have produced sufficient evidence for a reasonable jury to conclude that the FDA would have approved a properly worded warning about the risk of thigh fractures — or at the very least, to conclude that the odds of FDA rejection were less than highly probable," Fuentes wrote.

← Court Orders Gadhafi's Daughter Off EU Blacklist

Judge's Shooting Inspires Texas Court Security Reform →

## Related

| Businesses Challenge Missouri Donation Limits | Shareholders Fight $1.7 Billion Casino Merger | Judge Seems Skeptical of Inmates' Phone Class Action |
|---|---|---|
| December 28, 2016 | November 29, 2016 | March 22, 2017 |

EXHIBIT 5
PAGE 265
3/30/2017

 
Search 🔍

# Jacoby & Meyers Firm Can't Loosen Ethics Rules

ADAM KLASFELD     March 24, 2017

MANHATTAN (CN) — Jacoby & Meyers, the first law firm to advertise on television, does not have a First Amendment right to also make itself the first to fund its operations on Wall Street, the Second Circuit ruled Friday.



In 1977, the Supreme Court's ruling in *Bates v. The State Bar of California* made the New York-based law firm the first to solicit personal-injury clients over the airwaves. That same year Jacoby & Meyers overcame a California ethical prohibition that was preventing it from holding open houses at its offices for journalists.

Blurring the boundaries again in May 2011, the firm filed a series of lawsuits against Rule 5.4 of the Rules of Professional Conduct, written to protect a lawyer's professional independence by forbidding the sharing of legal fees with nonlawyers.

While Jacoby & Meyers framed the rules as a obstacle to being internationally competitive, U.S. District Judge Lewis Kaplan in 2012 likened law firms on the stock market to a "deal with the devil."

"The advisability of allowing non-lawyer equity investment and, perhaps ultimately, public offerings of shares in law practices has become a much debated topic," Kaplan wrote in March 2012.

Jacoby & Mayers soliciting outside funding would not be comparable to nonprofit groups like the American Civil Liberties Union and the NAACP doing the same, the Manhattan federal judge added.

Reviewing that decision four years later, the Second Circuit said Friday that Kaplan's reasoning aligned with Supreme Court precedent.

"In fact, the [Supreme] Court has explicitly distinguished between the First Amendment protections enjoyed by attorneys who, as part of an advocacy group like the ACLU or the NAACP, have recognized associational rights, and attorneys who are engaged in litigation for their own commercial rewards, albeit in the context of advancing or protecting the interests of their clients," U.S. Circuit Judge Susan Carney wrote for the three-judge panel.

Jacoby & Meyers argued that the "right of access to courts is not limited to instances in which attorneys provide services in cases with a political or constitutional dimension," but also the personal injury and other cases.

This lofty argument did not impress the appellate court.

**EXHIBIT 5**
**PAGE 266**
3/30/2017

"Of course, we do not question the right to petition a court, with the aid of a lawyer, for redress," the 26-page opinion states. "But in the context of for-profit law firms that serve their clients' interests as a business, that right belongs to the client, not the attorney."

Meanwhile, the three-judge panel saw clear downsides to flooding law firms with Wall Street money, in terms of professional ethics and independence.

"For example, by proscribing the involvement of unrelated third parties in the attorney-client relationship, the regulations preclude the creation of incentives for attorneys to violate ethical norms, such as those requiring attorneys to put their clients' interests foremost," the ruling states.

U.S. Circuit Judge Gerard Lynch and U.S. District Alvin Hellerstein, the latter sitting by designation from New York's Southern District, concurred.

Jacoby & Meyers has not returned a phone call seeking comment.

← Close the Deal                    Class Sues Microsoft Over Windows 10 Update →

## Related

**9th Circ. Reiterates Overtime for Dealership Advisers**

January 9, 2017

**Lawyer Pleads Guilty in Porn Extortion Plot**

March 7, 2017

**Missouri Sends Right-to-Work Law to Governor**

February 3, 2017

**EXHIBIT 5**
**PAGE 267**

# Ex-School Boss Accuses Beverly Hills Cops of Vendetta

MATT REYNOLDS    March 13, 2017

LOS ANGELES (CN) — It started as a feud between neighbors and erupted into an arrest on a charge of misdemeanor battery, garnering enough press attention to force a Beverly Hills School District president to temporarily step down.

Now former school board president Brian Goldberg has added another layer to the intrigue, claiming in Superior Court that Beverly Hills Police arrested him on a fabricated charge of assaulting an 18-year-old woman, because he'd called attention to a former police chief's financial ties to a private security firm hired to patrol campuses.

The dispute has its roots in a March 9, 2015, incident in which a woman at his apartment building accused him of assault, Goldberg says in a March 9 civil rights complaint against the City of Beverly Hills and its Police Department.

At the time, Goldberg was president of the Beverly Hills Unified School District. He says the woman had previously caused disturbances at their building in the 200 block of Tower Drive and that he had merely bumped into her. But police told the Los Angeles Times that officers had seen injuries, and the woman complained of pain to her head and shoulder.

The woman accused Goldberg of dangerous driving in the building's parking garage. She followed him into an elevator. Goldberg said he felt he was being held "hostage" when she held the elevator to stop it from moving, so he bumped past her to get out, according to the Times.

The woman, however, claimed Goldberg had shoved her once in the elevator, hurting her head, and pushed her to the ground as he left.  But when officers arrested him, according to his complaint, they "should have known that the complaining parties ... had a history of fabricating and asserting bogus claims of domestic-related conduct, and that video footage of plaintiff's encounter with the purported victim existed corroborating plaintiff's account while casting serious if not conclusive doubt on the purported victim's veracity."

Police Chief Sandra Spagnoli referred Courthouse News Service to police Lt. Lincoln Hoshino, who said he could not comment on pending litigation.

Goldberg told the Times that he had complained to law enforcement several times before the incident after hearing screaming and crying coming from the woman's apartment.

"We have had bad blood with these neighbors for some time," Goldberg told the Times for its March 10, 2015 story.

In his complaint for constitutional violations, Goldberg says the officers knew he was president of the school board and arrested him because he had "had called attention to and exposed the appearance of corruption and collusion involving the BHPD and Evidenced Based, Inc. ('EBI'), a private security company. Among the acts plaintiff exposed were payoffs by EBI to the then-BHPD police chief, and the refusal of the BHPD to provide on-campus security services to the School District, a refusal that appeared calculated to force the School District to hire EBI for security services."

Goldberg's attorney Donald Cook said there were emails and canceled checks to support the claims that then-Police Chief David Snowden had received payments, including checks for consulting work.

"There's quite a bit of circumstantial evidence," Cook said. He added that Goldberg had "some major employment opportunities that got scuttled because of this."

Snowden retired in 2015, but not before catching some heat for his ties to Evidence Based Inc. The Beverly Hills Courier reported in May that year that public records requests revealed thousands of pages of documents establishing that Snowden had worked as a consultant for the firm. The security firm's CEO John McLaughlin said that Snowden consulted for the

EXHIBIT 5
PAGE 268

company from October 2012 until October 2014. A copy of his contract says that he would be paid $2,500 a month for his work, the Courier said.

Goldberg says in his complaint that he had no prior criminal record and was well known in the community. Police officers charged him with misdemeanor battery. Typically that should lead to a quick release, he says, but police kept in jail overnight and released him the next morning at 8 a.m. with a citation.

The police "kept plaintiff in custody overnight to exploit the reputational harm and injury plaintiff would suffer as a result of this bogus arrest, an arrest defendants probably knew would (and did in fact) generate substantial publicity given plaintiff's status," the complaint states.

In a government claim for damages filed on Sept. 8, 2015, Goldberg says police notified the media that he was guilty and had struck the tenant. He says he lost a position as an executive director at the Keck School of Medicine, depriving his children of the opportunity for full scholarships at the school. Goldberg stepped down as president of the school district shortly after his arrest.

The police department later dropped assault and battery charges, he says.

In an email, Goldberg told Courthouse News that he had initially stepped down but was reinstated as board president after he showed surveillance footage from his building to other board members. He said he had completed his second 4-year term in December 2015.

Evidence Based is an Irvine-based firm founded by McLaughlin, a retired Irvine police officer. It won a $1.4 million, 18-month contract to patrol the schools' campuses. The armed private cops were part of the firm's Campus Safety program, created after the mass shooting at Sandy Hook Elementary School, the Orange County Register reported in late 2013. The Courier said the patrols included retired Beverly Hills officers.

Goldberg seeks general, special and statutory damages for violations of the First, Fourth and 14th Amendments, the California Constitution, and government misconduct under the California Civil Code.

← Judges Strike Down 3 Gerrymandered Texas Districts

Bewildered Farmers Sue Fresno County for Overkill →

## Related

| First Circuit Revives Boston Drug-Testing Case | Black Family's Charges Dropped After Bodycam Video Surfaces | Charleston Jury Asks Judge How 'Passion' Differs From 'Fear' |
|---|---|---|
| December 30, 2016 | January 26, 2017 | December 2, 2016 |

≡ SECTIONS ∨    🄲 HOME                                    Search 🔍



# Louisiana Locals Sue Over Toxins in Drinking Water

SABRINA CANFIELD        March 7, 2017

DONALDSONVILLE, La. (CN) – More than a dozen plaintiffs in Donaldsonville, a small town southeast of Baton Rouge, are asking for class certification in a **lawsuit** brought due to toxins in their drinking water.

Lead plaintiff Horace Dorsey and 15 others say in a March 3 lawsuit filed in Ascension Parish District Court that privately run Peoples Water Service of Donaldsonville failed to take action or report chlorine dioxide levels four to five times the standard in the water supply.

Tests over a six-month period, from September 2015 until March 2016, showed dangerously high levels of the chemical, and yet nothing was done, and the public was not notified, the lawsuit says.

Finally, on March 22, 2016, Donaldsonville Mayor Leroy Sullivan called a "state of emergency," and urged the town's residents not to drink the water after the state Department of Health and Hospitals announced Peoples Water had not disclosed chlorine dioxide levels were four to five times the standard set by the Environmental Protection Agency.

Chlorine dioxide is a chemical used in small quantities in drinking water to treat harmful bacteria, but elevated levels are known to cause serious nervous system damage in certain people, including infants, young children, and unborn fetuses in pregnant women, according to a statement from Louisiana State Health Officer, Dr. Jimmy Guidry.

However, DHH said adults who are not pregnant and older children with developed nervous systems should be fine drinking water containing elevated levels of the chemical.

EXHIBIT 5
PAGE 270
3/30/2017

The agency issued an inspection report on March 22, 2016, that said records examined during an on-site inspection of the Peoples Water Company showed that workers for the company had recorded chlorine dioxide levels above the EPA's drinking water standards during the months of September, October, November, December, January and March.

The company did not report test results of collect more water for additional tests, DHH said. The water company serves roughly 10,000 people in the Donaldsonville area.

"Today, we were provided with information that is both alarming and confusing," Guidry said in a statement issued at the time. "We are concerned that there appears to be elevated levels of chlorine dioxide leaving the plant. But we also have concerns about the testing procedures used by the water system and the overall training of the operators as well as questions about the technology used to conduct the sampling."

Guidry said the water was officially deemed unsafe to drink out of an "abundance of caution."

Four days later, on March 26, 2016, DHH declared the water again safe to drink after reportedly conducting tests at five different sample sites.

The lawsuit was filed against Water Treatment & Controls Company, also known as Peoples Water Service of Donaldsonville, and formerly Peoples Water Company of Mayland, Inc.

Plaintiffs seek damages for costs associated with finding another water source, inconvenience, fear, fright and mental anguish, among other maladies.

Jeff Nicholson, of Baton Rouge, who filed the lawsuit did not immediately reply to a phoned request for comment.

← Dems Lash Out Over Gorsuch's Record on Employment

Smartphone Maker to Pay $890M for Iran Deals →

### Related

**Dreamer Released From Immigration Jail — for Now**

March 13, 2017

**San Diego-Tijuana Mayors Tout Economic Cooperation**

February 7, 2017

**Battle Over NYC's Webster Hall Hits Federal Court**

March 8, 2017

≡ SECTIONS ⌄     HOME                                  Search 🔍

# Whistleblower Suit Filed Over Baby Formula Worries

LORRAINE BAILEY     February 10, 2017

CHICAGO (CN) – A former Mead Johnson compliance director claims in court that she was fired for urging a full investigation of potential contamination of its Enfamil infant formula.

Linda O'Risky, former global product compliance director for Mead Johnson Nutrition Co., says in a lawsuit filed Thursday in Chicago federal court that she was "marginalized and eventually terminated after she began raising and escalating concerns about serious safety issues related to defects in the manufacture of Mead Johnson's ready-to-use infant formula."

Her complaint describes the corporate culture at Mead Johnson as one that prioritized profits over infant safety.

O'Risky says she first learned about problems with Mead Johnson's Enfamil infant formula in March 2015, when the company rejected one million units due to leaking seals. She allegedly became worried that there could be more products with a similar problem, and urged the company to investigate.

Mead Johnson touts its hermetically sealed liquid formula as safer than powdered formula.

However, "the individuals assigned to investigate the problem falsely claimed that a defective seal did not constitute a food safety or [Food and Drug Administration] compliance problem, since any spoilage resulting from a defective seal would be obvious to a consumer," the complaint states.

O'Risky claims she provided management with FDA regulations and examples of prior enforcement actions showing that the contamination threat must be reported to regulators, but they did not want to face the issue.

"It became clear that senior management's hope was that the defective products would make their way through the marketplace without any major incidents of harm to consumers and without having to fulfill their legal obligations to report the known problem," she claims.

O'Risky says she began to be excluded from meetings and shunned by co-workers, which made it difficult for her to do her job.

She was ultimately fired, purportedly as part of a company-wide layoff, but of all the laid off employees, only O'Risky had her computer confiscated and was immediately escorted off the premises, according to the complaint.

She seeks punitive damages for retaliation, reinstatement to her former position and double back pay.

**EXHIBIT 5**
**PAGE 272**
3/30/2017

Mead Johnson spokesman Chris Perille said in a statement, "The packaging matter cited in the suit was thoroughly reviewed by the U.S. Food and Drug Administration, and no action was required." He did not directly address O'Risky's retaliation claims.

O'Risky is represented by Debra S. Katz with Katz, Marshall & Banks in Washington, D.C.

On Friday, England-based Reckitt Benckiser announced that it is buying Mead Johnson for $16.6 billion, based on $90 per share.

← Feds Avert Challenge to Roundup of Wild Horses          Courthouse News Top Download →

## Related

**Pair Ready to Blow Whistle on Air Quality Regulator**

February 22, 2017

**Pharma Patent Dispute Picked Up by High Court**

January 17, 2017

**Texas Sues United States for Execution Drugs**

January 4, 2017

EXHIBIT 5

PAGE 273

  **SECTIONS** ⌄  **HOME**

Search 🔍

# Insulin Drug Makers Accused of Price-Fixing Plot

LORRAINE BAILEY        February 3, 2017

(CN) – Diabetes patients filed a class-action RICO suit against the three major manufacturers of insulin, claiming they schemed to inflate the cost of the life-saving medication for their own profit.

Novo Nordisk, Eli Lilly and Co., and Sanofi U.S. are the three primary makers of insulin, a drug that diabetic patients need on a daily basis to survive. Patients filed a 171-page lawsuit against the pharmaceutical companies Thursday in New Jersey federal court on the heels of another action filed in Boston earlier this week.

Insulin was first synthesized for human use in 1922, and the first synthetic insulin was produced in the early 1960s. Little has changed about the drug since.

However, despite little to no costs for research and development, the price of insulin has skyrocketed over 150 percent in the last five years, and tripled in price from 2002 to 2013, patients claim.

Drugs that used to cost $25 now cost between $300 and $450. Some patients pay almost $900 per month for their medicine, according to the complaint.

Price-gouging by pharmaceutical companies frequently made headlines in 2016, and President Donald Trump pledged to address increasing drug prices in his campaign, saying the industry was "getting away with murder."

Public outrage followed Martin Shkreli's decision to increase the price of a drug to treat toxoplasmosis 5,000 percent from $13.50 to $750 a pill, and Mylan Pharmaceuticals CEO Heather Bresch was likewise called before Congress to explain the sixfold increase in the price of the Epipen used to treat severe allergic reactions.

The alleged price-gouging of insulin has a far wider impact than these prior scandals, as an estimated 29 million people in the U.S. suffer from the disease.

"Increased benchmark prices [for insulin] are the result of a scheme and enterprise among each defendant and several bulk drug distributors," the complaint says. "In this scheme, the defendant drug companies set two different prices for their insulin treatments: a publicly-reported benchmark price – also known as the 'sticker' price – and a lower, real price that they offer to certain bulk drug distributors."

The three biggest pharmacy benefits managers, or PBMs – Express Scripts, CVS Health, and OptumRx – are the biggest of these bulk distributors, controlling more than 80 percent of the market with $200 billion in annual revenue.

**EXHIBIT 5**

**PAGE 274**

3/30/2017

Insulin Drug Makers Accused of Price-Fixing Plot                    Page 2 of 3
Case 8:17-cv-00126-AG-KES    Document 34    Filed 03/31/17    Page 276 of 308    Page ID
#:1588

As compensation for their role in negotiating the drug prices paid by insurance companies, PBMs pocket a percentage of the difference between the reported benchmark price, and the real price they secure – a price that is protected from public disclosure as a trade secret.

"Taking advantage of these realities, drug manufacturers competing with the same therapeutic class have begun to offer the PBMs higher *benchmark prices* instead of lower *real* prices," the complaint states. "In other words, instead of marketing lower real prices to PBMs, they market the spread *between* prices. The drug manufacturer with the largest spread between benchmark and real price is more likely to secure a PBM's preferred formulary position, and, as a result, the business of that PBM's clients." (Emphasis in original.)

A Bloomberg analysis shows Sanofi and Novo Nordisk increased their benchmark prices in 2014 in lockstep, strongly suggesting to diabetes patients that the companies acted in concert to inflate insulin prices.

Patients claim the impact of the drug companies' conduct has been financially devastating.

"Patients' out-of-pocket payments for their medications are typically based on their drugs' reported benchmark prices, not their concealed real prices. As a result, defendants' benchmark price arms race has saddled individuals living with diabetes with crushing out-of-pocket expenses," they say.

Some class members claim they are forced to go without insulin and directly threaten their health because they cannot afford the drug's steep price increases.

"I often cry, and I think, have I done something wrong that I can't afford to take care of myself?" one unidentified diabetes patient was quoted as saying in the complaint.

Another expressed anger, saying, "I feel so taken advantage of; now, I can't afford my medications, and for what? All so some drug company can profit from my sickness?"

In Europe, insulin costs about one-sixth of what it does in the U.S. because the government is directly involved in negotiating drug prices with the pharmaceutical companies, according to the New York Times.

Patients are not the only class alleging the drug makers engaged in an illegal scheme to inflate prices. Novo Nordisk shareholders filed a securities class action against the company two weeks ago, claiming it colluded with Sanofi and Eli Lilly to set the prices for insulin, thereby falsely inflating its share price.

The patients' class action seeks damages for violations of the federal RICO Act, and makes claims under all 50 states' consumer fraud statutes. They are represented by James E. Cecchi with Carella, Byrne, Cecchi, Olstein, Brody & Agenello in Roseland, N.J., and Steve Berman with Hagens, Berman, Sobol, Shapiro in Seattle.

Gregory Kueterman, an Eli Lilly spokesperson, said in a statement, "Lilly disagrees with the allegations reported to be in the lawsuit. We conduct business in a manner that ensures compliance with all applicable laws, and we adhere to the highest ethical standards."

Novo Nordisk and Sanofi also issued statements denying the allegations.

**EXHIBIT 5
PAGE 275**



# San Diego Sued Over Gang-Conspiracy Arrests

BIANCA BRUNO     January 31, 2017

SAN DIEGO (CN) – Two men have sued the city of San Diego, claiming they were detained for months under an obscure California gang conspiracy law and charged with murders they didn't commit.

Brandon Duncan and Aaron Harvey sued the city on civil rights violations related to their arrests and seven-month detention following a gang investigation by San Diego Police detectives Rudy Castro and Scott Henderson. The detectives investigated a series of shootings between May 2013 and February 2014 in the Lincoln Park neighborhood, about 15 minutes southeast of downtown.

The men claim in their 23-page lawsuit, filed Jan. 10, that they were wrongfully charged under state penal code section 182.5. According to the statute, anyone who is part of a gang and is promoted by or benefits from any felony acts committed by members of the gang can be charged with conspiracy to commit that crime.

Duncan, a rapper who goes by the name Tiny Doo and raps about the Lincoln Park neighborhood where he grew up, was charged with conspiracy to commit murder based on lyrics from his album "No Safety." The district attorney said Duncan benefitted from gang crimes because he had "status" to rap about what prosecutors claimed were gang activities.

Duncan rebuffed the characterization he gained "status" from selling the album, however, telling Courthouse News that "No Safety" was a free downloadable album anyone could get off the internet.

Harvey was studying to become a real estate agent when he was arrested based off Facebook posts and photos that prosecutors said tied him to the Lincoln Park gang.

The morning of June 19, 2014, Duncan heard voices outside his home as he was getting ready for work. He opened his front door to a group of armed San Diego Police officers, who arrested him.

Duncan was detained for hours in a police car outside his home while his home was "searched and ransacked" by officers who did not have a warrant, the complaint states.

After bringing Duncan to the police station, detectives Castro and Henderson told the rapper he was being arrested because of his music lyrics.

EXHIBIT 5
PAGE 276
3/30/2017

http://www.courthousenews.com/san-diego-sued-over-botched-gang-conspiracy-case/

Duncan was unable to post the $1 million bond – later dropped to $500,000 – and he remained behind bars while awaiting trial.

Harvey was living in Las Vegas when he was swarmed by armed agents from the U.S. Marshals Service. The officers told him he was being arrested for "a number of murders in San Diego."

Harvey claims he "had no idea what the marshals were referring to."

He spent three weeks in a Las Vegas jail before being picked up by Castro and Henderson on July 30 and driven to San Diego, where he was held on $1.1 million bail.

The men say they were arrested and jailed over their free speech activities, protected by the First Amendment.

At a preliminary hearing in November 2014, a San Diego Superior Court judge expressed "significant reservations" but initially found probable cause existed to charge Duncan, Harvey and others under section 182.5

Both Duncan and Harvey pleaded not guilty to multiple charges at their arraignment the following month, according to the complaint.

At a later preliminary hearing for other defendants charged in the same case, the court found there was no probable cause for the section 182.5 charges against the other individuals.

Following that hearing, Duncan and Harvey's bail amounts were lowered and they were able to post bond, with Duncan being released from jail Jan. 19, 2015 and Harvey released Jan. 21.

The two men moved to have the charges set aside, which Superior Court Judge Louis Hanoian granted on March 16, 2015.

Harvey and Duncan say they have ongoing psychological and financial problems due to their seven-month incarceration. They want a jury to award them unspecified damages for constitutional violations related to their arrest and detention.

In an interview at their attorney's office, both men said the case was "bigger than them" and represented the district attorney's "political agenda."

Harvey and Duncan grew up down the street from each other. Both men said they had "typical" childhoods spent playing football and riding bikes, and said they always felt safe in their neighborhood.

But both men ended up on a statewide database called CalGang, which is used by law enforcement officials to track people who police document as gang members.

Harvey said he didn't know he was on the CalGang database the day he was cornered by "a dozen people screaming all different things" even though, by his count, he had been stopped by police 50 to 75 times starting when he was nine years old.

"No, I'm not in a gang," Harvey said. "But per CalGang, everyone is a gang member. It's not illegal to be a gang member. But there's a criminalization of culture where they paint this picture of a gang member and lock up 33 people the DA admits had nothing to do with the crimes. Nobody says a peep because they're considered gang members, which is just a tag that is used to throw people away."

EXHIBIT 5
PAGE 277

Harvey said he believes he and Duncan would still be in jail were it not for the media attention the case got – particularly when journalists latched onto the concerns about the potential violation of First Amendment rights the case raised.

Both men have since become activists, booking speaking engagements and working with Assemblywoman Shirley Weber, D-San Diego, on legislation passed last year which requires law enforcement agencies to notify anyone added to the CalGang database so they can dispute their inclusion.

A state audit of CalGang released this past August showed the lack of oversight and problems with how people are entered led to major errors in the database, including 42 infants who'd been listed as gang members. Auditors found the problems diminished the database's "crime-fighting' value.

Duncan said his case raises questions about policing free expression.

"I understand being tough on gangs, but I feel like you do the crime, you do the time," Duncan said. "I shouldn't be doing time for crimes you know I didn't commit. The district attorney thought my music wasn't the type of music that should be made. I guess they feel like people in the urban community don't have First Amendment rights; it applies to everybody else, just not us."

Mark Zebrowski, Harvey and Duncan's attorney, said he doesn't think the DA should spend resources on "test cases" to see if their interpretation of penal code 182.5 holds up in court.

"I don't think you should arrest people, put them in jail and do that when they have been charged with no underlying connection to any crime," Zebrowski said.

"You do that to see if you can apply some law in some new way and get away with it. It doesn't seem right, particularly when you have these guys in jail with no ability to get out on any reasonable bond or bail, and they're going to sit there and rot while you're seeing if what you're doing is right and you're doing that because of music and Facebook."

Zebrowski said the deputy district attorneys who worked on the case have prosecutorial immunity from litigation, which is why they are not being sued in Harvey and Duncan's civil case.

City Attorney spokesman Gerry Braun said his office is reviewing the case. A spokeswoman for the San Diego District Attorney's Office did not return an email request for comment.

← Pharmaceutical Merger                    Illinois College Accused of Bias Against Men →

## Related

| San Diego Police Chief Grilled Over Report on Police Bias | Mystery Remains in Hearing on Toddler's Disappearance | San Diego Cleared of Black Cop's Retaliation Claims |
| --- | --- | --- |
| December 1, 2016 | December 7, 2016 | February 16, 2017 |

EXHIBIT 5
PAGE 278
3/30/2017

Case 8:17-cv-00126-AG-KES   Document 34   Filed 03/31/17   Page 280 of 308   Page ID #:1592

 ☰ SECTIONS ∨    HOME

Search 🔍

# SEC Says Lawyer 'Outright Stole' $9 Million From Clients

ROBERT KAHN     December 28, 2016

LOS ANGELES (CN) — While taking $72 million from them, a Newport Beach attorney "outright stole at least $9.6 million" from Chinese citizens trying to secure EB-5 investor visas, the SEC said in a federal lawsuit Tuesday.

The SEC sued Emilio Francisco, his company PDC Capital Group and a long list of other companies in which he's involved.

Francisco, a graduate of UC-Irvine, got his law degree from Western State University in 1976. He was disciplined by the state bar in 1994 and his license was suspended in 2012, "for a variety of types of misconduct," the SEC says in its lengthy complaint. He is an active member of the bar today.

The SEC calls PDC Capital "his marketing firm," through which Francisco induced foreign investors to put money into 20 other defendant businesses, including Caffe Primo Management (restaurants), assisted living homes and cleaning products.

Under the EB-5 visa program, foreigners can apply for permanent U.S. residence if they invest $500,000 or more in businesses in some defined areas that create U.S. jobs. The program has been widely abused by promoters who take the money and run. Chinese investors are frequent targets. The abuses were so rampant in South Dakota that that state shut down its program.

The SEC says Francisco sent $19.2 million directly to PDC Capital as "administration fees," though that "exceeded by about $12.65 million the total administration fees paid by investors."

Of that $12.65 million in diverted money, Francisco "outright stole at least $9.6 million" the SEC said in a statement, and used it "to support his luxury lifestyle including the purchase and maintenance of a yacht," according to the complaint.

The SEC seeks disgorgement, restitution, penalties and an injunction on four counts of securities fraud and aiding and abetting.

A web page posted in 2009 and still on the internet Wednesday lists Francisco as owner of a Debt Reduction Law Center, and credits his "extensive experience in both litigation and transactional law" with "helping him to establish a network of nationwide partnership and counsel of over 70 attorneys based in most of the fifty states."

His license was suspended for his work at his Debt Reduction Law Center, according to the California Bar, for "failing to adequately supervise his employee debt analyst," and "repeatedly fail(ing) to perform legal services with competence in willful violation of Rules of Professional Conduct," and failing to promptly refund advanced fees "that had not been earned."

**EXHIBIT 5**
**PAGE 279**
3/30/2017

The bar cited multiple acts and/or a pattern of misconduct as aggravating factors:
"Respondent's misconduct involved ten (10) separate client matters and sixteen (16) counts alleging violations of the Rules of Professional Conduct which constitute multiple acts of misconduct."

← Reporter Sues FBI & CIA for Info on Russian Hacking

Aaron Hernandez Fights to Suppress Tattoo, Phone Evidence →

## Related

**California Wildfire Blamed on Stuck Power Line**

December 22, 2016

**Experts Sketch Future of Trump Immigration Reform**

November 30, 2016

**California Sues Feds to Stop Offshore Fracking**

December 20, 2016

**EXHIBIT 5**
**PAGE 280**

☰ SECTIONS ˅    HOME

Search

# Suit Claims Dentist Used 'Barbaric' Restraints

**DON DEBENEDICTIS**   November 10, 2016

SANTA ANA (CN) — A pediatric dental office forced to shut down for two months because its tainted water supply caused infections in nearly five dozen children now faces a lawsuit from parents of a child they claim was restrained in a "barbaric straitjacket-like device" during a type of root canal.

The Superior Court lawsuit filed Friday by Sergio and Lorena Sanchez appears to be the first over problems at the Anaheim office of Children's Dental Group. At least 57 children treated at the office developed difficult-to-treat mycobacterial infections traced to a contaminated water system.

The Sanchezes say they don't yet know whether their son Leonel was infected during the pair of pulpotomies, known as baby root canals, he received from the group.

But they say that dentists at the Anaheim office restrained the 6-year-old boy, who is autistic, "against his will on a 'papoose board' during the procedure, which took approximately 90 minutes."

They had "paid $750.00 for anesthesia, but do not know if it was actually administered," their suit says.

They also allege that "two pulpotomies performed upon Plaintiff Leo, were medically unnecessary and were performed in order to exploit Plaintiff Leo's insurance benefits."

"They make a lot of money on these," the Sanchezes' attorney, Catherine Lombardo of the Napolin Law Firm in Claremont, said in an interview Wednesday.

She said she expects to fill additional lawsuits on behalf of infected children Friday and next week.

Besides the dental group, the lawsuit names as defendants six dentists, Jerry Minsky, Rita Chuang, Gabriel Mizraji, Lillian Ho, Karla Thompson and David Han, as well as Minsky's own dental group.

In an email Wednesday, Children's Dental Group CEO Sam Gruenbaum said he could not comment on the pending litigation. "We provide this service and do our work because we care for the children in our community," he wrote. "We want them to have access to quality care from excellent dentists and caring staff, and sincerely regret that any patient had complications."

In a separate email to the Orange County Register, Gruenbaum said the company has replaced the contaminated water system with one designed to protect patients' health and safety, adding that the Anaheim office hopes to begin seeing patients again Nov. 21.

Pulpotomy patients apparently were infected at the office from March 1 through Aug. 11, according to news accounts. Eventually, 57 children were hospitalized for the challenging infection at CHOC Children's Hospital of Orange County. One girl had part of her jaw removed, according to news accounts.

The Orange County Health Agency ordered the office to stop using its on-site water system

EXHIBIT 5
PAGE 281
3/30/2017

on Sept. 15, and the county board of supervisors gave an emergency $150,000 grant to the hospital to treat those infected. The healthy agency lifted its prohibition Nov. 8 after Children's Dental Group replaced the contaminated water system.

The Sanchezes say Leo received his treatments in May, but they were not allowed to be with him for the procedure.

Lombardo said they learned about the "papoose-board" from talking to their son. "The clinic calls it a hugging blanket," although it also straps down the child's head, she said.

Guidelines from the American Academy of Pediatric Dentists do allow "protective stabilization" in unusual situations with parents' consent. But the Sanchezes were never informed about the restraints, their lawsuit says.

The couple learned about the spate of infections in July from a dental office phone call. Although they took Leo back to Children's Dental Group clinics for follow-ups repeatedly since then, they have never been informed whether his tests indicate infection, according to the suit.

But when they bring him back to the clinic, he "tearfully begs his parents not to take him to the dentist, and cries that he 'will be a good boy.'"

They allege that if they had been informed about the infections or the "papoose board," they never would have consented to the pulpotomies.

The lawsuit seeking punitive damages accuses the defendants of malpractice, battery, false imprisonment, misrepresentation, negligence and infliction of emotional distress.

← Texas Women Fight Rule for Burial of Miscarriages

DOJ Stumbles at Hearing on Detaining Immigrants →

**EXHIBIT 5**
**PAGE 282**

Fed-Up Developer of Newport Banning Ranch Sues Calif. Coastal Commission for $490 ...    Page 1 of 2

Case 8:17-cv-00126-AG-KES    Document 34    Filed 03/31/17    Page 284 of 308    Page ID
#:1596



≡ SECTIONS ∨    HOME

Search

# Fed-Up Developer of Newport Banning Ranch Sues Calif. Coastal Commission for $490 Million

DON DEBENEDICTIS    November 8, 2016

SANTA ANA, Calif. (CN) — A long-festering fight over 400 acres near Newport Beach has landed in Superior Court, where the developer of Newport Banning Ranch sued the California Coastal Commission for $490 million for rejecting its plan to build a hotel, stores and nearly 900 homes near coastal bluffs.

The blistering lawsuit, filed Friday by developer Newport Banning Ranch and the field's two owners, Cherokee Newport Beach and Aera Energy, accuses the commission of holding a "borderline sham" hearing of biased presentations from its staff and then arbitrarily denying the project.

"Specifically, the presentation was marked by erroneous, irrelevant, omitted, or completely unsupported information regarding the Revised Project and NBR [Newport Banning Ranch] property and on key issues for decision by the Commission — all of which portrayed the Revised Project and NBR in an unfavorable light," according to the lawsuit in Orange County Court.

The project has been dogged by controversy, particularly because hearing on it came after the Coastal Commission fired its popular executive director, Charles Lester, in February. His many supporters claimed the commission fired him because he refused to buckle to pressure from developers. One commissioner said the problem involved his leadership approach.

The California Coastal Commission has tremendous power in its oversight of coastal development. A spokeswoman for the commission said Monday she could not comment on the lawsuit because the agency had not been served.

The commission rejected the project by 9-1 at its Sept. 7 meeting. One commissioner described the land at issue as one of only two intact coastal bluff ecosystems remaining in Southern California, with "the largest concentration of endangered and threatened species in Orange County" and several Native American archeological and burial sites.

"You can't make a mistake with that and turn back when you find you haven't had it quite right," Mary K. Shallenberger said then, in moving to reject the project. "If we don't get it right, things will be lost forever."

George Soneff, with Manatt, Phelps & Phillips, one of the developer's attorneys, referred questions to the development's senior project manager, Michael Mohler, who could not be reached late Monday. But in a statement, Mohler said that during the Sept. 7 commission meeting, "there were an extraordinary and unprecedented amount of procedural errors, misinformation and errors in fact that did not provide the opportunity for a balanced decision that considered all the facts."

The property at the center of the case is "a large, degraded brownfield site with scattered oil operations in a highly desirable and valuable coastal location, surrounded by urban

Fed-Up Developer of Newport Banning Ranch Sues Calif. Coastal Commission for $490 ...    Page 2 of 2

Case 8:17-cv-00126-AG-KES    Document 34    Filed 03/31/17    Page 285 of 308    Page ID
#:1597

development —which has sat fenced off from the public for over 70 years," the developer says
in its lawsuit. About 60 wells are still producing oil.

Newport Banning Ranch won approval from the city of Newport Beach in 2008, to clean up
the property and develop it with a small hotel, 75,000 square feet of retail space, 1,375 homes,
open space, parks and new roads.

The developer submitted the proposal to the Coastal Commission in 2013. "What followed
thereafter was a years-long series of delays and ever-expanding demands from commission
staff," the lawsuit says.

In 2015, Newport Banning Ranch proposed a scaled-back plan, but the commission told it to
revise the project further. Yet, the developer says, "Each time NBR resolved a commission staff
issue, commission staff would raise the bar higher, adding yet new requirements."

The developer itself asked for an extension in May this year, to give it more time to address
the Coastal Commission's concerns.

By then, the developer had trimmed the proposal to 895 homes and 45,000 square-feet of
commercial space, added affordable housing and shrunk the developed area by 40 percent, to
62 acres.

Then, two weeks before the Sept. 7 meeting, the Coastal Commission's staff issued a new
report, demanding more cutbacks to protect foraging grounds for rare burrowing owls. The
commission staff added an addendum to its new report at 5 p.m. Sept. 2, the Friday before
Labor Day, and amended it again on Sept. 6, according to the complaint.

During the commission's Sept. 7 meeting, senior staff counsel Alex Helperin said developers
typically propose plans they know go beyond what California's Coastal Act would allow and
then scale back the plans as part of the "iterative process" with staff.

He told the panel that the staff's revised Banning Ranch proposal "is consistent with the
Coastal Act."

In its lawsuit, Newport Banning Ranch calls the late issue of burrowing owls an "ambush." It
claims the proposed reduction to the project would have "eviscerated" it by confining
development to "three disjointed areas totaling little more than 10 acres."

During the meeting, commission members questioned the last-minute recommendation.
But they were "persuaded by the need to designate additional foraging habitat for breeding
burrowing owls, a decision which effectively destroyed the Revised Project," the developer says
in the complaint. "It was an arbitrary action, and not supported by the evidence."

Newport Banning Ranch asks the court either to order the Coastal Commission to approve
the project, or to pay it $490 million in damages for inverse condemnation.

← Shareholders Want Billions From ExxonMobil    Jury Selection Begins in Corruption Trial →

EXHIBIT 5
PAGE 284

 

# Family Sues Cops in Shooting Death of Child

SABRINA CANFIELD     October 28, 2016

(CN) — Two Louisiana police officers who shot a six-year-old autistic boy to death at the conclusion of a high speed car chase with his father were improperly trained, the child's family claims in a lawsuit.

In a complaint filed in the federal court in Alexandria, Louisiana Oct. 26, the boy's father, Chris Few, and other family members claim the two deputy city marshals who opened fire on the car in which the boy, Jeremy Mardis, was sitting, had long histories of violence on the job, where never trained not to shoot to kill, and were hired by a department with no standing hiring policies in place.

As recounted in the 96-page complaint, Few says he has no idea what precipitated the car chase or his being pursued by deputies Derrick Stafford and Norris Greenhouse Jr. on the evening of Nov. 3, 2015.

During the chase two other officers, Jason Brouillette and Kenneth Parnell III, were called in as backup.

To date, the complaint says, Greenhouse "has yet to provide a reason for having initiated the stop to any law enforcement personnel officially involved in the investigation of these events."

Few says the chase ended when he unknowingly drove onto a dead-end street. The four officers stopped at the opening of the dead-end.

Once stopped, "Stafford and Greenhouse immediately exited each of their vehicles and drew their duty weapons — .40-caliber semi-automatic pistols loaded with jacketed hollow-point bullets — and aimed them at Christopher Few," the lawsuit said.

Few was told to put his hands up in the air — and he did.

"Despite [Few] putting his empty hands in the air, Stafford and Greenhouse almost immediately began firing their duty weapons at Christopher Few and Jeremy Mardis."

Greenhouse fired four times and Stafford fired a total of 14 times into the car.

"There was no precipitating gunfire by Christopher and there was no return fire," the lawsuit says.

Jeremy Mardis was later pronounced dead at the scene, but his family says he did not immediately die from his wounds, and suffered for a period of time before dying.

Body camera footage released since the boy's death reveals the police officers made no effort to check his pulse for life or render first aid for several minutes after the shooting, the lawsuit says.

During a news conference last year, Louisiana State Police Col. Mike Edmonson said the video was the most disturbing thing he had seen, according to an account from the Associated Press.

The video shows Few collapsed and bleeding on the ground and his son's lifeless body still strapped in the front seat.

"Any objectively reasonable officer would and should have concluded that deadly force was

EXHIBIT 5

PAGE 285

3/30/2017

not necessary or justified as no imminent threat of death or great bodily harm existed when Stafford and Greenhouse began firing," the lawsuit says.

The boy, though pronounced dead at the scene, writhed in pain for approximately ten minutes before finally dying, his family's lawsuit said.

"Stafford, Greenhouse, Brouillette and Parnell did not render or provide first aid, timely medical treatment or any comfort measures intended to alleviate pain and suffering to Christopher or Jeremy."

Few was placed in handcuffs shortly after, but body camera video shows that the officers did not search Few or his car immediately following the shooting, "making it apparent that they did not perceive Christopher or Jeremy as an imminent threat or risk of death or great bodily harm."

"In fact, each of the officers at the scene appear to have holstered or otherwise secured their weapons prior to Christopher ever being handcuffed or otherwise secured," the lawsuit says.

Greenhouse and Stafford were arrested by the Louisiana State Police on second degree murder charges days following the shootings.

The bolster their argument that Stafford and Greenhouse had a history of employing excessive force on the job, the family pointed to a series of incidents that have occurred since 2011.

In January 2011, the family says, police were called to intervene in a dispute between a young mother and a tow truck driver. Among the officers who responded to the scene was Stafford, who forcefully put the mother in handcuffs despite that she was carrying an infant and forced her into the back of a patrol car.

Once she was in the car, Stafford used a stun gun on her multiple times, the lawsuit claims.

In June 2011, Stafford used a stun gun on the chest of a man who was handcuffed and already in police custody, the family says.

In December, 2012, Stafford jumped on top of a 16-year-old girl on a school bus and broke her arm after police were called to break up a fight in which the girl was being bullied. A lawsuit was later filed, court documents say.

In July, 2012, Stafford ordered a false warrant and arrest of a man who had complained about the officer's conduct during a parade. After the man's arrest, Stafford was accused of using excessive force while handcuffing him.

The current lawsuit was filed by Christopher Few; his sister, Candace Few; and Catherine Mardis, the mother of the dead child.

They seek damages for wrongful death and civil rights violations, including excessive force and failure to train.

Stafford and Greenhouse continue to await separate trials for the charges of second degree murder and attempted second-degree murder.

Stafford's murder trial is set to begin Nov. 28. Greenhouse's trial is slated for March 13, 2017.

The boy's family are represented by Steven Lemoine of Baton Rouge, Louisiana.

← Farmers Reject Deal for Price-Fixing Claims    Comey Note Hits Election With Smoke Shell →



≡ SECTIONS ⌄    C HOME

Search 🔍

# Football Player Alleges Critical Hazing Injuries

admin    October 19, 2016

(CN) — A wide receiver recruited by the University of Virginia this year claims in a federal complaint that he may never play football again after he sustained a broken orbital bone in a hazing ritual.

As laid out in the Oct. 14 lawsuit, filed in U.S. District Court for the Western District of Pennsylvania, a "soft-spoken and mild-mannered nature" made Aiden Howard the target of bullying shortly after his arrival at UVA summer school with an athletic scholarship in July 2016.

In addition to the perception that he was "soft" and "not manly," Howard says his failure to grasp team plays led fellow athletes to mock him as "slow" and "retarded."

An academic-placement test soon revealed, however, that Howard had a learning disability, the complaint says.

Howard claims that this did not stop the bullying, noting that teammates sometimes circulated photographs of him with captions about his struggle to remember plays.

Already "ostracized," according to the complaint, Howard says two teammates informed him in August of an initiation ritual that required him to brawl with another first-year player in the football program.

At least 100 people, including one of the coaches, stood around the crudely taped-off "ring" to watch the fight, Howard says.

As quoted in the complaint, that coach — a graduate assistant for the university's football program — even "yell[ed] 'No phones,' and admonish[ed] the student-athletes to put their cell phones away and to not record videos of the fight."

Howard says he was diagnosed with a concussion after the fight, and that his father had him pulled from the team.

"Despite the university's full knowledge of the reasons for Aidan requesting a release from his national letter of intent, the university simply noted in the national letter of intent release that it was due to 'conduct of others within the university' with no further comment or reason given for granting Aidan the requested release," complaint states.

A Pennsylvania native, Howard says he planned to play football at the school to which he transferred, Robert Morris University in Pittsburgh.

"Unfortunately, after being seen by a physician in Pittsburgh, Pennsylvania, Aidan learned on September 20, 2016, that he actually suffered a broken orbital bone from the fight," the complaint states.

Howard says he underwent surgery on Sept. 29 and now "cannot compete with RMU's Football program during the 2016-2017 academic year."

"It is unclear if he will ever be able to play football again," the complaint continues.

Howard says he was not the only one being hazed at UVA noting that he witnessed some of the upperclassmen "force other first-year student-athletes to participate in fights and wrestling

matches while naked or partially naked, an act referred to at UVA as 'ramming.'"

Howard seeks damages for violations of Title IX, the federal law banning gender discrimination in education. The athlete also alleges civil-rights violations, negligence, and violations of the Rehabilitation Act and Americans With Disabilities Act.

Howard says the harassment he faced also amounted to tortious interference with his contract to play football at UVA.

C. James Zeszutek, an attorney with Dinsmore & Shohl, represents Howard.

A spokesman for UVA has not returned a voicemail seeking comment. Team rules for 2016-17 put out by its Football and Athletics Department include a ban on hazing. The rules state: "NO offensive or abusive behavior will be accepted; respect and tolerance for differences is expected ... NO hazing or initiations. No Rookie Night."

← Ex-Auburn Coach Accused of False Imprisonment

Blues Man's Estate Claims Clapton Ripped Off Song →

**EXHIBIT 5**
**PAGE 288**


# NLRB Sues California Hospital for Nurses

REBEKAH KEARN    July 26, 2016

RIVERSIDE, Calif. (CN) — The National Labor Relations Board sued Barstow Community Hospital for denying unionized nurses annual pay raises and disciplining them for working overtime.

The California Nurses Association/National Nurses Organizing Committee union filed two administrative complaints against the hospital, alleging bad-faith bargaining.

Barstow Community Hospital is a 30-bed, acute-care facility owned by Community Health Systems. Barstow, pop. 23,000, is on the western edge of the Mojave Desert.

According to the NLRB's federal complaint, in early 2015 the hospital implemented began requiring intensive care nurses to do electronic full-body patient assessments every four hours; stopped granting nurses annual pay raises; and unilaterally altered its disciplinary policies on overtime, causing several union nurses to receive reprimands.

Though the union requested information about these changes, including training materials, written copies of the altered policies, a list of nurses disciplined for overtime, and a timeline for implementing the new rules, the hospital refused to hand anything over, the NLRB says in the July 21 lawsuit.

The hospital had no intention of truly negotiating with nurses, the NLRB says. All of its proposals were either "predictably unacceptable" or designed to weaken the union's bargaining authority, and it refused to collaborate with the union to iron out differences.

The union asked for an investigation from the NLRB, which found reasonable cause to pursue charges of unfair business practices and labor code violations against the hospital.

Only the complaint concerning denial of annual raises is before an administrative law judge. The NLRB asked to consolidate that case with the charge of unilateral disciplinary changes, but the judge denied the motion and has yet to schedule a separate hearing for that case.

If the hospital is not stopped from enforcing its unilateral policy changes, it will continue blatantly depriving nurses of their collective bargaining rights, weakening union support among nurses, and eroding the NLRB's authority to enforce labor laws, according to the lawsuit.

Hospital spokesman John Rader told Courthouse News in an email: "Barstow Community Hospital is aware of the lawsuit filed by the National Labor Relations Board. This is an interim, legal matter with no impact on our daily operations. Patients can continue to count on us for safe, quality care."

The board seeks an injunction to stop the hospital from enforcing its new policies and an order that it supply the union the requested materials and engage in good-faith bargaining. It is represented by in-house counsel Steven Wyllie, who declined to comment.

EXHIBIT 5
PAGE 289
3/30/2017

 **SECTIONS**  **HOME**

Search

# Anaheim Parents Want|Info on Police Killing

DON DEBENEDICTIS     July 7, 2016

SANTA ANA, Calif. (CN) — Parents sued the city of Anaheim late Tuesday in an attempt to finally learn why a police officer shot to death their unarmed 22-year-old son in February.

"This lawsuit seeks to establish the true and unequivocal facts regarding the shooting and killing of Gustavo Najera by Anaheim Police Officer German Alvarez," Alejandro Najera and Maria Magdalena Pliego say in the federal lawsuit.

Anaheim police have released almost no information about the incident.

"They're basically stonewalling things," said the parents' attorney, Arnoldo Casillas. "The family is desperate to find out why the police shot their son."

Gustavo Najera was shot at about 12:30 a.m. on Feb. 9 in front of a small bathroom in Anaheim's Sage Park.

Among the other sparse facts detailed in the 18-page complaint are that the area by the bathroom was well-lit by overhead lights, that the officer was wearing a body camera, and that the police department has refused to release the footage of the shooting.

"Gustavo Najera was not a threat to anyone, did not have a weapon and did nothing to threaten Anaheim Police Officer German Alvarez when Officer Alvarez shot and killed him," the complaint states.

Casillas said in an interview that a private autopsy indicated that Najera was shot once in the head. The bullet entered his eye at a downward angle and stopped at the base of his skull.

The police department's public information officer, Sgt. Daron Wyatt, said Wednesday that he cannot discuss pending litigation.

After the shooting, Wyatt told news media that Najera did not have a weapon.

On the night of the shooting, two officers had responded to a call about a man repeatedly knocking at a door in an apartment complex. When they couldn't find the man, one officer drove to the nearby park.

At 12:41 a.m., the officer radioed that he'd been involved in a shooting, Wyatt told reporters at the time. Najera was taken to a hospital and died about an hour later.

The Orange County District Attorney's office is investigating, as it does all police shootings in the county.

Anaheim police have sparked controversy by previous, similar incidents, including days of protests after two deaths in 2012. Najera's death in February also brought a protest.

His parents' lawsuit sharply criticizes the police department's training and policies.

"Prior to the incident which underlies this lawsuit, [the department] was put on notice of the dangerousness of such training and tactics through repeated incidents where officers had unnecessarily and unjustifiably used deadly force," the complaint states.

The training is so poor that "it creates situations where ... officers prematurely shoot people who pose no threat or danger to them or the public," the parents say.

Alvarez "had prior instances of excessive force." The city "was aware of various instances"

EXHIBIT 5
PAGE 290
3/30/2017

when he had "unnecessarily and recklessly [drawn] his firearm," yet the city did not retrain him, discipline him or fire him for it, the parents say.

Casillas, who was away from his office when interviewed Wednesday afternoon, said he did not recall any details of those incidents.

The lawsuit accuses the department of having "a custom and practice of allowing the use of deadly force on unarmed citizens and of not reprimanding or insufficiently reprimanding its officers for that use of deadly force."

Just 10 days after Najera's death in February, Anaheim police killed another man. Denny Rendon, however, had been armed and had seriously wounded a relative and shot toward strangers. He had dropped his weapon by the time he was shot, according to press reports.

Najera's parents seek punitive damages for wrongful death, assault and battery, civil rights violations and use of excessive force. They also ask for an injunction ordering the city to reform its police policies.

Assistant City Attorney Moses Johnson said he had not seen the lawsuit and could not comment on it.

Attorney Casillas is with Casillas & Associates in Long Beach.

← Nez Perce Challenge|Idaho Timber Project          Man Claims Fighter|Bit His Nose Off →



≡ SECTIONS ⌄    HOME

Search 🔍

# SpaceX Accused of Poaching Engineers

MATTHEW RENDA     March 28, 2016

SANTA ANA, Calif. (CN) – A computer chip manufacturer accuses Elon Musk's space transport company SpaceX of raiding its employees to gain proprietary information in a lawsuit filed in Orange County Superior Court.

Broadcom is based in Southern California and operates as one of the world's top semiconductor vendors.

The company says SpaceX violated nondisclosure agreements and poached its top engineers "to procure a family of sophisticated, customized computer chips without bearing all of the research and development costs inevitably involved in creating such chips," according to the complaint filed March 23.

SpaceX refutes the Broadcom's claims, saying the engineers in question approached SpaceX and asserting the company will not pursue the computer chip design Broadcom proposed.

"SpaceX has no intention of executing to the content presented in the Broadcom proposal," SpaceX said through a company spokesman.

Space Exploration Technologies Corporation, more commonly known as SpaceX, was co-founded by futurist and entrepreneur Elon Musk with the goal of reducing space transport costs so humankind can eventually colonize Mars.

In 2014, SpaceX approached Broadcom expressing interest in contracting the semiconductor vendor to design and construct a series of advanced computer chips necessary to accomplish an undisclosed project.

Broadcom says in its complaint that SpaceX was particularly interested in radio frequency engineers who could work on emerging technologies not yet widely known in the semiconductor industry.

In response, Broadcom says it established a team of its highest-performing engineers to work exclusively on the project, investing hundreds of hours into the development of an array of technology solutions for Space X in the hopes it could secure a multi-year contract to provide computer chips to the space transport company, according to the complaint. The two companies signed a nondisclosure agreement so they could freely exchange ideas as they worked toward an agreement.

In 2015, Broadcom put a cost proposal before SpaceX, which balked saying costs were too high. Broadcom revised their budget but SpaceX continued to maintain costs were exorbitant, Broadcom's complaint says.

SpaceX refutes this version of events, saying they rejected the contract because they deemed it insufficient.

"Last year, SpaceX spoke with a number of suppliers regarding potential opportunities to support SpaceX operations," a SpaceX spokesman said. "SpaceX reviewed Broadcom's proposal, but ultimately found it lacking and rejected it."

However, Broadcom claims SpaceX used the deal as a means of identifying the chip

EXHIBIT 5
PAGE 292
3/30/2017

manufacturer's top talent – and proceeded to poach them, the complaint says.

Broadcom's co-founder and chief technology officer Henry Samueli met with SpaceX CEO Elon Musk in October 2015 in attempts to solidify an agreement, at which time Musk insisted Broadcom keep its "A-team" on the project, according to the complaint.

But even as Samueli and Musk were meeting, other SpaceX representatives were attempting to uncover the identities of the "A-team" engineers working on the Space X project, Broadcom says in its complaint.

Five Broadcom engineers – all of whom worked on the SpaceX project – resigned their positions with the company effective March 11, and refused to disclose their new employer, according to the complaint.

Broadcom says SpaceX confirmed they hired the five engineers on March 9, saying nothing prevented them from hiring other Broadcom engineers.

For its part, SpaceX says the Broadcom engineers – all named as defendants in Broadcom's complaint – approached them.

"SpaceX did not pursue or lure engineers from Broadcom," a SpaceX spokesman said. "On the contrary, these engineers reached out to SpaceX anticipating significant layoffs at the Broadcom Irvine location."

Broadcom is seeking damages related to the violation of the nondisclosure agreement and unfair competition. The company also says its five former engineers have violated their confidentiality agreements by seeking to divulge trade secrets.

Broadcom is also seeking temporary and permanent injunctions to bar SpaceX from putting the engineers to work and from poaching any of its other employees.

The company is represented by Daniel Pyne of Hopkins & Carley in San Jose, Calif.

Broadcom did not return an email seeking comment by press time.

← Feds Must Reconsider Denial of Estate Records    Blackstone-Tied Exec Charged With Fraud →

 **☰ SECTIONS** ˅    **HOME**                    Search 🔍

# Escape Leads OC Jailers to Sue Over Staffing

BIANCA BRUNO    February 22, 2016

SANTA ANA, Calif. (CN) – The Association of Orange County Deputy Sheriffs sued their employer over unsafe working conditions following the escape and ensuing manhunt of three dangerous inmates last month.

The association claims the Orange County Central Men's Jail is an unsafe working environment and is an unsafe location to house dangerous, hardened criminals.

According to the lawsuit filed Feb. 11 in Orange County Superior Court, the association also says many security concerns have been brought to the attention of Sheriff's Department management over several years. Managers either dismissed or ignored the concerns staffing cuts led to the perfect storm that enabled the three dangerous inmates to escape, the association claims in its suit.

The Central Men's Jail was opened in 1967 to mainly house misdemeanor inmates, but has in recent years transformed into a "state prison environment" following prison realignment, according to the complaint. The association claims the changing prison environment has led to more frequent and severe inmate-on-inmate assaults and an increasing amount of contraband has also been brought into the jail.

Association members say the jail currently houses about 1,000 inmates, the majority of which have been charged with a felony and are awaiting trial or have already been convicted of a felony, according to the complaint. The association claims with the changing inmate demographic, the bar for low-level criminals known as "white-banders" has been raised and more dangerous criminals are included in the classification.

The three inmates who escaped on Jan. 22 – Bac Duong, Hossein Nayeri and Jonathan Tieu – were all classified as white-banders. According to the complaint both Duong and Tieu were documented Vietnamese gang members and were awaiting trial on separate attempted-murder charges while Neyeri was extradited to Orange County after he fled to Iran to avoid being arrested in the kidnapping and torture of a Newport Beach marijuana dispensary owner.

All three inmates were housed in the same dormitory-style area, which the association claims "is clearly evidence of the ever increasingly dangerous jail environment."

They were on the run for more than a week.

The association also claims staffing changes at the jail over recent years, including a decrease in staffing, has contributed to a more dangerous environment.

In 2010, the jail replaced the most experienced deputies with civilian correctional services assistants who are not allowed to have direct inmate contact. The services assistants receive 10 weeks of training compared to the six months of training sheriff's deputies receive, according to the complaint.

On the night of the inmate escape, the night-shift staff was reduced by 22 percent with no staff members assigned to roof watch. Association members brought concerns about the removal of roof deputies to department management prior to the Jan. 22 escape, according to

**EXHIBIT 5**
**PAGE 294**
3/30/2017

the complaint.

The association claims the dearth of staffing has allowed the jail to become more dangerous. Officers conduct less frequent random sweeps and searches of inmate housing and cannot properly monitor people who come in and out of jail.

Additionally, inmates do not receive proper medical and dental services, too many inmates receive hot meals at one time and a lack of functioning radio sets hamper communication between jail staff, the complaint says.

Two other major incidents happened the day the inmates escaped, including a fight in which a deputy broke his hand and an in-custody death which was investigated by the District Attorney's office.

In a letter addressed to the supervisors on Feb. 18, Sheriff Hutchens poked holes in the lawsuit, saying "assertions that the department is not moving quick enough are blatantly false."

Hutchens also claimed the department's internal investigation has not yet determined if a lack of staffing was a causal factor in the escape. She told the board she would make requests for funding to implement solutions "only when I can justify that a given funding request is based on a functional necessity, not a haphazard response to external pressure."

Orange County Sheriff's Department Public Information Officer Mark Stichter said immediately following the inmate escape, areas of the jail that were compromised during the escape were repaired and secured. Stichter said the jail is "100 percent safe now."

The department will not comment on details of the lawsuit, but Stichter said they were disappointed they couldn't work with the association outside of court.

"We are disappointed the lawsuit was filed because there's a cooperative process that goes forward and that was completely bypassed," Stichter said.

An internal investigation by the sheriff's department into the inmate escape will be completed within a year, according to Stichter.

In a letter sent to Hutchens on Jan. 29, association president Tom Dominguez called for the immediate removal of Capt. Chris Wilson, whom the association claims directed deputies to ignore department protocol on inmate counts in the year leading up to the escape.

Dominguez also called for an independent review of jail management by an outside entity.

"The sheriff has a history of refusing to address these issues and once again has made it clear she has no immediate intention of correcting these unsafe staffing levels, choosing instead to accept the fact that the current staffing levels are capable of maintaining control of the inmates," Dominguez said in a written statement.

"This is exactly why we are insisting on an independent outside investigation and staffing analysis which we firmly believe will show that the staffing at the Central Men's Jail is woefully inadequate and mismanaged."

The association's lawsuit names Orange County Sheriff-Coroner Sandra Hutchens, the Orange County Sheriff's Department, Orange County and its board of supervisors as defendants. It wants a court order to return staffing levels to where they were before a unilateral change that violated the bargaining process and a declaration that the change violated the officers' bargaining rights under the Meyers-Milias-Brown Act.

Adam Chaikin of Olins Riviere Coates & Bagula in San Diego represents the association.

The Orange County Board of Supervisors is scheduled to meet with Hutchens in closed session tomorrow to discuss security at the jail and the status of the internal investigation.

**EXHIBIT 5**
**PAGE 295**

≡ SECTIONS ⌄   🅒 HOME

Search

# Are U.S., Mexico in Cahoots Against Refugees?

MATT REYNOLDS    February 12, 2016



LOS ANGELES (CN) – Civil rights groups sued the State Department for information on the nature of support and financial aid it sends to Mexico for a program that deports Central American refugees and asylum-seekers.

The Center for Human Rights & Constitutional Law et al. asked the State Department in September 2015 for records on the "type and amount" of financial aid it provides to Mexico's immigration agency, the *Instituto Nacional de Migración*.

Center for Human Rights president/attorney Peter Schey said that anecdotal evidence indicates that about 97 percent of asylum-seekers detained at the Mexico-Guatemala border are deported.

"Mexico's really playing hardball, and detains and then returns the vast majority of these people with no fair assessment about the type of danger they face if they are returned," Schey told Courthouse News.

Schey said that if the U.S. government pressures the Mexican government to comply with international law, it "would be very smart border enforcement" for the United States, and would protect refugees from human rights violations.

"They wouldn't make the dangerous journey to the U.S., where upwards of 90 percent suffer attacks at the hands of gangs, cartels, kidnappings, rape and robbery," Schey said.

Schey said the groups filed the Freedom of Information Act request for facts about U.S. involvement in Mexico's enforcement on the Mexico-Guatemala border, so as to make recommendations on immigration policy.

"They did not timely respond to that Freedom of Information Act request," Schey said. "It's about trying to get transparency and release of documents from the U.S. government about its role: what it knows and what it doesn't know about what's going on, and how its money is being spent at the Mexico-Guatemala border."

The five plaintiff groups, joined by an Episcopal bishop in Los Angeles, want information, including audits and other financial documents, to demonstrate how the Mexican government uses U.S. aid for its program.

They also seek documentation on how immigrants are treated in detention centers, procedures for getting asylum, and information on whether the immigration agency is complying with international human rights laws.

Release of such information would be diplomatically embarrassing for both countries.

U.S. immigration agencies are unpopular in Mexico, and the Mexican government customarily denies that it allows U.S. immigration agents to work there. This is a transparent fiction, as U.S. immigration agents have been murdered and wounded in Mexico. Leaked documents with reports of U.S. immigration agents operating throughout Mexico generally get harsh criticism in the Mexican Congress.

Schey's complaint says the State Department has refused to process his request or release the records as of Feb. 9, "(s)hrouding U.S. support for Mexico's unlawful interdiction program in secrecy."

He wants the State Department ordered to waive fees, expedite the request and produce the records without any more delays.

Plaintiffs include Human Rights Watch, *Movimiento Migrante Mesoamericano*, *Red Mexicana De Líderes Y Organizations Migrantes*, *Red De Pastores y Líderes Latinos Del Sur De California*, and the Right Rev. Jon Bruno.

They are represented by Carlos Holguin, with the Center for Human Rights and Constitutional Law in Los Angeles.

Department of Justice officials could not immediately be reached for comment by email and phone on Thursday.

← Calif. DAs Push Back on Sentence Reductions    NYPD Officer Convicted of Manslaughter →

EXHIBIT 5
PAGE 296    1/2

EXHIBIT 5
PAGE 297

 ☰ SECTIONS ˅   HOME

Search

# SoCal Class Wants Millions for Water Charges

MATT REYNOLDS        January 13, 2016

SANTA ANA, Calif. (CN) – San Juan Capistrano overcharged residents millions of dollars for water and when it was caught at it, offered refunds of only 20 percent of the overcharges, a class action claims in state court.

Lead plaintiff Hootan Daneshmand sued the City of San Juan Capistrano on Friday in Orange County Superior Court, claiming the city's refund program offers less than 20 percent of the overcharges.

Daneshmand says an Orange County court and a California appeals court found that San Juan Capistrano had illegally created a tiered rate system that did not account for customers' water use or actual cost of consumption.

He says the random increase of water rates violated Proposition 218, the Right to Vote on Taxes Act, a constitutional amendment passed by California voters in 1996.

The Fourth District Court of Appeal in California concluded the city had violated the state constitution by sending customers inflated bills for more than five years between 2010 and 2015, according to the complaint.

But the city has kept its overcharges and interest on the overcharges, Daneshmand says.

Though San Juan Capistrano promised it would pay refunds in July 2015, its program was "nothing more than a continuance of its illegal conduct," according to the complaint.

San Juan Capistrano "failed to disclose that its water rates were charged in violation of state law and failed to disclose that the 'refund' it was offering included less than 20 percent of the overcharges," the lawsuit states.

It claims that thousands of residents did not receive a refund notice, and that the city told the 11,000 who did that if they accepted the refund they would have to sign a release relinquishing the right to collect the hidden overcharges.

The city's "attempt to escape the consequences of its illegal conduct by accounting sleight of hand should be rejected," the complaints states, adding that the city has "doubled down on its illicit conduct."

The residents seek refunds with interest and damages for breach of contract, breach of faith, money had and received, and negligence.

They are represented by Niall McCarthy of Cotchett, Pitre & McCarthy in Burlingame.

San Juan Capistrano did not immediately respond to an emailed request for comment on Tuesday.

← Broadcom Billionaire|Painted as an Abuser   Straw Gun Sales Blamed for Oregon Slaying →

**EXHIBIT 5**
**PAGE 298**

≡ SECTIONS ⌄     HOME

Search

# GM Defect Case Headed Back to the West Coast

MATT REYNOLDS        November 25, 2014

NEW YORK (CN) – A judge ruled that California's lawsuit against General Motors over a dangerous ignition switch failures belongs in state court through an exemption embedded in bankruptcy law.

In an order filed Tuesday, U.S. District Judge Jesse M. Furman agreed with state prosecutors that California's case against GM, part of several others in multidistrict litigation, was removable under the police powers exception of 28 U.S.C. 1452 – Removal of Claims Related to Bankruptcy Cases.

Earlier this year, Orange County District Attorney Tony Rackauckas filed a complaint against GM in California state court, alleging that ignition switch, power steering, airbag, and brake light defects increased the risk of injuries and death to drivers and passengers.

Widely reported in the media, ignition switch failures disable power, vehicle speed control, braking or airbags. The defect affected more than 1.5 million GM vehicles, Rackauckas said in the Aug. 5 lawsuit.

At least 35 people have died as a result of the defect, though an independent report commissioned by Center for Auto Safety said the death toll could be as high as 300.

According to Rackauckas, the defects led GM to issue 40 recalls in the first half of the year for an estimated 17 million vehicles.

"By concealing the existence of the many known defects plaguing many models and years of GM-branded vehicles and the fact that GM values cost cutting over safety, and concurrently marketing the GM brand as 'safe' and 'reliable,' GM enticed vehicle purchasers to buy GM vehicles under false pretenses," the complaint states.

After Rackauckas filed suit in August, GM removed the case to the to the federal district court in Los Angeles as part of the hundreds of claims against the Detroit-based multinational.

Rackauckas said the state is seeking to hold GM liable for omissions after its U.S. government-backed bankruptcy reorganization in 2009, and the sale of assets to the new GM.

The prosecutor argued that California's case is different from the others in the federal court because the suit was brought by a government unit seeking to enforce police power in effort to protect the public.

GM asserted that the case falls under the federal bankruptcy court's jurisdiction, and sought to enforce an order of that court that shields the "new" GM from the liabilities of its predecessor.

In 16-page order, Judge Furman found that the state was entitled to the police-power exception to bankruptcy jurisdiction, and said the case "exceeds the limits" of the federal courts.

"Plaintiff's claims arise solely under California state law. And although the UCL [California's Unfair Competition Law] claims are predicated, in part, on alleged violations of federal law the alleged federal law violations are anything but the 'only' issues contested in the case," the judge

EXHIBIT 5
PAGE 299
3/30/2017

wrote.

    While Furman said the court had effectively managed the claims of more than 1,000 plaintiffs, he said there was no reason why the court would not be able to coordinate with judges in pending state court cases.Furman granted California's motion and remanded back to the Orange County Superior Court.

← EPA Pollution Rules Picked Up by High Court

New Chief of 9th Circuit | Hails From Montana →

EXHIBIT 5
PAGE 300



☰ SECTIONS ⌄   🅒 HOME                                    Search 🔍

# Founder Sues Pimco for $200 Million

CNS    October 9, 2015

SANTA ANA, Calif. (CN) – Billionaire Bill Gross on Thursday sued Pimco, the company he founded, for $200 million, claiming that "a cabal" of Pimco officers, "driven by a lust for power, greed … and reputation at the expense of investors and decency," drove him out of his own business.

Gross sued Pacific Investment Management Co. (Pimco) and its corporate parent Allianz Asset Management of America, both based in Newport Beach, in Orange County Superior Court. He claims the company breached contract, breached faith and constructively fired him. Gross left Pimco in September last year and eventually went to work for Janus mutual funds.

Gross founded Pimco about 40 years ago and managed it into a colossus in fixed-income mutual funds. Its Total Return Fund had more than $300 billion in assets before Gross's departure.

Gross's 21-page lawsuit depicts his final days at Pimco as a naked struggle for power and money.

"Mr. Gross's ongoing success at Pimco proved to be his undoing," states the complaint, filed by Patricia Glaser with Glaser Weil Fink Howard Avchen & Shapiro. "In the minds of certain younger executives at Pimco, Mr. Gross's ongoing presence at the company checked their own financial and career ambitions. Under Pimco's profit-sharing plan Mr. Gross was entitled to receive 20 percent of the entire profit-sharing bonus pool each year. By forcing him out of Pimco, the younger executives would split Mr. Gross's share of the bonus pool amongst themselves."

Gross also paints himself as a defender of Pimco customers against younger, greedy executives. "He championed reasonable fees for Pimco's services and was vocally skeptical inside the firm of a select group of the younger executives' desire to transform Pimco into a high-risk, high-fee asset-management company that invested in riskier equities and leveraged real estate investments, as opposed to the stable bonds that built the firm's reputation," the complaint states.

"As long as Mr. Gross remained at the company he founded, these younger executives were unable to transform Pimco, increasing client risk and their own compensation. As a consequence, Mr. Gross became the target of a power struggle within Pimco – a struggle that eventually led to his wrongful and illegal ouster from the company he founded and a struggle where Pimco wrongly and illegally denied Mr. Gross hundreds of millions of dollars in earned compensation."

He demands at least $200 million.

← Fraudster's Own Attorney Calls Him a Liar

http://www.courthousenews.com/founder-sues-pimco-for-200-million/

**EXHIBIT 5**
**PAGE 301**
3/30/2017

 **SECTIONS** ⌄    **C** **HOME**

Search

# Vizio Fudges Refresh Rates, Consumers Say

PHILIP A. JANQUART    July 30, 2015

(CN) – Leading U.S. electronics manufacturer Vizio inflates LCD sales figures by lying about its how quickly its screens refresh images, a class of consumers claim in court.

Founded in 2002, the privately held company ranks No. 1 in unit share of U.S. sound-bar sales and No. 2 in smart HDTVs, according to an L.A. Biz report.

With more than $3.1 billion in net sales last year, Irvine, Calif.-based Vizio claims it has sold more than 65 million products in more than 8,000 retail stores across the country.

Leonard Mastrandrea is the lead plaintiff in the fraud case filed against Vizio on Monday in Orange County Superior Court. The 16-page complaint was the Top Download at Courthouse News on Wednesday and Thursday.

At issue in the case are refresh rates Vizio advertises for how quickly its liquid-crystal display screens display multiple still images in rapid succession.

A television with a refresh rate of 60 Hz displays 60 unique images per second on the screen, and Mastrandrea says this specification is a "key component of pricing, just like resolution and screen size."

"For the last several years, Vizio has systematically misrepresented the refresh rate of certain of its LCD televisions by overstating, falsifying, and obfuscating their actual refresh rates to improve sales," the complaint states.

Mastrandrea says Sam's Club delivered the 60-inch Vizio E600i-B3 television he bought on May 28, 2015, to his home in Port Hueneme. Sam's Club is not a party to the complaint.

Vizio advertised the television as having a 120 Hz refresh rate, but the actual refresh rate is 60Hz, Mastrandrea says.

Though some consumers do not pay attention to refresh-rate technology, technology writers for CNET and HDGuru have been publishing articles warning consumers about misleading advertising, according to the complaint.

"These articles detail the deceptive practices identified in this complaint and the inaccuracy of the refresh rate information Vizio is providing consumers," the 16-page complaint states. "By engaging in … misleading and dishonest conduct, defendant is precluding consumers from making apples to apples comparisons … Vizio engages in this confusing and manipulative marketing scheme to trick consumers into purchasing LCD televisions with the belief that they are receiving higher refresh rates than they actually are."

Mastrandrea's attorney, Deborah Dixon with Gomez Trial Attorneys in San Diego, said this is not the first time Vizio has been sued for misrepresenting its refresh rates.

"We don't know how long they have been misrepresenting their refresh rates because we are only in the discovery phase, but we do know that when our client purchased the television, that at least at that time it was false advertising," Dixon said in an interview. "Our office is handling another lawsuit about the same issue against Vizio, and we believe it is the same model television. Describing it the way they do, it leads consumers to purchase this model over

**EXHIBIT 5**

**PAGE 302**

3/30/2017

another's."

That lawsuit is still in the pleading stage, Dixon added.

Attorneys for Vizio could not be reached for comment.

Mastrandrea seeks damages from Vizio for fraud, negligent misrepresentation, breach of warranty and other claims.

The complaint comes on the heels of an initial public offering Vizio filed Friday with the U.S. Securities and Exchange Commission, reportedly part of the company's bid to raise $172.5 million.

← Wisconsin Steps to Plate | in Veteran Overdose Case

Federal Inmates Are | Free to Be Humanists →

**EXHIBIT 5**
**PAGE 303**

≡ SECTIONS ⌄    C HOME        Search 🔍

# Newport Beach Fails to Restrain Newspaper

CNS     April 15, 2015

SANTA ANA, Calif. (CN) – The City of Newport Beach tried but failed Tuesday to stop the Orange County Register from publishing a story about spending by an assistant city manager. 

In a bid for prior restraint, the city sued the Orange County Register, reporter Tony Saavedra and editor Andrew Mouchard at 11:51 a.m. Tuesday in Orange County Superior Court.

The city said Saavedra had got ahold of a closed session memorandum the city attorney had written for the council's March 17 session. The city, which describes the memo only as dealing with agenda item IIIA, says that the memo is privileged attorney-client communication "and is not to be disclosed pursuant to Government Code § 54963."

Saavedra called the city manager on Monday for a comment on the memo, and when the city attorney returned the call, Saavedra said he had the memo. City Attorney Aaron Harp asked for the name of Saavedra's editor – Mouchard – then called him and asked him to return the memo to the city. Mouchard refused.

The city sued a few minutes before noon Tuesday, asking the court to restrain the newspaper "from disclosing the closed session memorandum or its contents or any communications that occurred during the closed session." It claimed that the city would be irreparably harmed if the material were published.

But Tuesday evening, in a story updated at 6:37 p.m ., the Register published Saavedra's story on its website, under the headline, "After confidential memo questions meals, trips and gifts, Newport Beach seeks investigation of assistant city manager."

[http://www.ocregister.com/articles/badum-658006-city-memo.html]

Saavedra reported that the city asked county prosecutors to investigate Steve Badum, who "may have failed to report dozens of meals and other gifts from companies doing business with the city."

Badum, who is retiring on May 2, denied the allegations and told the Register he is retiring for unrelated reasons.

The Register then cites the memo, saying City Attorney Harp listed 41 occasions when Badum may have received gifts "from companies that received no-bid contracts and other financial benefits from Newport Beach."

"In the memo, dated March 12, Harp asks the council if a criminal investigation is warranted," the Register reported.

Harp's memo said the evidence was circumstantial and that the attorney had not concluded that Badum had done anything wrong.

Harp and City Council members declined to talk to the Register.

Courthouse News reported this story in the early morning Wednesday, from the lawsuit and

**EXHIBIT 5**

**PAGE 304**

3/30/2017

http://www.courthousenews.com/newport-beach-fails-to-restrain-newspaper/

the Register story, long before business hours began.

Newport Beach was represented by June Ailin, with Aleshire & Wynder, of Newport Beach.

← V. Stiviano Will Appeal | $2.6 Million Judgment

Gay-Conversion Therapy Ban in NJ Survives Suit →

EXHIBIT 5
PAGE 305

≡ SECTIONS ⌄     HOME

Search 🔍

# $2 Million Textbook Scam Alleged in SoCal

**REBEKAH KEARN**    October 6, 2014

SANTA ANA, Calif. (CN) – College students stole $2.5 million worth of textbooks from an online retailer and sold them to men who run college bookstores in Orange County, the online company claims in court.

Chegg Inc., of Santa Clara, sued Kamvar Farahoud, Salchi Hossein, Varzandeh Javad and the Mission Viejo-based business College Books, on Oct. 1 in Orange County Superior Court.

Javad runs College Books, according to the lawsuit.

"This is an action to recover up to $2,500,000 worth of textbooks stolen from the online textbook retailer, Chegg," the 10-page complaint states. "Through an illicit scheme, certain college students in the Orange County area ('the students') discovered a way to fraudulently obtain textbooks from Chegg's website, chegg.com. Through this scheme, the students illegally acquired over 10,000 textbooks belonging to Chegg and subsequently sold them to defendants who own and operate college bookstores in Orange County."

Chegg claims that the defendants "were not bona fide, good faith purchasers of the stolen textbooks. Rather, as prudent purchasers, highly experienced in the college textbook industry, defendants had constructive notice that the thousands of textbooks being sold to them (many of which bore obvious signs that Chegg's labels had been removed) for a nominal purchase price were stolen goods."

Chegg claims the students ordered textbooks from its website and had them delivered to different Orange County addresses. When the textbooks arrived, Chegg says, the students reported that they had received the wrong book, so Chegg "immediately" sent another copy.

"Instead of returning the original textbooks in accordance with Chegg policies, the ringleaders retained both the original and replacement copies, and, on information and belief, sold them to defendants for resale in defendants' bookstores," the complaint states.

Chegg claims the students used the scheme to swipe more than 10,000 textbooks worth between $1 million and $2.5 million, which they sold to the defendants for cash.

To top it off, Chegg claims, the defendants bamboozled the students.

"In consideration for $150,000 worth of stolen textbooks, defendants entered into an agreement to transfer a bookstore located at 7314 Center Avenue, Huntington Beach, California 92647 ('College Books Huntington Beach') to the students (the 'agreement'). The agreement included the physical bookstore as well as its full inventory of new textbooks at the time of the agreement. However, upon information and belief, defendants never delivered the inventory of new textbooks promised. Rather, Chegg is informed and believes, and thereupon alleges, that defendants induced the students into the agreement on the fraudulent representation that defendants would transfer the inventory of new textbooks inside of College Books Hunting Beach at the time of the agreement (the only thing of real value) but, in fact, never had any intent to do so.

"On or about September 4, 2014, the students assigned to Chegg any and all rights that they

**EXHIBIT 5**
**PAGE 306**
3/30/2017

held in the agreement as well as any and all causes of action or claims the students may have against defendants," the complaint states.

Chegg claims the defendants have threatened to destroy the books, damage them, or take them out of state to keep Chegg from getting them back.

| Chegg seeks restitution and punitive damages for seven causes of action, including conversion, fraud and unfair competition.

It is represented by Gregory Doll with Doll, Amir & Eley of Los Angeles.

An unidentified employee with College Books declined to comment to Courthouse News, saying he was "closing the store" and did not "have any time."

The call was made at 3:45 p.m. Friday. According to the store's Yellow Pages listing, its business hours are from 8 a.m. to 5 p.m. on Fridays.

← Criminal Charges Possible|in Dallas Ebola Case                    Trademark →

**EXHIBIT 5**
**PAGE 307**